UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
: 
UNITED STATES OF AMERICA,                     :     Case No.: 06-4091 (PB)
EX REL. BRANCH CONSULTANTS, L.L.C.,           :
                                              :     Sect.: M, Mag:  1
v.                                            :
                                              :     JUDGE BEER
ALLSTATE INS. CO., et al.                     :
                                              :     MAG. SHUSHAN
                                              :
---------------------------------------------------------------x

**SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO CONDUCT DISCOVERY PRIOR TO RULE 26(F) CONFERENCE**

For the reasons set forth in Defendants' opposition memorandum, discovery of the Government by Branch prior to the Rule 26(f) conference, and before a decision on Defendants' motion to dismiss for lack of subject matter jurisdiction (which the parties have agreed will be filed by August 6, 2007), is inappropriate.  Branch's reply fails to respond to the deficiencies identified by Defendants and the Government in their respective oppositions. Instead, Branch abandons its original rationale for expedited discovery and now offers a new and different argument based solely on conjecture and speculation--the alleged potential destruction of unspecified evidence by the Government relating to unknown "additional properties," Reply in Supp. at 2-3.

The Court should decline to consider this argument, which Branch failed to include as part of its showing of "good cause" in its opening memorandum.  In raising this argument for the first time now, Branch exceeds the permissible scope of reply, which must be

- 1 -

"limited … to matters either raised by the opposition or unforeseen at the time of the original motion.'" *Scott v. R.J. Reynolds Tobacco Co.*, No. CIV. A. 99-3091, 2001 WL 797992, *5 (E.D. La. Jul. 12, 2001).[1]  Branch should not be granted a second chance to demonstrate "good cause" merely because its opening memorandum failed to meet that burden.  Indeed, that Branch could not rely in its reply on its original showing of "good cause" in support of expedited discovery is itself convincing evidence that Branch's motion should not be granted.

Further, Branch's new argument about the potential destruction of physical evidence related to "additional properties" is a straw man that adds no force to Branch's request.  As Branch acknowledges, the Government only has documents in its possession, none of which are alleged to be at danger of destruction.  More importantly, no discovery about "additional properties" will ever be appropriate, even if this Court assumes that it has subject matter jurisdiction of Branch's complaint (which it does not).

Here, Branch is asking this Court to allow it discovery of the Government so it can learn of additional allegedly "false claims" related to "additional properties" not identified in the complaint.  Branch cannot be the "original source" of those "false claims," because it obviously lacks information about those claims.  Indeed, Branch concedes it is not the "original source" of information regarding these "additional properties" by stating in its reply brief that the "Government is the best, most-reliable, and quickest source of this information."  Reply at 3.  Accordingly, this Court does not now and will not ever have jurisdiction over any cause of action

---

[1]  *See also, e.g., Dean-Ball v. Garry McKinney Auto Group*, No. CIV. A. 03-2125, 2005 WL 2304501, *5 (W.D. La. Sept. 6, 2005) ("It is unfair to a plaintiff to permit a movant to wait until he files his reply memorandum to raise a significant argument for the first time."); *Turner v. Houma Municipal Fire*, No. CIV. A. 99-152, 2002 WL 1467876, *9 n.15 (E.D. La. Jul. 8, 2002) (declining to consider arguments presented for the first time in reply memorandum); *Schwegmann Westside Expressway, Inc. v. Kmart Corp.*, No. CIV. A. 94-2095, 1995 SWL 479814, *3 n.1 (E.D. La. Aug. 11, 1995) (same).

asserted by Branch based on those "claims" related to "additional properties" for which it is not the "original source" and for which it is asking the Court to allow discovery from the Government.  *See* 31 U.S.C. § 3730(e)(4)(B); *Rockwell Int'l Corp. v. United States*, 127 S. Ct. 1397, 1410 (2007) (holding that Section 3730(e)(4) does not permit "claim smuggling" of claims for which plaintiff is not "original source"); *United States ex rel. Reagan v. East Texas Med. Ctr.*, 384 F.3d 168, 177 (5th Cir. 2004) (original source must put the government "on the trail" of allegedly "*new* malfeasance" (emphasis added)); *Federal Recovery Servs. v. United States*, 72 F.3d 447, 451 (5th Cir. 1995) (plaintiff "cannot avoid the jurisdictional bar simply by [contending it added such additional specific instances of fraud] that are substantively identical to those previously disclosed").  Therefore, discovery about those claims is not now and will likely never be appropriate.

For the reasons set forth above as well as in Defendants' initial opposition, Plaintiff's Motion for Leave to Conduct Discovery Prior to Rule 26(f) Conference should be denied.

Respectfully submitted,

*/s/ Stephen H. Kupperman*  
Judy Y. Barrasso, 2814  
Stephen H. Kupperman, 07890  
Jeanmarie LoCoco Nicholson, 8655  
Barrasso Usdin Kupperman  
  Freeman & Sarver, L.L.C.  
909 Poydras Street, Suite 1800  
New Orleans, LA 70112  
Telephone:  504-589-9700  

and

*/s/ Philip A. Wittmann*  
Philip A. Wittmann, 13625  
Daria Burgess Diaz, 17928  
Douglas J. Cochran, 20571  
Stone Pigman Walther Wittmann L.L.C.  
546 Carondelet Street  
New Orleans, LA 70130  
Telephone:  504-581-3200  

*Attorneys for State Farm Fire & Casualty Company*

89557

- 4 -

Richard L. Fenton
Steven M. Levy
Sonnenschein, Nath & Rosenthal
233 S. Wacker Dr., 7800 Sears Tower
Chicago, IL  60606
Telephone: 312-876-8000

*Attorneys for Allstate Insurance Company*


*/s/ Gerald J. Nielsen*
Gerald J. Nielsen, 17078
Nielsen Law Firm, L.L.C.
3838 N. Causeway Blvd., Ste. 2850
Metairie, LA  70002
Telephone:  504-837-2500

*Attorneys for Liberty Mutual Fire Insurance Company, Fidelity National Insurance Company and Fidelity National Property and Casualty Insurance Company*

*/s/ Jay M. Lonero*
Jay M. Lonero, 20642
Christopher R. Pennison, 22584
Angie A. Akers, 26786
Larzelere Picou Wells Simpson Lonero, LLC
3850 N. Causeway Blvd., Ste 1100
Metairie, LA  70002
Telephone:  504-834-5600

*Attorneys for American National Property and Casualty Company*

/s/ *Gordon P. Serou, Jr.*
Gordon P. Serou, Jr., 14432
650 Poydras Street, Suite 1420
New Orleans, LA  70130-6121
Telephone: 504-615-1181


*Attorneys for American Reliable Insurance Company*

- 4 -

89557

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by filing into the Court's electronic filing system and, for non-participants, by facsimile and/or by placing same in the United States mail, postage prepaid and properly addressed, this 17th day of July, 2007.

                                                */s/ Stephen H. Kupperman*

89557