```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA, EX                CIVIL ACTION
REL. BRANCH CONSULTANTS,
L.L.C.

VERSUS                                      NO: 06-4091

ALLSTATE INSURANCE COMPANY,                 SECTION: R(1)
ET AL.
```

### ORDER AND REASONS

On May 14, 2009, this Court ordered the parties to submit a consensual non-destruction order for approval. The parties could not agree on appropriate terms for the protective order and, as a result, both plaintiff and defendants submitted separate and materially different non-destruction orders. The disagreement stems from the scope of the potential protective order as well as the validity of plaintiff's request that defendant disclose the names and addresses of former and current employees. In short, plaintiff argues that defendants' proposed order is unduly narrow and allows defendants to destroy documents not directly related to property identified in plaintiff's First Amended Complaint. Defendants, on the other hand, suggest that plaintiff's proposed order is overly broad and attempts to open discovery prematurely. For the following reasons, the Court ORDERS the parties to preserve and protect all documents and information in accordance with the attached Order.

**I.   Legal Standard**

"[T]he preservation of documents and their availability for production is essential to the orderly and expeditious disposition of litigation . . . ."  *In re Prudential Ins. Co. Of Am. Sales Practices Litig.,* 169 F.R.D. 598, 599 (D.N.J. 1997). Document-preservation orders are common in complex litigation and the Court's powers regarding control over destruction of documents have long been established.  *See Gaines v. Chew,* 43 U.S. 619, 629 (1844).  In constructing an order for non-destruction, a balance must be struck between preserving relevant documents and imposing an unforseen and undue burden upon the parties.  *See Manual for Complex Litigation,* § 11.442 (4th ed.).

**II.  Scope of the Protective Order**

The parties disagree as to whether the non-destruction agreement should be limited to properties identified in plaintiff's First Amended Complaint.  Defendants argue that Federal Rule of Civil Procedure 9(b) limits the scope of a pretrial protective order to those claims pleaded with specificity.  Accordingly, defendants urge the Court to limit the scope of the protective order in the present case to fifty-seven properties specifically listed in plaintiff's First Amended Complaint.

Federal Rule of Civil Procedure 9(b) governs the pleading

standards for claims, such as plaintiff's, brought under the False Claims Act. *See United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). Defendants point to several opinions holding that discovery under the False Claims Act must be constrained by Rule 9(b). *See United States ex rel. Stewart v. The Louisiana Clinic,* No. 99-1767, 2002 WL 1066745, at *2 (E.D. La. 2002)(*Stewart I*); *United States ex rel. Stewart v. The Louisiana Clinic*, 99-1767, 2003 WL 21283944, at *9 (E.D. La. 2003)(*Stewart II*); *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-CV-40-T-24MAP, 2008 WL 4057549, at *1 (M.D. Fla. Aug. 27, 2008).

There is no dispute that discovery, once it begins, will be limited to the allegations that survive 9(b). But discovery has not yet begun; in fact, defendants' motion to dismiss is still pending. *Stewart I* and *Stewart II* are therefore inapplicable, as each opinion concerns the appropriate scope of discovery after the court had ruled on the motion to dismiss and the scope of plaintiffs' claims had been appropriately narrowed. The court found that several of the *Stewart* plaintiff's counts passed muster under Rule 9(b). *See Stewart I,* 2002 WL 1066745 at *1-5. Certain of the *Bane* plaintiff's claims similarly weathered a motion to dismiss. *Bane*, 2008 WL 4057549, at *1 n.2. In contrast, the sufficiency of plaintiff's complaint in the present case has yet to be determined and discovery has yet to commence.

While this Court is not now ruling on the motion to dismiss,

it should be noted that it is not certain that the plaintiff's claims extending beyond the fifty-seven listed properties must be dismissed under Rule 9(b).  As one court held in this context:

> While the complaint is hardly a model of clarity, relator sufficiently pleads some specific circumstances of the alleged fraud.  Treating her allegations as true, *it would be virtually impossible to for relator to list every instance of fraudulent activity.*  She does however *give the outline of the allegedly fraudulent scheme and give various examples of conduct by the defendants*. . . .  While she does not give specific names or dates under each heading, there is enough information in the complaint to allow defendants to respond and prepare a defense.

*United States ex rel. Grandeau v. Cancer Treatment Ctrs. of Am.*, No. 99 C 8287, 2003 WL 21504998, at *1 (N.D. Ill. June 30, 2003) (emphases added).

