UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------------------x
:
UNITED STATES OF AMERICA, :
*EX REL.* BRANCH CONSULTANTS, L.L.C., : Case No.: 06-cv-4091 (SSV)
:
                    Plaintiff, : Sect.: R
:
      v. : JUDGE VANCE
:
ALLSTATE INS. CO., et al., : MAG. JUDGE SHUSHAN
:
                    Defendants. :
:
------------------------------------------------------------------x


**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR CERTIFICATION OF COURT'S
<u>OCTOBER 19, 2009 ORDER FOR INTERLOCUTORY APPEAL</u>**

Defendants The Standard Fire Insurance Company ("Standard Fire") (erroneously sued herein as St. Paul Travelers Cos.), Liberty Mutual Insurance Company, Fidelity National Insurance Company, Fidelity National Property and Casualty Insurance Company, Simsol Insurance Services, Inc., and American National Property And Casualty Company ("Defendants"), respectfully submit this memorandum of law in support of their motion for certification of the Court's October 19, 2009 Order (the "Order") for interlocutory appeal to the United States Circuit Court for the Fifth Circuit pursuant to 28 U.S.C. § 1292(b).

## PRELIMINARY STATEMENT

The United States Supreme Court's decision in *Rockwell International Corp. v. United States*, 549 U.S. 457 (2007), addressed the requirements for subject matter jurisdiction over a False Claims Act *qui tam* action concerning a publicly disclosed potential fraud by a putative "original source."  31 U.S.C. § 3730(e)(4)(B).  Since *Rockwell*, which overruled Fifth Circuit precedent addressing the test for an original source, no Circuit Court has found subject matter jurisdiction over a *qui tam* action where the relator's knowledge of a publicly disclosed fraud stemmed from an investigation of public allegations of a potential fraud, rather than first-hand involvement with the fraud.  The only post-*Rockwell* Fifth Circuit decision addressing the issue indicates that details of a publicly disclosed fraud supplied by such an investigation do not provide the direct and independent knowledge of the allegations of fraud sufficient to qualify the relator as an "original source."  *See United States ex rel. Fried v. West Indep. Sch. Dist.*, 527 F.3d 439 (5th Cir. 2008) (information obtained through relator's independent investigation did not satisfy original source requirement).

Relying on pre-*Rockwell* out-of-circuit decisions, this Court has reached a different conclusion, finding that Branch's investigation of a publicly disclosed fraud provides direct and independent knowledge such that Branch is an "original source" whose allegations

provide this Court subject matter jurisdiction. It is this question Defendants seek to have certified for interlocutory appeal: whether a "sleuth" like Branch, without first-hand involvement in an alleged fraud, can qualify as an "original source" by providing additional examples of a publicly disclosed, alleged fraudulent scheme.

## BACKGROUND

On October 19, 2009, the Court issued a comprehensive decision addressing Defendants' motion to dismiss the First Amended Complaint on subject matter jurisdiction and pleading grounds. In considering its jurisdiction under the FCA, the Court correctly concluded that Branch's allegations had been publicly disclosed and that Branch's suit is "based upon" the public disclosures. Order at 25, 30. Thus, the Court properly determined that Branch's action would be barred unless Branch qualifies as an "original source" under the FCA. *Id.* at 30. The Court went on to conclude that Branch had direct and independent knowledge of the fraud allegations in its complaint sufficient to qualify it as an "original source" because "[t]he facts gathered from Branch's investigation, taken as true, supply ample detail about numerous, specific examples of fraud, with supporting descriptions and identified perpetrators." Order, at 39. Since *Rockwell*, the Order is the first and only one finding that a person who conducts an after-the-fact investigation to uncover fraud with which he has had no personal involvement nevertheless has "direct and independent" knowledge of the fraud allegations sufficient to qualify it as an "original source." This decision merits interlocutory review.

Further, certification is appropriate on public policy grounds. At Congress's direction, the Department of Homeland Security, Office of the Inspector General ("OIG"), investigated whether Write-Your-Own ("WYO") insurers improperly attributed damages from Hurricane Katrina to flooding rather than to windstorms covered under homeowners' policies.

2

*See* http://www.dhs.gov/xoig/assets/mgmtrpts/OIG_08-97_Sep08.pdf, at 1 (hereinafter, the "OIG Report"); Order at 13-14 & 14 n.2.  The OIG "recognize[d] the difficulty of distinguishing wind versus water damage," OIG Report at 1, and found no evidence "that conflicts of interest contributed toward the NFIP paying for damages that were not flood related." *Id.* at 12.  As evident from the OIG Report, the OIG and FEMA are together working to improve the National Flood Insurance Program ("NFIP") and pursue any purported overpayments.  *See generally id.*  The Order has the potential to paralyze this process and the NFIP by inviting tens of thousands of separate FCA complaints by consultants performing "re-adjustments."  According to the Order, those dissatisfied with an insurance adjustment under the NFIP can claim fraud based solely on allegations such as the ones against Standard Fire here:  the post-flood identification of a property that the relator admits was damaged by flood yet complains that the homeowner received NFIP insurance payments that were too high, without regard to whether the insurer provided wind insurance for the same property and without any first-hand knowledge of any fraud.  *See* FAC ¶ 31.[1]

The Court's determination that Branch is an "original source" involves a controlling question of law for which there is substantial ground for difference of opinion.  Review by the Fifth Circuit will address important statutory interpretation and subject matter jurisdiction issues with significant public policy implications.  The only issue is a legal one—under what circumstances a "sleuth" can be an "original source" within the meaning of 31 U.S.C. § 3730(e)(4)(B).  Accordingly, the Order is appropriate for interlocutory review pursuant to Section 1292(b).  *See, e.g.*, *United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648 (5th

---

[1] There is no (and could be no) allegation in Branch's complaint that Standard Fire or any affiliated company provided any other insurance for which an NFIP insurance payment would reduce Standard Fire's obligation.

3

Cir. 2004) (hearing interlocutory appeal of decision denying motion to dismiss False Claims Act complaint); *United States ex rel. Koch v. Koch Indus., Inc.,* No. 91-CV-763-B, 1995 WL 812134, at *18 (N.D. Okl. Oct. 6, 1995) (certifying order pursuant to § 1292(b) that denied motion to dismiss False Claims Act claims based on lack of subject matter jurisdiction).

## ARGUMENT

Section 1292(b) certification is warranted when: (1) the order to be appealed involves a controlling question of law; (2) there is substantial ground for difference of opinion on that question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 380 n.1 (5th Cir. 2004); *Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991). The primary purpose of Section 1292(b) certification is to avoid unnecessary expense and delay by expediting the ultimate termination of the litigation. *See, e.g., Total Ben. Servs., Inc. v. Group Ins. Admin., Inc.*, Civ. A. No. 92-2386, 1993 WL 98675, at *1 (E.D. La. Mar. 25, 1993) (stating provision is designed "'for the purpose of minimizing the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court procedure'") (quoting 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & EUGENE GRESSMAN, FEDERAL PRACTICE AND PROCEDURE § 3930 (1977)). Accordingly, certification is particularly appropriate in large and potentially complex cases like this one. *See, e.g.*, *Castano v. Am. Tobacco Co.*, 162 F.R.D. 112, 115 (E.D. La. 1995) (interlocutory appeal proper when it could avoid "protracted and expensive litigation"); *In re Lloyd's Am. Trust Fund Litig.*, No. 96 Civ. 1262, 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997) ("Because the district court's efficiency concerns are greatest in large complex cases, certification may be more freely granted in so-called 'big cases.'").

4

Here, the Fifth Circuit is familiar with the complaint and has already addressed some of the subject matter jurisdiction issues presented by it. *See United States ex rel. Branch Consultants, LLC v. Allstate Ins. Co.*, 560 F.3d 371 (5th Cir. 2009). The Fifth Circuit should be afforded the opportunity to address the remaining questions of subject matter jurisdiction before the case proceeds. Certification is the legally correct and most efficient course of action for the parties and the Court. *See Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) (where § 1292(b) statutory criteria are met, federal courts have a "duty . . . to allow an immediate appeal to be taken"); *Beeson v. Med-1 Solutions, LLC,* No. 1:06-cv-1694, 2009 WL 102634, at *1 (S.D. Ind. Jan. 9, 2009) ("A district court's **duty** and ability to certify an order for interlocutory appeal are derived from 28 U.S.C. § 1292.") (emphasis added).

I.  **WHETHER BRANCH CAN BE AN "ORIGINAL SOURCE" IS A CONTROLLING QUESTION OF LAW**

The Order correctly recognized that the Court lacks subject matter jurisdiction if Branch is not an original source. *See* Order at 8 ("If a relator who is not an original source brings a FCA suit that is based upon a public disclosure, a district court will not have subject matter jurisdiction over the suit."); *id.* at 30 ("The Court accordingly finds that Branch's suit is based upon the public disclosures, and it will be barred unless Branch qualifies as an 'original source.'"). Accordingly, whether, on this record, Branch had direct and independent knowledge sufficient to satisfy the FCA's original source requirements is a "controlling" legal question worthy of certification for interlocutory review. *See Total Ben.*, 1993 WL 98675, at *2 ("All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court.") (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)); *Meche v. Richard*, No. 05-0385, 2007 WL 3129583, at *1 (W.D. La. Oct. 22, 2007) (finding question of subject matter jurisdiction

5

"controlling" and certifying question for appeal); *Sawyer v. E.I. DuPont de Nemours & Co.*, G-06-CV-702, 2007 WL 1217997, at *6 (S.D. Tex. Apr. 24, 2007) (same).

The question for appeal here is "legal" because it does not require review of the particular facts of the case. *See Dacey v. Florida Bar, Inc.,* 427 F.2d 1292, 1293 (5th Cir. 1970) (granting interlocutory appeal of question of law regarding "[w]hether the undisputed facts showed [plaintiff] to be a public figure"); *Software Rights Archive, LLC v. Google, Inc.,* No. 2:07-CV-511, 2009 WL 1797996, at *2 (E.D. Tex. Jun. 24, 2009) ("Certification is proper in circumstances involving a pure issue of law, *i.e.*, a question the appellate court can efficiently rule on without making intensive inquiry into the record."); *Koch Indus., Inc.,* 1995 WL 812134, at *18 (denying motion to dismiss False Claims Act claims based on lack of subject matter jurisdiction and certifying interlocutory appeal, stating that "[t]he subject matter jurisdictional issues in this case are controlling questions of law"). The central facts are undisputed because Branch does not allege in the First Amended Complaint that it was involved in the initial loss adjustment at the identified properties and therefore could not have firsthand knowledge of the alleged fraud. Rather, the pleaded facts are that "Branch discovered the fraud by conducting *re-examinations* of fraudulently adjusted properties." FAC ¶ 9 (emphasis added). Defendants do not seek appellate review of these undisputed facts. Instead, Defendants pose a pure, abstract legal question: whether a relator without first-hand knowledge of the fraud it has alleged can qualify as an original source.

## II. THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION OVER WHETHER BRANCH CAN BE AN ORIGINAL SOURCE

The Fifth Circuit's decision in *Fried* raised serious questions about when, if ever, a relator's independent investigation of a publicly disclosed allegation of potential fraud could yield direct and independent knowledge sufficient to qualify the relator as an original source.

6

*See Fried*, 527 F.3d at 443.  The Order's reliance on pre-*Rockwell* out-of-circuit precedent rather than *Fried* to find that Branch's investigation of a publicly disclosed allegation of potential fraud in the NFIP yielded direct and independent knowledge sufficient to qualify Branch as an original source demonstrates a substantial ground for difference of opinion worthy of interlocutory review.  Whether the Fifth Circuit would find subject matter jurisdiction in this circumstance, post-*Rockwell* and in light of its decision in *Fried* is a significant issue of first impression that has the potential to dramatically expand FCA subject matter jurisdiction beyond that contemplated by Congress and the Supreme Court.  *See Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 724 (N.D. Tex. 2006) (finding interlocutory appeal appropriate where, for example, "novel and difficult questions of first impression are presented"); *see Castano*, 162 F.R.D. at 116 (certifying question for interlocutory appeal where matter bore "strong [but not exact] resemblance" to two Fifth Circuit cases and issue was "developing area of law").

In *Fried*, a relator brought an FCA action alleging that the West Independent School District had defrauded the Social Security Administration by misrepresenting that certain employees were entitled to Social Security benefits.  *See id.* at 440-41 ("Fried alleges that these teachers were not properly classified as full-time employees, did not perform bona fide employment, and therefore were not entitled to the relevant benefits.").  The Fifth Circuit concluded that, even though Fried's investigation identified a particular school district that was allegedly defrauding the government, Fried could not be an original source because the potential for abuse by Texas school districts of the exemption program at issue was well known.  *See id.* at 443.  *Fried* suggests that a relator, like Branch, who identifies examples of a publicly-disclosed potential fraud does not, as a matter of law, possess "qualitatively different information than what had already been discovered," and thus cannot qualify as an original source.  *Id.*

7

Like Fried, Branch was not the first party to identify the fraud it alleges. The potential for abuse of the NFIP system through wind-water misallocation was widely discussed in the public realm before Branch ever filed its complaint. And like Fried, Branch has merely identified specifics parties allegedly involved in the fraud without adding "qualitatively different information."

The Order diverges from *Fried* based on pre-*Rockwell*, out-of-circuit decisions that did not address the important question of whether a relator who initiates an investigation to come forward with examples of a publicly disclosed potential fraud—of which the government is well aware—is an original source with direct and independent knowledge as required by the FCA. Order at 35-38.[2] While none of those out-of-circuit authorities involve a relator, like Branch, who had no first-hand involvement with any of the defendants, the Court's choice to follow those authorities rather than the Fifth Circuit's decision in *Fried* indicates that this case presents a legal question over which there is substantial ground for difference of opinion.

Importantly, whether or not "the Court believes its [original source] decision is . . . firmly based on Fifth Circuit precedent . . . . is not the criteria on which the Court must base its decision on the present motion." *Castano*, 162 F.R.D. at 116. "[N]o matter how much this Court believes it has faithfully adhered to Fifth Circuit jurisprudence," and "no matter how much this Court may agree or disagree with the reasoning" of other courts, *id.* at 116-17, this is a legal

---

[2] *United States ex rel. Farmer v. City of Houston*, No. 03-3713, 2005 WL 1155111 (S.D. Tex. May 5, 2005) (cited in Order, at 38), is distinguishable. Farmer had direct, independent, and first-hand knowledge of fraud at the outset of her investigation. In reviewing an estimate for repairs to her own roof, Farmer recognized that defendant "listed 4,000 square feet of roofing material, when [she] knew that only 2,000 square feet of roofing material was needed the last time she had the roof replaced." *Id*. at *1. Furthermore, Farmer had knowledge of all aspects of the fraud she alleged: the actual square footage of the roofs at issue and the amount of disbursements based on inflated roof size. In contrast, Branch merely "re-examined" properties in the aftermath of public disclosures of alleged wind-water fraud and has *no knowledge whatsoever* of a critical component of the fraud it has alleged: what wind policies were in effect at the subject properties and how much was paid under the wind coverage.

question over which there is substantial ground for difference of opinion. Whether Branch has direct and independent knowledge of fraud sufficient to qualify it as an original source under *Fried* (or whether the out-of-circuit pre-*Rockwell* precedent cited by the Order controls) should be addressed by the Fifth Circuit at this early juncture of this case**.**

### III.    CERTIFICATION OF THE ORDER WOULD MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION

If the Fifth Circuit determines that Branch cannot be an original source, the action would be dismissed for lack of subject matter jurisdiction. Accordingly, resolving the question of Branch's original source status will "materially advance the ultimate termination of the litigation," and the third prong of Section 1292(b) is readily satisfied. *See Koch Indus., Inc.,* 1995 WL 812134, at *18 (certifying 1292(b) appeal of subject matter jurisdiction questions under False Claims Act because "resolution of these issues against Plaintiffs would completely bar this action"); *Meche,* 2007 WL 3129583, at *1 (certifying for interlocutory appeal question of subject matter jurisdiction); *LaFargue v. U.S.*, 4 F. Supp. 2d 580, 593 (E.D. La. 1998) (same); *United States ex rel. Huangyan Import & Export Corp. v. Nature's Farm Prods., Inc.*, 370 F. Supp. 2d 993, 1005 (N.D. Cal. 2005) (certifying 1292(b) appeal in False Claims Act action where immediate appeal could result in dismissal).

### CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court enter an order certifying the October 19, 2009 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated:  November 9, 2009                                       Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, LLC | PHELPS DUNBAR LLP |
| /s/ Judy Y. Barrasso<br>Judy Y. Barrasso (2814)<br>jbarrasso@barrassousdin.com<br>John W. Joyce (27525)<br>jjoyce@barrassousdin.com<br>LL&E Tower<br>909 Poydras Street, Suite 2400<br>New Orleans, Louisiana 70112<br>Telephone: (504) 589-9700<br><br>**Attorneys for Liberty Mutual Insurance Company** | /s/ Harry Rosenberg<br>Harry Rosenberg (11465)<br>rosenbeh@phelps.com<br>365 Canal Street, Suite 2000<br>New Orleans, Louisiana 70130<br>Telephone: (504) 566-1311<br><br>SIMPSON THACHER AND BARTLETT LLP<br>Bryce L. Friedman (*pro hac vice*)<br>bfriedman@stblaw.com<br>425 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 455-2000<br><br>Deborah L. Stein (*pro hac vice*)<br>dstein@stblaw.com<br>1999 Avenue of the Stars, 29th Floor<br>Los Angeles, California 90067<br>Telephone: (310) 407-7500<br><br>**Attorneys for The Standard Fire Insurance Company** (*erroneously named as St. Paul Travelers Co.*) |
| NIELSEN LAW FIRM, LLC | MCCRANIE, SISTRUNK, ANZELMO, HARDY, MAXWELL AND MCDANIEL PC |
| /s/ Gerald J. Nielsen<br>Gerald J. Nielsen (17078)<br>gjnielsen@aol.com<br>William T. Treas (26537)<br>wtreas@nielsenlawfirm.com<br>3838 North Causeway Boulevard, Suite 2850<br>Metairie, Louisiana 70002<br>Telephone: (504) 837-2500<br><br>**Attorneys Fidelity National Insurance Company, Fidelity National Property and Casualty Insurance Company** | /s/ James C. Rather<br>James C. Rather (25839)<br>jrather@mcsalaw.com<br>195 Greenbriar Blvd., Suite 200<br>Covington, LA 70433<br>Telephone: (504) 831-0946<br><br>**Attorneys for Simsol Insurance Services, Inc.** |

        LARZELERE PICOU WELLS SIMPSON
        LONERO, LLC

        /s/ Jay M. Lonero
        Jay M. Lonero, T.A. (20642)
        jlonero@lpw-law.com
        Christopher R. Pennison (22584)
        cpennison@lpw-law.com
        Angie A. Akers (26786)
        aakers@lpw-law.com
        3850 N. Causeway Boulevard, Ste 1100
        Metairie, Louisiana 70002
        Telephone:  (504) 834-6500

        **Attorneys for American National Property And Casualty Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this date been served upon all parties to this suit through counsel by filing into the Court's electronic filing system and, for non-participants, by placing same in the United States mail, postage prepaid and properly addressed on this 9th of November, 2009.

        /s/ Harry Rosenberg