IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*EX REL.* BRANCH CONSULTANTS, L.L.C.,<br><br>       Plaintiff,<br>v.<br><br>ALLSTATE INSURANCE COMPANY, STATE FARM FIRE AND CASUALTY COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, FIDELITY NATIONAL INSURANCE COMPANY, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY, AMERICAN RELIABLE INSURANCE CO. OF SCOTTSDALE, ST. PAUL TRAVELERS COS., PILOT CATASTROPHE SERVICES, INC., CRAWFORD & COMPANY, ALLIED AMERICAN ADJUSTING COMPANY L.L.C., NCA GROUP, INC., INC., SIMSOL INSURANCE SERVICES, INC., COLONIAL CLAIMS CORPORATION, AND JOHN DOES 1-99,<br>       Defendants. | Case No. 2:06-cv-4091<br><br>**JURY TRIAL DEMANDED** |

**BRANCH CONSULTANTS, L.L.C.'S OPPOSITION
TO DEFENDANTS' MOTION FOR INTERLOCUTORY APPEAL**

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT .................................................................................1

II.  LEGAL STANDARD.................................................................................................1

III. DEFENDANTS FAILED TO IDENTIFY ANY CONTROLLING
     QUESTION OF LAW ................................................................................................2

IV.  THERE IS NO SUBSTANTIAL GROUND FOR
     DIFFERENCE OF OPINION.....................................................................................4

     A.  The Law Governing The Original Source Inquiry Is Well-Settled...........................4

     B.  No Court In The Fifth Circuit Has Issued A Decision Opposite
         To The Order .............................................................................................................6

     C.  The Court Properly Distinguished *Fried* On The Facts...........................................6

     D.  The Order Did Not Misapply Or Depart From *Rockwell* ........................................8

     E.  The Court Properly Analogized To Out-of-Circuit Cases
         With Similar Facts ...................................................................................................10

V.   IMMEDIATE APPEAL WOULD NOT ADVANCE THE
     TERMINATION OF THE LITIGATION ................................................................11

VI.  CONCLUSION.........................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Babcock & Wilcox v. Ind. Gas and Elect. Co.*,
2004 WL 626288 (E.D. La. 2004)..........................................................................4, 8, 11

*Brown v. City of Oneonta*,
916 F. Supp. 176 (N.D.N.Y. 1996)..................................................................................2

*Chauvin v. State Farm Mut. Auto. Ins. Co.*,
2007 WL 4365387 (E.D. La. 2007)..................................................................................2

*In re Enron Corp. Sec.*,
2006 WL 1663737 (S.D. Tex. 2006)................................................................................2

*Fechter v. Conn. Gen. Life Ins. Co.*,
800 F. Supp. 178 (E.D. Penn. 1991)................................................................................5

*Fed'l Recovery Servs. v. United States*,
72 F.3d 447 (5th Cir. 1995)......................................................................................7, 8, 9

*Gulf S. Mach., Inc. v. Am. Standard, Inc.*,
1999 WL 65026 (E.D. La. 1999)......................................................................................2

*Kuzinski v. Schering Corp.*,
614 F. Supp. 2d 247 (D. Conn. 2009)..............................................................................2

*United States ex rel. Laird v. Lockheed Martin Eng'g & Sci. Servs., Co.*,
336 F.3d 346 (5th Cir. 2003).......................................................................................4, 5

*McFarlin v. Conseco Serv., LLC*,
381 F.3d 1251 (11th Cir. 2004).......................................................................................3

*Nat'l Cmty. Reinvestment Coal. v. Accredited Home Lenders Holding Co.*,
597 F. Supp. 2d 120 (D.D.C. 2009).................................................................................4

*Rockwell Int'l Corp. et al. v. United States*,
549 U.S. 457 (2007)...........................................................................................5, 8, 9, 10

*Ryan v. Flowserve Corp.*,
444 F. Supp. 2d 718 (N.D. Tex. 2006).............................................................................3

*Swint v. Chambers County Com'n*,
514 U.S. 35 (1995)............................................................................................................2

*United States, ex rel. Bain v. Ga. Gulf Corp.*,
386 F.3d 648 (5th Cir. 2004) ............................................................................................6

*United States, ex rel. Branch Consultants v. Allstate Ins. Co. et al.*,
560 F.3d 371 (5th Cir. 2009) ..........................................................................................11

*United States, ex rel. Farmer v. City of Houston*,
2005 WL 1155111 (S.D. Tex. May 5, 2005) ............................................................10, 11

*United States, ex rel. Findley v. FPC-Boron Employees' Club*,
105 F.3d 675 (D.C. Cir. 1997) .........................................................................................9

*United States, ex rel. Fried v. West Indep. Sch. Dist.*,
527 F.3d 439 (5th Cir. 2008) ........................................................................4, 6, 7, 9, 10

*United States, ex rel. Reagan v. E. Tex. Med. Cent. Reg'l Healthcare Sys.*,
384 F.3d 168 (5th Cir. 2004) ........................................................................4, 5, 7, 9, 10

**Other Statutes**

28 U.S.C. § 1292(b) ...................................................................................................1, 2, 3

10 FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2658.2 (1998) ...............................................2

S. Rep. No. 85-2434 (1958) .......................................................................................................2

## I. PRELIMINARY STATEMENT

Branch Consultants, L.L.C. ("Branch") respectfully submits this opposition to Defendants' Motion for Certification of the Court's October 19, 2009 Order for Interlocutory Appeal (the "Motion"). It has now been more than four years since Hurricane Katrina struck and more than three years since this case was filed. This Court issued a well reasoned and thorough order that reflects careful deliberation and analysis. (Dkt. # 228 (the "Order")). Sixteen pages of that order are devoted to the issue that Defendants seek to present to the Fifth Circuit: whether Branch qualifies as an original source. Order at p. 30-45. In concluding that Branch is an original source, the Court correctly recited the controlling Fifth Circuit and Supreme Court precedent and carefully applied them to the facts in this case.

Defendants disagree with that conclusion. But mere disagreement with a ruling is insufficient to warrant interlocutory appeal. Instead, interlocutory appeal is an extraordinary measure reserved for legal rulings that satisfy each of three distinct statutory requirements. Defendants' request for interlocutory appeal satisfies *none* of the three requirements. First, Defendants' proposed controlling question of law incorporates facts not applicable to Branch and therefore would not be "controlling." Second, there is no substantial ground for difference of opinion because Defendants merely take issue with this Court's application of the well-settled law to the particular facts of this case. Finally, the best method to materially advance the resolution of this case is to let this Court's well-reasoned order stand and to proceed with discovery. Accordingly, Defendants' motion should be denied.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1292(b), an interlocutory appeal is an exceptional procedure that is proper only if (1) the district court order "involves a controlling question of law," (2) "as to

which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "This provision 'is meant to be applied in relatively few situations and has not been read as a significant incursion on the traditional federal policy against piecemeal appeals.'" *Gulf S. Mach., Inc. v. Am. Standard, Inc.*, 1999 WL 65026, *1 (E.D. La. 1999) (J. Vance) (quoting Wright, Miller & Kane, 10 FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2658.2 (1998)). "An interlocutory appeal . . . is 'exceptional' and assuredly does not lie simply to determine the correctness of a judgment." *Chauvin v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 4365387, *2 (E.D. La. 2007) (J. Vance). A district court has discretion to deny a motion for interlocutory appeal even if the movant proves the § 1292(b) requirements. *See, e.g., Kuzinski v. Schering Corp.*, 614 F. Supp. 2d 247 (D. Conn. 2009) ("Even where these criteria are met, the Court retains discretion to deny permission for interlocutory appeal, mindful that '[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered.'") (citation omitted); *Swint v. Chambers County Com'n*, 514 U.S. 35, 46-47 (1995) (concluding that district courts have first line discretion to allow interlocutory appeals); *Brown v. City of Oneonta*, 916 F. Supp. 176 (N.D.N.Y. 1996) (concluding that trial judge has substantial discretion in deciding whether or not to certify question for interlocutory appeal) *rev'd in part on other grounds*, 106 F.3d 1125 (2d Cir. 1997); S. Rep. No. 85-2434 (1958), reprinted in 1958 U.S.C.C.A.N. 5255 ("[T]he appeal is discretionary rather than a matter of right. It is discretionary in the first instance with the district judge ...."). The party seeking certification bears the burden of showing that exceptional circumstances justify interlocutory review. *In re Enron Corp. Sec.*, 2006 WL 1663737, *1-2 (S.D. Tex. 2006). Defendants fail to carry that burden.

### III. DEFENDANTS FAILED TO IDENTIFY ANY CONTROLLING QUESTION OF LAW

Defendants ask the Court to certify the following question for interlocutory appeal: "whether a 'sleuth' like Branch, without first-hand involvement in an alleged fraud, can qualify as an 'original source' by providing additional examples of a publicly disclosed, alleged fraudulent scheme." Mot. at 2. But that purported question of law is not controlling for at least two reasons.

First, Defendants' question incorporates facts that differ from those in the complaint and therefore no matter how the Fifth Circuit were to answer Defendants' proposed question, it would not apply to the particular facts in this case. Defendants' formulation presumes that Branch did nothing more than provide "additional examples" of the fraud. That factual assumption is wrong. As this Court found, Branch did not merely provide additional *examples* of fraud, but instead provided the missing details about the fraud: "The facts gathered from Branch's investigation, taken as true, supply ample detail about numerous, specific examples of fraud, with supporting descriptions and identified perpetrators." Order at 39; *see also* Order at 58 ("[Branch] has pointed to particular flood policies on particular properties, demonstrated how much was paid under the policy, and provided its determination of how much should have been paid out under the policy." Moreover, the facts uncovered by Branch were the first to connect any of the Defendants to any specific facts concerning the fraud. Defendants' proposed question of law also improperly adds the condition "without first-hand involvement in an alleged fraud." Mot. at 2. While it is true that Branch did not participate in the fraud, it is not correct to say that Branch lacks first-hand knowledge. Branch gained first-hand knowledge by directly, in person, investigating the specific subjects of the fraudulent claims and observing the source of the fraud.

Second, § 1292(b) is available only for pure questions of law, not for cases (such as this one) involving the application of clear legal principles to the specific facts of a particular case. *See, e.g., Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006) ("a 'question of law' does not mean the application of settled law to disputed facts.") (*citing McFarlin v. Conseco Serv.*, LLC, 381 F.3d 1251, 1256 (11th Cir. 2004)). Determining whether a relator is an original source cannot be reduced to a simple, one-sentence pure legal question. Instead, "[i]n analyzing whether a relator is an original source, courts 'must look to the <u>factual subtleties</u> of the case before it and attempt to strike a balance . . . ." Order at 31 (quoting *United States ex rel. Laird v. Lockheed Martin Eng'g & Sci. Servs., Co.*, 336 F.3d 346, 356 (5th Cir. 2003) (emphasis added)). Defendants' proposed "legal question" ignores the factual subtleties of this case, which the Court captured in its thorough, sixteen page analysis of whether Branch is an original source.

## IV.   THERE IS NO SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

Defendants have not shown that there is a substantial ground for difference of opinion on their purported controlling question of law. "Difference of opinion refers to an unsettled state of law or judicial opinion, not mere discontent by the appealing party." *Babcock & Wilcox v. Ind. Gas and Elect. Co.*, 2004 WL 626288, *2 (E.D. La. 2004) (J. Vance); *see also Nat'l Cmty. Reinvestment Coalition v. Accredited Home Lenders Holding Co.*, 597 F. Supp. 2d 120 (D.D.C. 2009) ("Mere disagreement, even if vehement, with a court's ruling does not establish a substantial ground for difference of opinion sufficient to satisfy the statutory requirements for an interlocutory appeal.") (quotation omitted).

### A.   The Law Governing The Original Source Inquiry Is Well-Settled

The law governing whether a relator qualifies as an original source is well-settled. In their May 23, 2008 brief to the Fifth Circuit, Defendants discussed this law at length and never

once suggested to the Fifth Circuit that the law was unsettled. *See* Ex. A (Defendants' Appellate Brief at p. 54-61). On the contrary, Defendants' appellate brief stated that:

> This Court's jurisprudence in *Reagan* and *Fried* is in accord with Congressional intent ***and the decisions of other circuits***.

Ex. A (Defendants' Appellate Brief at p. 57) (emphasis added). Defendants never requested that the Fifth Circuit resolve any unsettled issues of law concerning whether a relator qualifies as an original source.

In its October 19, 2009 order, this Court properly identified and stated the well-settled legal standards:

- "First, 'the relator must demonstrate that he or she has direct and independent knowledge of the information on which the allegations are based,' and second, 'the relator must demonstrate that he or she has voluntarily provided the information to the Government before filing his or her qui tam action.'" Order at 30 (quoting *Reagan*, 384 F.3d at 177).

- "The 'allegations' in question are those in the relator's complaint, not the allegations that were subject to public disclosure" and that "the relator must be the original source of every claim it brings." Order at 30 (quoting *Rockwell*, 549 U.S. at 470-71, 76).

- "[A] relator's knowledge is 'direct' when it 'derive[s] from the source without interruption or [is gained] by the relator's own efforts rather than learned second-hand through the efforts of others.'" Order at 31 (quoting *Reagan*, 384 F.3d at 177.

- "The relator's knowledge is 'independent' if it is not derived from the public disclosure." Order at 31 (citing *Reagan*, 384 F.3d at 177).

Importantly, Defendants do not find fault with any of these statements of law. Instead, Defendants criticize the Court for its <u>application</u> of this well-settled law to the particular facts of this case. Such a disagreement with the application of well-settled law to the facts of a particular case does not justify interlocutory appeal. *See, e.g., Fechter v. Conn. Gen. Life Ins. Co.*, 800 F. Supp. 178, 181 (E.D. Penn. 1991) (denying motion for interlocutory appeal where the "law is well settled" even though "the Plaintiffs' allegations are unique, and there may well be grounds

to support differences of opinion with respect to how the law should be applied to the facts of this case.").

As this Court noted, its job is to "look at the <u>factual subtleties</u> of the case before it and attempt to <u>strike a balance</u> between those individuals who, with no details regarding its whereabouts, simply stumble upon a seemingly lucrative nugget and those actually involved in the process of unearthing important information about a false or fraudulent claim." Order at 31 (quoting *Laird*, 336 F.3d at 356) (emphasis added). The Court did exactly that and found that the "factual subtleties" of this case demonstrated that Branch was an original source. Disagreement with this Court's interpretation of "factual subtleties" does not warrant interlocutory appeal.

## B. No Court In The Fifth Circuit Has Issued A Decision Opposite To The Order

Typically, substantial ground for difference of opinion arises where district courts in the same circuit have reached opposite conclusions on the same issue. A good example is *United States, ex rel. Bain v. Ga. Gulf Corp.*, 386 F.3d 648 (5th Cir. 2004). Defendants cite *Bain* because the district court in that case certified for interlocutory appeal an order denying a motion to dismiss a False Claims Act complaint. Mot. at 3. But Defendants fail to mention *why* the issue was certified: the district court in *Bain* found, *sua sponte*, that the decision rendered in a case then pending before the Fifth Circuit was "directly opposite the decision rendered by this Court in this case on the same issue." Ex. B (*Bain* District Court Order at 1). For that reason, the district court "encouraged" the parties to file an application with the Fifth Circuit. *Id.*

Here, there are no decisions by other Fifth Circuit courts that are "directly opposite the decision rendered by this Court in this case on the same issue." In fact, Defendants have not identified a case from *any* jurisdiction that arrived at a decision opposite the decision rendered by this Court. Defendants' motion should be denied on this basis alone.

### C.  The Court Properly Distinguished *Fried* On The Facts

Defendants argue that "[t]he Order diverges from *Fried*" and that the Court chose to follow "out-of-circuit authorities" rather than *Fried*. Mot. at 8. Defendants are wrong: the Court merely concluded that Branch's situation was <u>factually distinguishable</u> from *Fried*. Branch's situation is distinguishable because the relator in *Fried* relied exclusively on secondhand information, whereas Branch directly investigated the properties listed in the complaint, which are the specific subjects of the fraudulent claims:

> Furthermore, the properties listed in the complaint, which Branch alleges that it directly investigated, are the specific subjects of the allegedly fraudulent claims. <u>The situation is therefore distinguishable from cases in which the relator relied exclusively upon secondhand information transmitted from other people and at no point directly observed the source of the alleged fraud.</u> *See, e.g., Fried*, 527 F.3d at 443 (investigation that consisted of conversations and email exchanges with employees about fraudulent scheme did not give relator direct knowledge of the fraud). . . .

Order at 35 (emphasis added). The Court also distinguished *Fried* and related cases by correctly pointing out that Branch did more than merely apply its expertise to publicly-disclosed information:

> While it is true that a relator must do "more than apply his expertise to publicly-disclosed information," *Fried*, 527 F.3d at 443 (citing *Reagan*, 384 F.3d at 179), here <u>Branch has, through its actual efforts, provided a host of "additional compelling facts" about the alleged fraud that were nowhere previously available.</u> *Reagan*, 384 F.3d at 179. These facts, because there is no allegation that they were previously known, comprise "qualitatively different information than what had already been discovered." *Fed'l Recovery Servs.*, 72 F.3d at 452. <u>And the information Branch gathered is considerable, unlike the investigations that were found wanting in other cases.</u> *See, e.g., Fried*, 527 F.3d at 443 (discussing a claim that was based almost entirely on public documents and relator's investigation produced only minor facts about the fraud, "[e]very aspect" of which was already in the public domain). . . .

Order at 39-40 (emphasis added).

Defendants argue that "like Fried, Branch has merely identified specifics [sic] parties allegedly involved in the fraud without adding 'qualitatively different information.'" Mot. at 8. But this Court found otherwise. *See, e.g.* Order at 32 ("The alleged information Branch gleaned from these reexaminations of WYO-insured property is <u>qualitatively different</u> from the information that had been placed into the public domain by the disclosures."); Order at 34 ("The detailed information Branch provides about numerous properties in southern Louisiana is <u>qualitatively different</u> than the allegations outlined in the public disclosures or the alleged facts about the property at issue in the *Fowler* case."); Order at 40 ("These facts, because there is no allegation that they were previously known, comprise '<u>qualitatively different</u> information than what had already been discovered.'") (quoting *Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 452 (5th Cir. 1995). Defendants disagree with the Court's findings, but that disagreement does not transform the issue from a factual distinction between the cases into a substantial ground for difference of opinion on an issue of law.

Defendants do not take issue with the Court's recitation of the legal principles in *Fried*. They just disagree that *Fried* is distinguishable on the facts. This Court was presented with a similar scenario in *Babcock & Wilcox v. Indiana Gas and Electric Co.*, 2004 WL 626288 (E.D. La. 2004) (J. Vance) ("*Babcock*"). In *Babcock* the plaintiff sought leave to file an interlocutory appeal of the bankruptcy court's order, arguing that the bankruptcy judge had misapplied a particular case, which the plaintiff contended was grounds for interlocutory appeal. *Id.* at 2. In denying the motion for leave, this Court found dispositive the fact that the bankruptcy court judge had "reached his decision . . . by distinguishing the case on which [the plaintiff] relies on the facts. This does not amount to an unsettled state of the law." *Id.* The same is true here.

### D. The Order Did Not Misapply Or Depart From *Rockwell*

Defendants also attempt to cast doubt on the Court's legal reasoning by repeatedly noting that the Court referenced cases that were decided before the Supreme Court's decision in *Rockwell International Corp. et al. v. United States*, 549 U.S. 457 (2007). But whether a particular case was decided pre-*Rockwell* or post-*Rockwell* misses the point. Instead, the relevant question is whether *Rockwell* overruled any of the legal points on which the Court based its decision. It did not, and Defendants do not argue otherwise.

*Rockwell* held that the statutory language stating that "the relator must demonstrate that he or she has 'direct and independent knowledge of the information on which the allegations are based" refers to the allegations "in the relator's complaint, not the allegations that were subject to public disclosure." *Id.* at 470. Contrary to Defendants' repeated suggestions, *Rockwell* did not completely re-write original-source jurisprudence—it simply announced that a relator must be the original source of the information underlying the allegations in the *complaint* rather than the information underlying the allegations in the *public disclosure*. *Rockwell* therefore did not alter existing jurisprudence on whether a relator's own investigation can provide the information on which the allegations are based. Stated differently, *Rockwell* did not speak to the <u>source</u> of the relator's knowledge; instead, it addressed what the knowledge had to support—the allegations in the complaint.

Defendants' headline case, *Fried*, demonstrates that *Rockwell* did not effect a sea change. In its opinion in *Fried*, the Fifth Circuit does not even discuss *Rockwell* in analyzing whether the plaintiff was an original source. *United States, ex rel. Fried v. West Indep. Sch. Dist.*, 527 F.3d 439, 442-43 (5th Cir. 2008). Instead, the Fifth Circuit discusses three cases, all of which are pre-*Rockwell*. Two of those cases are the same cases on which this Court relied in concluding that

Branch is an original source here, *United States ex rel. Reagan v. East Texas Medical Center Regional Healthcare System*, 384 F.3d 168 (5th Cir. 2004) and *Federal Recovery Services, Inc. v. United States*, 72 F.3d 447 (5th Cir. 1995). The third case that *Fried* referenced is a pre-*Rockwell*, out-of-circuit case. *See Fried*, 527 at 443 (citing *United States ex rel. Findley v. FPC-Boron Employees' Club*, 105 F.3d 675, 690 (D.C. Cir. 1997)).

Additionally, Defendants' Fifth Circuit brief completely undercuts their argument that *Rockwell* fundamentally changed the original source jurisprudence applicable to deciding whether Branch is an original source. Defendants never even cite, much less discuss, *Rockwell* in the entire section of their appellate brief in which they address whether Branch qualifies as an original source. *See* Ex. A (Defendants' Appellate Brief Section II.B (p. 54-61)).

**E.    The Court Properly Analogized To Out-of-Circuit Cases With Similar Facts**

The Court's reliance on "out-of-circuit decisions" also provides no basis for interlocutory review since it evinces no substantial ground for a difference of opinion on an issue of law. But more to the point, the Court did <u>not</u> rely on the out-of-circuit cases to establish the controlling law, which, as discussed above, is well-settled. Rather, the Court referenced out-of-circuit cases because they apply well-settled law to factual scenarios that are similar to the facts of this case—that is, they "discuss similar investigations with similar results" and therefore "provide support for the determination that Branch is an original source of information." Order at 35. Additionally, the out-of-circuit cases on which the Court relied are consistent with *Rockwell* and Fifth Circuit jurisprudence and therefore demonstrate a consistency among the circuits concerning the controlling law—namely, the standard for determining whether a relator is an original source. Defendants themselves recognized the consistency of out-of-circuit law with Fifth Circuit law: "This Court's jurisprudence in *Reagan* and *Fried* is in accord with

Congressional intent and the decisions of other circuits." Ex. A (Defendants' Appellate Brief at p. 57).

Defendants also overshoot by arguing that the Court diverged from *Fried* in relying on "out-of-circuit decisions that did not address the important question of whether a relator who initiates an investigation to come forward with examples of a publicly disclosed potential fraud . . . is an original source with direct and independent knowledge as required by the FCA." Mot. at 8. Immediately after making that statement, Defendants qualified it by dropping a footnote, attempting to distinguish an in-circuit decision (*Farmer*), on which the Court also relied, that addressed the exact "important question" that Defendants say the Court overlooked. That case, as the Court's order explained, presented "a similar situation to the one before the Court." Order at 38 (citing *United States ex rel. Farmer v. City of Houston*, 2005 WL 1155111 (S.D. Tex. May 5, 2005)). Like Branch, the relator in *Farmer* had direct and independent knowledge because the information underlying the allegations "was gathered through her own efforts" and her investigation "unearthed important information about fraudulent claims." Order at 39 (quoting *Farmer*, 2005 WL 1155111 at *5). Defendants contend that *Farmer* is distinguishable because, unlike Branch, the relator's investigation started with her own home and then expanded to other homes. Mot. at 8 n.2. Such a distinction has no basis in law.

## V.  IMMEDIATE APPEAL WOULD NOT ADVANCE THE TERMINATION OF THE LITIGATION

"[P]iecemeal appeals that serve only to extend the litigation are discouraged, especially when weighed against the interests of judicial economy and interests of the parties in obtaining an overall conclusion of the proceeding." *Babcock & Wilcox v. Ind. Gas and Elect. Co.*, 2004 WL 626288, *2 (E.D. La. 2004) (J. Vance). Letting this Court's well-reasoned order stand and allowing discovery to proceed constitutes the best way to materially advance the resolution of

this case. A long delay would prejudice Plaintiffs not only because they would have to wait to be made whole from Defendants' misconduct, but also because the relevant events in this case occurred four years ago. It is imperative that discovery not be delayed any longer.

## VI. CONCLUSION

Defendants have failed to demonstrate that the criteria specified in §1292(b) have been satisfied, and have not proven "exceptional circumstances" warranting the exercise of this Court's discretion to certify its order for appeal. The case is of significant public interest, and it should not be further delayed. The case has been before the Fifth Circuit once already—and in a posture in which the Fifth Circuit could have chosen to address the issues raised in Defendants' current motion, which were fully briefed in the parties' appellate briefs. It instead chose to defer reaching these issues. *United States, ex rel. Branch Consultants v. Allstate Ins. Co. et al.*, 560 F.3d 371, 381 (5th Cir. 2009). This Court need not second guess that decision. Defendants' motion should be DENIED.

DATED: November 17, 2009                  Respectfully submitted,


                                          KANNER & WHITELY L.L.C.

                                          By: /s/ Allan Kanner

                                          Allan Kanner (LA #20580)
                                          a.kanner@kanner-law.com
                                          Cynthia St. Amant (LA #24439)
                                          c.stamant@kanner-law.com
                                          Melissa M. Fuselier (LA #31163)
                                          m.fuselier@kanner-law.com
                                          701 Camp Street
                                          New Orleans, LA  70130
                                          Telephone (504) 524-5777
                                          Fax: (504) 524-5763

                                          *and*

SUSMAN GODFREY LLP

by: /s/Matthew R. Berry

Jonathan Bridges (TX #24028835)
jbridges@SusmanGodfrey.com
901 Main Street, Suite 5100
Dallas, Texas 75202-3775
Telephone: (214) 754-1900
Fax: (214) 665-0856

Tibor Nagy (NY #4508271)
tnagy@SusmanGodfrey.com
654 Madison Ave., 5th Flr
New York, NY 10065
Telephone: (212) 336-8332
Fax: (212) 336-8340

Matthew R. Berry (WA #37364)
mberry@susmangodfrey.com
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 373-7394
Fax: (206) 516-3883

*and*

HERMAN, HERMAN, KATZ & COTLAR, LLP

by: /s/ Stephen J. Herman

Stephen J. Herman (LA #23129)
sherman@hhkc.com
Soren E. Gisleson (LA #26302)
sgisleson@hhkc.com
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax: (504) 561-6024

***Attorneys for Plaintiff/Relator***

## Certificate of Service

I hereby certify that on November 17, 2009, a copy of the above and foregoing *Branch Consultants, L.L.C.'s Opposition to Defendants' Motion for Interlocutory Appeal* has been served upon all counsel of record in this matter by placing the same in the U.S. Mail, first class postage prepaid and properly addressed, by facsimile and/or by electronic mail using the CM/ECF. I further certify that a true and correct copy of this Motion was sent via electronic mail (pursuant to agreement) on November 17, 2009, to Assistant United States Attorney, Jay D. Majors.

/s/ Allan Kanner