UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX REL.* BRANCH CONSULTANTS, L.L.C.,<br><br>Plaintiff<br><br>VERSUS<br><br>ALLSTATE INSURANCE COMPANY, et. al.,<br><br>Defendants | CIVIL ACTION NO.: 06-4091<br><br>SECTION: "R" (1)<br><br>JUDGE: VANCE<br><br>MAGISTRATE: SHUSHAN |

**LIBERTY MUTUAL FIRE INSURANCE COMPANY'S
ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), by and through its undersigned counsel, responds to Plaintiff's First Amended Complaint ("FAC") as follows:

**I.**

**ANSWER**

1.

The allegations in Paragraph 1 of Plaintiff's FAC state legal or other conclusions to which no response is required. To the extent a response is required, Liberty Mutual denies the allegations of Paragraph 1.

2.

The allegations in Paragraph 2 of Plaintiff's FAC state legal or other conclusions to which no response is required. To the extent a response is required, Liberty Mutual denies the allegations of Paragraph 2.

1

147582_3

3.

Liberty Mutual denies the allegations in Paragraph 3 of the FAC.

4.

Liberty Mutual denies the allegations in Paragraph 4 of the FAC, except to admit that proceeds received from the Government in connection with National Flood Insurance Program ("NFIP") claims are used to reimburse Liberty Mutual for payments made to insureds and for Liberty Mutual's services.

5.

Liberty Mutual denies the allegations in Paragraph 5 of the FAC.

6.

The allegations in Paragraph 6 of Plaintiff's FAC state legal or other conclusions to which no response is required. To the extent a response is required, Liberty Mutual denies the allegations of Paragraph 6.

7.

The allegations in Paragraph 7 of Plaintiff's FAC state legal or other conclusions to which no response is required. To the extent a response is required, Liberty Mutual denies the allegations of Paragraph 7. Further, Liberty Mutual refers to the text of the False Claims Act ("FCA") for a true and correct statement of its provisions. Liberty Mutual denies that the FCA allows any person having information regarding a false or fraudulent claim against the Government to bring a *qui tam* action and share in any recovery.

8.

The allegations in Paragraph 8 of Plaintiff's FAC state legal or other conclusions to which no response is required. To the extent a response is required, Liberty Mutual denies the allegations of Paragraph 8 and denies that Plaintiff is entitled to the relief sought.

9.

In response to the allegations in Paragraph 9 of the FAC, Liberty Mutual denies knowledge of Plaintiff's state of incorporation and place of business for lack of sufficient information to support a belief therein. Liberty Mutual denies all remaining allegations of Paragraph 9 of the FAC.

10.

In response to the allegations in Paragraph 10 of the FAC, Liberty Mutual admits that it is a nationwide insurer headquartered at 175 Berkeley Street, Boston, Massachusetts 02116. Liberty Mutual denies all remaining allegations of Paragraph 10 for lack of sufficient information to support a belief therein.

11.

Liberty Mutual denies the allegations in Paragraph 11 of the FAC for lack of sufficient information to support a belief therein.

12.

The allegations in Paragraph 12 of Plaintiff's FAC state legal or other conclusions to which no response is required. To the extent a response is required, Liberty Mutual denies the allegations of Paragraph 12 except to admit that it does not contest personal jurisdiction in this action.

147582_3

13.

In response to the allegations in Paragraph 13 of the FAC, Liberty Mutual denies that it violated the FCA. Liberty Mutual denies all remaining allegations of Paragraph 13 of the FAC for lack of sufficient information to support a belief therein.

14.

Liberty Mutual denies the allegations in Paragraph 14 of the FAC except to admit that (a) the NFIP makes flood insurance available to certain homeowners, renters and business owners, and (b) in 1983, the Federal Emergency Management Agency ("FEMA") created the Write-Your-Own ("WYO") Program through which participating insurance companies service NFIP's standard flood insurance policy.

15.

Liberty Mutual denies the allegations in Paragraph 15 of the FAC except to admit that (a) WYO insurers have been parties to a Financial Assistance/Subsidy Arrangement (the "Arrangement") with the federal government, and Liberty Mutual refers to the Arrangement for the terms thereof; (b) Plaintiff purports to be suing WYO insurers and their adjusters; and (c) in 2005, there were a limited number of WYO insurers operating in the Gulf Coast area.

16.

Liberty Mutual denies the allegations in Paragraph 16 of the FAC and refers to the NFIC policies for the terms thereof.

17.

Liberty Mutual denies the allegations in Paragraph 17 of the FAC except to admit that (a) there was an unprecedented number of flood claims following Hurricane Katrina; (b) FEMA waived the requirement that insureds file a proof of loss for their Katrina-related flood

147582_3

claims in certain circumstances; and (c) FEMA announced an expedited claim handling procedure for Katrina-related flood claims.

18.

Liberty Mutual denies the allegations in Paragraph 18 of the FAC for lack of sufficient information to support a belief therein.

19.

Liberty Mutual denies the allegations in Paragraph 19 of the FAC.

20.

Liberty Mutual denies the allegations in Paragraph 20 of the FAC.

21.

Paragraph 21 of the FAC and its subparts contain allegations against parties other than Liberty Mutual to which no response is required from Liberty Mutual. To the extent a response is required, Liberty Mutual denies the allegations in Paragraph 21 of the FAC for lack of sufficient information to justify a belief therein.

22.

Paragraph 22 of the FAC and its subparts contain allegations against parties other than Liberty Mutual to which no response is required from Liberty Mutual. To the extent a response is required, Liberty Mutual denies the allegations in Paragraph 22 of the FAC for lack of sufficient information to justify a belief therein.

23.

Paragraph 23 of the FAC and its subparts contain allegations against parties other than Liberty Mutual to which no response is required from Liberty Mutual. To the extent a

response is required, Liberty Mutual denies the allegations in Paragraph 23 of the FAC for lack of sufficient information to justify a belief therein.

24.

Paragraph 24 of the FAC and its subparts contain allegations against parties other than Liberty Mutual to which no response is required from Liberty Mutual. To the extent a response is required, Liberty Mutual denies the allegations in Paragraph 24 of the FAC for lack of sufficient information to justify a belief therein.

25.

Paragraph 25 of the FAC and its subparts contain allegations against parties other than Liberty Mutual to which no response is required from Liberty Mutual. To the extent a response is required, Liberty Mutual denies the allegations in Paragraph 25 of the FAC for lack of sufficient information to justify a belief therein.

26.

Paragraph 26 of the FAC and its subparts contain allegations against parties other than Liberty Mutual to which no response is required from Liberty Mutual. To the extent a response is required, Liberty Mutual denies the allegations in Paragraph 26 of the FAC for lack of sufficient information to justify a belief therein.

27.

Paragraph 27 of the FAC and its subparts contain allegations against parties other than Liberty Mutual to which no response is required from Liberty Mutual. To the extent a response is required, Liberty Mutual denies the allegations in Paragraph 27 of the FAC for lack of sufficient information to justify a belief therein.

28.

Paragraph 28 of the FAC and its subparts contain allegations against parties other than Liberty Mutual to which no response is required from Liberty Mutual. To the extent a response is required, Liberty Mutual denies the allegations in Paragraph 28 of the FAC for lack of sufficient information to justify a belief therein.

29.

Liberty Mutual denies the allegations in Paragraph 29 of the FAC and its subparts except to admit that (i) there was damage covered by the NFIC policy at the properties identified in Paragraphs 29(a) and (b), and (ii) payments were made pursuant to the NFIP policy with respect to the properties identified in Paragraphs 29(a) and (b). Further, with regard to the property identified in Paragraph 29(a), the structure suffered no legitimate wind damage, and the homeowners did not pursue their homeowners claim. Additionally, with regard to the property identified in Paragraph 29(b), the homeowner had no property damage coverage as her homeowners policy was canceled in 2003 due to non-payment.

30.

Paragraph 30 of the FAC and its subparts contain allegations against parties other than Liberty Mutual to which no response is required from Liberty Mutual. To the extent a response is required, Liberty Mutual denies the allegations in Paragraph 30 of the FAC for lack of sufficient information to justify a belief therein.

31.

Paragraph 31 of the FAC and its subparts contain allegations against parties other than Liberty Mutual to which no response is required from Liberty Mutual. To the extent a

response is required, Liberty Mutual denies the allegations in Paragraph 31 of the FAC for lack of sufficient information to justify a belief therein.

32.

Paragraph 32 of the FAC and its subparts contain allegations against parties other than Liberty Mutual to which no response is required from Liberty Mutual. To the extent a response is required, Liberty Mutual denies the allegations in Paragraph 32 of the FAC for lack of sufficient information to justify a belief therein.

33.

Paragraph 33 of the FAC and its subparts contain allegations against parties other than Liberty Mutual to which no response is required from Liberty Mutual. To the extent a response is required, Liberty Mutual denies the allegations in Paragraph 33 of the FAC for lack of sufficient information to justify a belief therein.

34.

In response to Paragraph 34 of the FAC, Liberty Mutual incorporates its responses to Paragraphs 1 through 33 of the FAC as if included herein *in extenso*.

35.

The allegations in Paragraph 35 of Plaintiff's FAC state legal or other conclusions to which no response is required. To the extent a response is required, Liberty Mutual denies the allegations of Paragraph 35.

36.

Liberty Mutual denies the allegations in Paragraph 36 of the FAC.

147582_3

37.

Liberty Mutual denies the allegations in Paragraph 37 of the FAC.

38.

Liberty Mutual denies the allegations in Paragraph 38 of the FAC.

39.

Liberty Mutual denies the allegations in Paragraph 39 of the FAC.

40.

Liberty Mutual denies the allegations in Paragraph 40 of the FAC.

41.

Paragraph 41 contains no allegations to which a response is required.

42.

Liberty Mutual denies all liability, damages and other relief sought by Plaintiff in its prayer for relief.

**AND NOW,** further answering the allegations within Plaintiff's FAC, Liberty Mutual asserts the following affirmative defenses:

## II.

## AFFIRMATIVE DEFENSES

I.

The FAC fails to allege facts sufficient to constitute a cause of action or claim upon which relief can be granted.

II.

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

147582_3

III.

This Court lacks subject matter jurisdiction over the claims against Liberty Mutual in this action.

IV.

Plaintiff's claims are barred because Liberty Mutual complied with all applicable statutes and with the requirements and regulations of the appropriate regulatory agencies.

V.

Plaintiff's claims are barred because Liberty Mutual acted in the good faith belief that its actions were lawful.

VI.

Plaintiff's claims are barred by the statutes, rules, regulations, arrangements and agreements relating to the National Flood Insurance Program ("NFIP").

VII.

Plaintiff's claims are barred by the statutes, rules and regulations governing the Federal Emergency Management Agency ("FEMA") and its operations/powers.

VIII.

Plaintiff's claims are barred by the applicable provisions of the contracts, policies and/or agreements at issue in this litigation.

IX.

Plaintiff's claims are barred because the Government was aware of and approved the procedures implemented and followed by Liberty Mutual in processing claims under the NFIP.

147582_3

X.

At all relevant times, Liberty Mutual did not know, nor did it have any reason to know, that any false claims were made, presented or submitted in violation of the False Claims Act ("FCA").

XI.

Plaintiff's claims are barred in whole or part as Liberty Mutual is not liable for the acts of any other defendant in this action, or the acts of third-parties over which it asserted no control.

XII.

Plaintiff's claims are barred by the doctrines of exclusive or primary jurisdiction.

XIII.

Plaintiff's claims are barred by public policy.

XIV.

Plaintiff's claims are barred because Liberty Mutual's actions were privileged, justified or excused.

XV.

This Court lacks jurisdiction because the claims at issue in this lawsuit are subject to mandatory arbitration.

XVI.

Plaintiff's claims may be barred by the doctrines of laches, unclean hands, merger, waiver, consent and/or discharge.

147582_3

XVII.

Plaintiff's claims may be barred by estoppel, collateral estoppel, judicial estoppel, and/or res judicata.

XVIII.

Plaintiff's claims are barred by lack of standing.

XIX.

The Government and Branch have not suffered any actual injury or damages.

XX.

The Government and Branch have failed to mitigate their damages, if any.

XXI.

Plaintiff's claims for punitive damages are barred and not cognizable under federal law or the law of the State of Louisiana.

XXII.

Plaintiff's claims are barred in whole or part because the alleged injuries and damages, if any, were caused by persons and entities for which Liberty Mutual is not responsible.

XXIII.

Plaintiff's recovery, if any, should be barred or reduced by the contributory or comparative negligence or fault of the Plaintiff or other parties.

XXIV.

Some or all of Plaintiff's claims may be barred by the doctrine of *in pari delicto* as applied to the Government.

147582_3

XXV.

Some or all of Plaintiff's claims may be barred by the doctrines of sovereign compulsion and/or approval.

XXVI.

Liberty Mutual asserts the defenses of recoupment and/or set-off.

XXVII.

Some or all of Plaintiff's claims are barred by the Government Knowledge Defense. Further, the Government was aware of and approved the procedures implemented and followed by Liberty Mutual for the purpose of processing claims under the NFIP.

XXVIII.

The FAC fails to comply with Rule 9 of the Federal Rules of Civil Procedure in that Plaintiff has failed to plead the circumstances constituting fraud with sufficient particularity.

XXIX.

Plaintiff's claims should be severed due to misjoinder of both claims and parties as the misjoinder of claims and parties will deny Liberty Mutual constitutional protections, including the right to due process and a fair trial.

XXX.

Liberty Mutual had no motive or opportunity to submit a fraudulent claim as it used independent adjusters flood claims, and did not write homeowners insurance for every flood insured.

XXXI.

Liberty Mutual's flood adjustment procedures complied with the applicable standard of care dictated by 44 C.F.R. §§ 62.21 and 62.23(i).

XXXII.

Some or all of Plaintiff's claims are barred by 31 U.S.C. 3730(e)(4).

XXXIII.

Liberty Mutual hereby adopts by reference any defense that has or will be plead by any other defendant in this action.

XXXIV.

Liberty Mutual reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Liberty Mutual reserves the right to amend or seek to amend its answer or affirmative defenses.

**WHEREFORE**, Liberty Mutual Fire Insurance Company prays that this Court will find its answer sufficient, and enter judgment in its favor and against Plaintiff as follows:

(1) Dismissing Plaintiff's First Amended Complaint in its entirety, with prejudice;

(2) Finding that Plaintiff's claims are clearly frivolous, clearly vexatious, or brought primarily for the purpose of harassment and awarding Liberty Mutual its fees and expenses pursuant to 31 U.S.C. § 3730(d)(4);

(3) Awarding Liberty Mutual its fees and expenses pursuant to 28 U.S.C. § 2412(d)(1)(D);

(4) Awarding Liberty Mutual its costs pursuant to Federal Rule of Civil Procedure 54(d) or 28 U.S.C. § 1919; and

(5) Granting Liberty Mutual such other relief as the Court may deem just and proper.

Respectfully submitted,

BARRASSO, USDIN, KUPPERMAN
    FREEMAN & SARVER, LLC

/s/ John W. Joyce_____
Judy Y. Barrasso (2814)
jbarrasso@barrassousdin.com
John W. Joyce (27525)
jjoyce@barrassousdin.com
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

Attorneys for defendant,
Liberty Mutual Fire Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has this date been served upon all parties to this suit through counsel by filing into the Court's electronic filing system and, for non-participants, by placing same in the United States mail, postage prepaid and properly addressed on this 23rd day of November, 2009.

/s/ John W. Joyce_____

147582_3