UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------------------------x
                                                                 :
UNITED STATES OF AMERICA,                                        :
EX REL. BRANCH CONSULTANTS, L.L.C.,                              :   Case No.: 06-cv-4091 (SSV)
                                                                 :
                                Plaintiff,                       :   Sect.: R
                                                                 :
            v.                                                   :
                                                                 :
ALLSTATE INS. CO., et al.,                                       :
                                                                 :
                                Defendants.                      :
                                                                 :
-----------------------------------------------------------------x
```

## ANSWER OF AMERICAN RELIABLE INSURANCE COMPANY
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES American Reliable Insurance Company ("American Reliable") (erroneously sued herein as "American Reliable Insurance Company of Scottsdale"), and for answer to plaintiff's First Amended Complaint, respectfully avers as follows:

### FIRST DEFENSE

Now answering the specific allegations of the First Amended Complaint, American Reliable respectfully avers as follows:

1.  The allegations of Paragraph 1 state legal or other conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 1 are denied.

2.  The allegations of Paragraph 2 state legal or other conclusions to which no response is required. To the extent a response is required, American Reliable denies each and every allegation contained in Paragraph 2 and denies that plaintiff is entitled to the relief sought.

1

3. The allegations of Paragraph 3 are denied.

4. The allegations of Paragraph 4 are denied.

5. The allegations of Paragraph 5 are denied.

6. The allegations of Paragraph 6 state legal conclusions to which no response is required.

7. The allegations of Paragraph 7 state legal conclusions to which no response is required.

8. The allegations of Paragraph 8 state legal or other conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 8 are denied.

9. The allegations of Paragraph 9 regarding the corporate status of Branch Consultants are denied for want of sufficient information to justify a belief therein; the remaining allegations of Paragraph 9 are denied.

10. The allegations of Paragraph 10 are denied for want of sufficient information to justify a belief therein, except to admit that American Reliable is a "nationwide insurer" with headquarters in Scottsdale, Arizona.

11. The allegations of Paragraph 11 are denied for want of sufficient information to justify a belief therein.

12. The allegations of Paragraph 12 are denied, except to admit that American Reliable has not contested personal jurisdiction in this action.

13. The allegations of Paragraph 13 are denied, except to admit that American Reliable transacts business within the Eastern District of Louisiana.

14. To the extent that the allegations of Paragraph 14 seek to alter, amend or mischaracterize the NFIP, the allegations of Paragraph 14 are denied.

15. To the extent that the allegations of Paragraph 15 seek to alter, amend or mischaracterize the NFIP and the Financial Assistance/Subsidy Arrangement, the allegations of Paragraph 14 are denied. The remaining allegations of Paragraph 15 are denied for want of sufficient information to justify a belief therein.

16. The involved policies of insurance are in writing and are the best evidence of their contents. To the extent that the allegations of Paragraph 16 seek to alter, amend or mischaracterize the scope of coverage conferred by the involved policies, the allegations of Paragraph 16 are denied.

17. The allegations of Paragraph 17 are denied, except to admit that: (a) there was an unprecedented number of flood claims following Hurricane Katrina; (b) FEMA waived the requirement that insureds file a proof of loss for certain Katrina-related flood claims; and (c) FEMA announced an expedited claim handling procedure.

18. The allegations of Paragraph 18 are denied for want of sufficient information to justify a belief therein.

19. The allegations of Paragraph 19 are denied for want of sufficient information to justify a belief therein.

20. The allegations of Paragraph 20 are denied for want of sufficient information to justify a belief therein.

21. The allegations of Paragraph 21 are denied for want of sufficient information to justify a belief therein.

22. The allegations of Paragraph 22 are denied for want of sufficient information to justify a belief therein.

23. The allegations of Paragraph 23 are denied for want of sufficient information to justify a belief therein.

24. The allegations of Paragraph 24 are denied for want of sufficient information to justify a belief therein.

25. The allegations of Paragraph 25 are denied for want of sufficient information to justify a belief therein.

26. The allegations of Paragraph 26 are denied for want of sufficient information to justify a belief therein.

27. The allegations of Paragraph 27 are denied for want of sufficient information to justify a belief therein.

28. The allegations of Paragraph 28 are denied for want of sufficient information to justify a belief therein.

29. The allegations of Paragraph 29 are denied for want of sufficient information to justify a belief therein.

30. The allegations of Paragraph 30 are denied.

31. The allegations of Paragraph 31 are denied for want of sufficient information to justify a belief therein.

32. The allegations of Paragraph 32 are denied for want of sufficient information to justify a belief therein.

33. The allegations of Paragraph 33 are denied for want of sufficient information to justify a belief therein.

34. The allegations of Paragraph 34 are denied as set forth above.

35. The allegations of Paragraph 35 state legal or other conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 35 are denied.

36. The allegations of Paragraph 36 are denied.

37. The allegations of Paragraph 37 are denied.

38. The allegations of Paragraph 38 are denied.

39. The allegations of Paragraph 39 are denied.

40. The allegations of Paragraph 40 are denied.

41. Paragraph 41 contains no allegations as to which a response is required.

42. Any allegations of Paragraph 41 which require a response are denied.

## SECOND DEFENSE

Plaintiff fails to state a claim or cause of action for which relief can be granted, and plaintiff's complaint is not in compliance with Rules 8 and 9 of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction over plaintiff's claims against American Reliable.

## FIFTH DEFENSE

Plaintiff's claims are barred because American Reliable complied with all applicable statutes and with the requirements and regulations of the appropriate regulatory agencies.

## SIXTH DEFENSE

Plaintiff's claims are barred because American Reliable acted in the good faith belief that its actions were lawful.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the statutes, rules, regulations, arrangements and agreements relating to the National Flood Insurance Program.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the statutes, rules and regulations governing the Federal Emergency Management Agency and its operations/powers.

## NINTH DEFENSE

Plaintiff's claims are barred by the applicable provisions of the contracts, policies and/or agreements at issue in this litigation.

## TENTH DEFENSE

Plaintiff's claims are barred because the Government was aware of and approved the procedures implemented and followed by American Reliable in processing claims under the NFIP.

## ELEVENTH DEFENSE

At all relevant times, American Reliable did not know, nor did it have any reason to know, that any false claims were made, presented or submitted in violation of the False Claims Act.

## TWELFTH DEFENSE

Some or all of plaintiff's claims are barred by documents and information that are of public record.

6

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because American Reliable is not liable for the acts of any other defendants in the action.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of exclusive or primary jurisdiction.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by public policy.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because American Reliable's actions were privileged, justified, or excused.

## SEVENTEENTH DEFENSE

The Court lacks jurisdiction because plaintiff's claims are subject to mandatory arbitration.

## EIGHTEENTH DEFENSE

Plaintiff's claims may be barred by the doctrines of laches, unclean hands, merger, waiver, consent and/or discharge.

## NINETEENTH DEFENSE

Plaintiff's claims may be barred by estoppel, collateral estoppel, judicial estoppel, and/or res judicata.

## TWENTIETH DEFENSE

Plaintiff's claims are barred by lack of standing.

**TWENTY-FIRST DEFENSE**

The Government and Branch have not suffered any actual injury or damages.

**TWENTY-SECOND DEFENSE**

The Government and Branch have failed to mitigate their damages, if any.

**TWENTY-THIRD DEFENSE**

The punitive damages sought by Branch are barred and not cognizable under federal law or the law of the State of Louisiana.

**TWENTY-FOURTH DEFENSE**

Some or all of plaintiff's claims are barred because the alleged injuries and damages, if any, were caused by persons and entities for which American Reliable is not responsible.

**TWENTY-FIFTH DEFENSE**

Branch's recovery, if any, should be barred or reduced by its contributory or comparative negligence or fault. American Reliable invokes apportionment of fault as to all parties and non-parties who may be jointly or severally liable for Branch's alleged injuries.

**TWENTY-SIXTH DEFENSE**

Some or all of plaintiff's claims have been misjoined. This action should be severed due to misjoinder of both claims and Parties. The misjoinder of claims is so severe and inappropriate that it rises to a level which will deny American Reliable certain state and federal constitutional protections, including the right to due process and a fair trial.

**TWENTY-SEVENTH DEFENSE**

Some or all of plaintiff's claims may be barred by the doctrine of *in pari delicto* as applied to the Government.

## TWENTY-EIGHTH DEFENSE

Some or all of plaintiff's claims may be barred by the doctrines of sovereign compulsion and/or approval.

## TWENTY-NINTH DEFENSE

American Reliable asserts recoupment and/or set-off.

## THIRTIETH DEFENSE

Some or all of plaintiff's claims are barred by the Government Knowledge Defense. Further, the Government was aware of and approved the procedures implemented and followed by American Reliable for the purposes of processing claims under the NFIP.

## THIRTY-FIRST DEFENSE

American Reliable hereby adopts by reference any defense, not otherwise expressly set forth herein, that is or will be pleaded by any other defendant in this action.

## THIRTY-SECOND DEFENSE

Some of all of plaintiff's claims are barred by 31 U.S.C. 3739(e)(4).

## THIRTY-THIRD DEFENSE

American Reliable flood claim adjustment procedures conformed to applicable law.

## THIRTY-FOURTH DEFENSE

American Reliable reserves the right to supplement and amend this answer.

**WHEREFORE**, American Reliable Insurance Company respectfully prays for judgment in its favor and against plaintiff:

A. Dismissing Plaintiff's First Amended Complaint in its entirety and with prejudice;

B. Finding that Plaintiff's claims are clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment and awarding American Reliable its fees and expenses pursuant to 31 U.S.C. § 3730(d)(4);

C. Awarding American Reliable its fees and expenses pursuant to 28 U.S.C. § 2412(d)(1)(D);

D. Awarding American Reliable its costs pursuant to Federal Rule of Civil Procedure 54(d) or 28 U.S.C. § 1919;  and

E. Granting American Reliable such other and further relief as the Court may deem just and proper.

Respectfully submitted:

s/Gordon P. Serou, Jr.
GORDON P. SEROU, JR. (No. 14432)
JULIA P. MCLELLAN (No. 22113)
Law Offices of Gordon P. Serou, Jr., L.L.C.
gps@seroulaw.com
650 Poydras Street, Suite 1420
New Orleans, Louisiana 70130
Phone No.: 504-299-3421

**Attorneys for American Reliable Insurance Company**

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing has this date been served upon all parties to this suit through counsel by filing into the Court's electronic filing system and, for non-participants, by placing same in the United States mail, postage prepaid and properly addressed, on November 23, 2009.

                                                    s/Gordon P. Serou, Jr.
                                                    GORDON P. SEROU, JR.