UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX REL*. BRANCH CONSULTANTS, L.L.C., | CIVIL ACTION NO.:  06-4091 |
| Plaintiff | SECTION:  "R" (1) |
| VERSUS | |
| ALLSTATE INSURANCE COMPANY, et. al., | JUDGE:  VANCE |
| Defendants | MAGISTRATE:  SHUSHAN |

**ANSWER AND AFFIRMATIVE DEFENSES TO *FIRST AMENDED COMPLAINT* BY AMERICAN NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY**

**NOW INTO COURT**, through undersigned counsel, comes American National Property And Casualty Insurance Company ("ANPAC"), a Write-Your-Own ("WYO") insurance carrier participating in the federal National Flood Insurance Program ("NFIP") as a "fiscal agent of the United States," which in answer to the *First Amended Complaint* filed by plaintiff and *qui tam* relator, Branch Consultants, L.L.C. ("Branch Consultants"), respectfully avers as follows:

**FIRST DEFENSE**

The *First Amended Complaint* filed by plaintiff fails to state a claim upon which relief can be granted, and/or a right of action upon which relief can be granted, under Rules 8, 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, and ANPAC hereby reserves all rights,

defenses and arguments asserted by defendants, including ANPAC, in the motions to dismiss previously filed with this Honorable Court.

## SECOND DEFENSE

ANPAC affirmatively avers that this Honorable Court lacks subject matter jurisdiction over the claims presented in the *First Amended Complaint* and that such claims are barred in whole or in part by 31 U.S.C. § 3730(b) and (e), including, but not limited to, the "first-to-file" jurisdictional bar set forth in 31 U.S.C. § 3730(b)(5) and the "public disclosure bar" set forth in 31 U.S.C. § 3730(e)(4). ANPAC further avers that plaintiff does not have "direct and independent knowledge of the information on which the allegations are based" in order to qualify as an "original source" under the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA").

## THIRD DEFENSE

ANPAC affirmatively avers that plaintiff lacks standing to bring this lawsuit under Article III of the United States Constitution, as it has not been alleged or demonstrated that a "case or controversy" exists against ANPAC. Plaintiff failed to allege, demonstrate or establish in the *First Amended Complaint* that Branch Consultants and/or the United States sustained an actual "injury in fact"; any connection between any alleged injury in fact and the alleged conduct of ANPAC; and a substantial likelihood that the requested relief will remedy any alleged injury in fact. ANPAC further avers that Branch Consultants and the United States have not sustained any actual injury in fact or damages.

## FOURTH DEFENSE

**AND NOW**, further responding to the allegations in the numbered paragraphs of the *First Amended Complaint*, ANPAC avers as follows:

I.

The allegations in Paragraph 1 of the *First Amended Complaint* do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.  ANPAC further avers that Branch Consultants, L.L.C. is not a proper *qui tam* relator under the FCA.

**"I.  NATURE OF THE ACTION"**

II.

The allegations in Paragraph 2 of the *First Amended Complaint* are denied because ANPAC did not violate any provision of the FCA.

III.

The allegations in Paragraph 3 of the *First Amended Complaint* are denied.  ANPAC further answers that the contentions in this paragraph have no evidentiary support whatsoever and are unequivocally wrong.

IV.

The allegations in Paragraph 4 of the *First Amended Complaint* are denied.  ANPAC further answers that the contentions in this paragraph have no evidentiary support whatsoever and are unequivocally wrong.

V.

The allegations in Paragraph 5 of the *First Amended Complaint* are denied.  ANPAC further answers that the contentions in this paragraph have no evidentiary support whatsoever and are unequivocally wrong.

**"II.  THE FALSE CLAIMS ACT"**

VI.

The allegations in Paragraph 6 of the *First Amended Complaint* state conclusions of law that do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 6 are denied as written, as the statutory language used in the FCA shall control any issue presented hereunder.

VII.

The allegations in Paragraph 7 of the *First Amended Complaint* state conclusions of law that do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 7 are denied as written, as the statutory language used in the FCA shall control any issue presented hereunder.

VIII.

The allegations in Paragraph 8 of the *First Amended Complaint* state conclusions of law and fact that do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 8 are denied.

**"III.  PARTIES"**

IX.

The allegations in Paragraph 9 of the *First Amended Complaint* are denied for lack of information to justify a belief therein regarding the identification of Branch Consultants.  The remaining allegations in Paragraph 9 are denied.  ANPAC further answers that no false claims were ever submitted to the federal government, and specifically denies that plaintiff has any "direct, first-hand knowledge" of any purported false claim, record or scheme.  ANPAC further answers by denying that Branch Consultants is an original source of any information regarding

the handling of flood claims under flood insurance policies issued by ANPAC.  ANPAC further answers that the alleged "re-examinations" claimed to have been conducted by Branch Consultants provide no evidence of any alleged fraud, and these purported "re-examinations" were motivated by trying to maximize recovery under homeowner's insurance policies in litigation over those policies, so that Branch Consultants had a motive to overstate the damages that should be attributable to the peril of wind under homeowner's insurance policies.

X.

The allegations in Paragraph 10 of the *First Amended Complaint* are admitted to the extent that the principal place of business for ANPAC is located at American National Corporate Centre, 1949 E. Sunshine, Springfield, MO 65899.   The remainder of the allegations in Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations in Paragraph 11 of the *First Amended Complaint* are denied for lack of sufficient information to justify a belief therein.

**"IV.  JURISDICTION AND VENUE"**

XII.

The allegations in Paragraph 12 of the *First Amended Complaint* state conclusions of law and fact that do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations in Paragraph 13 of the *First Amended Complaint* state conclusions of law and fact that do not require an answer from this defendant.  However, to the extent that an

5

answer may be required, the allegations in Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

## "V.  THE [ALLEGED] FALSE CLAIMS"

### XIV.

The allegations in Paragraph 14 of the *First Amended Complaint* are denied as written. ANPAC further answers that the statutory language and history provided on relevant federal legislation for the FCA shall control any matter regarding the history of the NFIP.

### XV.

The allegations in Paragraph 15 of the *First Amended Complaint* are denied.  ANPAC further avers that it annually executes a Notice of Acceptance regarding the Financial Assistance/Subsidy Arrangement (hereinafter, "the Arrangement").

### XVI.

The allegations in Paragraph 16 of the *First Amended Complaint* state conclusions of law and fact that do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 16 are denied as written, as the terms, provisions, conditions, and/or exclusions in the Standard Flood Insurance Policy (hereinafter, "SFIP") shall control any issue regarding the scope of coverage provided through the NFIP.

### XVII.

The allegations in Paragraph 17 of the *First Amended Complaint* are denied.

### XVIII.

The allegations in Paragraph 18 of the *First Amended Complaint* are denied.

XIX.

The allegations in Paragraph 19 of the *First Amended Complaint*, including subparts (a) through (c), are denied.

XX.

The allegations in Paragraph 20 of the *First Amended Complaint* are denied.

**"A.     Allstate Insurance Company"**

XXI.

The allegations in Paragraph 21 of the *First Amended Complaint*, including subparts (a) through (t), do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 21, including subparts (a) through (t), are denied for lack of sufficient information to justify a belief therein.

**"B.     Pilot Catastrophe Services"**

XXII.

The allegations in Paragraph 22 of the *First Amended Complaint* do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

**"C.     Fidelity National Insurance Company and Fidelity National Property & Casualty Company"**

XXIII.

The allegations in Paragraph 23 of the *First Amended Complaint*, including subparts (a) through (j), do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 23, including subparts (a) through (j), are denied for lack of sufficient information to justify a belief therein.

**"D.    Allied American Adjusting L.L.C."**

XXIV.

The allegations in Paragraph 24 of the *First Amended Complaint* do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

**"E.    State Farm Fire & Casualty Company"**

XXV.

The allegations in Paragraph 25 of the *First Amended Complaint*, including subparts (a) through (j), do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 25, including subparts (a) through (j), are denied for lack of sufficient information to justify a belief therein.

**"F.    Crawford & Company"**

XXVI.

The allegations in Paragraph 26 of the *First Amended Complaint* do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

**"G.    American National Property & Casualty Company"**

XXVII.

The allegations in Paragraph 27 of the *First Amended Complaint*, including subparts (a) through (i), are denied.  ANPAC further answers that the allegations set forth in subparts (a) through (i) are wrong and the factual contentions therein have no evidentiary support.  ANPAC

further avers that the allegations set forth in subparts (a) through (i) were made without "an inquiry reasonable under the circumstances," as required under Rule 11 of the Federal Rules of Civil Procedure. ANPAC further answers the allegations as to each subpart as follows:

a.  The allegations presented for the property located at 4900 Alsace Street, New Orleans, Louisiana 70129 set forth in subpart (a) of Paragraph 27 are wrong and the factual contentions have no evidentiary support. This property did flood and sustained flood damage as defined and covered under the SFIP. The alleged flood policy number presented by plaintiff is wrong; the alleged flood policy Limit is wrong; the amount allegedly paid under the flood policy is wrong; the allegation that "policy limits" were paid is wrong; and the claim that there was no flood damage is wrong. Proper payments were made for flood damage to this property under the flood policy issued by ANPAC. ANPAC affirmatively avers that plaintiff does not have "direct and independent knowledge of the information on which the allegations are based" in order to qualify as an "original source" under the FCA.

b.  The allegations presented for the property located at 4910 Alsace Street, New Orleans, Louisiana 70129 set forth in subpart (b) of Paragraph 27 are wrong and the factual contentions have no evidentiary support. This property did flood and sustained flood damage as defined and covered under the SFIP. The alleged flood policy number presented by plaintiff is wrong; the alleged flood policy Limit is wrong; the amount allegedly paid under the flood policy is wrong; the allegation that "policy limits" were paid is wrong; and the claim that there was no flood damage is wrong. Proper payments were made for flood damage to this property under the flood policy issued by ANPAC. ANPAC affirmatively avers that plaintiff does not have "direct and independent knowledge of the information on which the allegations are based" in order to qualify as an "original source" under the FCA.

c.  The allegations presented for the property located at 4920 Alsace Street, New Orleans, Louisiana 70129 set forth in subpart (c) of Paragraph 27 are wrong and the factual contentions have no evidentiary support. This property did flood and sustained flood damage as defined and covered under the SFIP. The alleged flood policy number presented by plaintiff is wrong; the alleged flood policy Limit is wrong; the amount allegedly paid under the flood policy is wrong; the allegation that "policy limits" were paid is wrong; and the claim that there was no flood damage is wrong. Proper payments were made for flood damage to this property under the flood policy issued by ANPAC. ANPAC affirmatively avers that plaintiff does not have "direct and independent knowledge of the information on which the allegations are based" in order to qualify as an "original source" under the FCA.

d.   The allegations presented for the property located at 4870 Alsace Street, New Orleans, Louisiana 70129 set forth in subpart (d) of Paragraph 27 are wrong and the factual contentions have no evidentiary support. This property did flood and sustained flood damage as defined and covered under the SFIP. The alleged flood policy number presented by plaintiff is wrong; the alleged flood policy Limit is wrong; the amount allegedly paid under the flood policy is wrong; the allegation that "policy limits" were paid is wrong; and the claim that there was no flood damage is wrong. Proper payments were made for flood damage to this property under the flood policy issued by ANPAC. ANPAC affirmatively avers that plaintiff does not have "direct and independent knowledge of the information on which the allegations are based" in order to qualify as an "original source" under the FCA.

e.   The allegations presented for the property located at 109 Lighthouse Point, Slidell, Louisiana 70458 set forth in subpart (e) of Paragraph 27 are wrong and the factual contentions have no evidentiary support. ANPAC did not even issue a flood insurance policy for this property. *No flood payments whatsoever were made by ANPAC for this property*. ANPAC affirmatively avers that plaintiff does not have "direct and independent knowledge of the information on which the allegations are based" in order to qualify as an "original source" under the FCA.

f.   The allegations presented for the property located at 7641 Endeavors Court, New Orleans, Louisiana 70129 set forth in subpart (f) of Paragraph 27 are wrong and the factual contentions have no evidentiary support. This property did flood and sustained flood damage as defined and covered under the SFIP. The flood policy number is missing; the amount allegedly paid under the flood policy is wrong; the alleged amount of flood water that entered the building is wrong (as the flood water exceeded the amount generically alleged); and the allegations and purported opinions regarding whether wind or flood caused the alleged damages is unreasonable and wrong. Proper payments were made for flood damage to this property under the flood policy issued by ANPAC. ANPAC affirmatively avers that plaintiff does not have "direct and independent knowledge of the information on which the allegations are based" in order to qualify as an "original source" under the FCA.

g.   The allegations presented for the property located at 13701 N. Cavelier Drive, New Orleans, Louisiana 70129 as set forth in subpart (g) of Paragraph 27 are wrong and the factual contentions have no evidentiary support. This property did flood and sustained flood damage as defined and covered under the SFIP. The flood policy number is missing; the alleged amount of flood water that entered the building is wrong (as the flood water exceeded the amount generically alleged); and the allegations and purported opinions regarding whether wind or flood caused the alleged damages is unreasonable and wrong. Proper payments were made for flood damage to this property under the flood policy issued by ANPAC. ANPAC affirmatively avers that plaintiff does not have "direct and independent

knowledge of the information on which the allegations are based" in order to qualify as an "original source" under the FCA.

h.    The allegations presented for the property located at 13661 N. Cavelier Drive, New Orleans, Louisiana 70129 set forth in subpart (h) of Paragraph 27 are wrong and the factual contentions have no evidentiary support.  It is alleged that "American National General Insurance Co." ("ANGIC") was the flood insurer for this property, even though ANGIC is not a participant in the WYO Program and issued no flood insurance policies.  The alleged amount of flood water that entered the building is wrong (as the flood water exceeded the amount generically alleged); and the allegations and purported opinions regarding whether wind or flood caused the alleged damages is unreasonable and wrong.  Plaintiff also unreasonably alleges and opines that "approximately 4 feet [of flood water] inside the house" would only cause "incidental" damage.  Proper payments were made for flood damage to this property under the flood policy issued by ANPAC.  ANPAC affirmatively avers that plaintiff does not have "direct and independent knowledge of the information on which the allegations are based" in order to qualify as an "original source" under the FCA

i.    The allegations presented for the property located at 7562 Horizon Drive, New Orleans, Louisiana 70129 set forth in subpart (i) of Paragraph 27 are wrong and the factual contentions have no evidentiary support.  It is alleged that "American National General Insurance Co." ("ANGIC") was the flood insurer for this property, even though ANGIC is not a participant in the WYO Program and issued no flood insurance policies.  Moreover, ANPAC did not even issue a flood insurance policy for this property.  ***No flood payments whatsoever were made by ANPAC for this property***.  ANPAC affirmatively avers that plaintiff does not have "direct and independent knowledge of the information on which the allegations are based" in order to qualify as an "original source" under the FCA.

**"H.    Simsol Insurance Services, Inc."**

XXVIII.

The allegations in Paragraph 28 of the *First Amended Complaint* are denied.  ANPAC further realleges, reasserts and reavers the response and defenses presented in Paragraph XXVII(d) of this *Answer and Affirmative Defenses* as set forth hereinabove.  ANPAC affirmatively avers that plaintiff does not have "direct and independent knowledge of the information on which the allegations are based" in order to qualify as an "original source" under the FCA

11

**"I.     Liberty Mutual Fire Insurance Company"**

XXIX.

The allegations in Paragraph 29 of the *First Amended Complaint*, including subparts (a) through (b), do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 29, including subparts (a) through (b), are denied for lack of sufficient information to justify a belief therein.

**"J.     American Reliable Insurance Company of Scottsdale"**

XXX.

The allegations in Paragraph 30 of the *First Amended Complaint*, including subparts (a) through (c), do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 30, including subparts (a) through (c), are denied for lack of sufficient information to justify a belief therein.

**"K.     St. Paul Travelers Cos."**

XXXI.

The allegations in Paragraph 31 of the *First Amended Complaint*, including subparts (a) through (c), do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 31, including subparts (a) through (c), are denied for lack of sufficient information to justify a belief therein.

**"L.     NCA Group, Inc."**

XXXII.

The allegations in Paragraph 32 of the *First Amended Complaint* do not require an answer from this defendant.  However, to the extent that an answer may be required, the

allegations in Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

**"M.    Colonial Claims Corporation"**

XXXIII.

The allegations in Paragraph 33 of the *First Amended Complaint* do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 33 are denied for lack of sufficient information to justify a belief therein.  ANPAC further responds to the allegation that Colonial Claims Corporation purportedly adjusted a claim on behalf of ANPAC for the property located at 109 Lighthouse Point, Slidell, Louisiana 70458, which allegation is denied in its entirety.  ANPAC did not issue a flood policy during any relevant period for the property located at 109 Lighthouse Point, Slidell, Louisiana 70458, and the purported factual allegation that ANPAC issued a flood policy is wrong and such factual contention has no evidentiary support.  ANPAC avers that plaintiff, therefore, clearly does not have "direct and independent knowledge of the information on which the allegations are based" in order to qualify as an "original source" under the FCA.

**"VI.  [ALLEGED] FRAUD IN CONNECTION WITH THE WYO NATIONAL FLOOD INSURANCE PROGRAM**
**(Count I)"**

XXXIV.

Paragraph 34 of the *First Amended Complaint* does not require an answer from this defendant as plaintiff merely "realleges and incorporates by reference the allegations made in the preceding paragraphs of this *First Amended Complaint*," to which ANPAC has already responded.  However, to the extent that an answer may be required, the allegations in Paragraph

34 are denied and ANPAC realleges, reasserts and reavers all answers and defenses set forth in the preceding paragraphs as set forth hereinabove.

XXXV.

The allegations in Paragraph 35 of the *First Amended Complaint* state conclusions of law that do not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 35 are denied.

XXXVI.

The allegations in Paragraph 36 of the *First Amended Complaint* are denied.

XXXVII.

The allegations in Paragraph 37 of the *First Amended Complaint* are denied.

XXXVIII.

The allegations in Paragraph 38 of the *First Amended Complaint* are denied.

XXXIX.

The allegations in Paragraph 39 of the *First Amended Complaint* are denied.

XL.

The allegations in Paragraph 40 of the *First Amended Complaint* are denied.

**"VII.  JURY DEMAND"**

XLI.

The demand for trial by jury in Paragraph 41 of the *First Amended Complaint* does not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 41 are denied.

## "VIII.  PRAYER"

### XLII.

The prayer for relief or judgment in Paragraph 42 of the *First Amended Complaint*, including subparts (a) through (e), does not require an answer from this defendant.  However, to the extent that an answer may be required, the allegations in Paragraph 42, including subparts (a) through (e), are denied.  ANPAC further avers that plaintiff is not entitled to any damages, relief or recovery as requested in this paragraph and subparts, and that judgment should be entered against plaintiff and in favor of ANPAC dismissing all claims with prejudice.

### XLIII.

ANPAC denies any and allegations contained in any unnumbered or misnumbered paragraphs or prayers, as well as any other allegation which otherwise has not been admitted, denied or qualified.

### FIFTH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that if any alleged fraud occurred that would support a claim under the FCA, which is unequivocally denied, then any such alleged fraud was caused solely by the actions or inactions of third parties or non-parties, and not defendant herein, for which no liability may be imposed upon or imputed to ANPAC under the FCA.

### SIXTH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that the allegations set forth in the *First Amended Complaint* against ANPAC were made without "an inquiry reasonable under the circumstances," as required under Rule 11 of the Federal Rules of Civil Procedure.

## SEVENTH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that the claims asserted against ANPAC in the *First Amended Complaint* should be dismissed or barred because ANPAC did not knowingly or otherwise present, or cause to be presented, to the federal government a false or fraudulent claim, and ANPAC did not knowingly or otherwise make, use, or cause to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the federal government, as ANPAC relied upon and contracted with an independent contractor—as authorized by and in compliance with the regulations, standards, policies, practices, instructions, administrative decisions or rules, waivers, interpretations, and/or judgments of the Federal Insurance Administration ("FIA"), Federal Emergency Management Agency ("FEMA"), Department of Homeland Security ("DHS"), and/or any other applicable executive and regulatory agencies of the United States government—to administer the flood policies issued through the WYO Program and to administer, handle and oversee the adjustment, presentment and payment of all claims made under those flood policies. ANPAC further avers that National Flood Services, Inc. ("NFS") is an authorized and approved vendor of the federal government and an independent contractor. NFS is the third party administrator for all ANPAC flood policies issued through the WYO Program and, *inter alia*, administers, handles and/or oversees the adjustment, presentment and payment of all claims made under those flood policies. NFS engages and assigns independent flood adjusters for the investigation, inspection and adjustment of claims made under flood policies issued by ANPAC—these independent flood adjusters worked separately from those adjusters who investigated, inspected and adjusted claims under any applicable homeowners' insurance policy covering the same property. All presentments or

claims made to the federal government for payment under flood policies issued by ANPAC through the WYO Program were made independently and directly by NFS to the federal government based upon the investigations, inspections and adjustments made and documents prepared by the independent flood adjusters. The manner in which NFS administered the flood policies issued by ANPAC through the WYO Program, and in which NFS administered, handled and oversaw the adjustment, presentment and payment of all claims made under those policies, was known to and expressly and/or implicitly authorized by the federal government. ANPAC further avers that the claims asserted against ANPAC in the *First Amended Complaint* show a complete lack of first-hand knowledge regarding the handling of flood claims made under policies issued by ANPAC through the WYO Program and, therefore, plaintiff clearly does not have "direct and independent knowledge of the information on which the allegations are based" in order to qualify as an "original source" under the FCA. ANPAC unequivocally denies that Branch Consultants is entitled to any recovery under the FCA for any acts or omissions of ANPAC, NFS, and/or any independent flood adjuster, including, but not limited to, Simsol Insurance Services, Inc.

## EIGHTH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that the claims and defendants in the *First Amended Complaint* have been improperly joined, misjoined, and/or fraudulently misjoined. Plaintiff failed to allege or demonstrate that ANPAC is liable for the actions or conduct of any of the other insurance or adjusting companies named as defendants, and there are no allegations and no evidence of any joint liability or conspiracy among ANPAC and any other party that would support a cognizable claim under the FCA.

### NINTH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that the *First Amended Complaint* fails to name all necessary, indispensible or required parties for there to be complete adjudication of all claims.

### TENTH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that the claims presented in the *First Amended Complaint* are barred by estoppel, collateral estoppel, and/or res judicata.

### ELEVENTH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that if Branch Consultants and/or the United States is entitled to any recovery under the FCA, which is unequivocally denied, then any such recovery should be barred or reduced by principles of contributory negligence and/or comparative fault, and any alleged fault should be apportioned among all parties or non-parties who may be jointly or severally liable for any alleged injuries or damages.

### TWELFTH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that Branch Consultants and/or the United States sustained no actual injury or damages.

### THIRTEENTH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that if Branch Consultants and/or the United

States sustained any actual injury or damages, which is unequivocally denied, then Branch Consultants and/or the United States failed to mitigate their damages.

## FOURTEENTH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that the claims presented in the *First Amended Complaint* are barred by the doctrine of laches, limitations, repose, unclean hands, merger, waiver, sovereign compulsion, consent, and/or discharge.

## FIFTEENTH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that the claims presented in the *First Amended Complaint* are barred by the statutes, rules, regulations, arrangements, and agreements related to the NFIP, and that ANPAC acted in the good faith belief that its actions were in compliance with applicable law and without knowledge of any alleged false or fraudulent claims, the existence of which is unequivocally denied.

## SIXTEENTH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that the adjustment and payment of flood claims under flood policies issued by ANPAC in its capacity as a WYO insurance carrier participating in the federal National Flood Insurance Program ("NFIP") and "fiscal agent of the United States" are governed by and in compliance with the standards, policies, practices, instructions, administrative decisions or rules, waivers, interpretations, and judgments of the FIA, FEMA, DHS, and/or any other applicable executive and regulatory agencies of the United States government; ANPAC further avers that the adjustment and payment of flood claims under flood

policies issued by ANPAC through the WYO Program should not be tested, compared or judged based upon purported counter-adjustments prepared by "public adjusters" such as Branch Consultants that have a clear and inherent conflict of interest and do not have "direct and independent knowledge of the information on which the allegations are based" or of the actual flood adjustments and/or claims allegedly presented and paid under flood policies issued by ANPAC.

## SEVENTEENTH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that the relationship between ANPAC and the FIA, FEMA, DHS, and/or the government of the United States is controlled by the applicable contracts, regulations, and administrative decisions or rules, including, but not limited to, 44 C.F.R. § 62.23 and/or the Financial Assistance/Subsidy Arrangement (44 C.F.R. Part 62, Appendix A) and/or the SFIP.  ANPAC further avers that the Inspector General appointed to investigate potential fraud involving the WYO Program following Hurricanes Katrina and Rita found no evidence that false or fraudulent claims were presented to the federal government by any insurance carrier participating in the WYO Program.

## EIGHTEENTH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that the alleged flood damage determinations by Branch Consultants set forth in Paragraph 27 of the *First Amended Complaint*, including subparts (a) through (i), are unreasonable and contrary to the terms, conditions and provisions of the SFIP and would have increased the costs and obligations of the federal government for these flood claims based upon increased costs associated with additional claims handling and litigation

resulting from such unreasonably low flood determinations, which should bar, reduce and/or offset the amount of any recovery that may be allowed in this litigation. ANPAC further avers that any award that may be rendered in this litigation should also be barred or reduced based upon recoupment and/or set-off.

## NINETEENTH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that if Branch Consultants is entitled to any recovery under the FCA, which is unequivocally denied, then any such recovery should be limited to only those individual flood claims for which Branch Consultants establishes that it was an "original source" under 31 U.S.C. § 3730(e)(4), and that recovery should not be allowed for any other claims under flood policies issued by ANPAC through the WYO Program for which Branch Consultants could not independently qualify as an "original source." ANPAC further avers that plaintiff does not have "direct and independent knowledge of the information on which the allegations are based" and/or for any other claim under flood policies issued by ANPAC through the WYO Program in order to qualify as an "original source" under the FCA.

## TWENTIETH DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively asserts government knowledge and avers that the FIA, FEMA, DHS, and/or any other applicable executive or regulatory agency of the United States government had knowledge and approved of the policies, procedures, and handling of the Hurricane Katrina and Rita flood claims under flood policies issued by ANPAC through the WYO Program and that ANPAC did not knowingly "submit a false claim" to the government.

21

## TWENTY-FIRST DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that the claims presented in the *First Amended Complaint* should be dismissed or barred by the Federal Arbitration Act and the applicable arbitration provisions, including, but not limited to, the arbitration provision in Article VIII— Arbitration in the Financial Assistance/Subsidy Arrangement (44 C.F.R. Part 62, Appendix A).

## TWENTY-SECOND DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that no act or omission by ANPAC was malicious, willful, wanton, reckless, or grossly negligent to support any award for punitive damages and, therefore, any award of punitive damages should be barred, and claim or demand for recovery under the FCA that is "essentially punitive" in nature should also be barred or dismissed.

## TWENTY-THIRD DEFENSE

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that the claims presented in the *First Amended Complaint* and certain provisions of the FCA—including, but not limited to, certain changes and amendments made to the FCA by the False Claims Amendments Act of 1986, Pub. L. No.99-562, 100 Stat. 3153 (1986)—are barred, precluded and/or in contravention of the United States Constitution, including, but not limited to the following provisions: (1) the Origination Clause in Article I, Section 7, Clause 1; the Appropriations Clause in Article I, Section 9, Clause 7; the Vesting Clause in Article II, Section 1, Clause 1; the Appointments Clause in Article II, Section 2, Clause 2; the "take Care" Clause in Article II, Section 3, Clause 4; the "case or controversy"

requirement in Article III; the Grand Jury Clause in the Fifth Amendment; the Double Jeopardy Clause in the Fifth Amendment; the Due Process Clause in the Fifth Amendment; and the Excessive Fines Clause in the Eight Amendment.

**TWENTY-FOURTH DEFENSE**

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively avers that the claims of Branch Consultants are "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment" and, therefore, ANPAC is entitled to recover "its reasonable attorneys' fees and expenses" under 31 U.S.C. § 3730(d)(4) and/or 28 U.S.C. § 1927.

**TWENTY-FIFTH DEFENSE**

**AND NOW FURTHER ANSWERING**, and in the alternative, and as a separate and complete defense, ANPAC affirmatively adopts and incorporates herein by reference any defense not otherwise expressly set forth herein, that has been or will be asserted or pleaded by any other defendant to this action.  ANPAC has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and/or rely upon other applicable defenses that may become available or apparent throughout these proceedings and during discovery.

**WHEREFORE,** defendant, American National Property And Casualty Company, a WYO insurance carrier participating in the NFIP as a "fiscal agent of the United States," prays for the following relief:

1.   That this Answer be deemed good and sufficient, and that after due proceedings had, there be judgment in favor of ANPAC dismissing with prejudice all claims and causes of action asserted against ANPAC in the *First Amended Complaint*, with all costs of these proceedings assessed solely to plaintiff;

2.    For trial by jury;

3.    Award of reasonable attorneys' fees, costs and expenses under 31 U.S.C. § 3730(d)(4) and/or 28 U.S.C. § 1927;

4.    Award of costs and fees, including attorneys' fees, under 28 U.S.C. § 2412;

5.    Payment of "just costs" under 28 U.S.C. § 1919 and/or Rule 54(d) of the Federal Rules of Civil Procedure; and

6.    For all such other general and equitable relief as this Honorable Court may deem just under the circumstances and be competent to grant.

Respectfully submitted,

**LARZELERE PICOU WELLS SIMPSON LONERO, LLC**
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA   70002
Telephone:     (504) 834-6500
Fax:  (504) 834-6565

BY:    */s/ Christopher R. Pennison*
**JAY M. LONERO, T.A. (No. 20642)**
   jlonero@lwpsl.com
**CHRISTOPHER R. PENNISON (No. 22584)**
   cpennison@lwpsl.com
**ANGIE ARCENEAUX AKERS (No. 26786)**
   aakers@lwpsl.com

**ATTORNEYS FOR AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23<u>rd</u> day of November, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

*  /s/ Christopher R. Pennison                          *