UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

-----------------------------------------------------------------x
:
UNITED STATES OF AMERICA, :
*EX REL.* BRANCH CONSULTANTS, L.L.C., : Case No.: 06-cv-4091 (SSV)
:
Plaintiff, : Sect.: R
:
v. : **JURY TRIAL DEMANDED**
:
ALLSTATE INS. CO., et al., : Judge Vance
:
Defendants. : Mag. Judge Shushan
:
-----------------------------------------------------------------x

# THE STANDARD FIRE INSURANCE COMPANY'S ANSWER
# TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant The Standard Fire Insurance Company ("Standard Fire") (erroneously sued herein as St. Paul Travelers Cos.), by and through its undersigned counsel, responds to Plaintiff's First Amended Complaint as follows:

1. The allegations in Paragraph 1 of Plaintiff's First Amended Complaint ("FAC") state legal or other conclusions to which no response is required. To the extent a response is required, Standard Fire denies each and every allegation contained in Paragraph 1.

2. The allegations in Paragraph 2 of the FAC state legal or other conclusions to which no response is required. To the extent a response is required, Standard Fire denies each

and every allegation contained in Paragraph 2 and denies that Plaintiff is entitled to the relief sought.

3. Standard Fire denies each and every allegation contained in Paragraph 3 of the FAC.

4. Standard Fire denies each and every allegation contained in Paragraph 4 of the FAC, except admits that proceeds received from the Government in connection with National Flood Insurance Program ("NFIP") claims are used to reimburse Standard Fire for payments made to insureds and for Standard Fire's services.

5. Standard Fire denies each and every allegation contained in Paragraph 5 of the FAC.

6. The allegations in Paragraph 6 of the FAC state conclusions of law to which no response is required. Standard Fire refers to the text of the False Claims Act ("FCA") for a true and correct statement of its provisions.

7. The allegations in Paragraph 7 of the FAC state conclusions of law to which no response is required. Standard Fire refers to the text of the FCA for a true and correct statement of its provisions. Standard Fire denies that the FCA allows *any* person having information regarding a false or fraudulent claim against the Government to bring a *qui tam* action and share in any recovery.

8. The allegations in Paragraph 8 of the FAC state legal or other conclusions to which no response is required. To the extent a response is required, Standard Fire denies each and every allegation contained in Paragraph 8 and denies that Plaintiff is entitled to the relief sought.

9. Standard Fire denies each and every allegation contained in Paragraph 9 of the FAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's state of incorporation and place of business.

10. Standard Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the FAC, except denies that St. Paul Travelers Cos. is a nationwide insurer headquartered at 385 Washington Street, St. Paul, MN 55102.

11. Standard Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the FAC.

12. The allegations in Paragraph 12 of the FAC state conclusions of law to which no response is required. To the extent a response is required, Standard Fire denies each and every allegation contained in Paragraph 12, except admits that: (a) 31 U.S.C. § 3732(a) confers jurisdiction over FCA actions on the federal district court in certain circumstances; and (b) Standard Fire has not contested personal jurisdiction in this action.

13. Standard Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the FAC, except denies that Standard Fire has violated the FCA.

14. Standard Fire denies each and every allegation contained in Paragraph 14 of the FAC, except admits that: (a) the NFIP makes flood insurance available to certain homeowners, renters and business owners; and (b) in 1983, the Federal Emergency Management Agency ("FEMA") created the Write-Your-Own ("WYO") Program through which participating insurance companies service NFIP's standard flood insurance policy.

15. Standard Fire denies each and every allegation contained in Paragraph 15 of the FAC, except admits that: (a) WYO insurers have been parties to a Financial Assistance/Subsidy

Arrangement (the "Arrangement") with the federal government, and Standard Fire refers to the Arrangement for the terms thereof; (b) Plaintiff purports to be suing WYO insurers and their adjusters; and (c) in 2005, there were a limited number of WYO insurers operating in the Gulf Coast area.

16. Standard Fire denies each and every allegation contained in Paragraph 16 of the FAC and refers to the NFIP policies for the terms thereof.

17. Standard Fire denies each and every allegation contained in Paragraph 17 of the FAC, except admits that: (a) there was an unprecedented number of flood claims following Hurricane Katrina; (b) FEMA waived the requirement that insureds file a proof of loss for their Katrina-related flood claims in certain circumstances; and (c) FEMA announced an expedited claim handling procedure for Katrina-related flood claims.

18. Standard Fire denies each and every allegation contained in Paragraph 18 of the FAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 concerning average and total flood claim payments.

19. Standard Fire denies each and every allegation contained in Paragraph 19 of the FAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 concerning Branch's business, principals and consultants.

20. Standard Fire denies each and every allegation contained in Paragraph 20 of the FAC.

21. Paragraph 21 of the FAC contains allegations against parties other than Standard Fire to which no response is required from Standard Fire.

22. Paragraph 22 of the FAC contains allegations against parties other than Standard Fire to which no response is required from Standard Fire.

23. Paragraph 23 of the FAC contains allegations against parties other than Standard Fire to which no response is required from Standard Fire.

24. Paragraph 24 of the FAC contains allegations against parties other than Standard Fire to which no response is required from Standard Fire.

25. Paragraph 25 of the FAC contains allegations against parties other than Standard Fire to which no response is required from Standard Fire.

26. Paragraph 26 of the FAC contains allegations against parties other than Standard Fire to which no response is required from Standard Fire.

27. Paragraph 27 of the FAC contains allegations against parties other than Standard Fire to which no response is required from Standard Fire.

28. Paragraph 28 of the FAC contains allegations against parties other than Standard Fire to which no response is required from Standard Fire.

29. Paragraph 29 of the FAC contains allegations against parties other than Standard Fire to which no response is required from Standard Fire.

30. Paragraph 30 of the FAC contains allegations against parties other than Standard Fire to which no response is required from Standard Fire.

31. Standard Fire denies each and every allegation contained in Paragraph 31 of the FAC, except admits that: (i) there was damage covered by the NFIP policy at the properties identified in Paragraphs 31(a) and (b); and (ii) payments were made pursuant to the NFIP policy with respect to the properties identified in Paragraphs 31(a) and (b). Standard Fire denies knowledge or information sufficient to form a belief as to the flood damage or insurance paid at the property identified in Paragraph 31(c).

PD.3883417.1

32. Standard Fire denies each and every allegation contained in Paragraph 32 of the FAC except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the volume of work performed by NCA and the number of claims in the FAC handled by NCA.

33. Paragraph 33 of the FAC contains allegations against parties other than Standard Fire to which no response is required from Standard Fire.

34. With respect to paragraph 34 of the FAC, Standard Fire repeats and re-alleges its responses to Paragraphs 1 through 33 of the FAC as if fully set forth herein.

35. The allegations in Paragraph 35 of the FAC state legal or other conclusions to which no response is required. To the extent a response is required, Standard Fire denies each and every allegation contained in Paragraph 35.

36. Standard Fire denies each and every allegation against Standard Fire contained in Paragraph 36 of the FAC.

37. Standard Fire denies each and every allegation against Standard Fire contained in Paragraph 37 of the FAC.

38. Standard Fire denies each and every allegation against Standard Fire contained in Paragraph 38 of the FAC.

39. Standard Fire denies each and every allegation against Standard Fire contained in Paragraph 39 of the FAC.

40. Standard Fire denies each and every allegation against Standard Fire contained in Paragraph 40 of the FAC.

41. Paragraph 41 contains no allegations to which a response is required.

42. Standard Fire denies all liability, damages and other relief sought by Plaintiff in its FAC.

## AFFIRMATIVE DEFENSES

Standard Fire sets forth below its affirmative defenses. Each defense is asserted as to all claims against Standard Fire. By setting forth these affirmative defenses, Standard Fire does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiff. Nothing stated herein is intended nor shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiff's allegations.

As separate and distinct affirmative defenses, Standard Fire alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendant "St. Paul Travelers Cos." is an improper Party-Defendant and is not the entity that participated in the Write-Your-Own National Flood Insurance Program in the Gulf Coast. "St. Paul Travelers Cos." is a stranger to this action and has been misjoined and/or improperly joined.

### SECOND AFFIRMATIVE DEFENSE

The FAC fails to allege facts sufficient to constitute a cause of action or a claim upon which relief can be granted against Standard Fire and is not in compliance with Rules 8 and 9 of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the claims may be barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the claims against Standard Fire in this action.

## FIFTH AFFIRMATIVE DEFENSE

The claims are barred because Standard Fire complied with all applicable statutes and with the requirements and regulations of the appropriate regulatory agencies.

## SIXTH AFFIRMATIVE DEFENSE

The claims are barred because Standard Fire acted in the good faith belief that its actions were lawful.

## SEVENTH AFFIRMATIVE DEFENSE

The claims are barred by the statutes, rules, regulations, arrangements and agreements relating to the National Flood Insurance Program.

## EIGHTH AFFIRMATIVE DEFENSE

The claims are barred by the statutes, rules and regulations governing the Federal Emergency Management Agency and its operations/powers.

## NINTH AFFIRMATIVE DEFENSE

The claims are barred by the applicable provisions of the contracts, policies and/or agreements at issue in this litigation.

## TENTH AFFIRMATIVE DEFENSE

The claims are barred because the Government was aware of and approved the procedures implemented and followed by Standard Fire in processing claims under the NFIP.

**ELEVENTH AFFIRMATIVE DEFENSE**

At all relevant times, Standard Fire did not know, nor did it have any reason to know, that any false claims were made, presented or submitted in violation of the False Claims Act.

**TWELFTH AFFIRMATIVE DEFENSE**

Some or all of the claims are barred by documents and information that are of public record.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims are barred because Standard Fire is not liable for the acts of any other defendant in the action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The claims are barred by the doctrines of exclusive or primary jurisdiction.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The claims are barred by public policy.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The claims are barred because Standard Fire's actions were privileged, justified, or excused.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction because the claims in this lawsuit are subject to mandatory arbitration.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The claims may be barred by the doctrines of laches, unclean hands, merger, waiver, consent and/or discharge.

### NINETEENTH AFFIRMATIVE DEFENSE

The claims may be barred by estoppel, collateral estoppel, judicial estoppel, and/or res judicata.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims are barred by lack of standing.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Government and Branch have not suffered any actual injury or damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The punitive damages sought by Branch are barred and not cognizable under federal law or the law of the State of Louisiana.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Some or all of the claims are barred because the alleged injuries and damages, if any, were caused by persons and entities for which Standard Fire is not responsible.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Standard Fire invokes apportionment of fault as to all parties and non-parties who may be jointly or severally liable for Branch's alleged injuries.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims have been misjoined. This action should be severed due to misjoinder of both claims and Parties. The misjoinder of the claims is so severe and inappropriate that it rises to a level that will deny Standard Fire certain state and federal constitutional protections, including the right to due process and a fair trial.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Standard Fire hereby adopts by reference any defense, not otherwise expressly set forth herein, that is or will be pleaded by any other defendant in this action.

### RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Standard Fire has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter.  Standard Fire reserves the right to amend or seek to amend its answer and/or affirmative defenses.

### JURY DEMAND

Standard Fire demands a trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Standard Fire respectfully demands the entry of judgment in its favor and against the Plaintiff as follows:

A. Dismissing Plaintiff's First Amended Complaint in its entirety and with prejudice;

B. Finding that Plaintiff's claims are clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment and awarding Standard Fire its fees and expenses pursuant to 31 U.S.C. § 3730(d)(4);

C. Awarding Standard Fire its fees and expenses pursuant to 28 U.S.C. § 2412(d)(1)(D);

D.  Awarding Standard Fire its costs pursuant to Federal Rule of Civil Procedure 54(d) or 28 U.S.C. § 1919; and

E.  Granting Standard Fire such other and further relief as the Court may deem just and proper.

Dated: November 23, 2009

    Respectfully submitted,

    PHELPS DUNBAR LLP

    /s/ Harry Rosenberg
    Harry Rosenberg (11465)
    rosenbeh@phelps.com
    365 Canal Street, Suite 2000
    New Orleans, Louisiana 70130
    Telephone: (504) 566-1311

    SIMPSON THACHER AND BARTLETT LLP
    Bryce L. Friedman (*pro hac vice*)
    bfriedman@stblaw.com
    425 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 455-2000

    Deborah L. Stein (*pro hac vice*)
    dstein@stblaw.com
    1999 Avenue of the Stars, 29th Floor
    Los Angeles, California 90067
    Telephone: (310) 407-7500

    **Attorneys for The Standard Fire Insurance Company** (*named as St. Paul Travelers Co.*)

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has this date been served upon all parties to this suit through counsel by filing into the Court's electronic filing system and, for non-participants, by placing same in the United States mail, postage prepaid and properly addressed on this 23rd day of November, 2009.

/s/ Harry Rosenberg