UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX REL.* BRANCH CONSULTANTS, L.L.C., **Plaintiff** | CIVIL ACTION NO.: 06-4091 |
| | SECTION: "R" (1) |
| VERSUS | |
| | JUDGE: VANCE |
| ALLSTATE INSURANCE COMPANY, *et al.*, **Defendants** | |
| | MAGISTRATE: SHUSHAN |

## ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW the Defendant, COLONIAL CLAIMS CORPORATION (hereinafter referred to collectively as "Colonial"), to file this Answer to Plaintiff and purported *qui tam* relator Branch Consultants, LLC's (hereafter referred to as "Plaintiff" or "Branch") First Amended Complaint, to assert as follows:

I. The allegations contained in paragraph 1 of the Plaintiff's First Amended Complaint do not require a response of Colonial. However, if such a response is required the allegations are denied.

### I. NATURE OF THE ACTION

II. The allegations contained in paragraph 2 of the Plaintiff's First Amended Complaint are admitted in that Branch has attempted to bring an action under the False Claims Act. Colonial denies that it has any liability for the matters plead, denies that this Court has subject matter jurisdiction, denies that Branch has stated a proper claim, and denies any other remaining allegations.

1

III.  The allegations contained in paragraph 3 of the Plaintiff's First Amended Complaint are denied. Answering further, Colonial asks the Court at the outset to call into focus both the central fact, and the central theory, underlying this lawsuit. Factually, Branch admits that every property put at issue in this case that was adjusted by Colonial did in fact sustain significant damage due to flooding. As to each such property, Branch admits that federal dollars were in fact owed. Theorizing upon its own conjectures which were developed <u>after</u> the facts put at issue had already occurred, Branch claims that within the City of New Orleans itself - - not out along the Mississippi Gulf Coast - - Hurricane Katrina's winds alone were sufficiently strong to have rendered all of those properties constructive total losses <u>before</u> the levees breached. Under this novel theory, Branch contends that the approach that FEMA's WYO carriers and their adjusters *should have taken* after Katrina was to declare universally that all SFIP-insured properties within the City of New Orleans were already wind-ruined derelicts long before the levees breached. Standing upon this theory, Branch asserts that the WYO carriers should then have paid only pennies on the dollar on federal coverages that were otherwise fully owed to the citizens of New Orleans. Such is the frivolous theory upon which the entire lawsuit is based.

IV.  The allegations contained in paragraph 4 of the Plaintiff's First Amended Complaint are denied. Answering further, Branch specifically cites only THREE property claims allegedly adjusted by Colonial, all in severely flooded areas of New Orleans and Slidell, and without setting forth any specific allegations of fraud as to those three properties, asserts Colonial was a "major adjuster of catastrophe claims in the United States", and suggests that thus, by association, Colonial must have been a part of the alleged vast conspiracy among a host of insurers to defraud the NFIP. Clearly, Branch has filed these claims against Colonial with no hint of actual knowledge as to their veracity.

V.   The allegations contained in paragraph 5 of the Plaintiff's First Amended Complaint are denied. Answering further, after years of investigation, no agency of the United States Government has ever accepted this proposition.

## II. THE FALSE CLAIMS ACT

VI.   The allegations contained in paragraph 6 of the Plaintiff's First Amended Complaint are merely statements of law and require no response of Colonial. However, in an abundance of caution, if a response is required, Colonial submits that Plaintiff is not entitled to any other relief outlined in paragraph 6 of the Amended Complaint.

VII.   The allegations contained in paragraph 7 of the Plaintiff's First Amended Complaint are merely statements of law and require no response of Colonial. However, in an abundance of caution, if a response is required, the allegations are denied to the extent Branch paraphrases or misstates the law.

VIII.   Colonial denies that the Plaintiff is entitled to the relief sought in paragraph 8.

## III. PARTIES

IX.   The allegations contained in paragraph 9 of the Plaintiff's First Amended Complaint are denied. Colonial denies that Branch has brought a proper claim under the False Claims Act, denies that it has first-hand knowledge, denies that it is an original source, and denies that its employees directly or independently discovered any alleged fraud. Answering further, Colonial specifically avers as follows: For all of Branch's supposed "direct, first-hand knowledge" allegedly developed during "many months of conducting these examinations following the hurricane" where Branch says it "discovered and documented Defendants' scheme as detailed below," Branch either had no knowledge of any of the following facts, or proceeded not caring that it was making false claims as to Colonial:

   A. Branch claims Colonial was a "major adjuster of catastrophe claims in the United States", and suggests that thus, by association, Colonial must have been a part of the alleged vast conspiracy among a host of insurers to defraud the NFIP.

   B. Based solely upon Colonial's purported reputation as a "major adjuster of catastrophe claims", Branch claims Colonial "systematically overstated flood damages" to cause the submission of false claims for payment to NFIP, and "concealed these practices from the Government".

   C. Branch essentially suggests that Colonial and all of the other defendants in this action should have told all City of New Orleans flood policy holders that their homes had been destroyed by wind before the levee breached, allowing NFIP to pay pennies on the dollar for supposedly already ruined and derelict properties. Colonial asserts that it is Branch's theory that is dishonest.

   D. Branch claims the above-described, alleged dishonesty in three Colonial claims. As to each, the facts alleged by Branch show by admission that Branch was wrong in all three instances. So much for "direct, first-hand knowledge."

X. The allegations contained in paragraph 10 of the Plaintiff's First Amended Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

XI. The allegations contained in paragraph 11 of the Plaintiff's First Amended Complaint are admitted in part and denied in part. Colonial admits that it is an insurance adjusting firm with its principal place of business in Dunedin, Florida. All remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein.

### IV. JURISDICTION AND VENUE

XII. The allegations contained in paragraph 12 of the Plaintiff's First Amended Complaint are denied. While Branch was able to overcome the Defendants' Rule 9 and Rule 12 Motions because the Court ruled that it was required at that time to assume that Branch's factual allegations were truthful, Colonial contends that on the merits, Branch will be unable to show that the facts it alleged to obtain the Court's jurisdiction are true.

XIII. The allegations contained in paragraph 13 of the Plaintiff's First Amended Complaint are denied due to vagueness.

## V. THE FALSE CLAIMS

XIV. The allegations contained in paragraph 14 of the Plaintiff's First Amended Complaint are denied. Plaintiff Branch fails to accurately set forth even the basic history of the NFIP.

XV. The allegations contained in paragraph 15 of the Plaintiff's First Amended Complaint are denied. Plaintiff fails also to be able to explain even the basics of how federal funds are handled by WYO carriers. Further, and in response to Plaintiff's decision to affirmatively put at issue the Arrangement that governs the legal relationship between the WYO carriers and FEMA, FEMA has never sent Colonial anything suggesting that FEMA agrees with any of Branch's contentions, or that FEMA has any disagreement with the adjustments on any of the Colonial claims put at issue in the FAC.

XVI. The allegations contained in paragraph 16 of the Plaintiff's First Amended Complaint are denied as written and denied for vagueness. Answering further, paragraph 16 asserts conclusions of law to which no response is required. Colonial avers that the scope of coverage afforded by NFIP policies is established by the instructions, guidelines, manuals, rules, and regulations of the NFIP.

XVII. The allegations contained in paragraph 17 of the Plaintiff's First Amended Complaint are denied.

XVIII. The allegations contained in paragraph 18 of the Plaintiff's First Amended Complaint are denied. Answering further, Branch demeans the tragic truth of Katrina's unprecedented damage through an unprincipled game of apples and oranges. No prior loss event in NFIP history involved (a) stagnant water remaining inside the insured properties for weeks in sweltering heat and humidity; (b) a completely evacuated community unable to accomplish any acts of mitigation for weeks if not

5

months after the event; (c) a significant undersupply of contractors, skilled tradesmen and laborers, necessitating an actual migration of thousands of such persons to this area to perform the work, all seeking the highest possible price for both their services and the extra expenses they were encountering; (d) a significant undersupply of virtually all needed building materials together with damage to the facilities of the material suppliers themselves; and (e) the well-known and dramatic run-up in prices following Katrina due to the combined circumstances just listed.

If the estimated claims values appearing at paragraphs 21-31 of the FAC are based upon this same game of apples and oranges, then this is yet one more fabrication upon which this frivolous lawsuit is based.

XIX. The allegations contained in paragraph 19 including sub-paragraphs (a) through (c) of the Plaintiff's First Amended Complaint are denied for lack of sufficient information or knowledge to justify a belief therein. This paragraph puts at issue several matters that will require further exploration during this case. For what purpose was Branch "retained by numerous insureds"? Were the particular persons whose claims appear in the FAC customers of Branch? What did Branch say to these people to gain entry into their homes? What paperwork was provided to Branch by these persons? What did Branch really know from these people? Did Branch inform these persons of its *conclusion* that its customers were, at least with respect to claims adjusted by Colonial, unlawfully in possession of fraudulently disbursed United States Treasury funds? Did Branch inform its customers that if indeed their flood claim had been overpaid, that those monies had to be returned to the Federal Treasury?

XX. The allegations contained in paragraph 20 of the Plaintiff's First Amended Complaint are denied. Answering further, if it is the truth that "on nearly all of the hundreds of properties inspected by Branch in various areas in and about southern Louisiana" that the facts support

Branch's theory, why are only 57 of those "hundreds" of claims referenced in the FAC?

Also in this paragraph, Branch repeats - - a third time - - its false claim of motive. Without any regard for the truth, it writes this as to <u>all</u> of the WYO carrier Defendants:

> At the same time, defendants substantially underpaid for the damage that should have been attributed to wind (underwritten by the insurer defendants) on these same claims. (FAC, ¶20)

### A.   Allstate Insurance Company

XXI.   The allegations contained in paragraph 21 including sub-paragraphs (a) through (t) of the Plaintiff's First Amended Complaint are directed towards Allstate Insurance Company and require no response of Colonial. In the alternative only, Colonial denies the allegations for lack of sufficient information or knowledge to justify a belief therein.

### B.   Pilot Catastrophe Services

XXII.   The allegations contained in paragraph 22 of the Plaintiff's First Amended Complaint are directed towards Pilot Catastrophe Services and require no response of Colonial. In the alternative only, Colonial denies the allegations for lack of sufficient information or knowledge to justify a belief therein.

### C.   Fidelity National Insurance Company and Fidelity National Property and Casualty

XXIII.   The allegations contained in paragraph 23 including sub-paragraphs (a) through (j) of the Plaintiff's First Amended Complaint are are directed towards Fidelity National Insurance Company and Fidelity National Property and Casualty, and require no response of Colonial. In the alternative only, Colonial denies the allegations for lack of sufficient information or knowledge to justify a belief therein.

### D. Allied American Adjusting L.L.C.

XXIV. The allegations contained in paragraph 24 of the Plaintiff's First Amended Complaint are directed towards Allied American Adjusting L.L.C. and require no response of Colonial. In the alternative only, Colonial denies the allegations for lack of sufficient information or knowledge to justify a belief therein.

### E. State Farm Fire & Casualty

XXV. The allegations contained in paragraph 25 including sub-paragraphs (a) through (j) of the Plaintiff's First Amended Complaint are directed towards State Farm Fire & Casualty and require no response of Colonial. In the alternative only, Colonial denies the allegations for lack of sufficient information or knowledge to justify a belief therein.

### F. Crawford & Company

XXVI. The allegations contained in paragraph 26 of the Plaintiff's First Amended Complaint are directed towards Crawford & Company and require no response of Colonial. In the alternative only, Colonial denies the allegations for lack of sufficient information or knowledge to justify a belief therein.

### G. American National Property & Casualty Company

XXVII. The allegations contained in paragraph 27 including sub-paragraphs (a) through (i) of the Plaintiff's First Amended Complaint are directed towards American National Property & Casualty Company and require no response of Colonial. In the alternative only, Colonial denies the allegations for lack of sufficient information or knowledge to justify a belief therein.

### H. Simsol Insurance Services, Inc.

XXVIII. The allegations contained in paragraph 28 of the Plaintiff's First Amended Complaint are directed towards Simsol Insurance Services, Inc. and require no response of Colonial.

In the alternative only, Colonial denies the allegations for lack of sufficient information or knowledge to justify a belief therein.

**I.     Liberty Mutual Fire Insurance Company**

XXIX. The allegations contained in paragraph 29 including sub-paragraphs (a) and (b) of the Plaintiff's First Amended Complaint are directed towards Liberty Mutual Fire Insurance Company and require no response of Colonial. In the alternative only, Colonial denies the allegations for lack of sufficient information or knowledge to justify a belief therein.

**J.     American Reliable Insurance Company of Scottsdale**

XXX. The allegations contained in paragraph 30 including sub-paragraphs (a) through (c) of the Plaintiff's First Amended Complaint are directed towards American Reliable Insurance Company of Scottsdale and require no response of Colonial. In the alternative only, Colonial denies the allegations for lack of sufficient information or knowledge to justify a belief therein.

**K.     St. Paul Travelers Cos.**

XXXI. The allegations contained in paragraph 31 including sub-paragraphs (a) through (c) of the Plaintiff's First Amended Complaint are directed towards St. Paul Travelers Cos. and require no response of Colonial. In the alternative only, Colonial denies the allegations for lack of sufficient information or knowledge to justify a belief therein.

**L.     NCA Group, Inc.**

XXXII. The allegations contained in paragraph 31 including sub-paragraphs (a) through (c) of the Plaintiff's First Amended Complaint are directed towards NCA Group, Inc.. and require no response of Colonial. In the alternative only, Colonial denies the allegations for lack of sufficient information or knowledge to justify a belief therein.

M.  **Colonial Claims Corporation**

XXXIII. The allegations contained in paragraph 33 of the Plaintiff's First Amended Complaint, directed towards Colonial Claims Corporation, are denied.

Colonial is unaware of the identity of the homeowners insurer, if any, for the property located at **2701-2703 S. Miro Street** in New Orleans. Plaintiff's allegation that Colonial's adjustment allowed the property owner to fraudulently obtain $25,000 in NFIP funds is frivolous, apparently based solely on an inability to determine whether any homeowner policy benefits were paid for this property. Colonial was, on occasion, assigned Katrina flood loss claims where there was no corresponding homeowners' coverage.

Colonial denies the allegation that the flood waters rose to 2 feet inside the building located at **3033 Louisia Street** in New Orleans. According to the adjuster's report, the flood waters rose to over 4 feet and this is documented by photographs of the water line and a visual inspection. The flood waters caused substantial damage that exceeded the policy limits based on the inspection, photos, water line, especially considering that the water remained in the building for several weeks. Colonial denies that the covered flood damages was only $34,000 as alleged by Plaintiff.

## VI. FRAUD IN CONNECTION WITH THE WYO NATIONAL FLOOD INSURANCE PROGRAM
(Count I)

XXXIV. The allegations contained in paragraph 34 of the Plaintiff's First Amended Complaint are denied for the same reasons set forth in response to paragraphs 1 through 33 above.

XXXV. The allegations contained in paragraph 35 of the Plaintiff's First Amended Complaint are denied.

XXXVI. The allegations contained in paragraph 36 of the Plaintiff's First Amended Complaint are denied.

XXXVII. The allegations contained in paragraph 37 of the Plaintiff's First Amended Complaint are denied.

XXXVIII. The allegations contained in paragraph 38 of the Plaintiff's First Amended Complaint are denied.

XXXIX. The allegations contained in paragraph 39 of the Plaintiff's First Amended Complaint are denied.

XL. The allegations contained in paragraph 40 of the Plaintiff's First Amended Complaint are denied.

## VII. JURY DEMAND

XLI. Colonial likewise demands a trial by jury.

## VIII. PRAYER

XLII. Plaintiff is not entitled to the relief sought in the Prayer for Relief in paragraph 42 including sub-parts (a) through (e).

AND NOW comes Defendant, Colonial, for the purpose of asserting the following affirmative defenses:

## FIRST DEFENSE

No Rule 11 Compliance. Plaintiff's claims asserted as to Colonial are frivolous, unwarranted, and not supported by any facts that any reasonable adjuster would believe would provide any reasonable basis for concluding that a fraud had been committed. They certainly are not supported by the intensive investigation Branch asserted at paragraphs 9, 19 and 20 of the FAC. These allegations are clearly incorrect, and were calculated to obtain first-to-file and original-source status. They were further calculated to overcome the anticipated Rule 12 motions of the defendants,

so as to obtain later discovery to embark upon a fishing expedition. Under 28 U.S.C. § 1927, Colonial requests that Branch dismiss Colonial immediately.

### SECOND DEFENSE

Reasonable Well Trained NFIP Claims Manager Standard. Federal law, at 44 C.F.R. Pt. 62.23(i) sets the standard of care the Government expects for the adjustment of flood claims. It is the instructions, standards, policies, practices, and judgments of the personnel at the NFIP that set the standard of care as to what constitutes an appropriate claims payment, not the views of self-interested so-called "public" adjusters. Colonial complied with all applicable standards of care.

### THIRD DEFENSE

Reasonably Debatable Judgment Calls. The process of adjusting property claims involves the exercise of judgment. If reasonable minds can disagree as to the propriety of a particular claim payment, then no fraud is involved.

### FOURTH DEFENSE

Government Knowledge, Approval, and Consent. Colonial is unaware of any statement or document emanating from the NFIP that validates Plaintiff's theory of wholesale damage rendering homes in New Orleans constructive total losses before the levees breached. More than four years have elapsed since the storm, and Colonial remains unaware of anything coming from the NFIP that suggests the NFIP disapproves of the manner in which Colonial adjusted NFIP claims. There is nothing known to Colonial that indicates that the relevant federal agency charged by Congress to operate the NFIP has not approved and consented to Colonial's adjustment practices.

### FIFTH DEFENSE

After-Acquired Knowledge. Branch cannot seek to prove that Colonial "knowingly" submitted a false claim using information that Colonial did not know. Proof that a particular claim

was overpaid, without proof that Colonial had contemporaneous knowledge of the fact of the overpayment (a.k.a. *scienter*), is insufficient to establish liability under the FCA.

### SIXTH DEFENSE

Which Price is Right? From what timeframe has Branch pulled its prices? Prices have moved all over the map since Katrina. A claim of "fraud" should be based on valuing flood claims at the peak of the post-Katrina repair season so as to properly set a standard of what ought to have been paid.

### SEVENTH DEFENSE

Costs of Litigation. The true cost to the Government, to the Courts, and to the City of New Orleans of the low-balling practices proposed by Branch must be considered. Any reasonable homeowner treated in the manner proposed by Branch would have sued. This would have led to huge additional costs to FEMA, as well as to the judiciary. Moreover, the pointless and inappropriate delay resulting from such a stunt would have further delayed, and made more expensive, the recovery of the City of New Orleans. Avoidance of pointless and costly litigation is a factor in the claims adjustment process.

### EIGHTH DEFENSE

Governance of the Arrangement. The Arrangement, that being the agreement/federal law found at 44 C.F.R. Pt. 62, App. A, which the Plaintiff put at issue at paragraph 15 of the FAC, governs the legal relationship and duties of the parties existing between Colonial and the United States Government. It is for FEMA to decide whether Colonial has breached any term of the Arrangement. Thus far, Colonial has never received anything from FEMA suggesting that FEMA has reached any such conclusion. Moreover, in the event that any determination of a breach occurs, then in that event, Colonial invokes the mandatory arbitration clause of the Arrangement.

## NINTH DEFENSE

Good Faith. At all times relevant herein, Colonial did not know, nor did it have any reason to know, that any false claims were made, presented, or submitted in violation of the False Claims Act. It asserts that the Plaintiff's claims lack merit because Colonial acted in the good faith belief that its actions were lawful and in conformity with the expectations of the United States Government at all times.

## TENTH DEFENSE

Lack of Damages. The Government has not suffered any actual injury or damages in the facts put at issue in this case.

## ELEVENTH DEFENSE

Heightened Pleadings. Branch has failed to comply with Rules 8 and 9 of the Federal Rules of Civil Procedure. This certainly is true as to any property not specifically indentified in the operative complaint.

## TWELFTH DEFENSE

Failure to State a Claim. Plaintiff's claims fail to state a claim upon which relief can be granted.

## THIRTEENTH DEFENSE

FCA Requirements and Limitations. Some or all of the Plaintiff's claims are barred by some or all of the following: Branch is not an original source; by 31 U.S.C. § 3730(e)(4) and 31 U.S.C. § 3730(b)(5); by documents and information that are a public record; by public disclosure; and by the limitation on remedies contained within the False Claims Act, 31 U.S.C. § 3729, *et seq.*

**FOURTEENTH DEFENSE**

No Punitives. No act or omission of Colonial was malicious, willful, wanton, reckless or grossly negligent and, therefore, any reward of punitive damages is barred. *State Farm v. Campbell*, 123 S.Ct. 1513 (2003).

**FIFTEENTH DEFENSE**

*Chevron*. Some or all of the claims are barred by public policy, judgments and/or by the Separation of Powers Doctrine.

**SIXTEENTH DEFENSE**

Standing. Some or all of the claims are barred by a lack of standing.

**SEVENTEENTH DEFENSE**

Knowledge of the Insureds. The First Amended Complaint fails to state a claim upon which relief may be granted to the extent that independent adjusters and/or the homeowners/insureds knowingly, negligently, or innocently made material misstatements of fact to Colonial in connection with the presentment of the flood loss claim.

**EIGHTEENTH DEFENSE**

Necessary and Indispensible Parties. The First Amended Complaint should be dismissed for failure to join necessary and indispensable parties. This would include any NFIP participant that Branch alleges received an overpayment of United States Treasury funds.

**NINETEENTH DEFENSE**

Misjoinder. Colonial objects to the improper cumulation of all Defendants into one action if Branch in any way seeks to take advantage of its procedural maneuverings in this regard. Colonial is entitled to take whatever depositions it needs to take, and to ask questions for at long as it needs to, without any regard whatsoever being given to the fact that Plaintiff has added together into one

lawsuit multiple parties. If at any time Branch seeks to limit Colonial's discovery rights, or any way seeks to impact Colonial's presentment of its case at trial upon any argument based upon the number of Defendants, then Colonial asserts that its due process rights are thereby denied.

## TWENTIETH DEFENSE

Imputed Fault. Colonial affirmatively asserts that it has no liability under any theory for any other parties other than itself in these proceedings.

## TWENTY-FIRST DEFENSE

Adoption by Reference. Colonial hereby adopts by reference any defense, not otherwise expressly set forth herein that is or will be pleaded by any other Defendant in this action.

## TWENTY-SECOND DEFENSE

Reservation of Rights. Colonial contends that the scope of the Court's jurisdiction, and the scope of the Plaintiff's pleadings, is specifically confined to those properties specifically listed in the Plaintiff's First Amended Complaint. If the Court accepts jurisdiction as to any other claims, then Colonial contends that Plaintiff must specifically amend its pleadings to put at issue any other properties, so as to allow Colonial an opportunity to exercise its due process rights to file a third-party action against any other insureds to whom the Plaintiff contends Colonial assisted in obtaining overpayment. To proceed otherwise would deprive Colonial of its due process rights to prepare a meaningful defense in the pleading stage of this case, in the discovery phase, and at trial. Further, and if it is the case that the pleadings of this matter are not confined to the claims listed in the First Amended Complaint, then in that event, Colonial asserts that it has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent later in this case. Colonial specifically reserves the

right to amend its answer and/or affirmative defenses if the Court allows the scope of this case to change from the currently specifically pleaded properties.

WHEREFORE, Defendant, Colonial Claims Corporation, prays that its answer and affirmative defenses be deemed good and sufficient, and that after due proceedings are had, that there be judgment in favor of Colonial and against the Plaintiff, dismissing this lawsuit against Colonial, with prejudice and at the Plaintiff's cost.

Respectfully submitted,

**BEST KOEPPEL TRAYLOR**

BY: _/s/ Michael L. Martin_
PETER S. KOEPPEL (La. Bar #1465)
MICHAEL L. MARTIN (La. Bar #14171)
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524.1024
E-Mail: mmartin@bestkoeppel.com
COUNSEL FOR COLONIAL CLAIMS CORP

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2009, I electronically filed the foregoing Answer to First Amended Complaint with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record who are participants.

_/s/ Michael L. Martin_