## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *EX REL.* | * | **CIVIL ACTION NO. 06-4091** |
| **BRANCH CONSULTANTS, LLC** | * | |
| | * | **SECTION: R** |
| **Plaintiff** | * | |
| | * | **HON. SARAH VANCE** |
| **VERSUS** | * | |
| | * | **MAG. 1** |
| | * | |
| **ALLSTATE INS. CO., ET AL.** | * | **HON. SALLY SHUSHAN** |
| | * | |
| **Defendants** | * | **JURY TRIAL REQUESTED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### SIMSOL INSURANCE SERVICES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND REQUEST FOR TRIAL BY JURY

**NOW INTO COURT,** through undersigned counsel, comes defendant, SIMSOL Insurance Services, Inc., (hereinafter sometimes "SIMSOL") and respectfully responds to plaintiff's First Amended Complaint as follows:

### I.

The allegations in Paragraph 1 of plaintiff's First Amended Complaint state legal conclusions requiring no answer from this defendant. To the extent an answer may be required, SIMSOL denies

each and every allegation contained in Paragraph 1.

II.

The allegations in Paragraph 2 of plaintiff's First Amended Complaint state legal conclusions requiring no answer from this defendant. To the extent an answer may be required, SIMSOL denies each and every allegation contained in Paragraph 2.

III.

SIMSOL denies each and every allegation contained in Paragraph 3 of the First Amended Complaint.

IV.

SIMSOL denies each and every allegation contained in Paragraph 4 of the First Amended Complaint.

V.

SIMSOL denies each and every allegation contained in Paragraph 5 of the First Amended Complaint.

VI.

The allegations of Paragraph 6 of the First Amended Complaint state conclusions of law requiring no answer from this defendant. SIMSOL refers to the False Claims Act for a true and correct statement of its provisions.

VII.

The allegations of Paragraph 7 of the First Amended Complaint state conclusions of law requiring no answer from this defendant. SIMSOL refers to the False Claims Act for a true and correct statement of its provisions.

VIII.

The allegations of Paragraph 8 of the First Amended Complaint state legal conclusions requiring no answer from this defendant. To the extent a response may be deemed required, SIMSOL denies each and every allegation contained in Paragraph 8 and specifically denies that plaintiff is entitled to the relief sought.

IX.

SIMSOL denies the first sentence of Paragraph 9 of the First Amended Complaint for lack of sufficient information to justify belief therein; further answering, SIMSOL denies each and every allegation in the balance of Paragraph 9 of the First Amended Complaint.

X.

SIMSOL denies the allegations of Paragraph 10 of the First Amended Complaint for lack of sufficient information to justify belief therein.

XI.

Except to admit that SIMSOL's domicile is at the stated address in Florida, the allegations of Paragraph 11 are denied for lack of sufficient information to justify belief therein.

XII.

The allegations of Paragraph 12 of the First Amended Complaint state legal conclusions requiring no answer from this defendant. To the extent an answer may be deemed required, SIMSOL denies each and every allegation contained in Paragraph 12, except to admit that SIMSOL has not contested personal jurisdiction in this action.

XIII.

Except to deny any and all liability on the part of SIMSOL, the allegations contained in paragraph 13 of the First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

XIV.

SIMSOL denies each and every allegation contained in Paragraph 14 of the First Amended Complaint, except to admit that: (a) the National Flood Insurance Program makes flood insurance available to certain homeowners, renters and business owners; and (b) in 1983, FEMA created the Write-Your-Own ("WYO") Program.

XV.

SIMSOL denies each and every allegation contained in Paragraph 15 of the First Amended Complaint, except to admit that: (a) WYO insurers have been parties to a financial assistance/subsidy arrangement with the federal government, and SIMSOL refers to the arrangement for the terms thereof; (b) plaintiff purports to be suing WYO insurers and their adjusters and (c) in 2005 there were a finite number of WYO insurers and their adjusters operating in the Gulf Coast area.

XVI.

SIMSOL denies each and every allegation contained in Paragraph 16 of the First Amended Complaint, and refers to NFIP policies for the terms thereof.

XVII.

SIMSOL denies each and every allegation contained in Paragraph 17 of the First Amended Complaint, except to admit that: (a) following Hurricane Katrina there were an unprecedented

-4-

number of flood claims; (b) FEMA waived the requirement that insureds file a proof of loss for their Katrina related flood claims in certain circumstances; and (c) FEMA acknowledged an expedited claims handling procedure for Katrina related flood claims.

### XVIII.

SIMSOL denies each and every allegation contained in Paragraph 18 of the First Amended Complaint, except to deny sufficient information to justify belief as to the truth of the allegations of Paragraph 18 concerning the average and total flood claim payments.

### XIX.

SIMSOL denies each and every allegation contained in Paragraph 19 of the First Amended Complaint, except to deny sufficient information to justify belief as to the truth of the allegations of Paragraph 19 concerning Branch's business, principals and consultants.

### XX.

SIMSOL denies each and every allegation contained in Paragraph 20 of the First Amended Complaint.

### XXI.

Paragraph 21 of the First Amended Complaint contains allegations against parties other than SIMSOL to which no response is required from SIMSOL; however, to the extent an answer may be deemed required, the allegations are denied for lack of sufficient information to justify a belief therein.

### XXII.

Paragraph 22 of the First Amended Complaint contains allegations against parties other than SIMSOL to which no response is required from SIMSOL; however, to the extent an answer may

be deemed required, the allegations are denied for lack of sufficient information to justify a belief therein.

## XXIII.

Paragraph 23 of the First Amended Complaint contains allegations against parties other than SIMSOL to which no response is required from SIMSOL; however, to the extent an answer may be deemed required, the allegations are denied for lack of sufficient information to justify a belief therein.

## XXIV.

Paragraph 24 of the First Amended Complaint contains allegations against parties other than SIMSOL to which no response is required from SIMSOL; however, to the extent an answer may be deemed required, the allegations are denied for lack of sufficient information to justify a belief therein.

## XXV.

Paragraph 25 of the First Amended Complaint contains allegations against parties other than SIMSOL to which no response is required from SIMSOL; however, to the extent an answer may be deemed required, the allegations are denied for lack of sufficient information to justify a belief therein.

## XXVI.

Paragraph 26 of the First Amended Complaint contains allegations against parties other than SIMSOL to which no response is required from SIMSOL; however, to the extent an answer may be deemed required, the allegations are denied for lack of sufficient information to justify a belief therein.

XXVII.

Paragraph 27 of the First Amended Complaint contains allegations against parties other than SIMSOL to which no response is required from SIMSOL; however, to the extent an answer may be deemed required, the allegations are denied for lack of sufficient information to justify a belief therein, except as to those allegations incorporated by reference into Paragraph 28 of the First Amended Complaint, as denied or otherwise responded to below.

XXVIII.

Except to admit that: (a) SIMSOL did adjust flood claims for ANPAC at the 4870 Alsace Street address and the addresses at 13661 and 13701 Cavalier Street; (b) SIMSOL did adjust other flood claims on ANPAC's behalf in New Orleans following Hurricane Katrina, and (c) SIMSOL's business does involve adjusting claims associated with major losses throughout the United States, the remaining allegations contained in paragraph 28 of the First Amended Complaint are denied.

XXIX.

Paragraph 29 of the First Amended Complaint contains allegations against parties other than SIMSOL to which no response is required from SIMSOL; however, to the extent an answer may be deemed required, the allegations are denied for lack of sufficient information to justify a belief therein.

XXX.

Paragraph 30 of the First Amended Complaint contains allegations against parties other than SIMSOL to which no response is required from SIMSOL; however, to the extent an answer may be deemed required, the allegations are denied for lack of sufficient information to justify a belief therein.

-7-

## XXXI.

Paragraph 31 of the First Amended Complaint contains allegations against parties other than SIMSOL to which no response is required from SIMSOL; however, to the extent an answer may be deemed required, the allegations are denied for lack of sufficient information to justify a belief therein.

## XXXII.

Paragraph 32 of the First Amended Complaint contains allegations against parties other than SIMSOL to which no response is required from SIMSOL; however, to the extent an answer may be deemed required, the allegations are denied for lack of sufficient information to justify a belief therein.

## XXXIII.

Paragraph 33 of the First Amended Complaint contains allegations against parties other than SIMSOL to which no response is required from SIMSOL; however, to the extent an answer may be deemed required, the allegations are denied for lack of sufficient information to justify a belief therein.

## XXXIV.

With respect to Paragraph 34 of the First Amended Complaint, SIMSOL repeats and realleges its responses to Paragraphs 1 through 33 of the First Amended Complaint as if fully set forth herein.

## XXXV.

The allegations of Paragraph 35 of the First Amended Complaint state legal conclusions requiring no answer from this defendant; to the extent an answer may be deemed necessary, SIMSOL

denies each and every allegation contained in Paragraph 35.

## XXXVI.

SIMSOL denies each and every allegation against SIMSOL contained in Paragraph 36 of the First Amended Complaint.

## XXXVII.

SIMSOL denies each and every allegation against SIMSOL contained in Paragraph 37 of the First Amended Complaint.

## XXXVIII.

SIMSOL denies each and every allegation against SIMSOL contained in Paragraph 38 of the First Amended Complaint.

## XXXIX

SIMSOL denies each and every allegation against SIMSOL contained in Paragraph 39 of the First Amended Complaint.

## XL.

SIMSOL denies each and every allegations against SIMSOL contained in Paragraph 40 of the First Amended Complaint.

## XLI.

The allegations of Paragraph 41 require no response from this defendant.

## XLII.

SIMSOL denies all liability, damages, and other relief sought by plaintiff in paragraph 42 and the Prayer of its First Amended Complaint.

XLIII.

## AFFIRMATIVE DEFENSES

SIMSOL below sets forth its affirmative defenses as to all of plaintiff's claims. By asserting these affirmative defenses, SIMSOL does not admit any fact or issue plead by plaintiff that was not previously admitted above, nor does SIMSOL assume the burden of proving any fact, issue or cause of action where such burden belongs to plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to allege facts sufficient to constitute a cause of action or claim upon which relief can be granted against SIMSOL and is not in compliance with Rules 8 and 9 of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

Some or all the claims may be barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the claims against SIMSOL in this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because SIMSOL complied with all applicable statutes and with the requirements and regulations of the appropriate regulatory agencies.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because SIMSOL acted in the good faith belief that its actions were lawful.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statutes, rules, regulations, arrangements and agreements

relating to the National Flood Insurance Program.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statutes, rules and regulations governing the Federal Emergency Management Agency and its operation/powers.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the government was aware of and approved the procedures implemented and followed by SIMSOL in adjusting claims under the National Flood Insurance Program.

### NINTH AFFIRMATIVE DEFENSE

At all relevant times herein, SIMSOL did not know, nor did it have any reason to know, that false claims were made, presented or submitted in violation of the False Claims Act.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because SIMSOL is not liable for the actions or omissions of any other defendant, party or non-party in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of exclusive or primary jurisdiction.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by public policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction because plaintiff's claims are subject to mandatory arbitration agreements.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrines of *laches,* unclean hands, merger, waiver, consent and/or discharge.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by estoppel, collateral estoppel, judicial estoppel and/or *res judicata.*

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by lack of standing.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The government and Branch have not suffered any actual injuries or damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The government and Branch have failed to mitigate their damages, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

The punitive damages sought by Branch are barred under federal law or the laws of the State of Louisiana.

## TWENTIETH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred because the alleged injuries and damages, if any, were caused by persons and entities for which SIMSOL is not responsible.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Branch's recovery, if any, should be barred or reduced by their contributory or comparative negligence or fault. SIMSOL invokes a portion of the fault as to all parties and non-parties who may be jointly or severally liable for Branch's alleged injuries.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Some or all of the claims have been misjoined. This action should be severed due to misjoinder of both claims and parties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Some or all of the claims should be barred by the doctrines of sovereign compulsion and/or approval.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

SIMSOL pleads recoupment and/or set off.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the Government Knowledge Defense, the Original Source Rule and First o File Doctrine, *inter alia*.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

SIMSOL affirmatively pleads the after acquired knowledge doctrine, insofar as plaintiff is barred from proving SIMSOL knowingly submitted a false claim with information SIMSOL did not know contemporaneously with the filing of the claim.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by lack of standing.

## Reservation of Rights to Asserted Additional Defenses

SIMSOL is not knowingly or intentionally waiving any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter.

-13-

XLIV.

SIMSOL demands a trial by jury.

XLV.

**WHEREFORE,** SIMSOL respectfully demands the entry of a judgment in its favor and against plaintiff as follows:

(a)    dismissing plaintiff's First Amended Complaint in its entirety and with prejudice;

(b)    finding that plaintiff's claims are frivolous, vexatious or brought primarily for the purpose of harassment and awarding SIMSOL its fees and expenses pursuant to 31 U.S.C.§3730(d)(4);

(c)    awarding SIMSOL its fees and expenses pursuant to 28 U.S.C.§ 2412(d)(1)(D);

(d)    awarding SIMSOL its costs pursuant to Federal Rules of Procedure 54(d)or 28 U.S.C. 1919; and

(e)    granting SIMSOL such other further relief as the Court may deem just and proper.

Respectfully submitted,

_____/s/ JAMES C. RATHER, JR._____
**JAMES C. RATHER, JR., TA** (Bar No. 25839)
**ALLEN DAVIS** (Bar. No. 29822)
**JESSICA FINNAN** (Bar No. 32451)
McCRANIE, SISTRUNK, ANZELMO, HARDY,
McDANIEL & WELCH
195 Greenbrier Boulevard, Suite 800
Covington, Louisiana 70433
Telephone: (504) 831-0946
Facsimile: (985) 809-9677
jrather@mcsalaw.com
**ATTORNEY FOR DEFENDANT,**
**SIMSOL INSURANCE SERVICES, INC.**

-14-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record in accordance with the Electronic Case Filing Rules, this 23rd day of November, 2009.

_____ /s/ JAMES C. RATHER, JR._____