UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------------------------x
                                                                 :
UNITED STATES OF AMERICA,                                        :
EX REL. BRANCH CONSULTANTS, L.L.C.,                              :    Case No.: 06-cv-4091 (SSV)
                                                                 :
                               Plaintiff,                        :              Sect.: R
                                                                 :
              v.                                                 :         Judge Vance
                                                                 :
ALLSTATE INS. CO., et al.,                                       :    Mag. Judge Shushan
                                                                 :
                               Defendants.                       :
                                                                 :
-----------------------------------------------------------------x
```

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION
FOR CERTIFICATION OF COURT'S OCTOBER 19, 2009
<u>ORDER FOR INTERLOCUTORY APPEAL</u>**

Defendants The Standard Fire Insurance Company ("Standard Fire") (erroneously sued herein as St. Paul Travelers Cos.), Liberty Mutual Insurance Company, Fidelity National Insurance Company, Fidelity National Property and Casualty Insurance Company, Simsol Insurance Services, Inc., and American National Property And Casualty Company ("Defendants"), respectfully submit this reply memorandum of law in further support of their motion for certification of the Court's October 19, 2009 Order (the "Order") for interlocutory appeal to the United States Circuit Court for the Fifth Circuit pursuant to 28 U.S.C. § 1292(b).

## PRELIMINARY STATEMENT

Whether a "sleuth" like Branch, without first-hand involvement in an alleged fraud, can qualify as an "original source" by providing "additional" or "specific" examples of a publicly-disclosed, alleged fraudulent scheme is a controlling question of law that involves a substantial ground for difference of opinion, and if answered "no" would terminate the action. It is, therefore, an appropriate question for certification under 28 U.S.C. § 1292(b). Branch's attempt to reduce the issue to a mere disagreement with the Court's application of "well-settled law to the particular facts of this case," Opp. Br. at 1, is disingenuous and plain wrong.

In 2007, the Supreme Court overturned long-standing Fifth Circuit precedent on the original source standard and questioned the type of opinions or information that can qualify a relator as an original source. Since that time, the Fifth Circuit has addressed the sleuth/original source issue once, in *Fried*, and found that the relator was not an original source. Here, this Court grounded its decision that Branch was an original source on decisions by other Circuit Courts, instead of the Fifth Circuit's opinion in *Fried*, which the Court concluded was not squarely on point. Given the dearth of Fifth Circuit authority on the sleuth/original source issue, there is a clear basis for concluding that there is substantial ground for a difference of opinion on

1

this significant question of federal subject matter jurisdiction. Further, as Branch notes, the Fifth Circuit asked this Court to address the sleuth/original source issue in the first instance even though it had fully familiarized itself with the facts of this case. Were the issue as settled as Branch suggests, the Fifth Circuit could have ruled on it in one sentence. Instead, this Court spent 16 written pages analyzing the issue in a reasoned opinion that the Fifth Circuit ought to have the opportunity to address now to bring certainty to the progress of this case or an end to it because the Court, as Defendants contend, lacks subject matter jurisdiction over Branch's claims.

## ARGUMENT

### 1. *The Question Posed by Defendants is a "Controlling Question of Law"*

Branch nit picks at Defendants' wording of the issue for review in an attempt to recast the question as a factual dispute. However, the facts subsumed within the question framed by Defendants are beyond dispute: (i) there was significant public disclosure of the alleged fraud at issue in *Branch* before Branch initiated this lawsuit, Order at 24-26; (ii) Branch's First Amended Complaint adds examples of alleged fraud to those public disclosures, Opp. Br. at 3;[1] (iii) Branch did not have first-hand involvement in the allegedly fraudulent events at issue given that Branch was not involved in the original adjustment or claims handling of Hurricane Katrina losses that Branch alleges resulted in fraudulent claims. Opp. Br. at 3-4 (admitting that Branch was not involved in the underlying fraudulent events but confusing that statement with the ultimate question of whether Branch has first-hand knowledge of the allegations in its complaint). The question for appeal accurately assumes these undisputed facts.

As for whether the question posed is a question of law, Branch's reliance on *Ryan v. Flowserve*, 444 F. Supp. 2d 718 (N.D. Tex. 2006), is misplaced given that *Ryan* simply

---

[1] Whether the examples are best described as "additional" or "specific" (Opp. Br. at 3), is a semantic, not factual, issue for purposes of this application for certification.

2

provides that "a question of law does not mean the application of settled law to disputed facts." *Id.* at 722 (citation omitted). Here, Fifth Circuit law concerning when, if ever, an investigative relator can be an original source can hardly be considered "settled" given that the Fifth Circuit has never found a relator like Branch to be an original source. Thus, it makes sense to pose this question for the Fifth Circuit so that it can be addressed and resolved in short order.

2.  **The Question Posed by Defendants Involves "Substantial Ground for a Difference of Opinion"**

Branch mischaracterizes Defendants' motion for interlocutory appeal as "mere disagreement" with the Court's ruling that fails to identify a substantial ground for difference of opinion. *See* Opp. Br. at Part IV. While general principles concerning original source requirements are settled, *see Rockwell Int'l Corp. v. United States,* 549 U.S. 457 (2007), the question framed by Defendants for interlocutory review involves a finer point of law that is not well-settled: whether a relator who obtains its knowledge through an after-the-fact investigation can be an original source. Notably, the Court found that the Fifth Circuit case relied upon by Defendants, *United States ex rel. Fried v. West Indep. Sch. Dist.*, 527 F.3d 439 (5th Cir. 2008), was not on point and thus turned to out-of-circuit authorities for guidance. Under these circumstances, it is self-evident that there is substantial ground for difference of opinion on the issue.

Moreover, Branch's criticism of Defendants' distinction between pre- and post-*Rockwell* decisions is misplaced. Opp. Br. at 9-10. *Rockwell* not only overruled existing precedent addressing the test for an original source, but also called into question the type of opinions or information that can qualify a relator as an original source. *See Rockwell*, 549 U.S. at 475-76 (finding that relator's opinion that certain machinery would prove defective did not qualify relator as original source). Branch's suggestion that *Rockwell*—the most recent and most

3

relevant Supreme Court decision on the subject matter at issue—has no potential bearing on whether there is substantial ground for difference of opinion here, is misguided.

### 3. Resolution of the Question Posed by Defendants Would "Materially Advance the Ultimate Termination of the Litigation"

Branch argues that "the best way to materially advance the resolution of this case" is to allow the Court's Order to stand and proceed with discovery. Opp. Br. at 11-12. To the contrary, interlocutory appeal exists to avoid unnecessary expense and delay by expediting the ultimate *termination* of the litigation. *See, e.g., Total Ben. Servs., Inc. v. Group Ins. Admin., Inc.*, Civ. A. No. 92-2386, 1993 WL 98675, at *1 (E.D. La. Mar. 25, 1993) (emphasis added). Courts routinely certify interlocutory appeals where, as here, jurisdictional questions are raised. *See, e.g.*, *United States ex rel. Koch v. Koch Indus., Inc.,* No. 91-CV-763-B, 1995 WL 812134 (N.D. Okla. Oct. 6, 1995); *Meche v. Richard*, No. 05-0385, 2007 WL 3129583 (W.D. La. Oct. 22, 2007); *LaFargue v. U.S.*, 4 F. Supp. 2d 580, 593 (E.D. La. 1998); *United States ex rel. Huangyan Import & Export Corp. v. Nature's Farm Prods., Inc.*, 370 F. Supp. 2d 993, 1005 (N.D. Cal. 2005). If the Fifth Circuit agrees with Defendants, the complaint would be dismissed and the litigation terminated.

## CONCLUSION

For the reasons set forth herein and in Defendants' opening memorandum, Defendants respectfully request that the Court enter an order certifying the October 19, 2009 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

4

Dated:  November 23, 2009                                                  Respectfully submitted,


BARRASSO USDIN KUPPERMAN                                 PHELPS DUNBAR LLP
FREEMAN & SARVER, LLC

/s/ Judy Y. Barrasso                                                         /s/ Harry Rosenberg
Judy Y. Barrasso (2814)                                                  Harry Rosenberg (11465)
jbarrasso@barrassousdin.com                                        rosenbeh@phelps.com
John W. Joyce (27525)                                                   Brent B. Barriere (2818)
jjoyce@barrassousdin.com                                             barrierb@phelps.com
LL&E Tower                                                                     365 Canal Street, Suite 2000
909 Poydras Street, Suite 2400                                      New Orleans, Louisiana 70130
New Orleans, Louisiana  70112                                     Telephone:  (504) 566-1311
Telephone:  (504) 589-9700

                                                                                     SIMPSON THACHER AND BARTLETT LLP
**Attorneys for Liberty Mutual Insurance**           Bryce L. Friedman  (*pro hac vice*)
**Company**                                                               bfriedman@stblaw.com
                                                                                     425 Lexington Avenue
                                                                                     New York, New York 10017
                                                                                     Telephone:  (212) 455-2000

                                                                                     Deborah L. Stein (*pro hac vice*)
                                                                                     dstein@stblaw.com
                                                                                     1999 Avenue of the Stars, 29th Floor
                                                                                     Los Angeles, California 90067
                                                                                     Telephone:  (310) 407-7500

                                                                                     **Attorneys for The Standard Fire Insurance**
                                                                                     **Company** (*erroneously named as St. Paul*
                                                                                      *Travelers Co.)*

NIELSEN LAW FIRM, LLC                                             MCCRANIE, SISTRUNK, ANZELMO,
                                                                                     HARDY, MAXWELL AND MCDANIEL PC

/s/ Gerald J. Nielsen                                                      /s/ James C. Rather
Gerald J. Nielsen (17078)                                              James C. Rather (25839)
gjnielsen@aol.com                                                        jrather@mcsalaw.com
William T. Treas (26537)                                               195 Greenbriar Blvd., Suite 200
wtreas@nielsenlawfirm.com                                         Covington, LA 70433
3838 North Causeway Boulevard, Suite 2850            (504) 831-0946
Metairie, Louisiana 70002
Telephone:  (504) 837-2500                                         **Attorneys for Simsol Insurance Services, Inc.**

**Attorneys Fidelity National Insurance**
**Company, Fidelity National Property and**
**Casualty Insurance Company**


5

PD.3883124.1

        LARZELERE PICOU WELLS SIMPSON
        LONERO, LLC

        <u>/s/ Jay M. Lonero</u>
        Jay M. Lonero, T.A. (20642)
        jlonero@lpw-law.com
        Christopher R. Pennison (22584)
        cpennison@lpw-law.com
        Angie A. Akers (26786)
        aakers@lpw-law.com
        3850 N. Causeway Boulevard, Ste 1100
        Metairie, Louisiana 70002
        Telephone:  (504) 834-6500

        **Attorneys for American National Property**
        **And Casualty Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this date been served upon all parties to this suit through counsel by filing into the Court's electronic filing system and, for non-participants, by placing same in the United States mail, postage prepaid and properly addressed on this 23rd day of November, 2009.

/s/ Harry Rosenberg