THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ) <br> Branch Consultants, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALLSTATE INS. CO., et al. ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 06-4091 |

**UNITED STATES' STATEMENT OF INTEREST IN SUPPORT OF
RELATOR'S MOTION TO STRIKE THIRD-PARTY CLAIMS**

Although the United States has declined to intervene and is therefore not a party to this action, the United States remains the real party in interest, entitled to share in any recovery that may be obtained in the qui tam action. 31 U.S.C. § 3730(d); *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994). In addition, the federal government is responsible for enforcement of the False Claims Act, 31 U.S.C. §§ 3729-3733, which plays a central role in the federal government's ongoing efforts to combat fraud affecting the public fisc. The United States therefore has a substantial interest in ensuring that the FCA is interpreted correctly. Accordingly, the United States respectfully submits its position on the legal issues raised in the Relator's motion to strike the third-party claims of defendants Fidelity National Property and Casualty Insurance Company and Fidelity National Insurance Company (collectively "Fidelity"). The United States herein takes no position on the overall merits of any of the claims or third-party claims raised in this case or Fidelity's opposition brief.[1]

---

[1] Government counsel does not intend to appear for any hearing on Relator's motion unless the Court requests the Government's appearance.

-2-

The United States submits that Relator's motion to strike the third-party claims for overpayment asserted by defendant Fidelity against its individual flood-insurance policyholders named in Relator's complaint should be granted, in keeping with well-established law prohibiting third-party practice in FCA cases. Fidelity states that it has no knowledge of facts supporting its claims, but argues that its claims are nonetheless mandatory under the Federal Rules of Civil Procedure and that its due process rights will suffer if they are stricken. Fidelity Third-Party Complaint (Fid. Compl.) p. 20, p.26 ¶¶18, 20. These concerns are misplaced – Fidelity's third-party claims are not compulsory under the Federal Rules, and Fidelity will lose no due process rights by not pursuing these claims at this time.

The Government also requests that the Court direct Fidelity not to serve the third-party complaint upon any of the putative third-party defendants until after this Court has resolved Relator's motion to strike.

    **A.**    **Courts Have Generally Refused To Permit Third-Party Practice In False Claims Act Cases**

Courts have generally held that there is no right of contribution or indemnification under the FCA. *Israel Discount Bank Ltd. v Entin*, 951 F.2d 311, 315 n.9 (11th Cir. 1992); *Mortgages, Inc. v. U.S. District Court for the District of Nevada*, 934 F.2d at 213; *United States v. Entin*, 750 F. Supp. 512, 519-20 (S.D. Fla. 1990). The FCA is not intended to apportion liability among wrongdoers but rather "to deter future fraudulent claims, as well as recoup the government's losses due to fraud." *Mortgages, Inc. v. U.S. District Court for the District of Nevada*, 934 F.2d 209, 213 (9th Cir. 1991). The Court in *United States ex rel. Public Integrity v. Therapeutic Technology Inc.* held as follows:

-3-

> Allowing the third-party claims to continue during the pendency of
> the FCA case would contravene the rule barring indemnification
> and contribution actions. It would interfere with the government's
> effort to recover for fraud committed by the parties ultimately
> responsible for the submission of [claims]..., and would shift the
> focus of the litigation of fraud to reallocation of fault, contrary to
> the purpose of the FCA. On the other hand, dismissal of the
> defendants' third-party claims would not prejudice the defendants.

895 F. Supp. 294, 296 (S.D. Ala. 1995). The same result should obtain in this case: Fidelity's third-party claims would have the effect of shifting some or all of any liability found against Fidelity to the individual policyholders, and therefore Fidelity's third-party claims sound in indemnity. As discussed below, it would suffer no prejudice if those claims were struck.

Nothing in *United States ex rel. Miller v. Bill Harbert Intern. Const., Inc.*, 505 F. Supp. 2d 20 (D.D.C. 2007), compels a different result. That court held that a defendant may be permitted to bring third-party claims in two circumstances, neither of which are present here:

> 1) If "the acts that give rise to these causes of action are separate
> from the acts on which FCA liability is predicated, so the
> defendant's cause of action can prevail regardless of the outcome in
> the FCA case"
>
> 2) If "the defendant's claim, though bound up in the facts of the
> FCA case, can only prevail if the defendant is found *not* liable in
> the FCA case"

*Id.* at 27. Neither of these circumstances are present in the instant case, because Fidelity's third-party claims are inextricably bound up with Relator's FCA claims. Fidelity fails on both of these points because a finding of no FCA liability in Relator's case would completely moot its third-party claims against the policyholders.

**B.     No Provision of the Federal Rules Of Civil Procedure Compels the Filing of Fidelity's Third-Party Claims**

-4-

Fidelity contends that its third-party claims are compulsory under either Rule 13, Rule 14, or Rule 19 of the Federal Rules Of Civil Procedure. The United States believes this is not so.

1. **Fidelity's Third-Party Claims Are Not Compulsory Counterclaims Under Rule 13**

The United States submits that Fed.R.Civ.P. 13, "Counterclaim and Crossclaim," does not render the third-party claims compulsory, because Rule 13 does not apply. By its terms, Rule 13 refers to counterclaims only against "opposing parties," i.e., counterclaims by a defendant against a plaintiff. A few courts have addressed this issue:

> The Court agrees with Youell that Syndicate No. 79 and its Participating Members are not "opposing parties" for purposes of either Fed.R.Civ.P. 13(a) or (b), as they are not already parties to the lawsuit. Subsections (a) and (b) of Rule 13 allow a party to state as a counterclaim "any claim which at the time of serving the pleading the pleader has against any *opposing party*." Fed.R.Civ.P. 13(a) and (b) (emphasis added). The term "opposing party" refers only to a person or entity that is *already a party* in the action when the counterclaim is asserted.

*Youell v. Grimes*, 203 F.R.D. 503, 507-08 (D. Kan. 2001). The homeowners who have been named as third-party defendants are not opposing parties – they are strangers to the litigation. Nothing in Rule 13 renders Fidelity's third-party claims against them compulsory.

2. **Third-Party Practice Under Rule 14 Is Not Mandatory, And Would Be Ill-Advised In this Case**

Nothing in Fed.R.Civ.P. 14, "Third-Party Practice," renders Fidelity's claims against the homeowners compulsory. Rule 14 is not mandatory; it makes third-party practice wholly permissive. 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure 2d, § 1442. Indeed, the Ninth Circuit has ruled that it is an abuse of

-5-

discretion for a district court to require third-party impleader; i.e., to treat Rule 14 as compulsory. *Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1073-74 (9th Cir. 1998).

In this case, the Court should not permit Fidelity's third-party complaint against the named homeowners to proceed, even permissively. Fidelity's own third-party allegations state that it considers the contention that the subject homeowners were overpaid to be "frivolous." Fid. Compl. p.26 ¶18. Fidelity appears to have no independent knowledge, apart from the allegations in Relator's Amended Complaint, of any facts supporting an allegation that the named homeowners were overpaid on their flood insurance claims. It thus appears to have no independent basis for bringing its third-party claims – they are nothing more than hypothetical placeholders to cover the possibility that a cause of action may emerge against those homeowners at some point in the future. That speculation is not a basis for bringing the homeowners into this litigation.[2]

### 3. Mandatory Joinder Under Rule 19 Is Inapplicable In This Case

Nothing in Fed.R.Civ.P. 19, "Required Joinder of Parties," renders Fidelity's claims against the homeowners compulsory. That rule states, in pertinent part:

**(a) Persons Required to Be Joined if Feasible.**

(1) Required Party.
A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
    (A) in that person's absence, the court cannot accord complete relief among existing parties; or
    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

---

[2] Fidelity argues that the homeowners will be involved in this litigation anyway, but there is a world of difference between simply appearing for a deposition and being sued as a named party.

-6-

> (I) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

This Court can afford complete relief among the parties to this case without third-party practice against the named homeowners. Persons who are alleged to have committed fraud against the United States in violation of the False Claims Act can be sued as joint tortfeasors. *Mortgages, Inc.*, 934 F.2d at 212; *United States v. Aerodex,* 469 F.2d 1003, 1012 (5th Cir. 1972); *United States v. Entin*, 750 F. Supp. at 519-520. Because joint tortfeasors are jointly and severally liable, the Government or a relator may sue as many or as few of such wrongdoers as it chooses, and the court can order complete relief if the defendant(s) are found liable under the FCA. *MicroSoft Corp. v. CietDirect.com, LLC*, 2008 WL 3162535 at *6 (S.D. Fla. 2008).

It is hornbook law that joint tortfeasors need not all be named as defendants in a single lawsuit. *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990). The Advisory Committee Notes to Rule 19(a), Fed. R. Civ. P., explicitly state that a joint tortfeasor is merely a permissive party to an action whose joinder is subject to Fed. R. Civ. P. 20, which governs permissive joinder. *See id.* Indeed, Rule 20 specifically provides for permissive joinder of "defendants if . . . any right to relief is asserted against them jointly [and] severally . . ."[3]

Nothing in this action will impair or impede the interests of the individual policyholders if they are not joined as third-party defendants. The findings in this case will not be *res judicata* against the policyholders if they are not parties. The mere fact that a ruling in this case might be

---

[3] Permissive joinder should not be permitted in this case, for the reasons set forth in sections A and B.2, *supra*.

-7-

seen as a "persuasive precedent" is insufficient to make joinder mandatory. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 407-08 (3rd Cir. 1993).

There is no risk that Fidelity will incur inconsistent or multiple obligations.  The possibility that there may be multiple proceedings is not grounds in itself to require joinder under Fed. R. Civ. P. 19.  *Field v. Volkswagenwerk AG*, 626 F.2d 293, 300-01 (3rd Cir. 1980).  This is particularly true in this case, where Fidelity has stated that it considers Relator's allegations of overpayments to the policyholders to be "frivolous."  Fid. Compl. p.26 ¶ 18.  In any event, a defendant's right of contribution or indemnity from an absent person does not make that person a required party.  *Janney Montgomery Scott*, 11 F.3d at 412.

There also is no risk of inconsistent obligations or double liability. The possibility that Fidelity may bear the whole alleged loss if it is found liable for violation of the FCA is not double liability.  It is a common result inherent in the concept of joint and several liability which entitles the plaintiff to satisfy its whole judgment by execution against any one of the joint tortfeasors. *Janney Montgomery Scott*, 11 F.3d at 412.  Whether Fidelity's hypothetical (at this time) liability could be offset by a hypothetical later recoupment against the homeowners need not be decided by the court now.[4]

    C.    **This Case Cannot Expose Fidelity To Liability For Negligent Overpayment**

Ultimately, Fidelity centers its opposition to the motion to strike around the suggestion that there are three possible outcomes to the instant case: 1) a finding of no liability; 2) a finding of overpayment but no actionable FCA scienter; and 3) a finding of FCA liability.  Fid. Opp. at

---

    [4]    The Court need not reach any factual questions of whether and under what circumstances it may be appropriate to seek recoupment against a policyholder, since it is clear that those claims should be barred from this action as a matter of law.

-8-

Fidelity Brief in Opposition at 5.  In the Government's view, however, there are only two possible outcomes: Either Fidelity is found liable under the FCA or it is not.  There is no claim for recoupment of a negligent overpayment asserted in this action.  Relator has no standing to bring such an action.  If there is a finding of overpayment without FCA scienter, Fidelity will simply be found *not liable*, and no damages will be assessed against it.  The finding of overpayment will be merely *dictum* to any subsequent recoupment action, and it will have no preclusive effect on any claims or rights that Fidelity might have.[5]  *See Janney Montgomery Scott*, 11 F.3d at 407-08 (because a ruling may be seen as a "persuasive precedent" does not make it preclusive).

### D. The Government Requests That Service Of The Third-Party Complaint Be Stayed Pending This Court's Ruling On Relator's Motion To Strike

The Government suggests that this Court should direct Fidelity not to effect service of its third-party complaint until the Court has resolved Relator's motion to strike.  If service were to be carried out while this motion is still pending, it would be needlessly disruptive to the policyholders and to this Court for the policyholders to retain counsel and begin submitting pleadings, if this Court were then to strike them from the litigation.  Conversely, there will be no prejudice to Fidelity if service is stayed, particularly since Fidelity knows of no basis for liability on the policyholders' part anyway.

---

[5] It is possible that the statute of limitations will have run by then on any recoupment action that might be pursued against a policyholder, but in that circumstance the limitation period would also have expired on any claim of recoupment from Fidelity, so there is no risk of inconsistent results.

-9-

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Relator's motion to strike defendant Fidelity's third-party claims be granted.

                              Respectfully submitted,

                              TONY WEST
                              Assistant Attorney General

                              DAVID R. DUGAS
                              UNITED STATES ATTORNEY

Dated: December 7, 2009                s/ James L. Nelson
                              James L. Nelson, LBN. 09934
                              Assistant United States Attorney
                              Russell B. Long Federal Building
                              777 Florida Street, Suite 208
                              Baton Rouge, LA 70801
                              Tel: (225) 389-0443
                              Fax: (225) 389-0561

                              JOYCE R. BRANDA
                              PATRICIA R. DAVIS
                              JAY D. MAJORS
                              Attorneys, Department of Justice
                              Civil Division
                              Post Office Box 261
                              Ben Franklin Station
                              Washington, DC 20044
                              Tel: (202) 307-0264
                              Fax: (202) 514-0280