UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

```
------------------------------------------------------------x
                                      :
UNITED STATES OF AMERICA,             :
EX REL. BRANCH CONSULTANTS, L.L.C.,   :      Case No.: 06-cv-4091 (SSV)
                                      :
                      Plaintiff,      :            Sect.: R
                                      :
              v.                      : CONSENT ORDER FOR THE
                                      : PRODUCTION AND EXCHANGE
ALLSTATE INS. CO., et al.,            : OF INFORMATION
                                      :
                      Defendants.     :
                                      :
------------------------------------------------------------x
```

        WHEREAS, plaintiff Branch Consultants, L.L.C. and defendants have agreed that the

documents and information they exchange in discovery during this litigation may be confidential

and/or proprietary in nature;

        WHEREAS, the parties have further agreed to the entry of an order pursuant to Federal

Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, governing the review, copying,

dissemination and filing of confidential and/or proprietary documents and information to be

produced by any party and its respective counsel or by any non-party in the course of discovery

in this matter to the extent set forth below; and the parties, by, between and among their

respective counsel, having stipulated and agreed to the terms set forth herein, and good cause

having been shown;

        WHEREAS, the parties wish to provide for the confidential treatment of all such

Confidential Material (as defined below) and for the stricter protection, as delineated below, of

all such Highly Confidential Material (as defined below);

1

IT IS hereby ORDERED that:

SCOPE:

1.    This Stipulation shall apply to all information and materials that have been or will be disclosed in connection with the above-captioned litigation by any party or non-party, including but not limited to information disclosed:  (a) during discovery or any proceedings in this litigation; (b) in any pleading or submission to the Court; (c) in any final decision, any interim decisions, or inter-party or Court correspondence; (d) in oral or written testimony or statements in this litigation; and (e) in any copies, notes or summaries of such information.  This Stipulation shall not apply to information and material that is in the public domain, and information and material in the possession of a party that was or is otherwise obtained from outside of the context of this litigation.

DEFINITIONS:

2.    As used herein:

(a)    "Confidential Information" shall mean all materials and information referenced in paragraph 1, regardless of whether such materials or information are designated as such.

(b)    "Highly Confidential Information" shall mean all documents and testimony, and all information contained therein, and other information designated as highly confidential, if such documents or testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients, or contain potentially sensitive personal information of a non-party.

(c)    "Producing Party" shall mean the parties to this litigation and any non-parties producing Confidential Information or Highly Confidential Information in connection with this litigation.

(d)    "Receiving Party" shall mean the parties to this litigation and any non-parties receiving Confidential Information or Highly Confidential Information in connection with this litigation.

(e)    "Confidentiality Legends" refers to the words and phrases that a Producing Party shall stamp on material that the Producing Party is designating as Highly Confidential Information.

DESIGNATION AND USE OF CONFIDENTIAL MATERIAL:

3.    All information and documents produced or made available during discovery automatically constitute Confidential Information pursuant to paragraph 2(a) of this Stipulation.

4.    Confidential Information, and any information derived from it, shall be used or disclosed solely in connection with the above-captioned litigation, and in accordance with the provisions of this Stipulation.

5.    Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)    personnel of plaintiff or defendants actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b)     counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c)     expert witnesses or consultants (and their associated personnel and staff) retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein;

(d)     a non-party to whom a party is legally obligated or to whom it has a pre-existing contractual obligation in the ordinary course of business to make disclosure of Confidential Information;

(e)     the Court and court personnel;

(f)     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(g)     outside photocopying, graphic production services, or litigation support services; and

(h)     trial and deposition witnesses.

6.     Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation. Confidential Information may be filed using the Court's ECF system and need not be filed under seal.

7.      Before any persons identified in subparagraphs (c)-(d) of paragraph 5 of this Stipulation are given access to Confidential Information, such persons shall be provided with a copy of this Stipulation and shall acknowledge in a written statement, in the form provided as Exhibit A hereto, that he or she has read the Stipulation and agrees to be bound by the terms thereof.  Such executed forms shall be retained in the files of counsel for the party who gave access to the Confidential Information.  Such executed forms shall not be subject to disclosure under the Federal Rules of Civil Procedure unless a showing of good cause is made and the Court so orders.

8.   Notwithstanding any other provisions of this Stipulation, any party may request at any time permission to disclose Confidential Information, to a person other than those permitted by paragraph 5 by serving a written request upon counsel for the Producing Party.  This request shall set forth the information or materials that the party wishes to disclose and the person to whom the party wishes to disclose the information and materials.  If consent is withheld, or the party seeking to make disclosure and the Producing Party are unable to agree on the terms and conditions of the disclosure, the party seeking to make disclosure may submit the matter to the Court for resolution.

<u>DESIGNATION AND USE OF HIGHLY CONFIDENTIAL INFORMATION</u>:

9.      A party may designate as Highly Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof.

(a)      In the case of documents, the Producing Party shall designate a document as Highly Confidential Information by stamping the words "Highly Confidential Information" on the face of the document and on each internal page designated as being

or containing Highly Confidential Information.  The Producing Party shall make such designations at the time it first produces or otherwise disseminates such document to the parties.

(b)      In the case of deposition testimony, designations shall be made by making a verbal statement to such effect on the record in the course of the deposition, or by written notification to the court reporter and to all parties within thirty (30) days following receipt of the transcript of such deposition and the exhibits thereto (or later with leave of Court or by agreement among the parties).  Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Highly Confidential Information.  If any deposition transcript or portion thereof, including exhibits, is designated as Highly Confidential Information, the reporter shall place the appropriate Confidentiality Legend on the original and each copy of the transcript, together with a statement identifying the pages of the deposition and/or the exhibits which are designated as Highly Confidential Information.  If a transcript or a portion thereof containing Highly Confidential Information is filed with the Court (either testimony or exhibits), it shall be filed under seal as delineated below, and shall bear the appropriate Confidentiality Legend as described above.  If all or part of a videotaped deposition is designated as Highly Confidential Information, both the transcript and the videocassette or other videotape container shall be labeled with the appropriate Confidentiality Legend within the same time periods as described above.

(c)      In the case of affidavits, statements, written responses to requests for production of documents, and responses to interrogatories or requests for admissions, the appropriate

confidentiality legend shall be placed on each page of any affidavit, set of written responses to requests for production of documents, or set of responses to interrogatories or requests for admissions that contains information deemed by the Producing Party to be Highly Confidential Information.

(d)    Briefs, motions, other pleadings, affidavits, and other documents that include Highly Confidential Information as exhibits or that reveal the contents of Highly Confidential Information shall bear the appropriate Confidentiality Legends, and shall be filed with the Clerk of Court only after placing such documents in an envelope that bears the caption of the case on the cover of the envelope and bears the words: "PROTECTED, HIGHLY CONFIDENTIAL INFORMATION — FILED UNDER SEAL." Except under prior written consent of the Producing Party, the Court and its personnel shall maintain all such material under seal in the aforesaid envelope, and not reveal it to anyone except those persons identified in paragraph 5 above, in the manner specified therein.

10.    Except upon prior written consent of the Producing Party, Highly Confidential Information shall not be used or disclosed to anyone except in connection with this litigation and as provided for in paragraphs 5 and 9. Extracts and summaries of Highly Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

11.    If any party disputes any Producing Party's designation of any document or information as Highly Confidential Information, the disputing party shall serve, within thirty (30) days of receipt of the material (or longer as the parties may agree), a written notice of objection to such designation upon the Producing Party, with copies to every other party.

Such notice shall specify the material or information that the objecting party believes is not properly designated and shall set forth in detail the reasons why the designation should be removed. The Producing Party and objecting parties shall attempt to resolve by agreement the question of whether, or on what terms, the document or information is entitled to confidential or highly confidential treatment. If the parties are unable to agree within thirty (30) days (or later by agreement of the parties) as to whether, and on what terms, the document or information should be designated as Highly Confidential Information, the objecting party may seek a court order determining whether, or on what terms, the document or information is entitled to highly confidential treatment. The Producing Party shall bear the burden of proof on the issue of whether the document or information is entitled to the designation as "Highly Confidential Information." The designated materials in question shall continue to be treated as Highly Confidential Information subject to the terms of this Stipulation until the Court acts on the motion.

<u>INADVERTENT PRODUCTION OF HIGHLY CONFIDENTIAL INFORMATION WITHOUT A DESIGNATION</u>:

12.    In the event a Producing Party inadvertently produces documents or information that it considers to be or contain Highly Confidential Information without having first designated the material as such, the Producing Party may so designate it. Within thirty (30) days of learning of the inadvertent production of such material (or later with leave of Court or by agreement among the parties), the Producing Party must give written notice to all parties that it claims that the material is or contains Highly Confidential Information, in whole or in part. Upon such notice, the Producing Party shall provide all parties who have received a copy of such materials with a replacement copy marked with

the Highly Confidential Information designation.  All parties receiving the replacement copy shall promptly destroy or return to the Producing Party the unmarked copy of the material.

<u>INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION</u>:

13.    In the event a Producing Party, after taking reasonable steps to prevent disclosure, inadvertently produces a document or information that the Producing Party believes is subject to a privilege or other legal protection, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or act as estoppel to, any claim of privilege, work product, or other ground for withholding information that the Producing Party otherwise would be able to assert; provided, however, that the Producing Party must give written notice to all parties, within seven (7) days of learning of the inadvertent production, that the document(s) or information is subject to a privilege or other legal protection.  The notice shall state the nature of the privilege or protection claimed, and shall provide information explaining the bases for the invocation of the privilege or protection.

(a)    Upon receipt of such notice, the Receiving Party shall (i) promptly return to the Producing Party the material (or portion thereof) that the Producing Party claims was inadvertently produced, including any copies that are not destroyed, (ii) refrain from using or disclosing the material, and (iii) take reasonable steps to retrieve the material if the Receiving Party disclosed it before being notified.

(b)    In the event that only part of a document is claimed to be subject to a privilege or other legal protection, the Producing Party shall furnish redacted copies of the document, redacting only those portions that the Producing Party claims are privileged.

9

(c)     Alternatively, a recipient of the notice provided for in paragraph 12 may retain the document, and inform the Producing Party in writing that the claim of privilege is disputed.  Within five (5) days of receipt of the privilege notice from a Producing Party, an objecting recipient shall move the Court for an Order declaring that the disputed document is not privileged.  If the recipient of the notice fails to move the Court for such an Order within five (5) days of receiving the notice, the recipient of the notice's objection to the claim of privilege shall be waived.  A disputed document may be used in connection with such a motion or opposition thereto, in accordance with the procedures set forth in paragraph 7.  No party, however, may use any such document or any information contained in it for any other purpose before (i) such a motion is resolved, or (ii) the time for filing such a motion has expired.  If the Court rules that the document is privileged, all parties shall return the document, and any other copies of it in their possession or control, to the Producing Party.  If the Court rules that the document is not privileged, the parties need not keep the document segregated any longer.

RESERVATION OF RIGHTS:

14.    Producing or receiving documents and other information in accordance with the Stipulation or failing to object thereto, shall not:

(a)     Constitute a waiver by any person or party of any right to object to or seek a further protective order with respect to any request for information in this arbitration or in any other action;

(b)     Operate as an admission by any party that any particular documents or other information comprise or reflect trade secrets, proprietary information or any other type of confidential information;

10

(c)    Prejudice or waive in any way the rights of the parties to object to the production of documents they consider not subject to discovery for any reason other than the confidentiality of the documents;

(d)    Prejudice or waive in any way the rights of any party to object to the authenticity, relevancy or admissibility into evidence of any document, testimony or other evidence subject to the Stipulation; or

(e)    Prejudice or waive in any way any claim or defense with respect to the proceeding.

15.    Nothing in this Stipulation shall prevent any party from using or disclosing its own documents or information, or from using or disclosing any information it otherwise has received from any source other than a Producing Party.

16.    In the event that disclosure of any Confidential or Highly Confidential Information is sought from anyone who is subject to this Stipulation pursuant to a lawful subpoena, demand by governmental authority or other legal process, such person or entity shall, upon receipt of such request, notify the Producing Party within seven (7) days of the request for disclosure.  The Producing Party may then seek to prevent disclosure by filing a motion for protective order or take other appropriate action and, if so, the Confidential or Highly Confidential Information shall not be disclosed until the Producing Party has a reasonable opportunity to file such motion or take such action.

17.    This Stipulation may be modified or amended by agreement of all parties, subject to approval by the Court, or by order of the Court for good cause shown.

18.    This Stipulation shall not act as a shield for any person or entity to refuse to disclose any information that it is, by law, rule, and/or court order, obligated to disclose.

19.     This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

20.     In the event that any person or entity subject to this Stipulation violates or gives reason to believe that he or she will violate this Stipulation, the aggrieved party shall be entitled to petition the Court for an appropriate remedy.  All persons and entities subject to this Stipulation agree that money damages would not be a sufficient remedy for any breach of anticipatory breach of this Stipulation and that, in the event of any such breach or anticipatory breach, the aggrieved party shall be entitled, without the requirement of posting a bond or other security, to equitable relief, including an injunction and/or specific performance, in addition to all other available remedies.

DURATION OF ORDER:

21.     This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

22.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential or Highly Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or

shall be destroyed. Each Receiving Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy Confidential or Highly Confidential Information, and that such Confidential or Highly Confidential Information have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.

23.    Where a party has provided Confidential or Highly Confidential Information to a retained expert or consultant or any other person or entity, it shall be the responsibility and obligation of both the party, and the person or entity to whom or which the material was provided destroy the material, and certify in writing that it has been destroyed.  This paragraph does not apply to the copies of Confidential or Highly Confidential Information that have been submitted to and are in the possession of the Court.

24.    The Court will retain jurisdiction after the termination of this action to enforce the terms of this Stipulation.

Dated:  December __, 2009

     SO ORDERED:


_____
SARAH S. VANCE
United States District Court Judge

EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

```
----------------------------------------------------------------x
                                          :
UNITED STATES OF AMERICA,                 :
EX REL. BRANCH CONSULTANTS, L.L.C.,       :      Case No.: 06-cv-4091 (SSV)
                                          :
                      Plaintiff,          :            Sect.: R
                                          :
            v.                            :
                                          :      AGREEMENT TO RESPECT
ALLSTATE INS. CO., et al.,                :      CONFIDENTIAL MATERIAL
                                          :
                      Defendants.         :
                                          :
----------------------------------------------------------------x
```

I, _____, state that:

1.      My address is_____.

2.      My present employer is _____.

3.      My present occupation or job description is _____

_____

4.      I have received a copy of the Stipulation for the Production and Exchange of Confidential

Information (the "**Stipulation**") entered in the above-entitled action on

_____.

5.      I have carefully read and understand the provisions of the Stipulation.

6.      I will comply with all of the provisions of the Stipulation.

1

7.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential or Highly Confidential Information that is disclosed to me.

8.      I will return all Confidential or Highly Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential or Highly Confidential Information.

9.      I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.


Dated: _____          _____