UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------------------------x
                                                                 :
UNITED STATES OF AMERICA,                                        :
EX REL. BRANCH CONSULTANTS, L.L.C.,                              :    Case No.: 06-cv-4091 (SSV)
                                                                 :
                              Plaintiff,                         :    Sect.: R
                                                                 :
        v.                                                       :
                                                                 :
ALLSTATE INS. CO., et al.,                                       :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------x
```

## [PROPOSED] ORDER GOVERNING DISCOVERY

Having considered Defendants' Discovery Plan, and good cause appearing, IT IS HEREBY ORDERED:

I.  Document Discovery and Disputes

   1. Document discovery:

   a. By March 15, 2010 the parties shall substantially complete production in response to requests served by January 30, 2010, subject to any outstanding objections. The deadline set forth in this section shall not preclude any party from making additional follow-up document requests to parties or non-parties after January 30, 2010.

   b. The parties shall work to ripen written discovery disputes by February 15, 2010. On February 15, 2010 the parties shall serve motion papers to compel production concerning outstanding document discovery disputes. On March 1, 2010 the parties shall serve opposition papers, and on March 11, 2010 the parties shall serve reply papers. The deadline set forth in this section shall not preclude any party from making additional motions that may be appropriate.

II.     Deposition Discovery

1.     **Schedule.**  (a) On March 1, 2010, the parties shall serve lists of requested party depositions.  (b) The parties shall work cooperatively from March 1 to March 15, 2010 to schedule party depositions.  (c) Fact depositions of parties or non-parties may begin on March 15, 2010 subject to any issues related to pending discovery motions.  (e) The deadline set forth in this section shall not preclude any party from making additional requests for depositions after January 30, 2010.

2.     **Number.**  The presumptive limitation on number of depositions by defendants set forth in Rule 30(a)(2)(A)(i) shall not apply.   Defendants shall be limited to a reasonable number of depositions.

3.     **General.**  All parties shall use their best efforts in making their present and former employees available for deposition without the need to serve subpoenas.  The parties shall not subpoena or notice the deposition of a party's present or former employees without first undertaking good faith efforts to obtain the deposition by agreement.

Unless agreed by the noticing party and the witness's counsel, all subpoenas or notices of deposition or documents shall be served at least twenty (20) calendar days before the deposition is scheduled to commence.  Reasonable efforts to avoid double-tracking and triple-tracking depositions shall be made by all parties.

4.     **Place of Deposition.**  Depositions of a current employee of a party shall take place in the city nearest the employee's place of employment or, at the witness's option, in New Orleans, LA, or another mutually agreeable location.

5.     **Deposition Duration**.  Depositions may be scheduled to occur on Mondays through Fridays and may be conducted from approximately 9:30 a.m. to 12:30 p.m. and from 1:30 p.m. to 5:00 p.m., unless otherwise agreed by the parties present at the deposition.  Depositions noticed by any defendant shall be limited to a reasonable amount of

2

time. The presumptive limitation on the duration of depositions by defendants set forth in Rule 30(d)(2) shall not apply.

6. **Costs and Accommodations**. Unless otherwise agreed, the party or parties who notice a deposition shall be responsible for paying the following fees and costs, where applicable: the appearance fee, the court reporter's traveling costs, the cost of an original of the transcript, and the cost of recording or videotaping the deposition. Other parties will bear the costs of the copying and delivery of any copies of the transcript, exhibits, videotape or recording that they have ordered.

The party or parties noticing a deposition shall be responsible for arranging suitable accommodations for it. For purposes of logistics and accommodations, parties are encouraged to inform the party who notices the deposition of their intent to attend no less than seven (7) days prior to the scheduled date of commencement of the deposition. To the extent practicable, the party or parties noticing a deposition shall provide a copy of each deposition exhibit to the witness and to counsel for each party during the deposition.

7. **Certain Deposition Discovery Obligations.** A timely motion for a protective order directed against the taking of a deposition in its entirety shall stay the deposition until the motion is adjudicated. A letter or telephone call to the Court advising of a forthcoming timely motion for a protective order directed against the taking of certain testimony in an ongoing deposition shall stay the deposition until the motion is adjudicated. However, the ongoing deposition should continue as to non-disputed matters and the time to conclude the depositions shall be extended to the extent needed to take or complete those depositions that have been postponed or stayed pursuant to this paragraph.

Dated: _____     _____
                                 United States Magistrate Judge