UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX REL.* BRANCH CONSULTANTS, LLC | CIVIL ACTION |
| VERSUS | NO: 06-4091-SSV-SS |
| ALLSTATE INSURANCE COMPANY, et al | |

### ORDER

On December 15, 2009, the parties were ordered to submit proposed discovery plans. Rec. doc. 227. The plaintiff, United States ex rel. Branch Consultants, LLC ("Branch"), and the defendants submitted discovery plans and responses. Rec. docs. 287, 289 and 298-300.

A.  Preliminary discovery schedule.

The parties shall proceed as follows.

1.  The parties shall proceed as promptly as possible with discovery on the twenty-seven properties identified in the first amended complaint concerning the current insurer defendants.[1]

---

[1] The amended complaint (Rec. doc. 49) lists 57 properties as follows:

| | | |
|---|---|---|
| 1. | Allstate | 20 properties |
| 2. | Fidelity | 10 properties |
| 3. | State Farm | 10 properties |
| 4. | Am. National | 9 properties |
| 5. | Liberty Mutual | 2 properties |
| 6. | Am. Reliable | 3 properties |
| 7. | Standard Fire/St. Paul | 3 properties |
| | Total | 57 |

Inasmuch as neither Allstate nor State Farm are parties in this litigation, this discovery order is applicable to the 27 properties identified for the other insurer defendants.

Discovery regarding properties other than the twenty-seven is deferred pending further orders.

2. If any party has not fully complied with the requirements of Fed. R. Civ. P. 26(a)(1), it shall do so by **Friday, January 29, 2010.**

3. The parties report that written discovery was served regarding the first amended complaint and the defenses raised by the defendants.

    a. If the parties responded to this written discovery and there are issues with the responses, by **Friday, January 29, 2010**, the parties shall file motions to compel with requests for expedited consideration.

    b. If the parties have not responded to this written discovery, they shall do so by **Tuesday, February 2, 2010.**

    c. If there are issues with any discovery responses received between now and February 2, 2010, the parties shall file motions to compel by **Tuesday, February 9, 2010**, with requests for expedited consideration.

    d. **The parties shall comply fully with L.R. 37.1** before filing any motion to compel.

4. By **Tuesday, February 2, 2010**, the parties shall serve any remaining written discovery regarding the first amended complaint and the defenses raised by the defendants.

    a. By **Wednesday, February 17, 2010**, the parties shall serve responses to this written discovery.

    b. If there are issues with any discovery responses to this written discovery, the parties shall file motions to compel by **Wednesday, March 3, 2010**, with requests for expedited consideration.

5.  By **Wednesday, February 3, 2009**, the parties shall file initial lists of persons to be deposed regarding the first amended complaint and the defenses raised by the defendants. Each list shall include contact information (either direct or through counsel) and a brief description of the information in the possession of the person to be deposed.

6.  The presumptive limitation on the number of depositions set forth in Fed. R. Civ. P. 30(b)(2)(A)(i) shall not apply. A limit on the number of depositions may be considered after the first lists of persons to be deposed are filed.

7.  By **Friday, February 12, 2010**, the parties shall make their best efforts to schedule depositions.

   a.  All parties shall use their best efforts to make present and former employees available for deposition without the need to serve subpoenas. The parties shall not subpoena or notice the deposition of a party's present or former employees without first undertaking good faith efforts to obtain the deposition by agreement.

   b.  Unless agreed by the noticing party and the witness's counsel, all subpoenas or notices of deposition or documents shall be served at least twenty (20) calendar days before the deposition is scheduled to commence. The first witnesses to be deposed from the preliminary lists shall not be multi-tracked. Thereafter, the parties shall be prepared to multi-track depositions.

   c.  Depositions of a current employee of a party shall take place in the city nearest the employee's place of employment or, at the witness's option, in New Orleans, or another mutually agreeable location.

        d.        The presumptive limitation on the duration of depositions set forth in Rule 30(d)(2) shall not apply. This will be reconsidered after the parties have some experience with the depositions. Unless the parties agree otherwise, depositions shall begin at 9:00 a.m. and last no more than seven hours with reasonable breaks.

        e.        The parties are encouraged to take depositions by telephone. For any telephone deposition, all exhibits to be used at the deposition shall be pre-marked and delivered to the witness and all counsel at least 48 hours prior the start of the deposition.

    8.    By **Tuesday, March 2, 2010**, the parties shall submit an agreed upon schedule for the depositions of the persons identified on the first lists of persons to be deposed. If they are unable to reach agreement on the scheduling of any depositions, by **Tuesday, March 2, 2010**, the parties shall submit a report on the areas of agreement and disagreement.

    9.    A telephone status conference is set for **Thursday, March 4, 2010, at 1:30 p.m. The parties are to dial: 866-312-1649, ID#52387858, promptly at 1:30 p.m.** If lead counsel is not able to participate, another lawyer shall participate who has authority to act for the client on all scheduling matters.

B.    <u>Plaintiff's motion to amend</u>.

The court will rule on the motion to amend as promptly as possible. After a final ruling on the motion, the court will consider amendments to this scheduling order.

C.    <u>Discovery of claims not included in first amended complaint</u>.

The filings by the defendants on the proposed discovery plan shall be considered as a motion for a protective order to limit discovery to the first amended complaint. If Branch wants to file a

further memorandum in opposition to defendants' request that discovery be so limited, it may do so by no later than **Thursday, January 28, 2010.** Inasmuch the defendants have the burden on seeking a protective order to limit discovery, they may file a reply by no later than **Monday, February 1, 2010.** At that time the matter will be taken under submission on briefs and without oral argument.

After a ruling on the motion, the discovery scheduling order may be amended.

D.  Confidentiality order.

The parties do not agree on the form of a confidentiality order.  As promptly as possible the court will choose one of the two orders.  In the meantime, all documents produced by any party shall be treated as confidential for use only in this litigation.

E.  ESI order.

The parties do not agree on the form of an ESI order.  As promptly as possible the court will choose one of the two orders.

F.  Order concerning avoiding duplication and non-waiver of privilege.

The defendants' proposed order will be entered.  Branch's request that the defendants be strongly encouraged to submit joint discovery requests is denied.

G.  Subcontractors' documents.

The issue raised by Branch will be resolved as promptly as possible.

IT IS ORDERED that the parties shall proceed in accord with the terms of this order.

New Orleans, Louisiana, this 20th day of January, 2010.

                                      **SALLY SHUSHAN**
                                **United States Magistrate Judge**

**cc: Chief District Judge Vance**