IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *EX REL.* BRANCH CONSULTANTS, L.L.C., | ) ) ) ) | |
| *Plaintiff* | ) ) | Case No. 2:06-cv-4091 |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| ALLSTATE INSURANCE COMPANY, et al., | ) ) ) | |
| *Defendants* | ) ) ) | |

BRANCH CONSULTANTS' RESPONSE
TO DEFENDANTS' MOTIONS TO SEVER

Plaintiff-Relator Branch Consultants, L.L.C. ("Branch") submits this response to the motions to sever filed by Standard Fire Insurance Company [Dkt. # 288] and Liberty Mutual Fire Insurance Company [Dkt. # 293]. In this action, Branch brings fraud claims on behalf of the United States against Standard Fire and Liberty Mutual. These fraud claims arise out of the same series of transactions or occurrences as the remainder of the claims at issue in this action.

I. Introduction

Standard Fire and Liberty Mutual would have the Court believe that, because the fraud concerned different properties, it did not involve a series of transactions or occurrences. This is incorrect. As WYO insurers, Standard Fire and Liberty Mutual are fiduciaries of the federal government who have access to National Flood Insurance Program ("NFIP") monies. *See* National Flood Insurance Program Write Your Own (WYO) Accounting Procedures Manual at D-1, attached as Exhibit 1 ("The Department of Health and Human Services Payment Management System (DHHS PMS) is the system

1001994v1/009717                                                1

currently utilized by FEMA to enable WYO Companies to draw funds as needed from the U.S. Treasury."). In this capacity, as fiduciaries of the United States, the insurer defendants made a series of withdrawals to fund the fraudulent flood insurance claims at issue. The withdrawals come from the U.S. Treasury and are drawn against letters of credit issued by FEMA. *See* 44 C.F.R. Part 62, App. A; *see also* 42 USC § 4017 (establishing the National Flood Insurance Fund); *Corliss v. South Carolina Ins. Co.*, No. Civ.A.03-2944, 2004 WL 2988497, at *2 (E.D. La. Dec. 14, 2004) ("WYOs keep the premiums that they collect on SFIPs in segregated accounts from which they pay claims and refunds on SFIPs. If the funds in the account fall below a sufficient amount [as they all did following Hurricane Katrina], the WYO pays claims by drawing on FEMA letters of credit."). This action arises out of the series of fraudulent withdrawals from the U.S. Treasury's National Flood Insurance Fund.

## II. Argument

Defendants concede that "Joinder is proper if: (1) any right to relief is asserted against the defendant jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action." Standard Fire Mem. at 4 citing Fed. R. Civ. P. 20. They also concede that the second prong of this test is readily met here. They merely contest the first prong. But in doing so, they have utterly failed to show that the Government's right to relief against them arises out of a different or unrelated series of transactions or occurrences. They have only shown that the claims involve different physical properties. This showing is not sufficient to support their motions.

Federal policy favors joinder, as the purpose of Rule 20 is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004) (quoting 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1652 (3d ed. 2001)); *Smith v. Northeastern Illinois University*, No. 98 C 3555, 2002 WL 377725, at *1-2 (N.D. Ill. Feb. 28, 2002). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Id*. (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) (superseded by statute on other grounds)).

In *DIRECTV*, the court faced motions postured similarly to those at issue here. There, DIRECTV had sued multiple defendants without alleging conspiracy or concerted action. The defendants had allegedly pirated DIRECTV content using unauthorized satellite equipment. The court concluded that joinder was proper and refused to sever claims against individual defendants because it found the claims to be logically related. "'Transaction' is a word of flexible meaning," the court explained. "It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *DIRECTV*, 220 F.R.D. at 631 (quoting *Mosley v. General Motors Corp*., 497 F.2d 1330, 1333 (8th Cir. 1974)). The court noted that DIRECTV would likely introduce similar or identical evidence against each of the defendants, which it found to further support a logical relationship among the multiple claims. And the court declined to find prejudice at the then-current stage of the case, reserving that decision for closer to trial. *Id*. at 632.

The *DIRECTV* case is on all fours here. This case involves an illegal scheme concocted by multiple defendants but no allegation of conspiracy or concerted action. The transactions or occurrences here are linked by both the immediateness of their connection and by their logical relationship. Similar and even identical evidence will likely be introduced against each defendant.

Moreover, in this action, Branch alleges a broad fraudulent scheme that encompasses each of the defendants. *See* Order dated 10/19/2009 (Dkt. # 228) at 57-58 ("There is no question that [Branch] has pleaded the existence of a broad scheme to defraud the government, as well as provided numerous individual examples that are allegedly part of the scheme."). The scheme involved systematically obtaining and submitting false flood insurance claims, actively concealing these practices from the government, and submitting a series of false claims, records, statements and certifications. First Amended Complaint ¶ 3. Not only did the defendants share a similar motive (inflating flood claims for the sake of their own financial gain), but they also shared means and opportunity (the WYOs' access to the U.S. Treasury and the National Flood Insurance Fund via the Department of Health and Human Services Payment Management System). To summarize, through a series of fraudulent withdrawals utilizing the DHHS Payment Management System, the insurer defendants misappropriated federal funds directly from the U.S. Treasury. Rule 20's requirements are therefore met. *Cf.* FEDERAL PRACTICE AND PROCEDURE § 1653 (stating that "language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping

proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court").

Standard Fire and Liberty Mutual also ask the Court to order separate trials for the purpose of minimizing potential prejudice against them. But, as was the case in *DIRECTV*, this issue is premature at this stage of the case and would be more appropriately raised under Rule 42 following the conclusion of discovery. The pending motions avoid mentioning Rule 42, perhaps because that rule employs an even less demanding standard for consolidating cases than Rule 20 does for joining parties. Under Rule 42(a), the claims against Standard Fire and Liberty Mutual can be tried with the rest of the action if the claims merely "involve a common question of law or fact"—a test indisputably met here.

Finally, Standard Fire and Liberty Mutual contend that the interests of judicial economy are better served by severing the claims against them and holding separate trials. This is also incorrect, as is best illustrated by the prospect of the Court and multiple juries sitting through repeat performances by government witnesses, Branch witnesses, plaintiffs' expert witnesses, and any expert witnesses that the defendants might jointly retain. In addition, the jury instructions will be the same. Efficiency is to be lost, not gained, from severing claims here.

### III. Conclusion

Standard Fire and Liberty Mutual are properly joined in this action under Rule 20. There is no basis for severing the claims against them. The motions should be denied.

DATED:  January 26, 2010                    Respectfully submitted,

SUSMAN GODFREY LLP

By: /s/ Jonathan Bridges

Jonathan Bridges (TX #24028835)
jbridges@SusmanGodfrey.com
901 Main Street, Suite 5100
Dallas, Texas  75202-3775

Tibor L. Nagy, Jr. (NY #4508271)
tnagy@SusmanGodfrey.com
654 Madison Ave., 5th Flr
New York, NY 10065

Matthew R. Berry (WA #37364)
mberry@susmangodfrey.com
1201 Third Avenue, Suite 3800
Seattle, WA 98101

  *and*

KANNER & WHITELEY L.L.C.

Allan Kanner (LA #20580)
a.kanner@kanner-law.com
701 Camp Street
New Orleans, LA  70130

  *and*

HERMAN, HERMAN, KATZ & COTLAR, LLP

Stephen J. Herman (LA #23129)
sherman@hhkc.com
Soren E. Gisleson (LA #26302)
sgisleson@hhkc.com
820 O'Keefe Avenue
New Orleans, Louisiana 70113

***Attorneys for Plaintiff/Relator***

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of January, 2010, I electronically filed the above and foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that a true and correct copy of this Notice was sent via electronic mail (pursuant to agreement) to Assistant United States Attorney Jay D. Majors.

                                                  /s/ Jonathan Bridges_____
                                                  Jonathan Bridges