UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA, *EX REL*.**<br>**BRANCH CONSULTANTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-4091-SSV-SS** |
| **ALLSTATE INSURANCE COMPANY, et al** | |

**ORDER**

Pursuant to the January 20, 2010 order, the defendants' filings on the proposed discovery plan are considered as a motion for a protective order to limit discovery to the first amended complaint. Rec. doc. 309. The parties shall submit further briefs as follows.

1.  By **Friday, February 5, 2010**, the defendants shall submit a joint memorandum in support of their request for a protective order.

2.  By **Friday, February 12, 2010**, Branch shall submit a memorandum in opposition.

3.  By **Wednesday, February 17, 2010**, the defendants may submit a joint reply.

The parties are urged to avoid repeating arguments made in their prior filings. The cases cited by the parties have been read carefully. The parties may brief any issue which they consider pertinent. In addition, they should respond to the following:

1.  What is the authority, both statutory and regulatory, for the government to recoup overpayments by it to insurers in the NFIP?

2.  What provisions are there (either in the statutes or the regulations) for the government to conduct audits of insurers in the NFIP regarding overpayments by it to insurers?

3.  What provisions are there (either in the statutes or the regulations) for the government to

sample and extrapolate to determine the amount of overpayments in the NFIP?

4. Is there any provision (either in the statutes or regulations) for administrative procedures or proceedings to adjudicate alleged overpayments to NFIP insurers?

5. Is there any provision (either in the statutes or the regulations) that requires the government to proceed by individualized claims adjudications for assessments of overpayments by the government to insures in the NFIP? See Chaves County Home Health Service v. Sullivan, 931 F.2d 914, 922 (D.C. Cir. 1991).

6. Are there any instances where the government (either administratively or in an FCA action) has employed sampling and extrapolation to recover overpayments from an NFIP insurer?

7. Are there any decisions on whether the government may use sampling and extrapolation to recover overpayments by the government from NFIP insurers?

8. Do you agree that whether the use of sampling and extrapolation is proper is a question of law and whether the sample size and related issues are appropriate are questions of fact? See Ratanasen v. State of California Department of Health Services, 11 F.3d 1467, 1469 (9th Cir. 1993).

9. How are the requirements of due process satisfied in a FCA *qui tam* action with sampling and extrapolation used to determine the amount that the government has overpaid to a NFIP insurer?

10. Do you agree with the following:

   a. Pleading an actual false claim with particularity is an indispensable element of a complaint that alleges a FCA violation and the corollary that a complaint is inadequate if it pleads a false scheme with particularity but fails to identify specific

        false claims. See <u>United States ex rel. Bledsoe v. Community Health System</u>, 501 F.3d 493, 504 (6th Cir. 2007).

b.   Where a relator pleads a complex and far-reaching fraudulent scheme with particularity, and provides <u>representative samples</u> of specific false claims submitted to the government pursuant to that scheme, a relator may proceed to discovery on the entire fraudulent scheme. See <u>Bledsoe</u>, 501 F.3d at 510-11.

c.   The examples of false claims pled with specificity should, in all material respects, including general time frame, substantive content, and relation to the allegedly fraudulent scheme, be such that a materially similar set of claims could be produced with a reasonable probability by a random draw from the total pool of all claims. See <u>Bledsoe</u>, 510 F.3d at 510-11.

11. Is the alleged false scheme described in the first amended complaint different from the alleged false scheme described in the proposed second amended complaint?

12. Are the examples cited by Branch in the first amended complaint representative samples of the alleged false scheme in the first amended complaint?

13. Are the examples cited by Branch in the proposed second amended complaint representative samples of the alleged scheme in the proposed second amended complaint?

New Orleans, Louisiana, this 28th day of January, 2010.

                                            **SALLY SHUSHAN**
                                            **United States Magistrate Judge**

**cc: United District Judge Vance**