UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA, *EX REL*. BRANCH CONSULTANTS, L.L.C.,** | **CIVIL ACTION NO.: 06-4091** |
| **Plaintiff** | **SECTION: "R" (1)** |
| **VERSUS** | **JUDGE: VANCE** |
| **ALLSTATE INSURANCE COMPANY, *et al.*,** | |
| **Defendants** | **MAGISTRATE: SHUSHAN** |

### FIDELITY DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS SECOND MOTION TO COMPEL

NOW INTO COURT, through undersigned counsel, come Defendants, Fidelity National Property and Casualty Insurance Company and Fidelity National Insurance Company, (hereinafter referred to collectively as "Fidelity"), Write-Your-Own ("WYO") Program insurance carriers participating in the United States Government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing herein in their "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] to respectfully submit this reply memorandum in further support of Fidelity's now-pending second motion to compel.

Fidelity submits the following point to the Court without any equivocation whatsoever. As of the filing of this reply memorandum on March 1, 2010, it has not received from Branch <u>any</u> flood estimates prepared by Branch regarding <u>any</u> of the pleaded properties set forth against Fidelity at paragraph 23 of the FAC. Not one.[4] As of today, Fidelity has absolutely no idea how

---

[1] 42 U.S.C. § 4001, *et seq.*
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).
[4] These were sought via Fidelity's Requests 1 and 6. (Doc. 323-4, Ex. 2)

-1-

Branch arrived at the numbers pleaded by Branch at paragraph 23 of the FAC. Not withstanding all of Branch's obfuscations and evasive maneuverings, Fidelity informs this Court as clearly as it can, that Branch has not provided one flood estimate on any of these properties. As this Court is well aware from years of Katrina litigation, there is no way for opposing parties to evaluate each other's positions as to the value of covered flood damage without exchanging the estimates. Importantly, Branch's counsel know this, having been personally involved in those other Katrina cases. Those same counsel always exchanged the estimates in those other cases.

Branch has provided a few wind estimates. However, it won't provide any of its flood estimates. Why Branch believes that its wind estimates are discoverable, but its flood estimates are privileged, is never explained. Clearly, Branch's counsel have maneuvered these proceedings so as to allow them to see the Defendants' estimates first. That was obviously their plan.

The current situation is as follows: Fidelity has not been told anything as to how Branch arrived (at the time this case was filed) at what it contends is the "correct" number for the covered flood claims that Branch affirmatively pleaded at paragraph 23 of the FAC. Fidelity, however, has provided to Branch the entirety of its claims files for all of those properties. Those claims files were produced to Branch on January 29, 2010. Branch has had a full month to study those claims files, and work with them, to arrive at Branch's explanation of why it believes Fidelity's estimates are wrong. Branch used this information to finally answer Fidelity's interrogatories <u>last week</u>.

Obviously for the purpose of hiding its antics, Branch now tells this Court in footnote 3 of its opposition memorandum that, "Branch cannot locate the claims files on certain of the Fidelity exemplar properties, and does not believe that they have been produced." <u>All</u> of the Fidelity properties were produced <u>together</u> on January 29, 2010, and not once has Branch's

counsel suggested to Fidelity's counsel (or to the Court) that any of the claims files were either not produced by Fidelity or lost by Branch. More important, this sentence by Branch in its footnote does nothing but evidence the point undersigned counsel made to the Court during the last conference. Fidelity believes that Branch's counsel is using Fidelity's files obtained during discovery to have counsel determine the basis of Branch's claims of fraud. **This is exactly the point about which Judge Senter expressed concerns in *Rigsby*.**

Brach has now had the opportunity to have its counsel pick apart Fidelity's adjustments. However, Branch contends that Fidelity and its counsel do not have the right to pick apart Branch's estimates. This is obviously unfair. As predicted, Branch has now been able to mingle its meager pre-suit knowledge with what it has learned from the Defendants' files during discovery.

Turning now to Branch's claims as to the Rule 37 conference, Branch asserts that, "At neither of those [Rule 37] conferences did the parties discuss the content of Branch's document production." This is demonstrably untrue. Branch's opposition to Fidelity's first motion to compel discusses at length the various discussions between counsel at the January 5, 2010 Rule 37 conference regarding Branch's failure to respond appropriately to Fidelity's Request for Production of Documents. Branch argued in that document that Fidelity's arguments about document production in its first motion to compel were "moot" because of "agreements" made <u>during</u> the Rule 37 conference.

Apparently, Branch is of the position that it was inappropriate of Fidelity to file a motion to compel regarding the Request for Production of Documents until Branch got around to actually providing the requested documents. If Fidelity concurred, it still would not have filed a motion to compel regarding these issues.

On January 20, 2010, this Court entered an Order governing these exact topics. (Doc. 309) That Order <u>required</u> the parties to file motions to compel regarding any then-outstanding discovery disputes on January 29, 2010. *Id.* at p. 2. As of that date, Fidelity had already conducted a Rule 37 conference with Branch regarding all three of its written discovery requests. Branch now pretends that it told Fidelity in that conference that it would comply, but this pretense is clearly belied by the fact that Fidelity still does not have responses. As of this date Branch has not tendered <u>any</u> supplemental or amending responses to Fidelity's Request for Production of Documents. The last response that Fidelity has to its Request for Production of Documents is that response attached to Fidelity's original motion to compel, that being Exhibit 2 to Document 323.

This Court made clear at the last status conference that it intended to get this case moving. The Court made clear to all involved that it wanted motions to compel filed, and it wanted them set for expedited hearing. Fidelity informed the Court during that last conference that it had already completed its Rule 37 conference with Branch counsel, and Branch counsel did not disagree. Fidelity then timely filed its motion to compel as directed by the Court, and is still awaiting responses. For Branch to now add to its litany of reasons why discovery is inappropriate, that Rule 37 was not complied with, is yet one more artful dodge.

Again, Fidelity does not have one single flood estimate from Branch that constitutes the supposed basis for the damage valuations expressly pleaded against Fidelity at paragraph 23 of the FAC. (See Doc. 323-4, Ex. 2, Requests 1 and 6) Fidelity does not have even one of the supposed detailed reports that Max Johnson swore under oath were prepared by Branch (not by counsel) during Branch's effort to persuade Judge Vance to deny the Defendants' motion to compel. (*Id.* at Request 2) Branch has not produced any meaningful evidence whatsoever

supporting its claims, yet has obtained from Fidelity all of Fidelity's claims files for the pleaded properties. All of what Fidelity was concerned about has happened.

In addition, Fidelity cannot find within any of that material how Branch has responded to the other items of the Request for Production of Documents put at issue by Fidelity's second motion to compel. Given that Branch contends that it has already produced this material, Fidelity asks that the Court grant Fidelity's motion in all respects, and order Branch to either produce the material immediately, or provide Bates numbers of all responsive materials already produced.

Fidelity again submits that further progress in this case would be materially advanced if this Court would order all parties to describe the Bates numbers of all documents produced in their response to all Requests for Production of Documents. When Fidelity produced its claims files via Rule 26 Disclosures to Branch, it affirmatively told Branch of the Bates numbers of each claims file for each different property. Branch has never complained about the organization with which Fidelity presented its materials to Branch. All that Fidelity asks that it be treated with the same level of attention to detail, so that all involved can spend more time on the merits of the case, and less time guessing at what may or may not have been produced.

At bottom, **Branch's posture towards discovery comes down to this:** Branch, by virtue of nothing other than the first sentence of paragraph 3 of the FAC, claims to have unlimited rights to discovery as to all WYO carrier practices regarding all Hurricane Katrina claims.[5] The Defendants, by virtue of nothing other than Branch's counsels' claims of privilege, are apparently not entitled to discover ANY of Branch's documents - - not the estimates, not the detailed reports, and not the confidential disclosure statements,[6] nothing. Given Branch's inappropriate maneuverings designed to mingle its pre-suit knowledge with what it has learned

---

[5] This is claim smuggling, pure and simple.
[6] Sought via Request 10. (Doc. 323-4, Ex. 2)

-5-

from the Defendants <u>during</u> this case, all Defendants are genuinely prejudiced if the Court does not order production of <u>all</u> of these materials.

Fidelity prays that its motion to compel will be granted in all respects, and that Branch be required to provide all documents in its possession, custody, or control that are responsive to any of the Request for Production of Documents put at issue by Fidelity's second motion to compel. Dated: this 1st day of March, 2010.

Respectfully submitted,

NIELSEN LAW FIRM, LLC

*/s/ Gerald J. Nielsen*
Gerald J. Nielsen (17078)
gjnielsen@aol.com
William T. Treas (26537)
wtreas@nielsenlawfirm.com
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
P: (504) 837-2500
F: (504) 832-9165
Attorneys for Fidelity National Insurance Company
and
Fidelity National Property and Casualty Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has this date been served upon all parties to this suit through counsel via electronic mail and/or by placing same in the United States mail, postage prepaid and properly addressed on this 1st day of March, 2010.

*/s/ Gerald J. Nielsen*
Gerald J. Nielsen