UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

-----------------------------------------------------------------x
:
UNITED STATES OF AMERICA,                                        :
EX REL. BRANCH CONSULTANTS, L.L.C.,                              :   Case No.: 06-cv-4091-SSV-SS
:
                 Plaintiff,                              :   Sect.: R
:
     v.                                                         :   Judge Vance
:
ALLSTATE INS. CO., et al.,                                       :   Magistrate Judge Shushan
:
                Defendants.                             :
:
-----------------------------------------------------------------x

**THE STANDARD FIRE INSURANCE COMPANY'S RESPONSE TO BRANCH
CONSULTANTS, L.L.C.'S MEMORANDUM IN
SUPPORT OF ITS NOTICES OF RULE 30(B)(6) DEPOSITION
<u>CONCERNING ELECTRONICALLY STORED INFORMATION[1]</u>**

      Branch Consultants, L.L.C. ("Branch") has had The Standard Fire Insurance Company's ("Standard Fire") files regarding the two properties at issue since late January, yet not a single word is written in support of Branch's notices about what ESI is needed to litigate the alleged fraud described in the First Amended Complaint ("Complaint") with respect to the two Standard Fire flood claim properties at issue in this action. Branch's entire memorandum is aimed at gaining carte blanche access into Standard Fire's ESI to discover additional properties and currently unknown hypothetical Hurricane Katrina-related "mistakes." This violates the

---

[1]     Dkt. No. 453 (March 5, 2010).

Fifth Circuit's direction in *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 195 (5th Cir. 2009) (False Claims Act discovery to be "targeted to the claims alleged, avoiding a search for new claims"). This brief response by Standard Fire addresses certain misleading statements in Branch's memorandum.

First, this Court has explicitly held—and Branch has explicitly recognized—that discovery in this case is limited to the properties described in the Complaint and the "loss-shifting scheme" alleged therein. Dkt. No. 417 at 17; Branch's Objection to Colonial Interrogatory No. 23 ("Plaintiff further objects that the Magistrate Court, at this time, has limited discovery to the properties identified in the First Amended Complaint"); *see also* Dkt. No. 309. The "loss-shifting scheme" simply cannot apply to the allegations against Standard Fire in the Complaint. Neither Standard Fire nor its affiliates issued the flood or homeowners policy for one of the three properties listed in paragraph 31 of the Complaint (which purports to identify properties insured by Standard Fire). With respect to the other two properties identified by Branch, Standard Fire issued only the flood policy—neither Standard Fire nor its affiliates issued the homeowners policy. There should be no further inquiry into Standard Fire. *See* Dkt. No. 417 at 17.

Second, this Court has already rejected Branch's effort to conduct discovery regarding every potential error involving a Hurricane Katrina claim under the guise of an "inflated-revenue" scheme involving "price lists," "depreciation," and the like. *Id.* Branch essentially concedes that the deposition discovery it seeks concerning "specific adjusting issues" falls into these prohibited areas which are outside the scope of this case. Accordingly, no deposition related to these matters should occur.

Shamelessly, Branch argues that it should be given unlimited and unrestricted access to "general IT systems" and the alleged "inflated-revenue scheme" because it assumes

this Court's correct rulings on the scope of discovery will be reversed and it is more "economical" to assume reversal and allow discovery now.  *See* Dkt. No. 453 at 4 n.3.  Branch is wrong.  This Court properly limited discovery to the properties described in the Complaint and the allegations therein.  It is also most efficient to proceed in accordance with the Court's order that is currently in place rather than predicting unknown future orders.  Pretending that the Court's orders will be vacated is absurd.  Further, to allow the carte blanche access Branch seeks would require multiple witnesses on *irrelevant* topics, which is not efficient at all, and fails to comport with the Sedona Principles.

Dated:  March 8, 2010

Respectfully submitted,

PHELPS DUNBAR LLP

/s/ Harry Rosenberg_____
Harry Rosenberg (11465)
rosenbeh@phelps.com
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone:  (504) 566-1311

SIMPSON THACHER AND BARTLETT LLP
Bryce L. Friedman  (*pro hac vice*)
bfriedman@stblaw.com
425 Lexington Avenue
New York, New York 10017
Telephone:  (212) 455-2000

Deborah L. Stein (*pro hac vice*)
dstein@stblaw.com
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Telephone:  (310) 407-7500

**Attorneys for The Standard Fire Insurance Company**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has this date been served upon all parties to this suit through counsel by filing into the Court's electronic filing system on this 8th day of March, 2010.

/s/ Harry Rosenberg