UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL BRANCH CONSULTANTS, LLC | CIVIL ACTION NO. 2:06-4091 |
| | SEC. R,  MAG. 1 |
| VERSUS | |
| | JUDGE: VANCE |
| ALLSTATE INSURANCE COMPANY, ET AL. | MAGISTRATE: SHUSHAN |

<u>**MEMORANDUM IN SUPPORT OF MOTION TO QUASH AMENDED NOTICE OF DEPOSITION OF THE CORPORATE REPRESENTATIVE OF COLONIAL CLAIMS CORPORATION, AND ALTERNATIVELY, FOR PROTECTIVE ORDER**</u>

**MAY IT PLEASE THE COURT:**

Nominal Plaintiff, Branch Consultants, LLC, served an Amended Notice of Colonial's corporate deposition in December 2009, including six (6) topics concerning ESI.[1]  On February 26, 2010, Branch served another corporate ESI deposition notice on Colonial,[2] which expanded significantly in scope beyond that of the December 2009 notice.  The number of topics grew from six (6) to eighteen (18), and delve more invasively into Colonial's affairs.  The February 26, 2010 notice  drew objections substantially the same as those of Colonial's co-defendants', and additionally, objections shared by Colonial and Defendant SIMSOL, as both are independent adjustors, not insurers, and Colonial did not adjust any Katrina wind claims in Louisiana.  These objections correlate to high degree with this Court's findings that Branch only pled, and is limited

---

[1]Exhibit A.

[2]Exhibit B.

to, a loss-shifting theory of fraud.

In a March 3, 2010 in-person status conference, the Court articulated its intention that ESI depositions proceed.  The Defendants' most recent ESI deposition objections had not yet been ruled upon.  Branch Consultants, LLC's corporate ESI deposition of Colonial Claims Corporation was scheduled for the morning of March 18, 2010, at its office in Dunedin, Florida (outside of Tampa-St. Petersburg-Clearwater).  On March 17, 2010, at 1:27 p.m. CST, this Court entered Record Doc. 464, an Order on the Defendants' objections to Branch's corporate ESI deposition notices.  In pertinent part, the Order provides:

> *2. The objections of Simsol Insurance Inc. and Colonial Claims (Rec. docs. 449 and 450) are GRANTED in PART and DENIED in PART. The ESI depositions of the Adjuster Defendants are limited to the areas of examination found in the notices served in November and December, 2009 as applicable to the Adjuster Defendants. See Rec. doc. 451 (Exhibits A and B).*
>
> *3. The ESI depositions of the Adjuster Defendants shall be scheduled for dates after the completion of the ESI depositions of the Insurer Defendants.*
>
> *4. The court will rule on the objections to the later filed ESI deposition notices after the District Judge rules on the motion to file second amended complaint.*

Undersigned counsel for Colonial, upon learning of Mag. Shushan's Order at around 3:00 p.m. Eastern Time on April 17, 2010, immediately telephoned Branch attorneys Matthew Berry and Alan Kanner, and notified them that in light of the Order, the Colonial deposition would not go forward the following day.  Simultaneously, undersigned's office transmitted email to all parties notifying of the cancellation of the Colonial ESI deposition. In conversation with the undersigned, Mr. Berry was afforded the particular explanation that, *inter alia*,  permitting the deposition could (without a specific limiting agreement) amount to a waiver of Colonial's rights and result in Branch forcing multiple or duplicative corporate ESI depositions upon Colonial.  This is especially the case

in light of the additional matters contained in Branch's February 26, 2010 ESI deposition notice,

objections to which remain pending until after disposition of Branch's appeal to Judge Vance of its

motion for leave to file a Second Amended Complaint.  This appeal is presently subject of a globally

consensual Motion to Continue.  If granted, hearing of the appeal will not occur until April 14, 2010.

As appears in Colonial's recently filed Motion to Clarify the March 17, 2010 Order (Record

Doc. 469), adopted and reiterated herein by reference, Mr. Berry contacted undersigned during the

evening of Friday, March 19, 2010, one day after the cancelled ESI deposition, seeking to reschedule

the deposition to a date between April 8 and April 16, 2010.  In the interim, absolutely nothing had

changed to warrant rescheduling of a deposition whose reasons for cancellation were still extant, and,

given reasonable foresight and logic, would remain so until disposition of the appeal and still-

pending objections.  The resulting email exchange between Mr. Berry and undersigned is reproduced

in said Record Doc. 469. Colonial's reticence, as explained again to Mr. Berry, derives from a

number of considerations stated in the email exchange.  These include, without limitation, (a) that

the Court, but not Branch, has been mindful of protections due to the adjustor defendants, especially

in light of special status derived from  Colonial not having issued insurance policies or adjusted

Katrina wind claims in Louisiana; (b) the foregoing, in light of the present ruling of this Court

limiting Branch to a loss-shifting fraud theory; (c) paramount objectives of avoiding undue burden,

expense, and overly invasive discovery; (d) that the permissible scope of ESI depositions depends

upon two events which have not yet occurred, namely, Judge Vance's ruling on Branch's appeal, and

Mag. Shushan's ruling on Defendants' ESI objections; (e) that Branch's haste is without regard to

Colonial's right to avoid multiple corporate ESI depositions should the Court's future rulings

countenance any of the topics Branch poses in its February 26, 2010 ESI notice, presently beyond

the scope of ESI discovery according to the March 17, 2010 Order.

Nonetheless, recognizing that discovery is essential to the progress of this matter, undersigned suggested to Branch that either (a) Branch and Colonial join in an agreement limiting Branch to the one corporate ESI deposition it requests between April 8 - 16, 2010, within strict limitations set forth in the March 17, 2010 Order, or (b) that Branch and Colonial join in a Motion to Clarify the March 17, 2010 order, to the extent that it permits any interpretation whereby Branch gets "two bites at the apple." Branch flatly declined Option (a), and evidently, does not wish to risk finding that its interpretation of the Order is skewed and self-serving. Branch did not respond whatsoever to undersigned's suggestion of a joint Motion to Clarify. Therefore, Colonial moved unilaterally at 5:25 p.m. Central Time on March 22, 2010 to clarify Mag. Shusan's March 17, 2010 respecting corporate ESI depositions of non-insurer defendants, also filing a Motion for expedited hearing three minutes later.

A short time later, at 6:37 p.m. Central Time, March 22, 2010, undersigned counsel received the following email message (italicized for visual clarity) from counsel for Branch, along with the Amended Notice of Deposition of the Corporate Representative of Colonial Claims Corporation attached as **Exhibit C** hereto, ostensibly constituting *some* response, albeit contentious, to Colonial's suggestions of cooperation:

*from    Matthew R. Berry <mberry@susmangodfrey.com>*
*to      Brian Gilbert <bgilbert@briangilbertlaw.com>*
*cc      Allan Kanner <A.Kanner@kanner-law.com>,*
*"Annemieke M. Tennis" <a.tennis@kanner-law.com>,*
*"C. Whiteley" <C.Whiteley@kanner-law.com>,*
*Donald Ridenour <dridenou@susmangodfrey.com>,*
*Jonathan Bridges <jbridges@susmangodfrey.com>,*
*r.casey@kanner-law.com,*

*Soren Gisleson <sgisleson@hhkc.com>,*
*Steve Herman <SHERMAN@hhkc.com>,*
*"Tibor L. Nagy" <tnagy@susmangodfrey.com>,*
*Angie Arceneaux Akers <aakers@lpwsl.com>,*
*Bryce Friedman <bfriedman@stblaw.com>,*
*Christopher Pennison <cpennison@lpwsl.com>,*
*Deborah Stein <dstein@stblaw.com>,*
*Gerald Nielsen <gjnielsen@aol.com>,*
*"Gordan P. Serou" <gps@seroulaw.com>,*
*Harry Rosenberg <rosenbeh@phelps.com>,*
*James Rather <jrather@sutton-alker.com>,*
*Jay Lonero <jlonero@lpwsl.com>,*
*Joe Deems <Joe.deems@gmail.com>,*
*John Joyce <jjoyce@barrassousdin.com>,*
*Judy Barrasso <jbarrasso@barrassousdin.com>,*
*Keith Magness <kmagness@barrassousdin.com>,*
*Michael Martin <mmartin@bestkoeppel.com>,*
*Peter Koeppel <peterklaw@aol.com>,*
*Russell Yager <ryager@velaw.com>,*
*Ted DeBonis <tdebonis@stblaw.com>,*
*William Treas <wtreas@nielsenlawfirm.com>*
*date     Mon, Mar 22, 2010 at 6:37 PM*
*subject          RE: Branch: Colonial ESI Deposition*

*hide details 6:37 PM (34 minutes ago)*

*Brian,*

*Attached is an updated Rule 30(b)(6) notice of ESI deposition for 9:00 am on April 12, 2010.  We remain willing to reschedule the deposition to a different date during that week if it's more convenient for you or your client.*

*It's our understanding that you will refuse to produce a witness on the basis of your pending motion for clarification.  Please correct me if we're wrong.*

*Thank you.*

*Matt*

Colonial respectfully moves for relief permitting Branch only one legitimate opportunity to

conduct the corporate ESI deposition of Colonial Claims Corporation.

## **LAW AND ARGUMENT**

Branch declines to heed genuine questions raised in good faith as to the effect of this Court's March 17, 2010 Order, and would sooner act upon what may be its own logically flawed, self-serving misinterpretation of the Order than cooperate and seek the Court's instruction. Branch's actions jeopardize axiomatic paradigms of discovery - that it not be unduly invasive, and that it not needlessly increase burden or expense.[3] Undersigned respectfully suggests that this Court quash Branch's Amended Notice of Deposition of the Corporate Representative of Colonial Claims Corporation, or alternatively, render a Protective Order delimiting Branch's rights with respect to the deposition.

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; Rule 26(c)(1). District courts have "wide discretion to limit the scope of discovery based on the rights and needs of the parties." *Miller v. Regents of University of Colorado*, 188 F.3d 518, *12 (10th Cir. 1999) (Table) (1999 WL 506520). "Obviously, if the sought-after documents are not relevant, nor calculated to lead to the discovery

---

[3] "Judge Vance has already cautioned against adding needless complications "into a litigation that is already extremely complicated." 02/12/10 Order Striking Third Party Complaint (Record Doc. 376) at p. 23." Branch Motion for Prot. Order.

of admissible evidence, then any burden whatsoever imposed would be by definition undue."

*Arigbon v. Multnomah County*, 2009 WL 3335064, *2 (D. Or. October 15, 2009) (discussing

motion to quash subpoena); *see also Millennium Marketing Group, LLC v. United States*, 2008

WL 4461999, *4 (S.D. Tex. Sept. 29, 2008) ("It is certainly reasonable that discovery efforts and

endeavors not relevant to the elements of the claims in this phase of the trial would not only be

an annoyance, but also burdensome and costly."); *United Steelworkers of America, AFL-CIO v.*

*Allegheny Ludlum Corp.*, 2002 WL 31002836, *2 (W.D. Pa. May 29, 2002) ("A protective order

may be appropriate to prevent discovery into irrelevant issues.").

      Courts generally have refused to permit a second Fed. R. Civ. P. 30(b)(6) deposition of an

organization that has already been deposed.  *Pasadena Assicurazioni-Societa Azioni v. M/V*

*Carribean Express I*, 1999 WL 30966, at *2 (E.D. La. Jan. 21, 1999) (second deposition would

be unduly cumulative or duplicative); *Lernout v. KPMG*, 225 F.R.D. 64, 66 (D. Mass. 2004)

(first deposition represented ample opportunity, and topics in second notice were identical or

subsumed within topics from the first notice); *Barron v. Caterpillar, Inc.*, 168 F.R.D. 175 (E.D.

Pa. 1966).  Branch seeks to thwart this fundamental rule, yet given foresight that the Court's

pending rulings will affect the scope of Colonial's deposition, cannot plausibly argue that

Colonial must submit before such rulings exist. To suggest as much belies Branch's true

intention, that is, to exploit the Court's March 17, 2010 Order at the expense of Colonial being

subject to a duplicative deposition because Branch would not wait to learn the permissible scope

of ESI discovery.

      Mover respectfully suggests that the Court must not countenance Branch's libertine

conduct, seemingly devoid of any good faith effort to litigate within the bounds of fundamental

fairness embodied in the Federal Rules of Civil Procedure and this Court's rulings to date.

Mover respectfully prays for relief in the form of an Order to Quash, and/or Protective Order, in

one or more of the following respects:

1.      That Branch may proceed with its deposition during the requested dates of April 8 - 16,

        2010, in strict accord with this Court's March 17, 2010 Order, but will be deemed to have

        waived a subsequent deposition should any of the pending rulings otherwise afford

        greater latitude to Branch's examination;

2.      That the Court stay Colonial's corporate ESI deposition pending the outcome of the

        matters not yet ruled upon, including but not limited to ESI Objections, Branch's appeal

        of this Court's denial of leave to file a Second Amended Complaint, and/or Colonial's

        Motion to Clarify the March 17, 2010 Order;

3.      That the Court quash Branch's March 19, 2010 notice of deposition;

3.      Any other relief to which Colonial may be entitled in the Court's discretion.

<u>CONCLUSION</u>

        For the foregoing reasons, Colonial Claims Corporation respectfully prays for an Order

quashing Branch Consultants, L.L.C.'s March 19, 2010 corporate ESI deposition notice, and/or a

Protective Order limiting the timing and scope of the ESI deposition in accord with the Federal

Rules of Civil Procedure and Orders of this Court.

                                        Respectfully submitted,

                                        **BEST KOEPPEL TRAYLOR**

                                        **\s\ Brian A. Gilbert**
                                        PETER S. KOEPPEL (La. Bar #1465)
                                        BRIAN A. GILBERT (La. Bar # 21297)

2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile:  (504) 524.1024
E-Mail:   bgilbert@briangilbertlaw.com

*Counsel for Colonial Claims Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via ECF Upload, U.S. Mail, first class postage prepaid and properly addressed, and/or via facsimile and/or electronic mail, this 23d day of March, 2010.

\s\Brian A. Gilbert

Courts generally have refused to permit a second Rule 30(b)(6) deposition of an organization that as already been deposed. *Padana Assicurazioni-Societa Azioni v. M/V Caribbean Express I*, 1999 WL 30966, at *2 (E.D. La. Jan. 21, 1999) (Wilkinson, M.J.) (second deposition would be unduly cumulative or duplicative); *Lernout v. KPMG*, 225 F.R.D. 64, 66 (D. Mass. 2004) (first deposition represented ample opportunity, and topics in second notice were identical or subsumed in topics from the first notice); *Barron v. Caterpillar, Inc.*, 168 F.R.D. 175 (E.D. Pa. 1996). Plaintiffs cannot plausibly contend that a second deposition is justified by any limitations placed on Phase I discovery because this Court expressly *permitted* discovery during Phase I concerning the topics in their prior notice. (Phase I Order at 1-2). As such, plaintiffs' attempt to take a second Rule 30(b)(6) deposition is squarely contrary to these cases.