UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA *EX REL.*** | * | **NO: 06-4091** |
| **BRANCH CONSULTANTS, L.L.C.** | * | |
| | * | |
| **VERSUS** | * | **SECTION: R** |
| | * | |
| **ALLSTATE INSURANCE. CO., ET AL.** | * | **MAG.: 1** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ANPAC**

NOW INTO COURT comes Plaintiff, through undersigned counsel, who submits the instant Memorandum in Support of Motion to Compel American National Property and Casualty Company ("ANPAC") to produce the below reference documents.

**I.   ANPAC CONTINUES TO VIOLATE THE MOST BASIC OF THIS COURT'S DISCOVERY RULINGS.**

At the outset of the discovery process, this Court created basic ground rules for the parties to follow in order to quickly and efficiently cut through the static. ANPAC has ignored these ground rules. Consequently, Plaintiffs move the Court for an Order compelling ANPAC to produce the following: (1) claim files for all of the wind related claims of the exemplar properties adjusted by ANPAC of Louisiana and any other ANPAC subsidiary or related entity; (2) color photographs; and (3) documents without the watermark "ANPAC" obscuring the text.

**A.   ANPAC's Subsidiary Entity ANPAC of LA Adjusted Five of the Wind Claims of the Exemplar Properties.**

When Plaintiff propounded its Second Set of Discovery, it requested wind claims files of the exemplar properties adjusted by ANPAC and its subsidiaries and related entities.[1] Plaintiff

---

[1] ANPAC of Louisiana is a subsidiary of ANPAC. See ANPAC of LA Market Conduct Exam, at 5 attached as Exhibit "A".

defined "YOU" in the Discovery requests as follows: "'You' or 'Your' means Defendant American National Property & Casualty Company, its predecessors, successors, affiliates, subsidiaries, divisions, parent companies, partners, agents, employees, officers, directors, representatives, or beneficiaries."  <u>Plaintiff's First Amended Set of Document Requests to ANPAC</u>, attached as Exhibit "B".  Importantly, ANPAC did not object to this definition.

In response to Plaintiff's discovery request seeking the wind claims file for any of the exemplar properties, ANPAC misleading responded as follows:

> Subject to all of these objections, ANPAC did not provide insurance against wind damage that was effective on August 29, 2005 for the properties identified in paragraph 27 of the First Amended Complaint.

<u>ANPAC Responses to Plaintiff's First Amended Set of Document Requests</u>, at 10, attached as Exhibit "C".

ANPAC has represented time and time again that it did not underwrite the wind risk on any of the 27 properties on which it issued a flood policy.  As stated by ANPAC's counsel at the March 3, 2010 discovery conference:

> If I may, Jay Lonero, on behalf of American National Property and Casualty Company.  Solely for purposes of record, Your Honor, we join in the argument just presented and further state that with regard to American National Property and Casualty Company did not write any homeowners' in Louisiana and any homeowners' regarding the properties listed in the First Amended Complaint.

<u>3/03/2010 Status Conference Transcript</u>, at 8.

However, cases filed in federal court show that ANPAC's wholly owned subsidiary, "ANPAC Louisiana" wrote the wind risk on five of the exemplar properties.[2] Those properties include: (1) 4870 Alsace Street; (2) 4900 Alsace Street; (3) 4910 Alsace Street; (4) 4820 Alsace Street; and (5) 13661 N. Cavelier Drive.[3]

Accordingly, Plaintiff requests that this Court compel Defendants to produce the wind claims files for these five properties <u>as well as</u> any other wind claims files for any of the other exemplar properties in which its subsidiaries or affiliates wrote the wind policy.

### B.   Color Photos

At the Rule 37.1 conference, Plaintiff requested that ANPAC send color photographs of the exemplar properties, instead of the black and white photographs that ANPAC sent. <u>See, e.g., ANPAC Photographs</u>, attached as Exhibit "D". ANPAC's counsel stated that he was sent black and white photographs by their adjusters. However, he was unable to state whether the adjusters maintain color copies and requested seven days to determine the answer. Plaintiff has not received any response.

Color photographs of the properties is a reasonable request. Given the importance of the factual issues of the amount of water the properties received and the nature of the damage, color photographs are an important part of discovery – just as they are in every Katrina case.

### C.   Clean Document Production

---

[2] <u>See Patin v. American National Property and Casualty Co.</u>, No. 07-4605 (E.D. La.) (filed 8/28/07); <u>Nguyen v. ANPAC Louisiana Insurance Company</u>, No. 06-7961 (E.D. La.) (filed 10/12/06).

[3] Further, defense counsel for ANPAC in this matter defended ANPAC Louisiana in four of those five suits.

ANPAC produced documents electronically which have "ANPAC" blasted across the middle of the pages, blocking the text of the documents and obstructing the photographs.  See, e.g., ANPAC Contract with NFS, attached as Exhibit "E". In its ESI Order concerning the numbering of documents, this Court ruled that the documents should be numbered and "electronically burned onto the image at a place on the document that does not obscure, conceal, or interfere with any information originally appearing on the document."  2/10/10 Order, at 6 (Shushan, MJ) (emphasis supplied).

Plaintiff maintains that "ANPAC" covering each and every page of the text and photographs obstructs the reading and understanding of these documents.  As such, the entire production needs to be resent without "ANPAC" appearing in the body of the document but, rather, on one of the margins.

WHEREFORE Plaintiff respectfully requests that the above requested relief be granted.

Respectfully submitted,

By: /s/ Soren Gisleson

HERMAN, HERMAN, KATZ & COTLAR, LLP
Stephen J. Herman (LA #23129)
sherman@hhkc.com
Soren E. Gisleson (LA #26302)
sgisleson@hhkc.com
820 O'Keefe Avenue
New Orleans, Louisiana 70113

KANNER & WHITELY LLC

Allan Kanner (LA #20580)
a.kanner@kanner-law.com
Cynthia St. Amant (LA #24439)
c.stamant@kanner-law.com
701 Camp Street
New Orleans, LA  70130

SUSMAN GODFREY LLP

Jonathan Bridges (TX #24028835)
jbridges@SusmanGodfrey.com
901 Main Street, Suite 5100
Dallas, Texas  75202-3775

Tibor Nagy (NY #4508271)
tnagy@SusmanGodfrey.com
654 Madison Ave., 5th Flr
New York, NY 10065

Matthew R. Berry (WA #37364)
mberry@susmangodfrey.com
1201 Third Avenue, Suite 3800
Seattle, WA 98101

*Attorneys for Plaintiff/Relator*

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/ Soren Gisleson
SOREN GISLESON, ESQ.