UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX REL.* BRANCH CONSULTANTS, L.L.C., | CIVIL ACTION NO.:  06-4091 |
| Plaintiff | SECTION:  "R" (1) |
| VERSUS | |
| ALLSTATE INSURANCE COMPANY, et. al., | JUDGE:  VANCE |
| Defendants | MAGISTRATE:  SHUSHAN |

**MEMORANDUM IN OPPOSITION TO MOTION FOR EXPEDITED HEARING ON BRANCH'S MOTION TO COMPEL**

**MAY IT PLEASE THE COURT:**

American National Property And Casualty Company ("ANPAC") respectfully submits this memorandum in opposition to the *Motion for Expedited Hearing* (Rec. Doc. 505) filed by Branch Consultants, L.L.C. ("Branch").  Branch's single sentence *Motion for Expedited Hearing* provides no explanation whatsoever why expedited consideration of Branch's *Motion to Compel* (Rec.Doc. 504) is needed.   More importantly, Branch seeks, improperly, to expand this Honorable Court's subject matter jurisdiction.  The scope of discovery in this case is inextricably tied to this Honorable Court's subject matter jurisdiction.  As a result, ANPAC respectfully represents that Local Rule 73 and 28 U.S.C. § 636(b)(1)(B) must be followed to support a

1

hearing of Branch's *Motion to Compel* before your Honor.   ANPAC further respectfully represents that it will need sufficient time to fully prepare its legal arguments concerning subject matter jurisdiction and the improper aim of Branch's requests.   Branch's *Motion for Expedited Hearing* lacks merit and should be denied.

## NOTICE OF HEARING

Branch already served its *Notice of Hearing* (Rec.Doc. 504-4) for the referenced *Motion to Compel* setting a hearing date of Wednesday, April 28, 2010 which is only two weeks and two days away.   It is no surprise that Branch provides no elaboration on the need for hearing before April 28, 2010.   Branch is well aware there are no depositions currently going forward in this case that would call for expedited access to the materials in dispute. Expedited hearing is therefore not supported.   More importantly, rather than dealing with a routine discovery dispute, Branch's *Motion to Compel* itself raises fundamental, threshold considerations of the subject matter jurisdiction of this Honorable Court.

## SUBJECT MATTER JURISDICTION

Branch presents its *Motion to Compel* (Rec.Doc. 504) as though it were just a standard discovery motion.   In truth, Branch is attempting, improperly, to expand the subject matter jurisdiction of this Honorable Court.   Specifically, Branch seeks to compel ANPAC to produce "wind claims files" it alleges are maintained by "subsidiaries or affiliates" of ANPAC.   *See Memorandum in Support of Motion to Compel* at 3, (Rec.Doc. 504-1).   This Honorable Court must be guided by the particular allegations of fraud in this case.   Only ANPAC is named as a defendant in the *First Amended Complaint* (FAC). *See* FAC at ¶ 4, (Rec.Doc. 49).   Only ANPAC is alleged to be the party that "overstated flood damages" and "substantially underpaid for the damage that should have been attributed to wind."   *See* FAC at ¶ 4, 10, 20, (Rec.Doc. 49).   The

FAC is devoid of any allegations regarding ANPAC Louisiana Insurance Company[1] and/or its relationship with ANPAC.  Similarly, the FAC is bereft of allegations of any purported role played by "subsidiaries or affiliates of ANPAC" in the alleged loss-shifting scheme.

In short, the FAC contains no allegations whatsoever about the actions of "subsidiaries or affiliates" of ANPAC.  As will be more fully addressed in ANPAC's Memorandum in Opposition to Branch's Motion to Compel, attempts to "pierce the corporate veil" in an action based upon the False Claims Act must be plead with particularity in accordance with Fed.R.Civ.P. 9(b).  *See  e.g., U.S. ex rel. Pilecki-Simko v. Chubb Institute,* 06-3562, 2010 WL 1076228  *14 (D.N.J Mar. 22, 2010) (finding facts were insufficient to support veil piercing theory), *U.S. et al. ex rel. West  v. Ortho-McNeil Pharmaceutical, Inc., et al.*, 03-8329, 2007 WL 2091185, *5 (N.D. Ill. Jul. 20, 2007) (ordering dismissal where no facts were plead to support piercing the corporate veil theory).  Further, as this Honorable Court is well aware, the claims for which Branch is an "original source" are the sole underpinning of this Honorable Court's subject matter jurisdiction.  *See Rockwell Int'l Corp., v. United States*, 549 U.S. 457, 468-470, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007).

As your Honor correctly recognized, the "scope of discovery" in this case "hinges on an issue of subject matter jurisdiction." *See Report and Recommendation* at 1, (Rec.Doc. 484).  For this reason, the defendants' previous Motion for Protective Order (Rec. Docs. 289, 309) relating to the scope of discovery, though facially appearing as a routine discovery matter, was properly referred by District Judge Vance in accordance with Rule 73 of the Local Rules of this Court "for hearing and submission of Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)" because the motion and ruling involved findings regarding jurisdiction.

---

[1] ANPAC Louisiana Insurance Company is a separately organized, incorporated and licensed insurer that has not been named as a defendant in this litigation.

Respectfully, and in accordance with federal law and the local rules, the same procedure is warranted for hearing of Branch's *Motion to Compel* discovery that will improperly inflate the subject matter jurisdiction of this Honorable Court.  Just as this Honorable Court found that "it lacks subject matter jurisdiction over claims for properties identified through discovery" (Rec.Doc. 484), ANPAC respectfully will argue for a determination that this Honorable Court lacks subject matter jurisdiction to support discovery of claims relating to "subsidiaries or affiliates."

Considering the complexity and importance of the subject matter jurisdiction issues presented by Branch's *Motion to Compel* (Rec.Doc. 504), ANPAC respectfully represents that it will, at a minimum, need the thirteen days presently allotted to appropriately respond to Branch's *Motion to Compel*.  In opposition, ANPAC will present ample authority that this Honorable Court has no subject matter jurisdiction to support discovery of any documents relating to or allegedly maintained by "subsidiaries or affiliates" of ANPAC.

## CONCLUSION

Based upon the foregoing, American National Property And Casualty Company respectfully requests that Branch's *Motion for Expedited Hearing* (Rec.Doc. 505) be denied. Branch's motion lacks any support for expedited consideration.  Moreover, the significant questions regarding subject matter jurisdiction will require considerable evaluation.

Respectfully submitted,

**LARZELERE PICOU WELLS
     SIMPSON LONERO, LLC**
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA   70002
Telephone:     (504) 834-6500
Fax:  (504) 834-6565

**BY:**     ***/s/ Jennifer R. Kretschmann***
            **JAY M. LONERO, T.A. (No. 20642)**
                **jlonero@lwpsl.com**
            **CHRISTOPHER R. PENNISON (No. 22584)**
                **cpennison@lwpsl.com**
            **ANGIE ARCENEAUX AKERS (No. 26786)**
                **aakers@lwpsl.com**
            **JENNIFER R. KRETSCHMANN (No. 28646)**
                **jkretschmann@lwpsl.com**

            **ATTORNEYS FOR AMERICAN NATIONAL
            PROPERTY AND CASUALTY COMPANY**

## CERTIFICATE OF SERVICE

   I hereby certify that on this 12th day of April, 2010, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic

filing to all counsel registered for electronic service.  I further certify that I have served a copy of

the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-

mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class

postage prepaid.

                              */s/ Jennifer R. Kretschmann*