# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*EX REL.* BRANCH CONSULTANTS, L.L.C., | )<br>)<br>) | SECTION: "R" (1) |
| *Plaintiff* | )<br>) | Case No. 2:06-cv-4091 |
| v. | )<br>) | **JURY TRIAL DEMANDED** |
| ALLSTATE INSURANCE COMPANY, et al., | )<br>) | |
| *Defendants* | )<br>)<br>) | |

## BRANCH CONSULTANTS, LLC'S MEMORANDUM IN OPPOSITION TO LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION'S MOTION FOR PROTECTIVE ORDER

Plaintiff-Relator Branch Consultants, LLC ("Branch") files this Memorandum in Opposition to Louisiana Citizens Property Insurance Corporation's Motion for a Protective Order (R. Doc. 479).

In addition to Defendant's Motion for a Protective Order (R. Doc. 467) relating to Plaintiff's subpoenas to third parties, non-party Louisiana Citizens Property Insurance Corporation ("Citizens") filed its own motion with the Court (R. Doc. 479). Citizens raises many of the same arguments raised in Defendants' briefing, which was addressed in Plaintiff's Memorandum in Opposition (R. Doc. 487) filed March 30, 2010. Plaintiff will not repeat these arguments and responses here, though the Citizens motion raises additional issues requiring treatment.

Citizen's Motion for a Protective Order should be denied because Citizens failed to comply with Rule 37. Instead, Citizens spoke with Defendants' counsel and determined, without conferring with Plaintiff's counsel, that the matter could not be resolved. (R. Doc. 479-1). Citizens' counsel's discussions with other attorneys who themselves failed to attempt to have a

Rule 37 conference with Plaintiff as to the futility of the non-existent Rule 37 conference does not comply with the local rule.

As for the "especially egregious" requests upon Citizens for production of "manuals, instructions and guidelines, pricelists, and communications with insurers and adjusters," (R. Doc. 497-2 at 2) these materials are relevant to Plaintiff's claims, even if limited to the "loss shifting" scheme. In a catastrophic year, Citizens is funded by assessing insurers in the State of Louisiana based upon those insurers market share. As Citizens' own website explains:[1]

> In the event of a plan year deficit in either the FAIR or Coastal Plan, LA Citizens may declare a Regular Assessment in an amount up to 10% of industry premium for the assessable lines of business. Companies writing those lines must remit the amount of the assessment to LA Citizens, and may then subsequently choose to recoup that amount from their policyholders over the course of the next year. (Policyholders may, in turn, claim that amount as a credit against their Louisiana state income taxes.) If companies recoup more from policyholders than they paid to LA Citizens for the assessment, such excess recoupment must be remitted to LA Citizens.

Therefore, any wind loss at any given property is assessed to every WYO insurer who wrote wind insurance in the State of Louisiana. When Citizens pays on wind claims, it comes out of the pockets of Defendants. Considering that Citizens operates in "high wind risk" areas, this is a significant financial risk for the Defendants. Thus the information sought is relevant to any loss shifting that occurred at the 27 subject properties.

Plaintiff also notes that although Citizens has listed the "objectionable topics" as "items 1, 3, 4, 8, 9, and 10 of the subpoena," it has not responded at all to Plaintiff's requests, even for those items which it has no objection.

---

[1] Louisiana Citizens Assessment Information Center, "Overview," at http://www.lacitizens.com/Static_Content/ LA%20Citizens%20Assessment%20Information%20Center/Overview.mht.

For the foregoing reasons and those that are more fully set forth the Plaintiff's Opposition to Defendant's Motion for a Protective Order (R. Doc. 487), Citizens' Motion for Protective Order should be denied.

DATED:  April 13, 2010                        Respectfully submitted,


                                              KANNER & WHITELEY, L.L.C.


                                       By: /s/ M. Ryan Casey
                                              M. Ryan Casey (LA #31092)
                                              Allan Kanner (LA #20580)
                                              a.kanner@kanner-law.com
                                              Conlee S. Whiteley (LA #22678)
                                              701 Camp Street
                                              New Orleans, LA  70130

                                                   and

                                              SUSMAN GODFREY LLP

                                              Jonathan Bridges (TX #24028835)
                                              jbridges@SusmanGodfrey.com
                                              901 Main Street, Suite 5100
                                              Dallas, Texas  75202-3775

                                              Tibor L. Nagy, Jr. (NY #4508271)
                                              tnagy@SusmanGodfrey.com
                                              654 Madison Ave., 5th Flr
                                              New York, NY 10065

                                              Matthew R. Berry (WA #37364)
                                              mberry@susmangodfrey.com
                                              1201 Third Avenue, Suite 3800
                                              Seattle, WA 98101

                                                   and

                                              HERMAN, HERMAN, KATZ & COTLAR, LLP

                                              Stephen J. Herman (LA #23129)
                                              sherman@hhkc.com

3

Soren E. Gisleson (LA #26302)
sgisleson@hhkc.com
820 O'Keefe Avenue
New Orleans, Louisiana 70113

**Attorneys for Plaintiff/Relator**

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2010, a copy of the foregoing was served upon Defendants via the Court's ECF system and electronic mail..  I further certify that a true and correct copy of the above also was sent via electronic mail (pursuant to agreement) to Assistant United States Attorney, Jay D. Majors.

/s/ M. Ryan Casey