UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX REL.* BRANCH CONSULTANTS, LLC | CIVIL ACTION |
| VERSUS | NO: 06-4091-SSV-SS |
| ALLSTATE INSURANCE COMPANY, et al | |

## ORDER

RELATOR'S MOTION TO COMPEL (Rec. doc. 327)

**GRANTED IN PART AND DENIED IN PART**

In its motion to compel, the relator, Branch Consultants, LLC ("Branch") seeks an order compelling discovery from Liberty Mutual Fire Insurance Company ("Liberty Mutual"), American National Property and Casualty Company ("ANPAC"), American Reliable Insurance of Scottsdale ("American Reliable"), Standard Fire Insurance Company ("Standard Fire"), Fidelity National Insurance Company, and Fidelity National Property and Casualty Insurance Company (these two are collectively referred to as "Fidelity"). These defendants are sometimes referred to as the "Insurer Defendants". They submitted oppositions. See Rec. docs. 362, 364, 374, 375 and 377. Branch submitted a reply. Rec. doc. 395.

## INTERROGATORIES

Branch served each of the Insurer Defendants with the same set of four interrogatories which contained defined terms.

Interrogatory no. 1.

What are the total number and dollar amount of Covered Flood Claims submitted by you to the Government?

"Covered Flood Claims" means NFIP claims submitted by you to the Government on Covered Flood Properties as result of claims made in connection with Hurricane Katrina. See Rec. doc. 327 (Exhibit 1 at 7 - Definition no. 17).

"Covered Flood Properties" means properties serviced by you under the NFIP for which a claim was made against the NFIP flood policy in connection with Hurricane Katrina. See Rec. doc. 327 (Exhibit 1 at 7 - Definition no. 16).

Interrogatory no. 1 applies to properties serviced by an Insurer Defendant under the NFIP where: (1) a Katrina claim was made against the NFIP flood policy; and (2) the Insurer Defendant submitted these claims to the Government. The interrogatory seeks the total number of these claims and the total dollar amount of the claims.

Interrogatory no. 2.

What are the total number and dollar amount of Covered Wind Claims paid by you?

"Covered Wind Claims" means claims paid by you on Covered Wind Properties as a result of wind damage that occurred in connection with Hurricane Katrina. See Rec. doc. 327 (Exhibit 1 at 7 - Definition no. 19).

"Covered Wind Properties" means those Covered Flood Properties for which you provided insurance against wind damage that was effective on August 29, 2005. See Rec. doc. 327 (Exhibit 1 at 7 - Definition no. 18).

"Covered Flood Properties" means properties serviced by you under the NFIP for which a claim was made against the NFIP flood policy in connection with Hurricane Katrina. See Rec. doc. 327 (Exhibit 1 at 7 - Definition no. 16).

Interrogatory no. 2 applies to properties serviced by an Insurer Defendant under the NFIP

where: (1) a Katrina claim was made against the NFIP flood policy; (2) an Insurer Defendant provided insurance against wind damage that was effective on August 29, 2005; and (3) the Insurer Defendant paid claims as a result of Katrina wind damage. The interrogatory seeks the total number of such wind damage claims and total dollar amount of such claims paid by an Insurer Defendant.

Interrogatory no. 3.

What is the total amount of fees paid to you by the Government for servicing the Covered Flood Claims?

Interrogatory no. 3 cannot be understood without reference to the definitions for Covered Flood Claims and Covered Flood Properties which were employed in interrogatory no. 1. Interrogatory no. 3 applies to properties serviced by an Insurer Defendant under the NFIP where: (1) a Katrina claim was made against the NFIP flood policy; and (2) the Insurer Defendant submitted the claims to the Government. The interrogatory seeks the total amount of fees paid to the Insurer Defendant by the Government for servicing these claims.

Interrogatory no. 4.

Describe in detail all estimates made by you of the total losses you expected to incur as result of the damages caused by Hurricane Katrina, including but not limited to reserves set aside by you for Katrina losses, the date each such estimate was prepared and by whom.

There are no defined terms in interrogatory no. 4.

## ANALYSIS

The parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed R. Civ. P. 26 (b)(1). "(T)he determination whether such information is discoverable because it is relevant to the claims or defenses depends on the

3

circumstances of the pending action." Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments. Under Fed. R. Civ. P. 26(b)(1) the court must focus on the claims and defenses involved in the action. Id.

On March 26, 2010, it was recommended that the motion of the Insurer Defendants for a protective order be granted and that Branch's discovery be limited to the exemplar properties. Rec. doc. 484. Branch reports that it will file objections to this ruling. Rec. doc. 492. Although the recommendation that discovery be limited to the exemplar properties is subject to objection, at this time discovery into properties other than the exemplar properties is not relevant.

Branch's interrogatories seek information in the aggregate. It contends that, in addition to being relevant to the issue of *scienter*, the information sought will:

1. Reveal the extent to which each defendant attributed damage caused by Hurricane Katrina to wind and to flood. Rec. doc. 327 at 4.

2. Rebut affirmative defenses and demonstrate that the Insurer Defendants systematically adjusted wind claims differently from flood claims. Rec. doc. 327 at 8, and Rec. doc. 395 at 14.

3. Reveal the average size of each wind and flood adjustment. Rec. doc. 327 at 4.

4. Permit it to determine the average revenues and profits the insurers earned by adjusting flood claims as compared to their regular lines of business. It urges that this comparison is relevant to whether the Insurers Defendants adjusted flood claims in accordance with general company standards. Rec. doc. 327 at 4.

5. Reveal that the Insurer Defendants reduced their estimates of losses and reserves for losses from Hurricane Katrina after they realized that they could shift wind damage losses to the

>  flood policies. Rec. doc. 327 at 7.

6. Reveal the state of mind of the Insurer Defendants in relation to their claims handling settlement process. Rec. doc. 327 at 5-6, and Rec. doc. 395 at 10.

The Insurer Defendants contend that there is no jurisdictional basis for pursuit of the aggregate information. Rec. doc. 362 at 5. The aggregate information sought by the interrogatories is not relevant to the claims regarding the exemplar properties. The request for compelling the Insurer Defendants to provide such information will be denied.

The parties are required to conduct merit discovery on the properties identified in the first amended complaint. The four interrogatories will be limited to the properties identified in the first amended complaint. Subject to that limitation, it will be determined whether the information is discoverable.

Interrogatory no. 1.

The interrogatory seeks the total number of certain claims and the dollar amount of the flood claims. The Insurer Defendants shall provide Branch with the dollar amount of the flood claims on the properties identified in the first amended complaint.

Interrogatory no. 2.

The interrogatory seeks the total number of wind damage claims and total dollar amount such claims paid by an insurer defendant. If the Insurer Defendants provided wind coverage on the properties identified in the first amended complaint, they shall provide the dollar amount of the wind claims paid on these properties.

Interrogatory no. 3.

Interrogatory no. 3 seeks the total amount of fees paid to an Insurer Defendant by the

Government for servicing the Covered Flood Claims. Branch contends that the information is relevant to its allegation that the Insurer Defendants received a fee from FIA for writing and administering policies as well as for adjusting the claims. Rec. doc. 327 at 4. The amount of the fees paid to an Insurer Defendant for servicing Covered Flood Claims only has relevance to the inflated-revenue scheme. The Insurer Defendants are not required to provide information on the fee income earned on the flood claims on the properties identified in the first amended complaint.

Interrogatory no. 4.

>Branch requests that the Insurer Defendants,
>
>>Describe in detail <u>all estimates</u> made by you of the total losses you expected to incur as result of the damages caused by Hurricane Katrina, including but not limited to <u>reserves</u> set aside by you for Katrina losses, the date each such <u>estimate</u> was prepared and by whom.

Rec. doc. 327 (Exhibit 1) (emphasis added). The Insurer Defendants shall provide Branch with any such estimates for the properties identified in the first amended complaint.

>IT IS ORDERED that Branch's motion to compel (Rec. doc. 327) is GRANTED in PART and DENIED in PART in accord with the terms of this order.
>
>New Orleans, Louisiana, this 15th day of April, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**