# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA, *EX REL.*        CIVIL ACTION
BRANCH CONSULTANTS, LLC

VERSUS                             NO:  06-4091-SSV-SS

ALLSTATE INSURANCE COMPANY, et al

## ORDER

DEFENDANTS' MOTION FOR PROTECTIVE ORDER (Rec. doc. 467)

### GRANTED IN PART AND DENIED IN PART

CITIZENS' MOTION FOR PROTECTIVE ORDER (Rec. doc. 479)

### GRANTED IN PART AND DENIED IN PART

On March 8, 2010, Branch Consultants, LLC ("Branch") issued subpoenas to eleven non-

parties.  They may be divided into three groups: (1) adjusters; (2) wind carriers; and (3) Louisiana

Citizens Property Insurance Corporation ("Citizens") which is in a group by itself.[1]  The defendants[2]

filed a motion for a protective order to modify the subpoenas to limit discovery to the twenty-seven

properties applicable to the defendants which were identified in the first amended complaint ("FAC

---

[1] The adjusters are:  Bellmon Adjusters, Inc. ("Bellmon"); Wardlaw Claims Service, Inc. ("Wardlaw"); Sweet Claims Service, Inc. ("Sweet"); American Catastrophe Claims ("American Catastrophe"); and LMB Claims Solutions, LLC ("LMB").   The wind carriers are:   Southwest Business Corporation ("Southwest"); Amica Mutual Insurance Company ("Amica"); State Farm Mutual Automobile Insurance Company ("SFMA"); Lloyd's America, Inc. ("Lloyds"); and Republic Companies Group, Inc. ("Republic").

[2] The movers are:  Liberty Mutual Fire Insurance Company ("Liberty Mutual"); American National Property and Casualty Company ("ANPAC"); American Reliable Insurance Company of Scottsdale ("American Reliable"); Standard Fire Insurance Company ("Standard Fire"); Fidelity National Insurance Company and Fidelity National Property and Casualty Insurance Company (collectively referred to as "Fidelity"); Colonial Claims Corporation ("Colonial"); and Simsol Insurance Services, Inc. ("Simsol").  Colonial and Simsol are Adjuster Defendants.  The other movers are sometimes referred to the Insurer Defendants.

properties"). Rec. doc. 467. The subpoenas are Exhibit A to defendants' motion for a protective

order. The categories in the subpoenas on which relief is sought are identified on Exhibit B.

Citizens filed its own motion for a protective order and adopts the motion filed by the defendants.

Rec. doc. 479.[3]

A.      **Agreements between adjusters and Insurer Defendants for services for FAC properties.**

In category no. 1 of the Bellmon subpoena, Branch seeks:

> Any and all contracts, agreements, letters of engagements, or similar documents
> between You and Liberty Mutual, and/or any other individual, firm, or business
> known to be associated with services or work performed regarding the Property.

Rec. doc. 467 (Exhibit A). The "Property" is located at 7441 Fieldstone Road, New Orleans, LA

70126. Id. This is one of the two FAC properties insured by Liberty Mutual. Rec. doc. 49 at 30.

Category no. 1 in the subpoenas to American Catastrophe, Wardlaw, LMB and Sweet seek the same

information for different Insurer Defendants and other FAC properties.

The defendants contend that: (1) the discovery sought is not relevant; (2) it is not property

specific; (3) it seeks proprietary information regarding the retention of the non-parties by the Insurer

Defendants; and (4) the information is not limited to time and scope.

An agreement between Bellmon and Liberty Mutual for services or work performed

regarding Fieldstone Road may be obtained from either of them. Branch has not demonstrated that

the information, assuming it is discoverable, cannot be obtained from Liberty Mutual. The

protective order will be granted where the information is available from a party to the litigation. The

defendants' protective order is granted as to category no. 1 in the Bellmon, American Catastrophe,

---

[3] Pursuant to Fed. R. Civ. P. 26(c), the burden is on the mover to demonstrate that it is entitled to the relief sought in the motion for a protective order. In resolving the issues presented by these motions, the court is considering not only the filings on these two motions but the parties' prior filings to resolve the issue of whether the information sought is discoverable and from whom.

Wardlaw, LMB and Sweet subpoenas.

The issue remains whether the information sought is discoverable from the Insurer Defendants. Branch may discover a contract which has general application to FAC properties. The contract between Bellmon and Liberty Mutual under which Bellmon provided services to Liberty Mutual on Fieldstone Road as well as other properties is relevant to the parties' claims and defenses. Any amendments to the contract prior to the time Bellmon completed its work on Fieldstone Road are relevant. Once Bellmon completed its work on Fieldstone Road, any further amendments to the contract are not discoverable. To this extent the Bellmon/Liberty Mutual contract is discoverable from Liberty Mutual.

**B.    Agreements with wind carriers for adjustment of Katrina claims.**

In category no. 1 of in the Southwest subpoena, Branch seeks:

> Any and all contracts, agreements, letters of engagements, or similar documents between You and The Adjusting Firm associated with services or work performed regarding the adjustment of Hurricane Katrina Claims.

Rec. doc. 467 (Exhibit A). "The Adjusting Firm" refers to Wardlaw, one of the non-party adjusters. Category no. 1 for the subpoenas to Republic, Lloyds and SFMA seeks the same information for LMB and American Catastrophe.   Neither the wind carriers nor the adjusters are parties to this litigation. Branch has not demonstrated how the contracts between non-parties are relevant to the parties' claims and defenses.

For Amica, a non-party wind carrier, Branch seeks its contract with Colonial, an Adjuster Defendant. The request is not related to any of the FAC properties. Branch has not demonstrated how this information is relevant to the parties' claims and defenses.

The defendants' protective order is granted as to category no. 1 in the Southwest, Republic,

Lloyds, SFMA and Amica subpoenas.

**C.      E-mails regarding general adjustment of Katrina claims.**

In category no. 4 of the Bellmon subpoena, Branch seeks:

> All email communications between Michael Bellmon and Liberty Mutual
> between August 23, 2005 and October 1, 2006 relating to the general adjustment of
> Hurricane Katrina related claims (wind and flood).

Rec. doc. 467 (Exhibit A).  Category no. 4 for the subpoenas to American Catastrophe, Wardlaw,

LMB and Sweet seek the communications between certain representatives of the adjusters and the

Insurer Defendants.

The defendants contend that: (1) the discovery sought is not relevant; (2) it is not property

specific; and (3) the production of the information would impose an undue burden on the Insurer

Defendants as they would be required to review the e-mails to determine whether they contained

anything protected from disclosure as proprietary, privileged or work-product.  Branch responds

that:  (1) documents regarding general instructions for the adjustment of Katrina claims, including

claims on the FAC properties, are discoverable; and (2) discovery of corporate-wide practices and

procedures is necessary to establish *scienter*.

The e-mails between Bellmon and Liberty Mutual are available from Liberty Mutual.  The

defendants' motion for a protective order is granted as to category no. 4 for the subpoenas to

Bellmon, American Catastrophe, Wardlaw, LMB and Sweet.

A request to Liberty Mutual for e-mail communications with Michael Bellmon between

August 23, 2005 and October 1, 2006 regarding the general adjustment of Hurricane Katrina claims

(wind and flood) contains a reasonable time limitation.  The request is not property specific.

Branch contends that corporate-wide practices are relevant to the issue of *scienter*.  In U.S.

ex rel. Bledsoe v. Community Health Systems, Inc., 501 F.3d 493 (5th Cir. 2008), the Fifth Circuit said that 31 U.S.C. § 3729 imposes liability when:  (1) a person presents, or causes to be presented, a claim for payment or approval; (2) the claim is false or fraudulent; and (3) the person's acts or undertaken "knowingly," i.e., with actual knowledge of the information, or with deliberate ignorance or reckless disregard for the truth or falsity of the claim.  501 F.3d at 503.  *Scienter* is the third element.

The phrase "general adjustment of Hurricane Katrina related claims (wind and flood)" is too broad for Branch's *scienter* discovery.   Branch contends communications "regarding the apportionment of liability between wind and flood" are relevant to its claims.  Rec. doc. 487 at 8.  This is appropriate for discovery on the *scienter* issue.  A request to Liberty Mutual for the following is proper:

> All email communications between Michael Bellmon and Liberty Mutual between August 23, 2005 and October 1, 2006 relating to the apportionment of liability between wind and flood for Hurricane Katrina claims.

**D.**     **Communications between adjusting firms and wind carriers.**

In category no. 3 of the Southwest subpoena, Branch seeks:

> All communications between the Adjusting Firm and You between August 23, 2005 and October 1, 2006 relating to the general adjustment of Hurricane Katrina claims (wind and/or water).

Rec. doc. 467 (Exhibit A).  For the Southwest subpoena the "Adjusting Firm" is Wardlaw.  The request is for communications between a wind carrier, Southwest, and an adjuster, Wardlaw. Category no. 3 in the Republic, Lloyds and SFMA subpoenas are similar in that they seek communications with American Catastrophe and LMB.  Branch contends that if the instructions Wardlaw received from Southwest, a wind carrier, on how to allocate wind and flood claims were

different from the instructions it received from Liberty Mutual, a WYO company, the information is relevant to its claims.

The request is too broad.  Even if it is limited to the apportionment of liability between wind and flood it is too broad.  At issue are communications between non-parties.  The burden and expense of production of the discovery outweigh its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii).

In category no. 3 of the Amica subpoena, Branch seeks the communications between a wind carrier and Colonial, an Adjuster Defendant.  The request is not related to any of the FAC properties. The request is too broad and the burden of production outweighs the likely benefit.

The defendants' motion for a protective order is granted as to category no. 3 of the Southwest, Republic, Lloyds, SFMA and Amica subpoenas.

**E.**      **Communications between Insurer Defendants and wind carriers.**

In category no. 4 of the Southwest subpoena, Branch seeks:

> All communications between Liberty Mutual and You between August 23, 2005 and October 1, 2006 relating to the general adjustment of Hurricane Katrina claims (wind and/or water).

Rec. doc. 467 (Exhibit A).  In category no. 4 in the subpoenas to Southwest, Republic, Lloyds, SFMA, and Amica subpoenas, Branch seeks communications between wind carriers and certain Insurer Defendants (Liberty Mutual, Standard Fire and Fidelity).  Branch argues that: (1) corporate wide practices are relevant; (2) instructions as to the allocation of claims are relevant; and (3) the information is relevant to demonstrate that Liberty Mutual and other WYO companies cooperated with wind carriers to shift losses from wind to flood.  The defendants contend that: (1) the information sought is not relevant; and (2) it is not limited to FAC properties.

The allegation that the Insurer Defendants, who are WYO insurers, cooperated with the

wind carriers to shift wind losses from the wind carriers to flood losses for reimbursement by the federal government is not found in the FAC. This is a different claim. A key element of the loss-shifting scheme described in the FAC is that the "WYO insurers overstated flood damage to properties with NFIP policies and understated the amount of damage resulting from causes of loss for which the insurers had to pay themselves." United States ex rel. Branch Consultants, LLC v. Allstate Insurance Co., 668 F.Supp.2d 780, 797 (E.D. La. 2009) (Vance, J.) (emphasis added). "Insurers" refers to the Defendant Insurers. It does not refer to non-party wind carriers. The information is not relevant to the loss-shifting scheme described in the FAC.

The defendants' motion for a protective order is granted as to category no. 4 of the Southwest, Republic, Lloyds, SFMA and Amica subpoenas.

**F.    Price lists.**

In category no. 5 of the Bellmon subpoena, Branch seeks, "[a]ll price lists relied upon in the adjustment of the Property." Rec. doc. 467 (Exhibit A). The same information is sought for different FAC properties from each of the adjusters. See category no. 5 for Wardlaw, LMB and Sweet; and category no. 8 for American Catastrophe. For the wind carriers and Citizens, Branch also seeks price lists relied upon in the adjustment of FAC properties. See category no. 9 for Citizens, Republic, Southwest, Lloyds, SFMA and Amica.

The defendants contend that the price lists are not relevant because Branch was denied leave to amend to add the inflated revenue scheme. They urge that either a claim was properly categorized as flood damage or it was not and the prices used to adjust the claims do not impact the analysis. They also argue that the price lists are owned by vendors and the non-parties are not authorized to release them. Rec. doc. 544 at 5. Branch responds that:

> Price lists are essential to demonstrating that Defendants grossly overstated flood damages. They are also critical to establishing *scienter*. The price lists will demonstrate that the Defendants used different price lists to adjust wind claims than they did flood claims, which means for example, that they charged themselves one price for a sheet of drywall but charged the government a different price.

Rec. doc. 487 at 5. In a footnote it contends that discovery may also show that the defendants manipulated the price lists such that items associated with water damage were inflated while items associated with wind damage were deflated. Id. at n. 5.

Branch seeks only the price lists relied upon in the adjustment of the FAC properties. It is assumed that the files produced by the Insurer Defendants reveal the prices used in the adjustment of the claims on the FAC properties. The price lists would provide the source of these prices. The price lists are reasonably calculated to lead to the discovery of admissible evidence.

The defendants' motion for a protective order is denied as to the price lists.

## G.   **Manuals for Katrina claims.**

There are three types of manuals at issue: (1) manuals provided to adjusters by Insurer Defendants; (2) manuals provided by adjusters to their employees and agents; and (3) manuals provided by the wind carriers, including Citizens, to adjusters and Colonial.

### 1.   Manuals provided to adjusters by Insurer Defendants.

In category no. 6 of the Bellmon subpoena, Branch seeks:

> All instructions, manuals, guidelines, or similar documents (including communications) provided to You by Liberty Mutual regarding the adjustment (wind and/or flood) of Hurricane Katrina related claims.

Rec. doc. 467(Exhibit A). Category no. 9 for the American Catastrophe subpoena and category no. 8 for the Wardlaw, LMB and Sweet subpoenas seek the same information for different Insurer Defendants. The information sought in these categories is available from the Insurer Defendants.

8

The defendants' motion for a protective order is granted as to category no. 6 on the Bellmon subpoena, category no. 9 for the American Catastrophe subpoena, and category no 8 for the Wardlaw, LMB and Sweet subpoenas.

This leaves the issue of whether the information is discoverable from the Insurer Defendants. They contend that: (1) the discovery is not relevant as it would require production of adjustment information, for example additional living expenses, which is not part of the case; (2) it is not property specific; and (3) the production of the information would impose an undue burden on them. Branch responds that: (1) it seeks documents regarding general instructions for the adjustment of Katrina claims; (2) if a policy applies generally and is applicable to the FAC properties, it is relevant; and (3) discovery of corporate-wide practices and procedures is necessary to establish *scienter*.

Category no. 6 of the Bellmon subpoena is not limited to manuals provided to Bellmon by Liberty Mutual regarding the adjustment of the FAC properties. Instead it seeks manuals regarding the adjustment (wind and/or flood) of any Katrina related claims. The category is too broad as it may require production of documents which do not have any application to one of the FAC properties.

The category is not limited in terms of time. Claims related to Hurricane Katrina remain pending in this Court. The category may call for production of documents prepared long after the flood claims for the FAC properties were adjusted. It is not limited to the issue of apportionment of liability of between wind and flood claims.

A request to Liberty Mutual for the following is proper:

All instructions, manuals, guidelines, or similar documents (including communications) provided to Bellmon by Liberty Mutual between August 23, 2005

and October 1, 2006 regarding the apportionment of liability between wind and flood for Hurricane Katrina claims in general and for the properties identified in the first amended complaint.

2.      Manuals provided by adjusters to their employees and agents.

In category no. 8 of the Bellmon subpoena, Branch seeks:

> All instructions, manuals, guidelines, or similar documents (including communications) provided by You to employees or independent adjusters regarding the adjustment (wind and/or flood) of Hurricane Katrina related claims.

Rec. doc. 467(Exhibit A).  Category no. 10 for the American Catastrophe subpoena and category no 9 for the Wardlaw, LMB and Sweet subpoenas seek the same information.  This information is only available from the non-party adjusters.  Category no. 8 is too broad.

A request to Bellmon, Wardlaw, LMB, Sweet and American Catastrophe for the following is proper:

> All instructions, manuals, guidelines, or similar documents (including communications) provided by You to employees or independent adjusters between August 23, 2005 and October 1, 2006 regarding the apportionment of liability between wind and flood for Hurricane Katrina claims in general and for the properties identified in the first amended complaint.

The defendants' motion for a protective order is granted in part and denied in part as to category no. 8 in the Bellmon subpoena, category no. 10 for the American Catastrophe subpoena, and category no. 9 for the Wardlaw, LMB and Sweet subpoenas.

3.      Manuals provided by the wind carriers and Citizens to adjusters.

In category no. 10 of the Citizens subpoena, Branch seeks:

> All instructions, manuals, guidelines, or similar documents (including communications) provided by You to The Adjusting Firms regarding the adjustment (wind and/or flood) of Hurricane Katrina related claims.

Rec. doc. 467 (Exhibit A).  Category no. 10 for the subpoenas to Republic, Southwest, Lloyds,

SFMA and Amica seek the same information for different adjusting firms. The "Adjusting Firms" for each of these non-parties are: (1) Citizens (Colonial, American Catastrophe, and Sweet); Republic (American Catastrophe); (3) Southwest (Wardlaw); (4) Lloyds (LMB); (5) SFMA (LMB); and (6) Amica (Colonial).

The category is not subject to a time limitation. It may require production of documents which do not have either general or specific application to the FAC properties. For Republic, Southwest, Lloyds and SFMA, the category would require production of instructions and manuals from one group of non-parties to another group of non-parties. The burden or expense of the discovery outweighs its likely benefit. For the subpoenas to Citizens and Amica, the documents are available from Colonial.

The defendants' motion for protective order is granted as to category no. 10 in the subpoenas to Citizens, Republic, Southwest, Lloyds, SFMA and Amica.

The issue remains as to whether the request for this information to Colonial is objectionable. A comparison of the manuals provided to Colonial by Citizens and Amica with manuals provided to Colonial by an Insurer Defendant is reasonably calculated to lead to the discovery of admissible evidence. A request to Colonial for the following is proper:

> All instructions, manuals, guidelines, or similar documents (including communications) provided to Colonial by Citizens and Amica between August 23, 2005 and October 1, 2006 regarding the apportionment of liability between wind and flood for Hurricane Katrina claims in general and for the properties identified in the first amended complaint.

**H.    Communications with attorneys for WYO Companies.**

In category no. 8 in the Citizens subpoena, Branch seeks:

> All communications between You and any attorneys representing The WYO Companies relating to Hurricane Katrina wind and/or water damages to The

Properties, including but not limited to documents relating to the property adjustment of the Properties.

Rec. doc. 467 (Exhibit A).  The WYO Companies are identified as Fidelity, American Reliable and Standard Fire.  Category no. 8 of the subpoenas to the wind carriers seek similar information: Republic (attorneys representing Standard Fire); Southwest (attorneys representing Liberty Mutual); Lloyds (attorneys representing Fidelity); SFMA (attorneys representing Fidelity); and Amica (attorneys representing Fidelity).  The information responsive to category no. 8 is in the possession of the Insurer Defendants.  The defendants' motion for a protective order is granted as to category no. 8 in the subpoenas to Citizens and the wind carriers.

A request to the Insurer Defendants for these communications seeks relevant information. If they contend that the communications are protected from disclosure, they shall provide Branch with privilege logs.

**I.      LMB e-mail.**

In category no. 6 of the LMB subpoena, Branch seeks "[a]ll e-mail communications between You and the Wind Insurers regarding The Properties."  Rec. doc. 467 (Exhibit A).  "Wind Insurers" refers to State Farm Fire & Casualty Company and Lloyds of London and "The Properties" refers to two of the properties identified for Fidelity in the first amended complaint.  Although the category is property specific, neither State Farm nor Lloyds of London are parties to this litigation.  Branch has not demonstrated how communications between LMB, a non-party adjuster, and two non-party insurers are relevant to the claims and defenses in this action.  The defendants' motion for protective order is granted as to category no. 6 in the LMB subpoena.

12

J.    **Citizens.**

The defendants and Citizens sought a protective order for category nos. 1, 3, 4 and 8-10 of the Citizens subpoena. Category nos. 8-10 were resolved above. Category nos. 1, 3 and 4 are as follows:

> Any and all contracts, agreements, letters of engagements, or similar documents between You and The Adjusting Firms [Colonial, American Catastrophe, and Sweet] associated with services or work performed regarding the adjustment of Hurricane Katrina Claims.
>
> All communications between the Adjusting Firms [Colonial, American Catastrophe, and Sweet] and You between August 23, 2005 and October 1, 2006 relating to the general adjustment of Hurricane Katrina claims (wind and/or water).
>
> All communications between The WYO Companies [Fidelity, Standard Fire, and American Reliable] and You between August 23, 2005 and October 1, 2006 relating to the general adjustment of Hurricane Katrina claims (wind and/or water).

Rec. doc. 467 (Exhibit A).

Citizens and the defendants contend that this information is not relevant to the parties' claims and defenses. Branch responds that: (1) Citizens levied assessments on insurance companies, including the Insurer Defendants, for its deficiencies in paying Hurricane Katrina wind claims; (2) the Insurer Defendants had a direct financial incentive to shift wind losses from Citizens to flood claims to minimize the size of the assessments; and (3) discovery will show the amount of assessments paid by the Insurer Defendants. Rec. doc. 487 at 7.

There is no reference to Citizens in the FAC. The allegation that the Insurer Defendants had an incentive to shift wind losses from Citizens to flood claims to avoid assessments by Citizens is not part of the loss-shifting scheme described in the FAC. The information sought by Branch in category nos. 1, 3 and 4 of the Citizens' subpoena is not relevant to the parties' claims and defenses. The defendants' motion for a protective order is granted as to these categories.

IT IS ORDERED that:

1.    The motions of the defendants and Citizens for protective orders (Rec. doc. 467 and 479) are GRANTED in PART and DENIED in PART.

2.    For the Bellmon subpoena, the motion is granted as to category nos. 1, 4 and 6.  It is denied as to category no. 5.  It is granted in part and denied in part as to category no. 8.

3.    For the Wardlaw and Sweet subpoenas, the motion is granted as to category nos. 1, 4 and 8.  It is denied as to category no. 5.  It is granted in part and denied in part as to category no. 9.

4.    For the LMB subpoena, the motion is granted as to category nos. 1, 4, 6 and 8.  It is denied as to category no. 5.  It is granted in part and denied in part as to category no. 9.

5.    For the American Catastrophe subpoena, the motion is granted as to category nos. 1, 4 and 9.  It is denied as to category no. 8.  It is granted in part and denied in part as to category no. 10.

6.    For the Southwest, Republic, Lloyds, SFMA, Amica and Citizens subpoenas, the motion is granted as to category nos. 1, 3, 4, 8 and 10.  It is denied as to category no. 9.

7.    **Within twenty-one (21) calendar days of the entry of the order**, the non-parties shall comply with the subpoenas as provided herein.

**SALLY SHUSHAN**
**United States Magistrate Judge**

14