UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA, *EX REL*.**<br>**BRANCH CONSULTANTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-4091-SSV-SS** |
| **ALLSTATE INSURANCE COMPANY, et al** | |

### ORDER

STANDARD FIRE'S MOTION FOR STAY (Rec. doc. 527)

**GRANTED IN PART AND DENIED IN PART**

One of the Insurer Defendants, Standard Fire Insurance Company ("Standard Fire"), requests a protective order staying discovery related to it because: (1) discovery was limited to the loss-shifting scheme; (2) it did not issue both a NFIP policy and a homeowner's policy on the properties identified in the first amended complaint; (3) it filed a motion for summary judgment; and (4) Branch Consultants, LLC ("Branch") will not be prejudiced by a stay of discovery. Branch responds that: (1) a stay will deny it discovery it requires to respond to Standard Fire's motion for summary judgment; and (2) the motion for protective order was not timely so Standard Fire should be required to respond to Branch's outstanding discovery.

The undersigned ruled on every discovery motion filed by the parties, except for this motion for a protective order and the documents produced by Branch for *in camera* inspection.[1] These

---

[1] These discovery orders were appealed: March 1, 2010 order granting in part and denying in part Branch's motion for leave to amend (Rec. doc. 458); March 26, 2010 report and recommendation on defendants' motion for a protective order (Rec. doc. 546); April 15, 2010 order granting in part and denying in part Branch's motion to compel (Rec. doc. 563); May 12, 2010 order granting in part and denying in part defendants' motions to compel (Rec. doc. 572); and June 1, 2010 order granting in part and denying in part Branch's motion to compel discovery from ANPAC (Rec. doc. 591). Discovery orders were issued on June 2, 2010 (Rec. doc. 510), June 7, 2010 (Rec. doc. 585), and June 8, 2010

orders addressed the issue of whether the discovery sought is relevant to the parties' claims and defenses. If Standard Fire contends that a particular discovery request is inconsistent with those discovery orders or is otherwise objectionable, it shall file a motion for a protective order addressing the particular discovery request with a request for expedited consideration. Branch's opposition shall demonstrate how the discovery is needed to respond to Standard Fire's motion for summary judgment.

    IT IS ORDERED that Standard Fire's motion for a protective order staying discovery related to it (Rec. doc. 527) is GRANTED in PART and DENIED in PART as provided herein.

                                       **SALLY SHUSHAN**
                                       **United States Magistrate Judge**

---

(Rec. doc. 589), so there may be further appeals.