UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
: 
UNITED STATES OF AMERICA, :
*EX REL*. BRANCH CONSULTANTS, L.L.C., : Case No.: 06-cv-4091
:
Plaintiff, : Sect.: R
:
v. : Judge Vance
:
ALLSTATE INS. CO., *et al.*, : Magistrate Judge Shushan
:
Defendants. :
:
---------------------------------------------------------------x

**THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO BRANCH CONSULTANTS, L.L.C.'S MOTION
FOR LEAVE TO FILE EXTRANEOUS MATERIAL [DKT. NO. 613]**

PD.4099995.1

The Standard Fire Insurance Company ("Standard Fire") respectfully submits this opposition to Branch Consultant, L.L.C.'s ("Branch") motion for leave to file extraneous material (Dkt. No. 613). The "supplemental authority" Branch cites is a brief filed by the United States in opposition to a petition for a writ of certiorari in an entirely different case that Branch could have but did not cite in its prior papers. *See Ortho Biotech Prods., L.P. v. United States ex rel. Duxbury*, No. 09-654, Brief of the United States as Amicus Curiae, 2010 WL 2007742 (May 19, 2010). Branch's untimely reliance on this brief is misplaced because an amicus brief submitted in relation to a petition for a writ of certiorari is neither binding nor persuasive legal authority. Further, the United States' brief does not stand for the proposition Branch asserts and in fact supports Judge Shushan's Report and Recommendation on the Court's jurisdiction, Dkt. No. 484 (the "Recommendation"), as does the Government's decision not to object to the Recommendation in this very case. Accordingly, Branch's motion should be denied.

## BACKGROUND

On March 26, 2010, Judge Shushan issued a Report and Recommendation concluding that that a protective order should issue limiting discovery to the 27 properties underlying the allegations in Branch's First Amended Complaint ("FAC"). Judge Shushan reasoned that the False Claims Act's jurisdictional boundary is defined by the claims for which Branch is an original source, and in this case Branch is only a potential original source of the claims pled in the FAC—not those it learns of during discovery. *See* Recommendation at 3-6, 7, 14-15, and 27 (relying on 31 U.S.C. § 3730(e)(4) and *Rockwell Int'l Corp., v. United States*, 549 U.S. 457 (2007)). On April 23, 2010, Branch filed objections to Judge Shushan's Recommendation. Dkt. No. 546. On May 21, 2010, Defendants filed a response to Branch's objections explaining that the Court's jurisdiction was limited solely to the allegations in the

FAC and to those properties for which Branch could be an original source, and those were the 27 claims pled in the FAC.  Dkt. No. 571.  On May 27, 2010, Branch filed a reply but did not cite the amicus brief it now seeks to bring to the Court's attention.  *See* Dkt. No. 576.  The issue of whether to adopt Judge Shushan's Recommendation is currently fully briefed and pending before this Court.

## ARGUMENT

A brief filed by the United States as amicus curiae is not legal authority.  For example, the Tenth Circuit rejected the interpretation set forth in an EEOC amicus brief because "'amicus briefs, opinion letters, and policy guidances do not reflect the deliberate exercise of interpretive authority that regulations and guidelines demonstrate.'"  *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1315 (10th Cir. 2005).  The court explained that a position in litigation is not a formal issuance by an agency.  *Id.* at n.6.  Likewise, here, the position asserted by the acting solicitor general in a brief filed in opposition to a petition for writ of certiorari is not binding or persuasive authority in this or any case.  Further, the Government has chosen not to file a brief in this case, which, according to Branch's reasoning, indicates that it is satisfied with Judge Shushan's rulings.[1]

Branch seems to rely on the part of the United States' brief in *Ortho* that addresses the adequacy of pleading fraud with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.  The Government took the position that for 9(b) purposes, "it is not 'essential for a relator to produce the invoices (and accompanying representations) at the outset of the suit.'"  *Ortho*, 2010 WL 2007742, at *15.  That issue is not presently before the Court.  The issue

---

[1] The Government receives copies of the filings in this case, including all of Judge Shushan's orders.  At any point in this litigation, the Government may intervene.  31 U.S.C. § 3730(b)(3).  Nevertheless, the Government has not filed any statement regarding Judge Shushan's Recommendation.

2

here is jurisdiction and in *Ortho* the Government took the position that a relator, like Branch, must provide the Government with information about his allegations of fraud before the public disclosure of those allegations occurs in order to qualify as an "original source" under 31 U.S.C. 3730(e)(4)(B)." *Id.* at *11-12. Branch plainly and indisputably fails this test. Branch did not make its disclosure to the Government prior to the first public disclosure of alleged loss-shifting fraud.

## CONCLUSION

For the foregoing reasons, Standard Fire respectfully requests that the Court deny Branch's motion to file supplemental authority.

Dated: July 27, 2010

Respectfully submitted,

PHELPS DUNBAR LLP

/s/ Harry Rosenberg
Harry Rosenberg (11465)
rosenbeh@phelps.com
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 566-1311

SIMPSON THACHER AND BARTLETT LLP
Bryce L. Friedman (*pro hac vice*)
bfriedman@stblaw.com
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000

Deborah L. Stein (*pro hac vice*)
dstein@stblaw.com
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Telephone: (310) 407-7500

***Attorneys for The Standard Fire Insurance Company (named as St. Paul Travelers Co.)***

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing has this date been served upon all parties to this suit through counsel by filing into the Court's electronic filing system and, for non-participants, by placing same in the United States mail, postage prepaid and properly addressed on this 27th day of July, 2010.

                                                  /s/ Harry Rosenberg