```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA EX REL.        CIVIL ACTION
BRANCH CONSULTANTS, L.L.C.

VERSUS                                  NO: 06-4091

ALLSTATE INSURANCE. CO., ET AL.         SECTION: R(1)
```

### ORDER AND REASONS

Before the Court is defendant American National Property And Casualty Company's ("ANPAC's") motion[1] to review the Magistrate Judge's order[2] granting in part realtor Branch Consultants, LLC's ("Branch's") motion to compel discovery.[3] Also before the Court is ANPAC's motion[4] to review the Magistrate Judge's order[5] granting in part Branch's motion for protective order.[6]

---

[1] R. Doc. 591.

[2] R. Doc. 579.

[3] R. Doc. 504.

[4] R. Doc. 594.

[5] R. Doc. 585.

[6] R. Doc. 406.

The Court has issued a number of decisions in this matter,[7] and knowledge of the relevant background will be presumed. Both orders of the Magistrate Judge concern nondispositive discovery issues. A nondispositive order of a magistrate judge shall be set aside if it is "clearly erroneous or contrary to law."[8] Finding no clear error or ruling contrary to law in the Magistrate Judge's orders, the Court AFFIRMS both orders.

**I. Branch's Motion to Compel**

First, ANPAC argues that it should not be required to produce materials related to properties not specifically identified in the First Amended Complaint, or for which the insurance was written by an ANPAC subsidiary rather than by ANPAC itself. The Court has already ruled that Branch may obtain discovery as to properties not listed in the complaint but that are part of the alleged "loss-shifting scheme."[9] Further, ANPAC's argument that Branch is not an "original source" as to policies written by ANPAC's subsidiaries, and that the Court therefore lacks jurisdiction over such claims, may be considered

---

[7] *See United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780 (E.D. La. 2009) (R. Doc. 228); *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 265 F.R.D. 266 (E.D. La. 2010) (R. Doc. 376); *see also United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 560 F.3d 371 (5th Cir. 2009).

[8] Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

[9] R. Doc. 615.

at summary judgment or at trial but is not a reason to limit discovery at present. The question now before the Court is simply whether Branch may obtain discovery as to properties for which an ANPAC subsidiary, rather than ANPAC itself, wrote the insurance policy. Contrary to ANPAC's assertions, this question is not jurisdictional, and it was proper for the Magistrate Judge to decide it in the first instance without referral by this Court.

Branch may obtain discovery of otherwise relevant materials regardless of whether the insurance policies were written by ANPAC or by one if its subsidiaries. Under Rule 26, a party may obtain discovery as to any relevant, nonprivileged matter.[10] Adjustment materials under wind policies written by ANPAC's subsidiaries are relevant to Branch's claims against ANPAC because they could bear on ANPAC's motive to overstate flood claims.

Further, under Rule 34, a party may request documents within another party's "possession, custody, or control[.]"[11]  "Rule 34 is broadly construed and documents within a party's control are subject to discovery, even if owned by a nonparty."[12]  Here, as

---

[10] Red. R. Civ. P. 26(b).

[11] Fed. R. Civ. P. 34(a)(1).

[12] *Autery v. SmithKline Beecham Corp.*, Civil No. 05-0982, 2010 WL 1489968 (W.D.La. Apr. 13, 2010).

the Magistrate Judge observed, "ANPAC does not contend that it is unable to procure the files from its subsidiary."[13]  Nor does ANPAC contend that producing these materials would impose undue burden or expense.  Thus, Branch may obtain discovery of these materials, and the Magistrate Judge's order is AFFIRMED.

**II. Branch's Motion for Protective Order**

ANPAC also objects to the Magistrate Judge's order granting a protective order to Branch as to certain tax and payment records.[14]  Specifically, ANPAC requests that Branch produce all records reflecting payments for services provided or work performed on the properties listed in the complaint and other properties in southern Louisiana inspected by Branch.[15]  ANPAC also requests W-4s, I-9s, W-9s, W-2s, and 1099s received by Branch or provided to it by attorneys for the insured homeowners for services provided or work performed on those properties.[16] ANPAC seeks similar information in its subpoena to Richard Barker, an attorney who represented an insured homeowner.[17]  In addition, ANPAC requests that Barker produce tax records "exchanged with or provided to Max Johnson, Branch Consultants,

---

[13] R. Doc. 579.

[14] R. Doc. 585, parts C and D.

[15] R. Doc. 348, Ex. 2, No. 25.

[16] R. Doc. 348, Ex. 2, Nos. 26-27.

[17] R. Doc. 406, Nos. 3-4.

4

L.L.C., Melanie Mayer, Mayer & Associates, P.A., Mayer Group, L.L.C. (particularly those associated, working or employed with the specified individuals and companies)."[18]

ANPAC argues that these documents are relevant to its defense that Branch was not the original source of its claims. Branch asserts that the property examinations described in its complaint were conducted by its four principals – Max Johnson, Rick Clarke, Anthony Hall, and Troy Black. ANPAC argues that if these individuals were employed by other entities or were working individually when they obtained the information supporting Branch's allegations, then Branch is not an original source under the False Claims Act.[19] Further, ANPAC points to evidence that Branch-related entities other than the realtor "Branch Consultants, L.L.C." existed at the time these individuals obtained the information.[20]

The Magistrate Judge granted Branch's motion for a protective order as to these discovery requests. She ruled that "[t]he information from the financial and tax records is not reasonably calculated to lead to the discovery of admissible evidence" and that "the burden and expense of producing the

---

[18] R. Doc. 406, No. 5.

[19] 31 U.S.C. § 3730(e)(4)(A).

[20] *See* R. Doc. 462, Ex. F-H (describing the separate legal existence of "Branch Consulting Associates, LLC" and "Branch Claims Consultants, LLC").

information outweigh its likely benefit."[21]  At the same time, the Magistrate Judge ordered Branch to produce categories of documents that are not burdensome and are directly responsive to the issue on which ANPAC seeks discovery.  In particular, she ordered Branch to "produce documents reflecting whether Max Johnson was working for other entities at the time he and others obtained information supporting the allegations for each of the [First Amended Complaint] properties."[22]  Further, in denying Branch's objection to a discovery request by defendant Standard Fire, the Magistrate Judge ordered Branch to "produce all documents, including compensation records, relating to the status of Johnson, Black, Clarke and Hall as agents of Branch for their work on the [First Amended Complaint] properties."[23]

The Magistrate Judge's order is not clearly erroneous or contrary to law.  ANPAC's requests would have required Branch and Richard Barker to produce tax and financial records going far beyond the issue of whether Johnson and the other individuals were agents of Branch at the time they uncovered the information underlying the complaint.  Rather than ordering Branch to respond to burdensome document requests, the Magistrate Judge focused on the relevant information.  The limitation she imposed will ensure

---

[21] R. Doc. 585, part C.

[22] *Id.*

[23] *Id.*, part G.

that the discovery Branch and Barker must produce is "reasonably calculated to lead to the discovery of admissible evidence."[24] The Magistrate Judge's order strikes a balance that is neither clearly erroneous nor contrary to law.[25] Thus, the order is AFFIRMED.

### III. Conclusion

For the foregoing reasons, the Magistrate Judge's orders granting in part Branch's motion to compel and motion for protective order are AFFIRMED.

New Orleans, Louisiana, this ___31st___ day of August, 2010.

_____Sarah Vance_____
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**

---

[24] Fed. R. Civ. P. 26(b)(1).

[25] *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (court may limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit").