UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
                                                                                :

UNITED STATES OF AMERICA,
*EX REL.* BRANCH CONSULTANTS, L.L.C.,   :   Case No.: 06-cv-4091 (SSV)

                            Plaintiff,   :   Sect.: R

                                  v.   :   Mag.: 1

ALLSTATE INS. CO., et al.,   :

                            Defendants.   :
---------------------------------------------------------------x

**REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF AMERICAN RELIABLE INSURANCE COMPANY**

**MAY IT PLEASE THE COURT**

       On March 19, 2010, American Reliable Insurance Company ("American Reliable") moved for summary judgment, to assert that as a matter of uncontested fact, Branch Consultants ("Branch") is not an "original source" of information to support a claim based on the "wind-to-flood loss-shifting scheme" Branch originally pled.  (Rec. Doc. 466).  On April, 20, 2010, Branch filed a memorandum in opposition to American Reliable's motion.  (Rec. Doc. 541).

       In view of Branch's opposition, and the Court's Order and Reasons dated August 13, 2010, American Reliable respectfully offers this reply brief and states that its pending motion is equally applicable to and requires dismissal of the Second Amended Complaint filed on August 13, 2010.

1

A.   BRANCH HAS PLED THAT IT IS AN "ORIGINAL SOURCE"; HOWEVER ITS ALLEGATIONS DO NOT CONCLUDE THE ISSUE.

American Reliable's motion for summary judgment is premised on the uncontested fact that Branch's allegations are untrue.  Neither American Reliable nor any affiliated company insured the American Reliable examples Branch identified in the First Amended Complaint, i.e., 2705-2707 S. Miro Street, 3121 Marigny Street, or 2610 & 2612 Franklin Avenue, New Orleans, for damage caused by wind.[1]  Because Branch's "exemplars" of the scheme rely on the false fact that American Reliable insured these properties for wind, Branch cannot possibly have direct and independent knowledge that American Reliable engaged in a scheme at those properties.

Because this Court has ruled that the public disclosure bar of 31 U.S.C. section 3730 applies to this action, Branch recognizes that the "dispositive issue concerning subject matter jurisdiction" is "whether Branch has 'direct and independent knowledge of the information on which the allegations are based.'"  Rec. Doc. 546 at p. 9, citing 31 U.S.C. section 3730(e)(4) and *Rockwell International Corp., et al v. United States et al,* 549 U.S. 457, 127 S. Ct 1397, 167 L. Ed. 2d 190 (2007).  Branch asserts that this question was forever decided by the Court's ruling dated October 19, 2009, (Rec. Doc. 228) in which the Court held that Branch *had pled* that it is an original source, and that the Court must ignore that Branch's pleadings were false.

To the contrary, the determination of a relator's original source status is at least two-stage process, and Branch has, at best, only cleared stage one.  At the motion to dismiss stage, the question presented was whether Branch had pled sufficient facts to establish its alleged status as an original source for purposes of the pleadings.  At the summary judgment stage, the question presented is whether Branch is an original source as a matter of fact.

---

[1]   See, e.g., Rec. Doc. 541-15, Branch's statement of uncontested fact and the summary judgment affidavit of Max Johnson, Rec. Doc. 541-14.

Respectfully, the Court has not determined that Branch is an original source as a matter of fact. When the defendants moved for an interlocutory appeal, the Court confirmed that Branch had only qualified as an original source "based on the allegations in its complaint":

> Defendants moved to dismiss, and in October of this year this Court issued an Order denying their motion in part and granting it in part. [Rec. Doc. 228] Specifically, the FCA's "public disclosure" provision bars jurisdiction over certain types of suits. Applying this provision, the Court found that Branch's suit was "based upon" allegations or transactions of fraud that were "publicly disclosed." <u>Based on the allegations in its complaint</u>, however, Branch qualified as an "original source" of the information in its complaint, and the Court was therefore not divested of jurisdiction over the suit. The Court also found that, for most defendants, Branch had met its pleading standards for the alleged violation of two provisions of the FCA, but that it had not met the pleading standard for a third.
>
> Order and Reasons, December 22, 2009, Rec. Doc. 278, page 2 (emphasis added).

By way of contrast, the Court denied the motion to certify precisely because Branch's alleged status as an "original source" remained to be determined as a matter of fact:

> This action was filed in August of 2006. It is now December of 2009, and the case has only recently progressed beyond the motion-to-dismiss stage. The Fifth Circuit has already reviewed this case once. There, the court explicitly declined to address this very question "<u>[b]ecause the district court should have the opportunity to address the *facts underpinning the claim of public disclosure and original source* and make any necessary findings in the first instance.</u>" *United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 381 (5th Cir. 2009).
>
> Order and Reasons, December 22, 2009, Rec. Doc. 278, pages 10-11. (emphasis added)

The uncontested facts show that Branch is not an original source of information that American Reliable submitted false claims to the Government in furtherance of a loss-shifting scheme. Accordingly, Branch's claim against American Reliable to assert the loss-shifting scheme is ripe for dismissal at this time.

**B.    TO BE AN ORIGINAL SOURCE BRANCH MUST HAVE DIRECT AND INDEPENDENT KNOWLEDGE OF THE ALLEGATIONS IN ITS COMPLAINT**

Under the False Claims Act, no court shall have jurisdiction over an action brought by a relator that is even partly based upon the public disclosure of allegations or transactions unless the relator is an original source of the information. 31 U.S.C. section 3730(e)(4)(A). To qualify as an original source, a relator must have "direct and independent knowledge of the information on which the allegations are based," and make certain disclosures to the government. 31 U.S.C. section 3730(e)(4)(B).

As this Court has held, Branch's suit is "based upon" allegations or transactions of fraud that were "publicly disclosed." Although Branch's Complaint is based on publically disclosed allegations or transactions, the Court found that Branch can proceed with its claim because, taking the allegations in Branch's complaint as true, its information did not derive from public records or secondhand information. Rather, Branch "directly investigated . . . the specific subjects of the allegedly fraudulent claims," (Rec. Doc. 228, p. 34) and uncovered "a host of additional compelling facts about the alleged fraud that were nowhere previously available." *Id.* at 39-40 (internal quotations omitted); *see also id.* at 32-33.

Accordingly, in sum, to the extent that Branch has direct and independent knowledge of alleged fraud, that knowledge can only be based on its "examples."[2]

As shown by the uncontested facts in this matter, neither American Reliable nor any affiliated company insured the American Reliable examples Branch identified in the First

---

[2]   Knowledge is "direct" when it "derive[s] from the source without interruption or [is gained] by the relator's own efforts rather than learned second-hand through the efforts of others." *Reagan*, 384 F.3d at 177. Knowledge is "independent" if it is not derived from the public disclosure. *Id.* Rec. Doc. 228, page 32.

4

Amended Complaint for damage caused by wind.[3]  Accordingly, and because Branch's knowledge is based on its "examples," Branch cannot possibly have direct and independent knowledge that American Reliable engaged in a wind-to-flood fraudulent loss-shifting scheme. In view of this lapse of essential knowledge, Branch cannot qualify as an original source on its loss-shifting claim against American Reliable.

Turning to Branch's claim that American Reliable engaged in a wind-to-flood loss-shifting scheme, the singular essential element of the claim is the "shifting" of a flood loss to a wind policy.  Without a wind policy, no losses can be "shifted."  The mere over-payment of a flood claim, even of an allegedly fraudulent dimension, is not sufficient to justify asserting jurisdiction over an alleged fraudulent "scheme" to "shift" flood losses to wind claims -- to allow such a claim to proceed would make a mockery of the pleading-with-particularity requirement of Fed. R. Civ. Pro. Rule 9(b) and also Branch's claim to be the original source relative to an alleged "scheme."  Branch is not required to have knowledge of all of the vital ingredients of the fraudulent transaction, however, the information it does independently have must rationally support the fraudulent transaction it has alleged.

It is uncontested that American Reliable did not insure the American Reliable exemplar properties for wind.  Apparently, Branch merely predicted, incorrectly, that American Reliable might have issued wind policies on the exemplar properties.  A wrong prediction, i.e., a guess, cannot possibly satisfy the requirement of direct and independent knowledge.  *Rockwell*, 549 U.S. at 475.  Respectfully, in view of the original source rule, and as a matter of uncontested fact, the Court has no jurisdiction over Branch's claim that American Reliable engaged in a wind-to-flood loss-shifting scheme.

---

[3]     Rec. Doc. 541-15, Branch's statement of uncontested fact, and the summary judgment affidavit of Max Johnson, Rec. Doc. 541-14.

C.  **THE COURT MUST RE-EVALUATE ITS SUBJECT MATTER JURISDICTION THROUGHOUT THE CASE; AMERICAN RELIALBE IS NOT ASKING THE COURT TO RECONSIDER ITS PRIOR RULING ON RULE 9(b).**

Branch's remaining contentions in opposition to American Reliable's motion for summary judgment have no merit.

Contrary to Branch, American Reliable is not asking the Court to "reconsider" its prior ruling on Fed. R. Civ. Pro. Rule 9(b). As noted above, American Reliable's motion relates to federal jurisdiction based on Branch's standing as an original source -- Rule 9(b) pleading requirements impose a separate and distinct form of limitation on the scope of Branch's claim. The Court must always re-evaluate its jurisdiction throughout the case.

D.  **AMERICAN RELIABLE'S MOTION IS NOT PREMATURE IN VIEW OF THE STATUS OF DISCOVERY.**

Branch complains that American Reliable's motion is premature because, it asserts, Branch has been precluded from taking "virtually any" discovery concerning American Reliable. This is a diversion. Branch's knowledge is within Branch's control. Branch does not need discovery to find it. For the Court to determine that Branch does not have the knowledge its complaint says it has does not require more discovery. There is no triable issue of fact.

American Reliable will not burden the Court with a point-by-point refutation of Branch's assertions, or review the sufficiency of Branch's own disclosures.[4] This motion is based on a single essential uncontested fact -- American Reliable did not insure the American Reliable exemplar properties for wind. In view of that single uncontested fact, Branch is not and cannot be an original source of knowledge to support its allegation that American Reliable engaged in a

---

[4]     Contrary to Branch, American Reliable has made full and complete disclosure regarding the exemplar properties -- American Reliable maintains its flood claim files in paper format, and accordingly, the "native format" is paper. Branch has also secured the original files of American Reliable's independent adjustor on the exemplar properties, Sweet Claims Service, Inc. Accordingly, Branch has full information regarding the exemplar properties.

fraudulent loss-shifting scheme. Branch has not shown how any information it has requested but not received through discovery could be material in any way to American Reliable's motion for summary judgment, much less "essential to its opposition." Nor has Branch shown how any information in the exclusive possession of American Reliable will create a genuine issue of fact regarding Branch's lack of status as an original source. Considerations regarding discovery do not justify denying or even delaying summary judgment in favor of American Reliable.

E.  **CONSIDERATIONS REGARDING ALLEGED LOSS-SHIFTING TO LOUISIANA CITIZENS ARE IRRELEVANT.**

Branch asserts that on each of the American Reliable properties identified in the suit, Louisiana Citizens Insurance Company issued the wind policy. Branch asserts that because Louisiana Citizens can and did allegedly levy assessments on insurance companies such as American Reliable, American Reliable allegedly had a financial incentive to shift wind losses from Louisiana Citizens to American Reliable flood claims in order to avoid or reduce assessments levied against American Reliable.

To the contrary, considerations regarding alleged loss-shifting to Louisiana Citizens are irrelevant. As Magistrate Shushan recognized, "[t]he allegation that the Insurer Defendants had an incentive to shift wind losses from Citizens to flood claims to avoid flood claims is not part of the loss-shifting scheme described in the First Amended Complaint."[5] This statement is equally true of the Second Amended Complaint[6] -- Branch mentions neither Louisiana Citizens by name nor loss-shifting to save on insurance assessments generically in the Second Amended Complaint.

Loss-shifting to save on assessments is a separate and distinct alleged fraudulent scheme from loss-shifting to save on homeowner policy benefits. Branch has not pled this scheme, and

---

[5] Rec. Doc. 589, at 13.
[6] Rec. Doc. 617.

its effort to read a new scheme into its existing allegations violates the pleading with particularity requirement of Rule 9(b), and the requirement that Branch be an original source of information with respect to such a claim. There is no evidence that Branch is the original source of information to support a loss-shifting scheme to save on insurance assessments.

In sum, Branch's allegation regarding loss shifting to save on assessments is a claim that Branch has not asserted. It is not entirely clear that Branch could assert this claim in good faith, were it to seek leave to amend its complaint to do so. Be that as it may, even if Branch could seek leave to amend to assert this scheme it has not done so. Accordingly, this alleged scheme is irrelevant to the motion before the Court.

F.   BRANCH'S ASSERTION REGARDING "GROSSLY INFLATED FLOOD ADJUSTMENTS" IS BASED ON A FALLACTIOUS PREMISE.

American Reliable's motion for summary judgment is based on the uncontested fact that American Reliable did not insure the exemplar properties for wind. This bears on Branch's standing as an "original source" -- not on any issues regarding the quality of the flood loss adjustments. In an effort to change the subject, Branch asserts that American Reliable grossly inflated its flood adjustments.

American Reliable stands behind its flood adjustments. However, American Reliable has no obligation to justify its actions to Branch, where Branch has improperly sued American Reliable based on the false premise that Branch is the original source of information to support its loss-shifting scheme.

### III.

### CONCLUSION

The public disclosure bar in the False Claims Act explicitly bars actions, not just claims. *See* 31 USC section 3730 titled "Certain Actions Barred." Therefore, if a complaint (like the First and Second Amended Complaints in this case) is even partly based on a public disclosure the entire action is barred by the public disclosure bar unless the relator is an original source (which Branch is not) or the Government intervenes (which it has not). *See United States ex rel. Fried v. West Independent School District*, No. 07-50732 (5th Cir. May 9, 2008) (stating "we have held that if a qui tam action is 'even partly based upon public allegations or transactions' then the jurisdictional bar applies). Therefore, finding that Branch is not an original source of the loss-shifting scheme alleged with respect to the American Reliable properties identified in the Second Amended Complaint requires a determination that this entire action is barred by Section 3730(e). In view of the foregoing, American Reliable respectfully prays for summary judgment dismissing Branch's complaint.

                                              Respectfully submitted:

                                              <u>s/Gordon P. Serou, Jr.</u>
                                              GORDON P. SEROU, JR. (No. 14432)
                                              JULIA P. MCLELLAN (No. 22113)
                                              Law Offices of Gordon P. Serou, Jr., L.L.C.
                                              gps@seroulaw.com
                                              650 Poydras Street, Suite 1420
                                              New Orleans, Louisiana 70130
                                              Phone No.: 504-299-3421

                                              **Attorneys for American Reliable**
                                              **Insurance Company**

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and foregoing has this date been served upon all parties to this suit through counsel by filing into the Court's electronic filing system and, for non-participants, by placing same in the United States mail, postage prepaid and properly addressed, on this 2nd day of September, 2010.

                                               s/Gordon P. Serou, Jr.
                                               GORDON P. SEROU, JR.