# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*EX REL.* BRANCH CONSULTANTS, L.L.C.,<br><br>      *Plaintiff*<br>v.<br><br>ALLSTATE INSURANCE COMPANY, et al.,<br><br>      *Defendants* | Case No. 2:06-cv-4091 |

## BRANCH CONSULTANTS, LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Jonathan Bridges (TX #24028835)
jbridges@SusmanGodfrey.com
SUSMAN GODFREY LLP
901 Main Street, Suite 5100
Dallas, Texas 75202-3775

Tibor L. Nagy, Jr. (NY #4508271)
tnagy@SusmanGodfrey.com
SUSMAN GODFREY LLP
654 Madison Ave., 5th Flr
New York, NY 10065

Matthew R. Berry (WA #37364)
mberry@susmangodfrey.com
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101

Allan Kanner (LA #20580)
a.kanner@kanner-law.com
KANNER & WHITELEY L.L.C.
701 Camp Street
New Orleans, LA 70130

Stephen J. Herman (LA #23129)
sherman@hhkc.com
Soren E. Gisleson (LA #26302)
sgisleson@hhkc.com
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113

***Attorneys for Plaintiff/Relator***

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................................... iii

I.  Preliminary Statement .................................................................................................. 1

II.  Background ................................................................................................................... 2

III.  Legal Standard .............................................................................................................. 3

IV.  Arguments & Authorities .............................................................................................. 4

    A.  Standard Fire's Motion Should Be Denied Because Its "Impossibility" Argument Is Irrelevant And, In Any Case, Involves Fact Issues As To Which Branch Is Entitled To Discovery .................................................................. 5

    B.  Fidelity's Motion Should Be Denied Because Its "Impossibility" Argument And Its Assertion That It Did Not Utilize The Expedited Claims Handling Process Both Are Irrelevant And, In Any Case, Involve Issues Of Fact As To Which Branch Is Entitled To Discovery ........................................ 8

    C.  Liberty Mutual's Motion Should Be Denied Because Its "Impossibility" Argument And Its Assertion That It Did Not Utilize The Expedited Claims Handling Process Both Are Irrelevant And, In Any Case, Involve Issues Of Fact As To Which Branch Is Entitled To Discovery ........................................ 9

    D.  ANPAC's Motion Should Be Denied Because Branch Is Entitled To Discovery On ANPAC's "Impossibility" And NFS Arguments .......................... 10

    E.  The Adjuster Defendants' Motions For Summary Judgment Should Be Denied ............................................................................................................... 12

    F.  Given That Virtually No Discovery Has Taken Place It Is Clear That The Discovery Of Which Branch Has Been Deprived Is Essential ............................ 12

V.  Conclusion .................................................................................................................. 13

**TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby*,
    477 U.S. 242 (1986) .................................................................................................... 4

*Brumfield v. Shelton*,
    727 F. Supp. 282 (E.D. La. 1989) ................................................................................ 4

*Chaisson v. Western World Ins. Co.*,
    2007 WL 2963759 (E.D. La. Oct. 9, 2007) ............................................................ 4, 12

*City of Alexandria v. Cleco Corp.*,
    2010 WL 290506 (W.D. La. Jan. 22, 2010) ................................................................ 4

*Culwell v. City of Fort Worth*,
    468 F.3d 868 (5th Cir. 2006) ....................................................................................... 4

*Dwyer v. Fidelity National Property & Casualty Insurance Co.*, Civil Action No. 06-
    04793 (E.D. La.) .......................................................................................................... 8

*Green, et al. v. CCS Energy Services LLC*,
    2008 WL 5157505 (E.D. La. Dec. 9, 2008) ................................................................ 4

*Int'l Shortstop, Inc. v. Rally's, Inc.*,
    939 F.2d 1257 (5th Cir. 1991) ..................................................................................... 4

*Smith v. La. State Police*,
    2008 WL 782771 (E.D. La. March 20, 2008) ............................................................. 4

*United States ex rel. Rigsby v. State Farm Insurance Co.*,
    06-CV-433 (S.D. Miss.) ............................................................................................... 2

**Rules & Regulations**

44 C.F.R. § 62.23(e) ............................................................................................................ 12

Fed. R. Civ. P. 30 .................................................................................................................. 3

Fed. R. Civ. P. 56 .................................................................................................................. 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*EX REL.* BRANCH CONSULTANTS, L.L.C.,<br><br>            *Plaintiff*<br>v.<br><br>ALLSTATE INSURANCE COMPANY, et al.,<br><br>            *Defendants* | Case No. 2:06-cv-4091 |

**BRANCH CONSULTANTS, LLC'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff-Relator Branch Consultants, LLC ("Branch") respectfully submits this memorandum in opposition to the motions for summary judgment filed by Defendants Standard Fire Insurance Company (Dkt. 495), Fidelity National Insurance Company and Fidelity National Property and Casualty Insurance Company (Dkt. 509), Colonial Claims Corporation (Dkt. 545), Liberty Mutual Fire Insurance Company (Dkt. 565), Simsol Insurance Services, Inc. (Dkt. 570), and American National Property & Casualty Company (Dkt. 580) (collectively, "Defendants").[1]

**I.     PRELIMINARY STATEMENT**

After four years of litigation there still has not been a single merits deposition in this case. Instead, without saying a word about their grossly inflated flood adjustments, Defendants would like to continue their repetitive attacks on this Court's jurisdiction. Defendants' present motions for summary judgment should be denied for two reasons. First, their motions are premature: given the absence of virtually any meaningful discovery in this case, Branch is entitled to discovery under Rule 56(f). Second, Defendants' assertions concerning the

---

[1] Also submitted with this memorandum are (1) Branch's responses to each Defendant's L.R. 56.1 statement of uncontested facts (Exs. 1-6); (2) the declaration of Jonathan Bridges (Ex. 7); (3) the declaration of Max Johnson (Ex. 8); and (4) the other exhibits referenced in this memorandum.

impossibility of "loss shifting" with respect to particular exemplars involve contested issues of fact and/or are moot in light of this Court's August 13, 2010 order (the "Order") granting Branch leave to file its Second Amended Complaint. As this Court stated in that Order, "Branch may proceed to discovery."[2] That is exactly what should happen now—before any summary disposition of this action.

## II. BACKGROUND

This Court is thoroughly familiar with the procedural history of this case—Branch will not repeat it here and instead will focus only on the current state of discovery as it relates to Defendants' pending summary judgment motions. Branch originally served discovery requests on Defendants in 2007, before this case was dismissed and went up on appeal. On November 20, 2009, after the case was remanded back to the trial court, Branch served amended document requests and interrogatories on Defendants.[3] On December 16, 2009, the magistrate judge *sua sponte* issued an order directing the parties to submit discovery plans that "address whether the discovery orders in *United States ex rel. Rigsby v. State Farm Insurance Co.*, 06-CV-433 (S.D. Miss.), are appropriate for use in this action."[4] Citing the magistrate judge's order, Defendants thereupon refused to produce virtually any of the information and documents Branch had requested.[5]

On November 20, 2009, Branch served Rule 30(b)(6) ESI deposition notices on Defendants.[6] Two of those depositions—the only two depositions that have taken place so far—took place in March 2010. On March 3, 2010, in response to a request by Defendants, the

---

[2] Order at 44.
[3] Ex. 7, Bridges Decl. ¶ 3.
[4] Dkt. #277.
[5] Ex. 7, Bridges Decl. ¶ 4.
[6] *Id.* ¶ 3.

magistrate judge ordered that *no Rule 30(b)(6) depositions concerning the merits* could occur before May 2010.[7]

On March 24, 2010, Branch informed Defendants that it would be serving deposition subpoenas on the independent adjusters who completed the adjustments of the exemplar properties, including the three ARIC properties. Defendants demanded that Branch not serve the subpoenas and threatened to file a motion for sanctions if Branch proceeded with the depositions, arguing that all merits-based depositions were precluded by the magistrate judge's order.[8]

On March 26, 2010, the magistrate judge issued a Report & Recommendation concluding that, based on her view of the scope of subject matter jurisdiction in this action, discovery should be limited to the 27 exemplar properties identified in the FAC (the "Recommendation"). In light of the Recommendation, the parties agreed that all depositions should be stayed until this Court resolved the jurisdictional issue created by the magistrate judge's March 26, 2010 order. This Court's Order resolving that issue was entered on August 13, 2010.[9]

In sum, as a result of Defendants' refusals (and the magistrate judge's rulings), Branch has not been able to take meaningful discovery in this case, including any documents concerning Defendants' wind and flood adjusting practices or any merits depositions.

### III. LEGAL STANDARD

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Summary judgment should not be granted where a party has not had the opportunity to discover information essential to its opposition. *See, e.g., City of Alexandria v. Cleco Corp.*,

---

[7] Dkt. #441.

[8] Ex. 7, Bridges Decl. ¶ 6.

[9] Following entry of this Court's Order, Branch requested that Defendants withdraw their motions for summary judgment without prejudice. Defendants refused.

2010 WL 290506, *2 (W.D. La. Jan. 22, 2010) (Rule 56(f) provides "that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.") (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n. 5 (1986)); *Green, et al. v. CCS Energy Services LLC*, 2008 WL 5157505, *5 (E.D. La. Dec. 9, 2008) ("Rule 56(f) is designed to safeguard against a premature or improvident grand of summary judgment.") (Vance, J). Rule 56(f) "motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871-72 (5th Cir. 2006) (concluding that denial of Rule 56(f) motion was an abuse of discretion). "Where the evidence that the non-moving party contends will create a genuine issue for trial is in the exclusive possession of the moving party, a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (quotation omitted).

Courts in the Eastern District of Louisiana repeatedly have denied summary judgment motions where no depositions had been taken and there had been little discovery. *See*, *e.g.*, *Chaisson v. Western World Ins. Co.*, 2007 WL 2963759, *2 (E.D. La. Oct. 9, 2007) (finding that a motion for summary judgment "seems frivolous at the least" where "no depositions have been taken thus far and there has been little, if any, discovery."); *Brumfield v. Shelton*, 727 F. Supp. 282, 284 (E.D. La. 1989) ("[R]egardless of currently available evidence, summary judgment on the issue of liability would be premature because the pivotal defendant, Shelton, has not yet been deposed."); *Smith v. La. State Police*, 2008 WL 782771, *2-4 (E.D. La. March 20, 2008) (granting Rule 56(f) motion where no depositions had been conducted).

## IV. ARGUMENTS & AUTHORITIES

Branch inspected the properties in the FAC and independently determined that those properties' flood adjustments were grossly inflated. Defendants cannot and do not dispute those

1273356v1/009717                                4

critical jurisdictional facts, nor do their motions defend the properties' grossly inflated flood adjustments. Instead, Defendants seek summary judgment because (1) on certain of the exemplars the Defendant did not issue both the wind/homeowners policy and the flood policy, (2) on certain of the exemplars the Defendant did not utilize the expedited claims process, (3) Defendant American National Property & Casualty Company used third-party vendor National Flood Services ("NFS") to administer its flood claims, and (4) Defendants Colonial Claims Corporation ("Colonial") and Simsol Insurance Services, Inc. ("Simsol") are adjusters and not insurers. Summary judgment should be denied because Defendants' assertions are either irrelevant in light of this Court's recent Order allowing Branch to file its Second Amended Complaint and/or involve issues of fact as to which Branch should be allowed to take discovery.

> A.   **Standard Fire's Motion Should Be Denied Because Its "Impossibility" Argument Is Irrelevant And, In Any Case, Involves Fact Issues As To Which Branch Is Entitled To Discovery**

Standard Fire seeks summary judgment solely on the basis that "Standard Fire did not, in fact, issue both wind/homeowners policies *and* NFIP flood policies on the" properties located at 7732 Edwards Street and 7568 Horizon Drive in New Orleans—it issued only the NFIP flood policies.[10] In light of this Court's recent Order allowing Branch to amend its complaint, Branch is not required to prove that Defendants issued both the wind/homeowners policy and the flood policy on particular properties in order to maintain its False Claims Act ("FCA") claim.[11] Standard Fire's motion should be denied for that reason alone.

Standard Fire's motion also should be denied because there are issues of fact as to which Branch should be allowed to take discovery prior to summary judgment. For example, while

---

[10] Dkt. No. 495 at 3 (emphasis in original). Branch no longer contends that Standard Fire is the corporate entity that issued the flood policy on the property located at 7311 Beauvoir Court in New Orleans.

[11] Order at 21 ("The Court finds that the Magistrate Judge erred in not allowing the amendment, and it will allow Branch to amend its complaint to add the inflated-revenue scheme.").

Standard Fire did not issue the wind/homeowners policies on these two particular properties, Standard Fire reported to the Louisiana Department of Insurance that it paid 24,065 homeowners claims in connection with Hurricanes Katrina and Rita, paying an average of <u>$4,829.63 per claim</u>.[12] Although Standard Fire has refused to respond to Branch's pertinent discovery requests, it appears that, by comparison, Standard Fire was responsible for administering 3,418 properties in Louisiana on which a NFIP flood payment was made in connection with Hurricane Katrina and <u>maxed out the flood policies on over 70% of those properties</u>, paying an average of <u>over $93,000 per claim</u>.[13]  And while Branch has been deprived of any meaningful discovery from Standard Fire, it appears that Standard Fire received over $18 million in claims processing and adjusting fees in connection with those 3,418 properties.[14]  Thus, there is nothing "impossible" about Branch's fee shifting or inflated revenue allegations with respect to Standard Fire.  On the sparse record before this Court, Standard Fire has not demonstrated that it is entitled to summary judgment on Branch's claim.

Standard Fire's inflated adjustments at the two exemplar properties further demonstrate that summary judgment is premature at this time.  For example, Standard Fire's adjuster maxed out the flood policy of $148,000 at the property located at 7732 Edward Street, apparently based on the assertion that there was an external floodline of 8 feet and internal floodline of 7 feet.[15] But, as illustrated by the photos below (from Standard Fire's own claims file) and by the National Oceanic and Atmospheric Association's ("NOAA") Hurricane Katrina floodmap, the actual floodlines obviously were much lower:

---

[12] Ex. 9 at p. 7.

[13] Ex. 7, Bridges Decl. ¶ 11 and Ex. D thereto.

[14] *Id.*

[15] Ex. 10 at SF 000017.





The photos depict a flood line at approximately 12 inches, and the NOAA map shows the area at a flood depth of 0-1 feet; whereas, Standard Fire reported a 7 foot interior flood line, which is inconsistent with and refuted by this evidence.[16]  Standard Fire has offered no defense of or explanation for the discrepancy.

Given the limited flooding at this property, the actual *flood* damage was nowhere near the $148,000 that Standard Fire claimed.[17]

---

[16] Ex. 7, Bridges Decl. ¶ 11 and Exs. A and B thereto.

[17] Ex. 8, Johnson Decl. ¶¶ 5-6 and Exs. thereto.

B.     **Fidelity's Motion Should Be Denied Because Its "Impossibility" Argument And Its Assertion That It Did Not Utilize The Expedited Claims Handling Process Both Are Irrelevant And, In Any Case, Involve Issues Of Fact As To Which Branch Is Entitled To Discovery**

Fidelity's motion for summary judgment is substantively identical to Standard Fire's motion and should be denied for the same reasons. While Fidelity continues to refuse to produce nearly any of the discovery Branch has requested, it appears that Fidelity earned over $139 million in claims processing and adjusting fees in connection with Louisiana properties following Hurricane Katrina.[18] And the sworn deposition testimony Fidelity's 30(b)(6) witness Deborah Price gave in January 2007 in *Dwyer v. Fidelity National Property & Casualty Insurance Co.*, Civil Action No. 06-04793 (E.D. La.), leaves no doubt that Fidelity had an incentive to inflate flood adjustments:

> Q:   If Fidelity is paid three and a half percent of all the—the payouts on loss, isn't it in the best interests of Fidelity to pay as much as possible on a claim?
>
> A:   Absolutely.[19]

The only argument Fidelity adds to those advanced by Standard Fire is that Fidelity did not rely on the expedited claims handling process for any of the exemplar properties. Even if true, this assertion is irrelevant: Branch is not required to prove that Fidelity utilized the expedited claims handling process in order to establish that Fidelity violated the FCA. The significance of the expedited claims handling process is not the process itself but the fact that, following Hurricane Katrina, the large number of flood claims allowed WYO carriers like Fidelity to grossly inflate flood adjustments with little or no chance of detection by the government. This occurred as a result of a host of circumstances—among them, for example, the

---

[18] Ex. 7, Bridges Decl. ¶ 11 and Ex. E thereto.
[19] Ex. 11 at 119: 16-21.

expedited claims process and/or FEMA's waiver of the proof-of-loss requirement.[20]  Further, even if the extent of the lack of government oversight were somehow an essential element of Branch's FCA claim (and it is not), Branch is entitled to discovery on that issue.

### C. Liberty Mutual's Motion Should Be Denied Because Its "Impossibility" Argument And Its Assertion That It Did Not Utilize The Expedited Claims Handling Process Both Are Irrelevant And, In Any Case, Involve Issues Of Fact As To Which Branch Is Entitled To Discovery

Liberty Mutual makes the same arguments as Standard Fire and Fidelity, and its motion should be denied for the same reasons.  The only difference is that, with respect to the property located at 7441 Fieldston Road in New Orleans, Liberty Mutual claims that the insureds engaged in insurance fraud with respect to their wind claim.  A mere allegation of fraud against a third party hardly constitutes evidence of Liberty Mutual's innocence, let alone establish innocence as a matter of undisputed fact.

Further, even if the allegations against the homeowner were established fact on the record before the Court, which they are not, this kind of fraud would be only marginally relevant to Branch's claim—that Liberty Mutual fraudulently caused grossly inflated flood claims to be submitted to the government for the property at 7441 Fieldston Road and elsewhere.  Certainly Liberty Mutual treated the alleged fraud as unrelated to the flood adjustment at this property when it promptly paid <u>these same insureds</u> the policy limits of $103,8000 on their flood claim.[21]  At a minimum, Branch should be allowed to take discovery from Liberty Mutual, including discovery concerning its assertion that it was entitled to deny the wind claim on this property because of fraud by its insureds.

---

[20] *See* Second Amended Complaint ¶ 17.

[21] Ex. 12; *see also* Ex. 8, Johnson Decl. ¶ 7 ("Shortly after Hurricane Katrina, I personally inspected the property located at 7441 Fieldston Drive in New Orleans, on which Defendant Liberty Mutual issued both the flood and the wind policies.  Contrary to Liberty Mutual's allegations, the property suffered extensive wind damage that obviously was not caused by any 'fraud' by the insured.").

### D. ANPAC's Motion Should Be Denied Because Branch Is Entitled To Discovery On ANPAC's "Impossibility" And NFS Arguments

ANPAC asserts the same loss-shifting "impossibility" argument as the other Defendants, and its argument should be rejected for the same reasons. In addition, despite the indignant tone of ANPAC's brief, it now appears that it is undisputed that ANPAC's wholly-owned subsidiary ANPAC Louisiana Insurance Company ("ANPAC LIC") is the wind/homeowners insurer on each of the ANPAC exemplar properties[22]—so that there is nothing "impossible" about Branch's loss shifting allegation as to ANPAC. At a minimum, Branch is entitled to discovery on the issue of the relationship of these ANPAC parent-subsidiary corporations.

Branch likewise is entitled to discovery concerning ANPAC's self-serving assertions concerning ANPAC's third-party vendor National Flood Services ("NFS"). Summary judgment is premature given that there has not been even a single deposition concerning ANPAC's actual relationship with NFS and its knowledge/direction of NFS's flood adjusting practices. Nor have there been any depositions concerning the grossly inflated flood adjustments ANPAC submitted—or caused to be submitted through NFS—to the government. For example, while ANPAC maxed out the $96,000 flood policy at 4900 Alsace St. in New Orleans, there was ***no*** flooding at this property and ***no*** flood damage. All of the damage was caused by wind and wind-driven rain:

---

[22] Dkt. 580 at 22; Ex. 13 at p. 5.





The first photo depicts a flood line in the front yard at the base of the fence, which is lower than ground level at the building and shows that the flood waters were too low to have entered the building, while the second photo depicts evidence of rainwater running down the stairs, consistent with damage caused by wind, not flood.[23] The NOAA map[24] shows the area at a flood depth of 0-1 feet, which is consistent with Branch's measurement and report of no flooding in the building and inconsistent with ANPAC's adjustment indicating that the $96,000 flood policy was maxed out.

---

[23] Exs. 15, 16.

[24] Ex. 7, Bridges Decl. ¶ 11 and Exs. A and C thereto.

### E. The Adjuster Defendants' Motions For Summary Judgment Should Be Denied

Colonial and Simsol seek summary judgment based on the same loss-shifting impossibility arguments as the other Defendants and based on their additional argument that they are adjusters and not insurers. Colonial's and Simsol's loss-shifting "impossibility" argument should be denied for the same reasons as those of the other Defendants. Furthermore, Branch is not required to prove that Colonial and Simsol are insurers in order to show that they violated the FCA. For example, even though it is not an insurer Colonial had the same incentive to inflate flood adjustments that its client Fidelity admittedly had: inflating flood adjustments increased the fees earned by Colonial.[25] At a minimum, Branch is entitled to discovery prior to summary judgment on its claim against Colonial and Simsol.

### F. Given That Virtually No Discovery Has Taken Place It Is Clear That The Discovery Of Which Branch Has Been Deprived Is Essential

Given that *no* merits depositions have taken place, it cannot seriously be contended that Branch does not need more discovery prior to summary judgment. *See, e.g., Chaisson v. Western World Ins. Co.*, 2007 WL 2963759, *2 (E.D. La. Oct. 9, 2007) (finding that a motion for summary judgment "seems frivolous at the least" where "no depositions have been taken thus far and there has been little, if any, discovery."). What follows are just a few examples of the discovery Defendants have refused to produce and which Branch has not yet had an adequate opportunity to obtain:

- Documents concerning Defendants' adjusting standards and practices for wind claims, which Defendants were obligated to follow when adjusting flood claims.[26]

---

[25] Ex. 14.

[26] *See, e.g.*, 44 C.F.R. § 62.23(e) (requiring that "a WYO Company shall use its own customary standards, staff and independent contractor resources, as it would in the ordinary and necessary conduct of its own business affairs").

- The price lists Defendants used to adjust wind claims, so that they can be compared to the price lists Defendants used in their flood adjustments.

- The settings on the software used to adjust flood claims, and how those settings compare to those used to adjust wind claims.

- The native electronic versions of Defendants' claims files, which are essential to Branch's ability to perform statistical analyses of Defendants' claims files.

- The depreciation rates used by Defendants for flood claims and wind claims.

- Defendants' communications with the Government concerning their flood adjusting practices.

- Defendants' communications concerning Louisiana Citizens, including communications concerning actual and anticipated assessments levied by Louisiana Citizens.

- Defendants' emails concerning Katrina-related wind damage and their anticipated Katrina-related wind losses.

- Defendants' emails discussing Katrina-related flood damage.

- Defendants' emails concerning their anticipated Katrina-related flood adjusting fees.

As set forth in the accompanying declaration of Jonathan Bridges, the discovery listed above is essential to Branch's pursuit of its claims against Defendants in this action. Summary judgment should be denied so that this 4-year-old case can finally proceed to discovery.

### V. CONCLUSION

Defendants' motions are not proper motions for summary judgment at all: they are simply another attempt to rehash Defendants' original-source arguments so that Defendants can avoid *ever* having to provide discovery in this case. This Court properly held that Branch adequately stated a claim against Defendants under the FCA. Branch is entitled to take discovery on that claim. Summary judgment should be denied.

DATED:  September 3, 2010                    Respectfully submitted,

                                                    SUSMAN GODFREY LLP

                                       By: /s/ Jonathan Bridges
                                           Jonathan Bridges (TX #24028835)
                                           jbridges@SusmanGodfrey.com
                                           901 Main Street, Suite 5100
                                           Dallas, Texas  75202-3775

                                           Tibor L. Nagy, Jr. (NY #4508271)
                                           tnagy@SusmanGodfrey.com
                                           654 Madison Ave., 5th Flr
                                           New York, NY 10065

                                           Matthew R. Berry (WA #37364)
                                           mberry@susmangodfrey.com
                                           1201 Third Avenue, Suite 3800
                                           Seattle, WA 98101

                                                  *and*

                                           KANNER & WHITELEY L.L.C.
                                           Allan Kanner (LA #20580)
                                           a.kanner@kanner-law.com
                                           701 Camp Street
                                           New Orleans, LA  70130

                                                  *and*

                                           HERMAN, HERMAN, KATZ & COTLAR, LLP
                                           Stephen J. Herman (LA #23129)
                                           sherman@hhkc.com
                                           Soren E. Gisleson (LA #26302)
                                           sgisleson@hhkc.com
                                           820 O'Keefe Avenue
                                           New Orleans, Louisiana 70113

                                           ***Attorneys for Plaintiff/Relator***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 3, 2010, a copy of the foregoing Branch's Response To Defendants' Motion For Summary Judgment was served upon Defendants via electronic mail, pursuant to the parties' agreement on e-mail service.  I further certify that a true and correct copy of the above also was sent via electronic mail (pursuant to agreement) to Assistant United States Attorney, Jay D. Majors.


                                                /s/ Jonathan Bridges