UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*EX REL.* BRANCH CONSULTANTS, L.L.C.,<br><br>Plaintiff<br><br>VERSUS<br><br>ALLSTATE INSURANCE COMPANY, et. al.,<br><br>Defendants | CIVIL ACTION NO.: 06-4091<br><br>SECTION: "R" (1)<br><br>JUDGE: VANCE<br><br>MAGISTRATE: SHUSHAN |

**LIBERTY MUTUAL FIRE INSURANCE COMPANY'S
SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") submits this supplemental brief in support of its motion for summary judgment. Liberty Mutual adopts the legal arguments in Standard Fire Insurance Company's supplemental brief[1] to avoid duplication and only writes to address issues specifically related to Liberty Mutual.

**I.   As There Is No Evidence Any Pre-Suit Disclosure Regarding Liberty Mutual, Branch is Not An Original Source Of The Allegations Against Liberty Mutual.**

To be an "original source" within the confines of the False Claims Act ("FCA"), a relator must have "direct and independent knowledge of the information on which the allegations are based" ***and*** have "voluntarily provided the information to the Government before filing an action" under the FCA.[2]   The disclosure to the Government required by § 3730(e)(4)(B) is

---

[1]   R. Doc. 686-2.

[2]   *See* 31 U.S.C. § 3730(e)(4)(B).

167580

jurisdictional in nature and must be made at the earliest date possible *before* the written disclosure statement required by § 3730(b)(2).[3]

Briefing on Liberty Mutual's motion for summary judgment was complete on September 20, 2010.[4] Four days later, undersigned counsel received several documents including plaintiff Branch Consultant, LLC's ("Branch") § 3730(b)(2) Statement[5] in response to Magistrate Shushan's September 20, 2010 Order.[6] These newly disclosed documents indicate that Branch's only pre-suit disclosure is its § 3730(b)(2) Statement provided to the Government on the same day it filed its Complaint.

Notably, Branch's § 3730(b)(2) Statement contains ***no*** information regarding Liberty Mutual.[7] There is ***no*** mention of Liberty Mutual's participation in a loss-shifting scheme, ***no*** mention of Liberty Mutual's participation in an inflated-revenue scheme,[8] ***no*** mention of arrest of Liberty Mutual's insureds, and/or ***no*** mention of Liberty Mutual's participation in any false claim or other scheme whatsoever.[9] In fact, Branch fails to identify a single Liberty Mutual property in its disclosure statement, let alone a number of Liberty Mutual

---

[3] *See* R. Doc. 686, notes 4 and 5.

[4] *See* R. Doc. 644.

[5] *See* R. Doc. 686-3 (Branch's § 3730(b)(2) Written Disclosure Statement).

[6] *See* R. Doc. 640.

[7] *See* R. Doc. 686-3.

[8] This Court will note that there is no mention of an inflated-revenue scheme in Branch's nineteen-page pre-suit disclosure. Rather, Branch focuses on alleged wind/water shifting utilizing FEMA's post-Katrina expedited claims handling process, a scheme and process Liberty Mutual has clearly shown is impossible as to the Liberty Mutual properties identified in Paragraph 29 of the First Amended Complaint and/or Paragraph 28 of the Second Amended Complaint.

[9] *See* R. Doc. 686-3.

167580

properties from which a scheme could be inferred.[10]  Thus, even assuming Branch's § 3730(b)(2) Statement is sufficient to meet the requirements of § 3730(e)(4)(B), the absence of information about Liberty Mutual in Branch's pre-suit disclosure to the Government is fatal to its claimed original source status.  Accordingly, as Branch failed to provide any information to the Government regarding Liberty Mutual in advance of its suit as required by § 3730(e)(4)(B), summary judgment should be entered in favor of Liberty Mutual.

## II.  Conclusion

For these further reasons, Liberty Mutual respectfully requests that this Court grant summary judgment in its favor.

Respectfully submitted,

BARRASSO, USDIN, KUPPERMAN
FREEMAN & SARVER, LLC

/s/ Keith L. Magness
Judy Y. Barrasso, TA (2814)
jbarrasso@barrassousdin.com
Celeste R. Coco-Ewing (25002)
ccoco-ewing@barrassousdin.com
Keith L. Magness (29962)
kmagness@barrassousdin.com
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile:   (504) 589-9701

Attorneys for defendant,
Liberty Mutual Fire Insurance Company

---

[10]  *Id.*; *see also* Complaint, R. Doc. 1.  Notably, Branch's original Complaint also fails to mention Liberty Mutual, inflated revenue, and/or identify any single Liberty Mutual property or group of properties from which a "scheme" can be inferred.

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the above and foregoing pleading has this date been served upon all parties to this suit through counsel by filing into the Court's electronic filing system and, for non-participants, via electronic mail, this 11th day of October, 2010.

                                                       /s/ Keith L. Magness  
                                                       KEITH L. MAGNESS

167580