## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA, *EX REL.***          **CIVIL ACTION**
**BRANCH CONSULTANTS, LLC**

**VERSUS**                                       **NO:  06-4091-SSV-SS**

**ALLSTATE INSURANCE COMPANY, et al**

## ORDER

DEFENDANTS' OBJECTIONS TO ESI DEPOSITIONS (Rec. docs. 449, 450 and 451)

 **DENIED**

OBJECTIONS OF LIBERTY MUTUAL AND ANPAC (Rec. doc. 452)

 **GRANTED IN PART AND DENIED IN PART**

 IT IS ORDERED that:

1. The order of March 17, 2010 (Rec. doc. 464) is VACATED.

2. The objections of the insurer and adjuster defendants (Rec. docs. 449, 450 and 451) are
DENIED.[1]

3. The objections of Liberty Mutual Fire Insurance Company ("Liberty Mutual") and American
National Property and Casualty Company ("ANPAC") (Rec. doc. 452) are GRANTED in
PART and DENIED in PART and:

 a. Liberty Mutual and ANPAC shall produce Rule 30(b)(6) representatives to testify
on all information in their possession, custody and control ("possession") responsive

---

[1]  The defendants objected that, "[t]he new areas of inquiry are unrelated and unnecessary to address ESI, and clearly relate to Branch's Second Amended Complaint which was rejected by this Court. . . ."  Rec. doc. 451 at 2-3.  The objections are moot because the Court permitted Branch to file its Second Amended Complaint.

to the February 26, 2010 deposition notices.

c.      Branch shall schedule the Rule 30(b)(6) deposition of the National Flood Services, Inc. ("NFS") in cooperation with Liberty Mutual and ANPAC to obtain information responsive to the February 26, 2010 deposition notices which Liberty Mutual and ANPAC contend is not in their possession.

d.      By **Monday, November 1, 2010**, Liberty Mutual and ANPAC shall file a memorandum in support of their argument that information in the possession of NFS pertaining to Liberty Mutual and ANPAC flood claims is not in their possession. The memorandum shall include the contracts between NFS and Liberty Mutual and ANPAC and any other documentation which they contend supports their position.

e.      By **Wednesday, November 10, 2010**, Branch shall submit a memorandum regarding its position on whether NFS information is in the possession of Liberty Mutual and ANPAC .

f.      After consideration of the memoranda, the court will determine whether further briefing and/or discovery is required.

4.      Branch may re-depose the two insurer defendants (Fidelity and Liberty Mutual) who gave ESI depositions.  Branch may not ask any questions which were asked and answered on the first depositions.  Branch may only inquire as to matters which were foreclosed by the March 17, 2010 order.

5.      Branch shall not revise its Rule 30(b)(6) ESI notices for any defendant.

6.      At the October 22, 2010 conference Branch shall report on when it can serve Rule 30(b)(6)

ESI deposition notices on Allstate Insurance Company ("Allstate") and Pilot Catastrophe

Services, Inc.

New Orleans, Louisiana, this 18th day of October, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**