UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

---

UNITED STATES OF AMERICA,
*EX REL.* BRANCH CONSULTANTS, L.L.C.,

           Plaintiff,

           v.

ALLSTATE INS. CO., *et al.*,

           Defendants.

Case No.: 06-cv-4091

Sect.: R

Judge Vance

Magistrate Judge Shushan

---

## THE STANDARD FIRE INSURANCE COMPANY'S SUPPLEMENTAL STATEMENT OF UNDISPUTED MATERIAL FACTS[1]

Pursuant to the Court's Order,[2] Standard Fire[3] respectfully submits this Supplemental Statement of Undisputed Material Facts as to which there is no genuine issue to be tried:

**A.**    **BRANCH MADE NO PRE-SUIT DISCLOSURE**

    11.    Branch filed this action on August 2, 2006. R. Doc. 1.

    12.    Branch did not voluntarily provide the information on which its allegations against Standard Fire are based to the Government prior to August 2, 2006.

---

[1] The numbering herein continues from Standard Fire's previously-filed Statement of Undisputed Material Facts, R. Doc. 495-8.

[2] R. Doc. 783.

[3] Unless otherwise indicated, capitalized terms herein have the same meaning as in Standard Fire's motion for summary judgment and accompanying memorandum. *See* R. Docs. 495, 495-1.

13. On August 2, 2006, Branch first provided information to the Government. *See* Branch's July 29, 2010 Privilege Log, attached hereto as Exhibit 1; *see also* R. Docs. 694, Exhibit A.

14. On August 2, 2006, Branch first provided information to the Government in the form of its written disclosure statement submitted pursuant to 31 U.S.C. § 3730(b)(2) and found, in part, at R. Doc. 694, Exhibit A ("Written Disclosure Statement").

15. Branch did not voluntarily provide the Government with the information regarding the allegations in the complaint against Standard Fire, pursuant to 31 U.S.C. § 3730(e)(4)(B), before providing its Written Disclosure Statement to the Government.

16. The Written Disclosure Statement contains no information about Standard Fire. *Id.*

17. The Written Disclosure Statement contains no information about 7732 Edward Street, New Orleans, Louisiana 70126, 7568 Horizon Drive, New Orleans, Louisiana 70129, and 7311 Beauvoir Court, New Orleans, Louisiana 70128, or any other property address for which Standard Fire allegedly issued the NFIP policy. *Id.*

18. The only disclosures Branch made to the Government about the information on which its allegations are based are set forth in R. Docs. 692-1, 692-2, and 692-3.

19. Branch did not identify to the Government any price(s) paid by Standard Fire on which Branch bases its allegation that Standard Fire inflated prices on flood claims. *See* R. Docs. 686-3, 692-2, and 692-3.

20. Branch did not identify to the Government any item which Standard Fire paid to replace on which Branch bases its allegation that Standard Fire paid to replace items on flood claims that did not need to be replaced. *See id.*

21. Branch did not identify to the Government any facts specific to Standard Fire on which Branch bases its allegations that Standard Fire made false statements in connection with a Hurricane Katrina flood claim prior to filing this action. See R. Doc. 686-3.

22. Branch did not identify to the Government any facts specific to Standard Fire on which Branch bases its allegations that Standard Fire participated in an inflated-revenue scheme. See R. Doc. 692-1, 692-2, and 692-3.

23. Branch did not provide the Government with any information on Branch's alleged "inflated-revenue" scheme. *See id.*

24. Branch did not provide to the Government with any facts related to its "loss-shifting" scheme as to Standard Fire prior to filing this action.

2

B.  **PROPERTIES REFERENCED IN COMPLAINT**

25. The original complaint contains no property-specific allegations against Standard Fire.  *See* R. Doc. 1.

26. The First and Second Amended Complaint include allegations that Standard Fire issued both the NFIP policy and wind policy for 7732 Edwards Street, 7568 Horizon Drive, and 7311 Beauvoir Court.  *See* R. Docs. 49 ¶ 31, 617 ¶ 30.

27. Standard Fire did not issue both the NFIP policy and wind policy for 7568 Horizon Drive, 7311 Beauvoir Court, or 7732 Edwards Street.  *See* R. Docs. 495-2 ¶ 3, 495-8 ¶ 3, 631-1 ¶ 3.

28. 7732 Edward Street, New Orleans, Louisiana

    i. Standard Fire did not issue the wind policy for 7732 Edward Street, New Orleans, LA.  *See* R. Doc. 694-2 at 1 (BRANCH_B000366).

    ii. Prior to August 2, 2006, Branch knew that Standard Fire did not issue the flood and wind insurance policies for 7732 Edward Street, New Orleans, LA.  *See id.*

    iii. Branch does not have direct and independent knowledge relating to its allegations that Standard Fire engaged in the so-called "loss-shifting" scheme at 7732 Edward Street.

    iv. Prior to August 2, 2006, Branch took the position that 7732 Edward Street, New Orleans, LA was a total loss.  *See id.* at 1-2 (BRANCH_B000366 – BRANCH_B000367).

    v. Prior to August 2, 2006, Branch asserted that FEMA's position is that 7732 Edward Street, New Orleans, LA was a total loss.  *See id.*

    vi. Prior to August 2, 2006, Branch took the position that 7732 Edwards Street, New Orleans, LA had to be totally gutted out of all interior claddings and systems as a result of Hurricane Katrina, and that the drywall walls and ceilings, along with attendant insulation, were destroyed.  *See id.*

29. 7568 Horizon Drive, New Orleans, Louisiana

    i. Standard Fire did not issue both the NFIP and wind policy for 7568 Horizon Drive, New Orleans, LA.  *See* R. Docs. 495-2 ¶ 3, 495-8 ¶ 3, 631-1 ¶ 3.

    ii.    Branch does not have direct and independent knowledge relating to its allegations that Standard Fire engaged in the so-called "loss-shifting" scheme at 7568 Horizon Drive, New Orleans, LA.

    iii.    Branch has produced no documents about 7568 Horizon Drive, New Orleans, LA that predate the filing of the initial complaint. *See* R. Doc. 694 at 3.

30. 7311 Beauvoir Court, New Orleans, Louisiana

    i.    Branch has disclaimed its allegations against Standard Fire with regard to the property located at 7311 Beauvoir Court, New Orleans, LA. *See* R. Doc. 631 at 5 ("Branch no longer contends that Standard Fire is the corporate entity that issued the flood policy on the property located at 7311 Beauvoir Court in New Orleans"); *see also* R. Doc. 631-1 ¶ 7.

    ii.    Branch does not have direct and independent knowledge relating to its allegations that Standard Fire engaged in the so-called "loss-shifting" scheme at 7311 Beauvoir Court.

    iii.    Branch has produced no documents about 7311 Beauvoir Court, New Orleans, LA that predate the filing of the initial complaint. *See* R. Doc. 694 at 3.

## C.  BRANCH HAS NOT PRODUCED ANY PRE-SUIT DISCLOSURES TO THE GOVERNMENT PURSUANT TO MAGISTRATE JUDGE SHUSHAN'S ORDER TO PRODUCE PRE-SUIT COMMUNICATIONS

31. On May 12, 2010, Branch was ordered by Magistrate Judge Shushan to produce its pre-suit communications with the Government for in camera review. R. Doc. 567 at 9; *see* R. Doc. 640 at 1.

32. On September 20, 2010 Magistrate Judge Shushan ordered Branch to produce its pre-suit communications with the Government to defendants. R. Doc. 640.

33. Branch's production to defendants contains no communications to the Government dated prior to August 2, 2006.

34. Branch's production to defendants contains no evidence of any communications to the Government dated prior to August 2, 2006.

4

Dated:  November 17, 2010

Respectfully submitted,

PHELPS DUNBAR LLP

/s/ Harry Rosenberg
Harry Rosenberg (11465)
rosenbeh@phelps.com
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 566-1311

SIMPSON THACHER AND BARTLETT LLP
Bryce L. Friedman (*pro hac vice*)
bfriedman@stblaw.com
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000

Deborah L. Stein (*pro hac vice*)
dstein@stblaw.com
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Telephone: (310) 407-7500

***Attorneys for The Standard Fire Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this date been served upon all parties to this suit through counsel by filing into the Court's electronic filing system and, for non-participants, by placing same in the United States mail, postage prepaid and properly addressed on this 17th day of November, 2010.

/s/ Harry Rosenberg

PD.4496449.1