IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> *EX REL.* BRANCH CONSULTANTS, L.L.C., ) <br> ) <br> *Plaintiff*, ) <br> v. ) <br> ) <br> ALLSTATE INSURANCE COMPANY, et al, ) <br> *Defendants*. ) | Case No. 2:06-cv-4091 <br><br><br><br><br> **JURY TRIAL DEMANDED** |

## BRANCH'S PRELIMINARY CONSOLIDATED RESPONSE TO DEFENDANTS' SUPPLEMENTAL STATEMENTS OF UNDISPUTED MATERIAL FACTS

Plaintiff-Relator Branch Consultants, LLC respectfully submits this preliminary response to the Supplemented Statements of Undisputed Material Facts filed by Defendants Standard Fire Insurance Company (Dkt. 788), Fidelity National Insurance Company and Fidelity National Property and Casualty Insurance Company (Dkt. 790), and Liberty Mutual Fire Insurance Company (Dkt. 787). Although Branch intends to seek leave promptly to submit an itemized response admitting or denying each paragraph in the defendants' supplemental Local Rule 56.1 statements, Branch regrettably is unable to do so today because of the timing of those supplements and their sheer volume. Nonetheless, Branch believes that its disagreement with the facts presented in those supplemental statements is summarized in the statements below and the accompanying Declaration of Allan Kanner, which is attached to and incorporated into this statement. (*See* Exhibit 1 Kanner Declaration) And thus, Branch is filing this preliminary statement today so that the Court may have the use of it in advance of tomorrow's hearing. Accordingly, Branch submits the following fact statements under Local Rule 56.2:

1. Branch disclosed to the government the information on which its original complaint was based before filing that complaint. *See generally* Kanner Declaration.

2. It did so on the morning of August 2, 2006. *Id.* ¶ 4.

3. Branch's pre-filing disclosures included both written and oral communications with the government. *Id*. ¶ 5.

4. Branch's pre-filing disclosures included both information concerning the exemplar properties identified in the original complaint and also information concerning all defendants based on Branch's many many post-Katrina experiences performing work initially on behalf of insurers and subsequently on behalf of homeowners. *Id*.; *see also* Relator's Written Disclosure Statement at 8 ("[I]n examining hundreds of flood claim files, Branch immediately recognized a pattern. Again and again, wherever there was flood insurance and at least some flooding (and sometimes even where it did not flood), defendants had submitted a claim for ***full*** policy limits to NFIP.").

5. Branch's pre-filing disclosures informed the government that Branch was continuing to prepare supporting documentation and detailed analysis concerning examples of the fraud it alleged. Kanner Decl. ¶ 5 ("I described Branch's ongoing effort as including review and assembly of considerable documentation as well as the creation of summary documents reflecting its analysis. And I mentioned that Branch was continuing to re-inspect premises where they believed fraud had taken place but as of yet lacked documentation from which particularized details could be extracted.").

6. Branch made these disclosures voluntarily and not in response to a subpoena. *Id*. ¶ 6; *cf*. 132 Cong. Rec. S 11244 (1986) (remarks of Sen. Grassley) ("In the definition of 'original source,' the requirement that the individual 'voluntarily' informed the Government . . . is meant to preclude the ability of an individual to sue under the qui tam section of the False Claims Act when his suit is based solely on public information and the individual was a source of the

allegations only because the individual was subpoenaed to come forward.") (emphasis added). (*See* Exhibit 2)

7. Branch answered the government's questions and offered to make its personnel and files available to the government—all before filing the original complaint. *Id*. ¶¶ 7, 5(D).

8. Branch inquired whether the government wanted more time to consider the information Branch disclosed before it filed the original complaint and waited to file until the government confirmed that it did not object to Branch's filing immediately. *Id*. ¶¶ 8-9.

6. Branch similarly disclosed to the government all new information on which its amended complaints were based before filing those complaints. *Id*. ¶ 13.

DATED:  November 18, 2010			Respectfully submitted,

KANNER & WHITELEY L.L.C.

By: /s/ Allan Kanner
Allan Kanner
a.kanner@kanner-law.com
Conlee Schell Whiteley
c.whiteley@kanner-law.com
M. Ryan Casey
r.casey@kanner-law.com
701 Camp Street
New Orleans, LA  70130
Phone: 504-524-5777
Fax:  504-524-5763

SUSMAN GODFREY LLP

Jonathan Bridges (TX #24028835)
jbridges@SusmanGodfrey.com
901 Main Street, Suite 5100
Dallas, Texas  75202-3775

Tibor L. Nagy, Jr. (NY #4508271)
tnagy@SusmanGodfrey.com
654 Madison Ave., 5th Flr
New York, NY 10065

      Matthew R. Berry (WA #37364)
      mberry@susmangodfrey.com
      1201 Third Avenue, Suite 3800
      Seattle, WA 98101

      HERMAN, HERMAN, KATZ & COTLAR, LLP

      Stephen J. Herman (LA #23129)
      sherman@hhkc.com
      Soren E. Gisleson (LA #26302)
      sgisleson@hhkc.com
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113

      *Attorneys for Plaintiff/Relator*

## CERTIFICATE OF SERVICE

      I hereby certify that on, November 18, 2010, a copy of the foregoing was served upon Defendants via electronic filing. I further certify that a true and correct copy of the above also was sent via electronic mail (pursuant to agreement) to Assistant United States Attorney, Jay D. Majors.

      /s/ Allan Kanner