# EXHIBIT 2



LEXSEE 132 CONG REC S 11244

Congressional Record -- Senate

Monday, August 11, 1986

99th Cong. 2nd Sess.

*132 Cong Rec S 11238*

**REFERENCE:** Vol. 132 No. 110

**TITLE:** FALSE CLAIMS ACT AMENDMENTS

**SPEAKER:** Mr. BYRD; Mr. DeCONCINI; Mr. DOLE; Mr. GRASSLEY; Mrs. HAWKINS

**TEXT:** Mr. DOLE. Mr. President, I ask unanimous consent that the Senate turn to the consideration of Calendar No. 742, S. 1562, a bill to amend the False Claims Act.

   The PRESIDING OFFICER. Is there objection?

   Mr. BYRD. Mr. President, there is no objection on this side.

   The PRESIDING OFFICER. The clerk will report.

   The legislative clerk read as follows:

   A bill (S. 1562) to amend the False Claims Act and title 18 of the United States Code regarding penalties for false claims, and for other purposes, reported with an amendment.

   The Senate proceeded to consider the bill.

   The PRESIDING OFFICER. The question is on agreeing to the committee amendment in the nature of a substitute.

   The committee amendment in the nature of a substitute was agreed to.

   AMENDMENT NO. 2701

   (Purpose: To make technical and clarifying amendments)

   Mr. DOLE. Mr. President, I send an amendment to the desk on behalf of Senator Grassley and ask for its immediate consideration.

   The PRESIDING OFFICER. The clerk will report the amendment.

   The legislative clerk read as follows:

The constructive knowledge standard proposed by some has required a "conscious culpability." See, testimony of representatives of the Aerospace Industrial Association before the Committee on Government Affairs, Hearing on Program Fraud Civil Penalties Act of 1985, Senate Hearing 99-202, page 106. Under this formulation, "no duty to ascertain facts" may be imposed unless "deduced as inferences from facts already known." Id., page 119. Such conceptualizations of the standard exceed the committee's intent and leave unaddressed the "ostrich" problem which it is in agreement must be included.

QUI TAM

Several minor changes will be made in the qui tam section of S. 1562. Specifically, jurisdiction for qui tam actions based on information that has been publicly disclosed will be limited to those people who were "original sources" of the information. "Original source" is further defined as "an individual who has direct and independent knowledge of information on which the allegations are based and has voluntarily informed the Government or the news media prior to an action filed by the Government."

This amendment seeks to assure that a qui tam action based solely on public disclosures cannot be brought by an individual with no direct or independent knowledge of the information or who had not been an original source to the entity that disclosed the allegations.

In the definition of "original source," the requirement that the individual "voluntarily" informed the Government or news media is meant to preclude the ability of an individual to sue under the qui tam section of the False Claims Act when his suit is based solely on public information and the individual was a source of the allegations only because the individual was subpenaed to come forward. However, those persons who have been contacted or questioned by the Government or the news media and cooperated by providing information which later led to a public disclosure would be considered to have "voluntarily" informed the Government or media and therefore considered eligible qui tam relators.

The use of the term "Government" in the definition of original source is meant to include any Government source of disclosures cited in subsection (5)(A); that is, Government includes Congress, the General Accounting Office, any executive or independent agency as well as all other governmental bodies that may have publicly disclosed the allegations.

The amendments also limit the possible portion of the judgment recoverable by a qui tam plaintiff to 10 percent or less when the action is based primarily on public information. This limitation will affect those persons who have brought a qui tam action based almost entirely on information of which they did not have independent knowledge but had derived from a public source.

The bill as reported by the Judiciary Committee contains a provision for the award of attorneys fees to prevailing defendants if the court finds that the plaintiff's action was clearly frivolous, vexatious, or brought for purposes of harassment. Additionally, the bill provides that the court at any time, may make certain assurances the plaintiff will be able to pay such costs if it appears an action is being brought in bad faith or is clearly frivolous.

The committee amendment makes consistent the standards for both attorney's fees sanctions and the court-required assurances. While the standards are meant to be consistent, concern was raised that a court would find it impossible to rule any action "appeared" "clearly frivolous." Because the court could be making a judgment of apparent frivolity at an earlier stage of the case, as opposed to concluding the action's frivolity at the end of the proceedings, the conclusive term "clearly" was removed.

These amendments also make clear that no jurisdiction will lie for qui tam actions based on allegations upon which the Government has already initiated administrative civil money penalty proceedings.

CONSEQUENTIAL DAMAGES