UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX. REL*. BRANCH CONSULTANTS, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INS. CO., ET AL.,<br><br>Defendant. | CIVIL ACTION<br><br><br>Case No.  06-cv-4091 (SSV)<br><br>Sect.: R<br><br>Judge Vance<br><br>Magistrate Judge Shushan |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
ALLSTATE INSURANCE COMPANY'S MOTION TO DISMISS
and ALTERNATIVE MOTION TO STRIKE**

486222_1

**INTRODUCTION**

Plaintiff-relator Branch Consultants, L.L.C.'s ("Branch's") attempt to stave off dismissal of the Second Amended Complaint ("SAC") as against Allstate Insurance Company ("Allstate") ignores or attempts to rewrite prior decisions by this Court and the Fifth Circuit establishing that those claims are barred.  For example, Branch argues that Allstate's voluntary dismissal from *United States ex rel. Rigsby v. State Farm Insurance Company* ("*Rigsby*") gives it an excuse to re-litigate the Fifth Circuit's holding that *Rigsby* bars Branch's claims against Allstate under the False Claims Act's ("FCA's") first-to-file rule, even though the indisputable record shows that the Fifth Circuit expressly considered that dismissal prior to ruling against Branch.  Branch also misconstrues the Fifth Circuit's opinion dismissing its claims, rehashing arguments it already unsuccessfully presented, and wrongly conflating voluntary dismissals with the type of sham litigation the Fifth Circuit declined to address in its opinion.

Branch is also incorrect that its addition of new "inflated-revenue scheme" allegations to the SAC allows it to pursue its claims against Allstate.  Branch erroneously suggests that *Rigsby* contained no such allegations, when in fact it plainly did, in the same depth of detail as the "loss-shifting" allegations held by the Fifth Circuit to be preclusive for first-to-file purposes.  Moreover, substantially similar claims were made in prior public disclosures, and because Branch has not shown that it is an original source of the inflated revenue allegations, they are barred by the public disclosure rule.

Compounding its disregard of prior decisions in this case, Branch also ignores this Court's decision dismissing its "reverse false claims" allegations, asserting that somehow despite the dismissal of those claims on Rule 9(b)[1] grounds, and its failure to add any new allegations, those claims still remain in the case.  Branch's inflated revenue allegations also fail Rule 9(b), because as Branch concedes, it has pled *no* new facts to support those allegations.

---

[1]   Unless otherwise noted, all references to "Rules" refer to the Federal Rules of Civil Procedure.

Everything has an end—even litigation. Branch cannot re-litigate issues decided against it fair and square, and its complaint against Allstate should be dismissed.

## ARGUMENT

### A.   The First-to-File Rule Bars Branch's Claims Against Allstate

#### 1.   Allstate's Voluntary Dismissal From *Rigsby* Does Not Fall Within The Scope Of The Issues Left Open By The Fifth Circuit

Branch ignores the crucial but inescapable point that the ***only*** "as-yet-unpresented" question the Fifth Circuit left unaddressed in *Branch* was whether "a dismissal ***for lack of any factual basis or on Rule 9(b) grounds***" in a first-filed action—in other words, an action found to be "***essentially a sham***"—would then permit a relator to file suit without facing the first-to-file bar. *United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 379 (5th Cir. 2009) (emphasis added). Branch claims that with this statement, the Fifth Circuit "declined to determine whether the *Rigsby* case would continue to preempt Branch under the first-to-file rule once it had been dismissed." (Opp., Dkt. 735, at 1). But that is not what the Fifth Circuit actually said. Rather, it clearly listed the types of dismissals that might raise the issue it left open—"a dismissal for lack of any factual basis or on Rule 9(b) grounds" reflecting that the complaint was a "sham"—and conspicuously did *not* include voluntary dismissals among them.

This was not an oversight: the Fifth Circuit knew full well that Allstate had been voluntarily dismissed from *Rigsby* before it ruled. Significantly, Branch does not even attempt to address any of the controlling authority cited by Allstate that a voluntary dismissal is not tantamount to a dismissal under Rule 9(b) or for lack of any factual basis, much less a concession that the suit is a sham.[2] Allstate's voluntary dismissal thus does not present any "as-yet-unpresented" question left open by the Fifth Circuit.

---

[2]   *See, e.g.*, *Bryant v. Military Dep't of Mississippi*, 597 F.3d 678, 690 (5th Cir. 2010) (stating that litigation is sham only if it is both objectively baseless and subjectively motivated by bad faith); *Dean v. Riser*, 240 F.3d 505, 512 (5th Cir. 2001) (holding that "the mere dismissal" of a plaintiff's suit "will not establish that the underlying claim was frivolous, unreasonable, or groundless") (emphasis omitted).

2

Branch argues—in a footnote—that its allegation that *Rigsby* was a sham as to Allstate should be accepted as true at this stage. (Opp. at 8 n.17). But Branch has no response (because there is none) regarding its failure to allege any factual support for its bald assertion that *Rigsby* was a sham, nor does Branch dispute (because it cannot) that "labels and conclusions" such as those it alleges are "not entitled to assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (internal quotations omitted). Branch is also incorrect that Allstate must "first answer[] and submit[] to discovery" before attacking Branch's allegations, for Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

> 2. The Fifth Circuit Has Already Rejected Branch's Argument That *Rigsby* Has No Preclusive Effect Because It "Flunks Rule 9(b)"

Just as the Fifth Circuit has already rejected Branch's argument that Allstate's voluntary dismissal from *Rigsby* precludes the application of the first-to-file rule, it has rejected Branch's argument that *Rigsby* has no preclusive effect because it "[f]lunks Rule 9(b)." (Opp. at 5).[3] As it does now, Branch urged the Fifth Circuit to follow *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966 (6th Cir. 2005), in which the Sixth Circuit determined that a "vague and broadly-worded" action that failed Rule 9(b) could not bar a later-filed action.[4] *Id.* at 972-73. However, the Fifth Circuit declined to do so; rather than conduct a Rule 9(b) analysis, it acknowledged that *Rigsby*'s allegations against Allstate were "skeletal" but found they were nevertheless sufficient to bar Branch's claims. *Branch*, 560 F.3d at 579.

---

[3] *See, e.g.*, Original Brief of Plaintiff-Appellant at 26-36, *United States ex rel. Branch Consultants v. Allstate Ins. Co., et al.*, No. 07-31191, Dkt. 0051174395 (5th Cir. Feb. 18, 2009).

[4] Original Brief of Plaintiff-Appellant at 32-35; Oral Argument Recordings, *United States ex rel. Branch Consultants v. Allstate Ins. Co., et al.*, No. 07-31191, 1:26 - 1:41 (Nov. 3, 2008), *available at* http://www.ca5.uscourts.gov/OralArgumentRecordings.aspx ("*Walburn* is very instructive. *Walburn* says the circuit court cannot give effect to vague and broad-ranging allegations of fraud. Yet if you look at the *Rigsby* complaint, they're vague and wide-ranging allegations of fraud.").

Having already argued and lost this point, Branch cannot relitigate it now. Indeed, under principles of *res judicata* and "law of the case," Branch is barred from doing so. Branch barely addresses these principles in its brief, arguing only that "because the prior dismissal in this case and the voluntary dismissal in *Rigsby* were both without prejudice, neither *res judicata* nor law of the case has any application." (Opp. at 3). Branch cites no authority in support of this frivolous argument, which ignores well-settled Fifth Circuit law that *res judicata* prohibits parties from re-litigating jurisdictional issues already presented to, and decided by, the court. *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 396 n.10 (5th Cir. 1998); Mot. to Dismiss, Dkt. 684-1 at 12-13 and authorities cited therein.

> 3. Allstate's Voluntary Dismissal From *Rigsby* Did Not "Ripen" Any Issue That The Fifth Circuit Declined To Decide

Nor can Branch argue that this Court may now determine *Rigsby*'s sufficiency under Rule 9(b) for first-to-file purposes because Allstate's voluntary dismissal has somehow "ripened" the issue. Allstate was dismissed from *Rigsby* eight months **before** the Fifth Circuit ruled, and *Rigsby*'s procedural posture as to Allstate is the same today as it was when *Branch* was heard and decided. The Fifth Circuit dismissed Branch's claims against Allstate knowing that Allstate had been dismissed from *Rigsby*, and after entertaining Branch's arguments on that subject in briefing and oral argument.[5]

Branch also misreads footnote 10 of the Fifth Circuit's opinion, which Branch claims reflects an "explicit" acknowledgment by the Fifth Circuit that in light of Allstate's voluntary dismissal from *Rigsby*, this court should decide in the "first instance" whether *Rigsby*'s insufficiency under Rule 9(b) would prevent the first-to-file rule from operating. (Opp. at 2-3). Branch's argument depends on a tortured reading that ignores the footnote's full text and context. In holding that the dismissal of another defendant, State Farm, was proper, the Fifth Circuit added footnote 10, which reads, in its entirety:

---

[5] Oral Argument Recordings, 8:05 - 8:59, 11:25 - 11:52 (discussing impact of *Rigsby*'s dismissal on first-to-file rule, separate and apart from Rule 9(b)).

> Branch further contends that the district court erred in failing to analyze *Rigsby* for Rule 9(b) sufficiency because, according to Branch, a complaint that fails Rule 9(b) cannot constitute a first-filed action under § 3730(b)(5). *See, e.g., Walburn*, 431 F.3d at 972-72 (holding that a complaint that fails Rule 9(b) is rendered legally infirm from its inception, and thus cannot preempt a later-filed complaint under the first-to-file bar). The sufficiency of the *Rigsby* complaint under Rule 9(b) is a matter for *that* court to decide in the first instance. *Having alleged at least some detail as to State Farm, we hold that the **Rigsby complaint is a 'first-filed' complaint as to State Farm**.*"

*Branch*, 560 F.3d at 378 n.10 (emphasis added).

Far from "implicitly [holding]" that it is for *this* Court to determine "in the first instance" the factual sufficiency of the *Rigsby* complaint under Rule 9(b) to "test its preclusive effect" under the first-to-file rule, as Branch suggests (Opp. at 2-3), footnote 10 *forecloses* that inquiry. It *expressly rejects* Branch's argument that the court presiding over the later-filed action can or should evaluate the sufficiency of a first-filed complaint under Rule 9(b) before determining whether the later action is jurisdictionally barred by the FCA. So long as the complaint places the government on notice and fulfills the purpose of the rule, the court presiding over the later-filed case need not look further. Thus, the Fifth Circuit affirmed the dismissal of *both* Allstate and State Farm *despite* the "skeletal" allegations against Allstate, and notwithstanding that the *Rigsby* court would decide the Rule 9(b) issues as to State Farm "in the first instance." *Id.* at 378 n.10, 379. *If* the court overseeing the first-filed action decides "in the first instance" that the complaint should be dismissed under Rule 9(b), or that the first-filed case is a sham, the question left undecided by the Fifth Circuit might arise. But that, of course, is *not* what happened with respect to Allstate in *Rigsby*.[6] Indeed, because Allstate had been voluntarily dismissed from *Rigsby*—as the Fifth Circuit well knew—the statement that the *Rigsby* court could decide "in the first instance" whether *Rigsby* complied with Rule 9(b) obviously had no application to Allstate.

---

[6] Had the Fifth Circuit "expressly" intended for *this* court to consider the question of Allstate's voluntary dismissal from *Rigsby* or the sufficiency of *Rigsby* under Rule 9(b), as Branch contends, it would have remanded that issue—just as it remanded the public disclosure rule and Rule 9(b) issues. *Branch*, 560 F.3d at 381.

      4.      *Chovanec* Is Inapplicable

Also contrary to the Fifth Circuit's decision in *Branch*, Branch urges this Court to adopt the reasoning of the Seventh Circuit in *United States ex rel. Chovanec v. Apria Healthcare Group, Inc.*, 606 F.3d 361 (7th Cir. 2010), and hold that a first-filed action that has been dismissed will not bar a subsequent suit. Yet, Branch argued the same points made in *Chovanec* to the Fifth Circuit, insisting that Allstate's voluntary dismissal from *Rigsby* cleared the way for Branch to proceed. The Fifth Circuit **rejected** that argument. The fact that a new, out-of-circuit case was published after the Fifth Circuit issued its decision does not allow Branch to re-raise an issue already decided against it. *See, e.g.*, *Fuhrman v. Dretke*, 442 F.3d 893, 896-97 (5th Cir. 2006).

Moreover, *Chovanec*'s hyper-literal interpretation of the first-to-file rule is unwarranted and inconsistent with the rule's objectives, as well as with precedent from other circuits. In *Branch*, the Fifth Circuit rejected a construction of the first-to-file rule that "would allow an infinite number of copycat *qui tam* actions to proceed." *Branch*, 560 F.3d at 378. But *Chovanec*'s interpretation does just that, as it throws open the courthouse door to duplicative, parasitic *qui tam* litigation whenever the first-filed complaint is dismissed, either voluntarily or *in*voluntarily. Under *Chovanec*, a defendant could be forced to litigate a never-ending series of identical *qui tam* law suits, **even after** the first lawsuit is fully litigated and adjudged on the merits.

*Chovanec*'s rule also seriously undermines the incentive for relators to "race to the courthouse" to file their claims and promptly notify the government of fraud. *See United States ex rel. LaCorte v. Smithkline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 234 (3d Cir. 1998). Under *Chovanec*, a relator can sit back until the conclusion of other *qui tam* litigation and then file an identical lawsuit after the first case is dismissed.

These concerns are not theoretical. Since Hurricane Katrina, Allstate has been sued in multiple *qui tam* actions alleging the same fraud, despite the fact that the government has

thoroughly investigated and declined to intervene in any of these suits. Indeed, a ***fourth*** *qui tam* suit against Allstate has just been unsealed, making the same claims as *Rigsby*, *Branch*, and *Denenea*. *United States ex rel. Sonnier v. Allstate Ins. Co.*, No. 3:09-cv-01038, Dkt. 1 (M.D. La. filed Dec. 11, 2009) (ordered unsealed November 3, 2010). It was precisely to cut off such repetitive litigation that Congress imposed a first-to-file bar that does not evaporate the moment the first complaint is dismissed.

*Chovance's* analytical deficiencies explain why no other circuit has adopted *Chovanec*'s rule. On the contrary, courts—including the Fifth Circuit in this case—have repeatedly given preclusive effect to first-filed complaints after their dismissal.[7] This result accords most closely with the purposes of the rule, as well as its text, which provides that "when a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). The statute does not require the first case to be "pending" when the later suit is brought; it simply bars relators from "bringing a related action" based on the facts alleged in the first suit while it was "pending."

     **B.**    <u>**Branch's Inflated Revenue Allegations Cannot Survive**</u>

          1.    <u>Like Branch's Loss-Shifting Allegations, Branch's Inflated Revenue Allegations Are Barred Under The First-to-File Rule</u>

*Rigsby*'s allegations regarding inflated revenue bar the new inflated revenue scheme Branch alleges in its SAC for the same reasons *Rigsby*'s "skeletal" allegations about Allstate's purported loss-shifting scheme were held to bar Branch's same claim. *Branch*, 560 F.3d at 379. Branch's only argument to the contrary relies on an obvious misreading of the *Rigsby* complaint. In claiming that *Rigsby*'s inflated revenue allegations relate only to State Farm, Branch ignores the fact that paragraphs 76 through 79 of the *Rigsby* complaint contain broad language regarding

---

[7] *E.g.*, *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1188 (9th Cir. 2001) (holding that dismissal of first-filed case is not an exception to first-to-file bar); *United States ex rel. Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.2 (10th Cir. 2004) (stating that settlement of first-filed case is irrelevant to first-to-file analysis).

the inflation of adjusting expenses that relate to **all** defendants.[8]  Likewise, each of the four counts in the *Rigsby* complaint refers to all defendants and incorporates by reference all the prior paragraphs alleged, including those specifically identifying only Allstate. (*Rigsby* Complaint ¶¶ 83-116.) Therefore, the basic fraud allegations in *Rigsby*, including the inflated revenue allegations, apply to **all** defendants—including Allstate.

Branch's argument also ignores the nature of the loss-shifting allegations in *Rigsby* that the Fifth Circuit found to be preclusive. Just as with *Rigsby*'s inflated revenue allegations, *Rigsby* does not mention Allstate by name specifically in connection with the loss-shifting allegations. In fact, *Rigsby*'s general allegation that "defendant insurance companies made a corporate decision to misdirect and misallocate claims" is immediately followed by the allegation that "[t]hey communicated this decision directly or indirectly to the E.A. Renfroe company," which the *Rigsby* relators allege provided services for **other** insurance companies. (*Rigsby* FAC, Dkt. 16, ¶¶ 11, 12, 27, 56.) With respect to Allstate, *Rigsby*'s inflated revenue allegations are pled with the same specificity as the loss-shifting allegations that the Fifth Circuit to be preclusive.

    2.  <u>Branch Is Not An Original Source Of The Inflated Revenue Allegations</u>

This Court has held that the inflated revenue allegations add an entirely new scheme not previously alleged by Branch, yet Branch has made no showing that it has direct and independent knowledge of the information on which those allegations are based. Branch's assertion that both the loss-shifting and inflated revenue schemes are based on the same information does not alleviate Branch's burden, because it must still show what firsthand information it had that Allstate inflated revenues—as opposed to shifting losses—at the identified properties. Branch's

---

[8] Branch makes much of the fact that paragraph 78 begins with the phrase, "A noted earlier," which refers back to allegations specific to State Farm. (Opp. at 11). Branch improperly construes the terms "as noted earlier" as an outer limit on the allegations that follow. The earlier allegations "noted" about State Farm are merely examples of a fraud alleged against all defendants, as the incorporation of paragraph 78 in the counts against *all* defendants makes clear.

failure to do so shows that it is an original source of the new inflated-revenue scheme allegations.

### 3. Branch Fails To Adequately Allege An Inflated Revenue Scheme

Branch's inflated revenue allegations also fail under Rules 8 and 9(b). The SAC includes no "particular details" specific to that scheme, nor does it provide "fair notice of what the . . . claim is and the grounds upon which it rests."[9] Instead, Branch impermissibly conflates the two schemes by arguing that all the factual details it previously alleged as to the loss-shifting scheme alone suffice to describe the new and different inflated revenue scheme. Rule 9(b) requires Branch to provide details about *both* schemes and identify how each scheme was carried out, who was involved, the purportedly false statements that were made, and when and where the alleged fraud occurred. Because Branch refers only to its pre-existing loss-shifting allegations, Rules 8 and 9(b) require that Branch be limited to pursuing only its loss-shifting claims.[10]

### C. Branch Fails to Allege a Reverse False Claim

Not only is Branch attempting to re-litigate jurisdictional issues it has already lost, it is also attempting to re-litigate this Court's decision that it failed to adequately allege a reverse false claim under Section 3729(a)(7). In its opposition brief, Branch states that it is asserting claims under Section 3729(a)(1)(G) (formerly Section 3729(a)(7)), despite the fact that this Court previously found those very claims to be deficient and dismissed them. *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 811-12 (E.D. La. 2009). Specifically, the Court held that Branch failed to plead a reverse false claim because Branch did not identify any obligation requiring defendants to pay money to the government. *Id.* at 812. Branch's SAC contains *no* new allegations remedying this defect, and its reverse false claims allegation should therefore be dismissed with prejudice. *See United States ex rel. Davis v.*

---

[9] *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009); *Iqbal*, 129 S.Ct. 1937, 1961 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citation omitted).

[10] Allstate also incorporates by reference the other defendants' arguments regarding Rule 9(b).

*Lockheed Martin Corp.*, No. 4:09-CV-645-Y, 2010 WL 3239228, at *7 (N.D. Tex. Aug. 16, 2010) (dismissing claims with prejudice where plaintiff still failed to meet Rule 9(b) after amending because plaintiff should not be allowed "another bite at apple"). As with the first-to-file issue, Branch is merely—and without any new grounds—improperly rearguing issues already decided against it.

## CONCLUSION

For the reasons set forth above, as well those stated in Allstate's Motion to Dismiss and its supporting memorandum, this Court should dismiss Branch's Second Amended Complaint against Allstate in its entirety with prejudice.

Dated:  November 15, 2010                                  Respectfully submitted,


BARRASSO USDIN KUPPERMAN                    SONNENSCHEIN NATH AND
FREEMAN & SARVER, L.L.C.                         ROSENTHAL LLP
                                                                      Richard L. Fenton (*pro hac vice*)
                                                                      rfenton@sonnenschein.com
/s/ Judy Y. Barrasso                                           Steven M. Levy (*pro hac vice*)
Judy Y. Barrasso (2814)                                    slevy@sonnenschein.com
jbarrasso@barrassousdin.com                          233 South Wacker Drive
909 Poydras Street, 24th Floor                         7800 Sears Tower
New Orleans, Louisiana  70112                      Chicago, Illinois 60606
Telephone:  (504) 589-9700                            Telephone:  (312) 876-8000
Fax:  (504) 589-9701                                         Fax:  (312) 876-7934


MUNGER TOLLES AND OLSON LLP
Brad D. Brian (*pro hac vice*)
brad.brian@mto.com
Gregory J. Weingart (*pro hac vice*)
gregory.weingart@mto.com
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone:  (213) 683-9100
Fax:  (415) 512-4077

**Attorneys for Allstate Insurance Company**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of November, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by emailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

                                                                       /s/ Judy Y. Barrasso

486222_1