This Court will not at this time limit the scope of the pretrial protective order to the fifty-seven properties listed in plaintiff's First Amended Complaint.  Plaintiff's First Amended Complaint alleges a much broader, further-reaching fraud than the one allegedly stemming from the listed properties.  Indeed, plaintiff alleges that defendants constructed a wholesale "scheme" to inflate flood claims on properties damaged by Hurricane Katrina.  If this Court were later to find this broader claim sufficient under Rule 9(b), a protective order limited to the properties identified as examples could allow the destruction of otherwise discoverable documents.  Because the relevance of documents not directly related to the fifty-seven properties listed in plaintiff's First Amended Complaint has not been fairly evaluated at this time, this Court adopts a more expansive

protective order than the one requested by defendants. As issues in this case narrow, defendants may request, and the Court may grant, a reduction of the scope of the order. *See Manual for Complex Litigation,* § 11.442 (4th ed.).

Further, this Court finds the hardship inflicted upon plaintiff by the potential destruction of otherwise discoverable documents outweighs any unforseen burden incurred by defendants in incurring storage costs. Plaintiff's request, even in its broadest form, is limited to those properties damaged by Hurricane Katrina. The storage and maintenance of files relating to Hurricane Katrina is not likely to be unduly burdensome given that defendants' daily business relates to insurance claims and their adjustments.

### III. Names and Addresses of Past and Present Employees

Defendants also argue that plaintiff overreaches by requesting that defendants disclose "the identity and last known contact information of any former employees (including any former independent contractors) purportedly with knowledge of information relevant to the claims or defenses in this action." R. Doc. 49. This argument is correct. The nature of plaintiff's request – for defendants to disclose information – is predicated on defendants' duty to disclose under Federal Rule of Civil Procedure 26, which outlines a party's initial disclosure obligations. Discovery is inappropriate, however, until the

basis for the Court's jurisdiction is apparent. Defendants dispute this Court's jurisdiction under the public disclosure bar of the FCA. R. Doc. 116. Because the Court has not yet ruled on the motion to dismiss, it is inappropriate to open discovery at this time. *See United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 519 (6th Cir. 2008) (holding that plaintiff was not entitled to discovery before the district court's ruling on motion to dismiss). Accordingly, plaintiff's request for the names and addresses of defendants' present and past employees is excluded from this Court's protective order. *See United States ex rel. Glaser v. Wound Cave Consultants, LLC*, No. 1:05-cv-5 73-LJM-WTL, 2007 WL 2934885 (S.D. Ind. 2007).

**IV. Conclusion**

For the foregoing reasons, this Court ORDERS the parties to maintain and preserve all documents and information pursuant to the attached Order.

## ORDER FOR PRESERVATION OF DOCUMENTS

The Court now orders as follows:

1. The parties are directed to maintain, preserve, and refrain from destroying or altering the following documents[1] and records:

    a. Any documents, records, electronic data (including but not limited to e-mails and metadata), or other evidence falling within the categories already requested by any party;

    b. Any documents, records, electronic data (including but not limited to e-mails and metadata), or other evidence falling within the categories set forth in Rule 26(a)(1) of the Federal Rules of Civil Procedure;

    c. Copies of any documents, records, electronic data (including but not limited to e-mails and metadata), or other evidence produced by a party or its agents or principals to the United States or any agency thereof in connection with a subpoena, investigation, or inquiry related to insurance claims on properties for which the National Flood Insurance Program paid for damage caused by Hurricane Katrina;

---

[1] The term "documents" means any item described in Rule 34(a) of the Federal Rules of Civil Procedure.

  d. Copies of any documents, records, electronic data (including but not limited to e-mails and metadata), or other evidence produced to a party or its agents or principals by the United States or any agency thereof in connection with a request pursuant to the Freedom Of Information Act or other inquiry related to insurance claims on properties for which the National Flood Insurance Program paid for damage caused by Hurricane Katrina;

  e. Any documents, records, electronic data (including but not limited to e-mails and metadata), or other evidence that a party knows, or reasonably should know, is relevant to any claim or defense in this action, is reasonably likely to lead to the discovery of admissible evidence, or is reasonably likely to be requested; and

  f. Any documents, records, electronic data (including but not limited to e-mails and metadata), or other evidence described in the foregoing categories, whether it is presently in the possession or control of a party or comes into the possession or control of a party following the Court's approval and entry of this Stipulation.

  g. Internal rules, policies or guidelines regarding the allocation of Hurricane Katrina damage between "NFIP flood policies" and "wind policies."

2. This Order is effective immediately, and shall be in effect throughout the course of this action unless otherwise directed by the Court.

3. This Order does not address, limit, or determine the relevance, discoverability, or admission into evidence of any document, regardless of whether the document is required to be preserved under the terms of this Order. The parties do not waive and specifically reserve any objections as to the production, discoverability, or confidentiality of documents preserved under this Order or the subject of any outstanding request for documents.

4. The Parties shall communicate the existence and substance of this Order to those employees responsible for carrying out the parties' obligations under the Order as well as employees likely to possess documents required to be preserved.

5. The Parties may modify this order by written stipulation.

New Orleans, Louisiana, this <u>17th</u> day of July, 2009

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE