UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

-----------------------------------------------------------------x
                                                                 :
UNITED STATES OF AMERICA,                                        :
*EX REL.* BRANCH CONSULTANTS, L.L.C.,                            :    Case No.: 06-cv-4091
                                                                 :
                            Plaintiff,                           :    Sect.: R
                                                                 :
              v.                                                 :    Judge Vance
                                                                 :
ALLSTATE INS. CO., *et al.*,                                     :    Magistrate Judge Shushan
                                                                 :
                            Defendants.                          :
                                                                 :
-----------------------------------------------------------------x

### THE STANDARD FIRE INSURANCE COMPANY'S
### POST-HEARING SUPPLEMENTAL MEMORANDUM AND RESPONSE TO
### BRANCH'S POST-HEARING SUPPLEMENTAL MEMORANDUM

To satisfy the statutory original source requirement of 31 U.S.C. § 3730(e)(4)(B), Branch must have provided the information on which its allegations of fraud are based to the Government before filing an action. At the November 19, 2010 hearing on subject matter jurisdiction, Branch admitted for the first time that its pre-action disclosure was not made until August 2, 2006—the same day it filed the complaint. Specifically, Branch asserts that its counsel had a conversation with the United States Attorney's Office ("USAO"), and provided a copy of the information in Branch's § 3730(b)(2) mandatory disclosure statement to the USAO. As a matter of well-settled law, that last-minute conversation does not satisfy the pre-action

disclosure requirement to be an original source. Furthermore, even if the Court accepts Branch's counsel's August 2, 2006 conversation and § 3730(b)(2) mandatory disclosure statement as a pre-action disclosure (which it should not), the record is clear that Branch disclosed nothing about Standard Fire before filing this action.[1] Therefore, Branch is not an original source and this Court is without jurisdiction over the claim against Standard Fire.

I.  **The Requirement Of Disclosure To The Government "Before Filing An Action" Does Not Mean Disclosure On The Way To The Clerk's Office To File The Complaint**

The Circuit and district-level case law uniformly holds that to be an original source (i) a relator must voluntarily provide the information on which its allegations of fraud are based to the Government more than mere minutes, hours, or even days before filing the action; and (ii) delivering a complaint and § 3730(b)(2) mandatory disclosure to the Government before filing the complaint later that day is insufficient to establish voluntarily pre-suit disclosure and original source status as a matter of law.[2] Branch cites no authority on which the Court could rely to reach the conclusion that Branch satisfied its pre-action disclosure requirement of

---

[1]  At argument, and in its papers, Branch suggested that it sent something to the Government on August 1, 2006 for arrival on August 2, 2006. R. Doc. 793-1 ¶ 10, R. Doc. 820-3 at 10. Branch's privilege log identifies the first communication its counsel had with the Government as occurring on August 2, 2006. *See* R. Doc. 788-1 at 20. The only certificates of service produced in the case identify August 2, 2006 as the date that items were sent to the Government, and the Kanner affidavit identifies August 2, 2006 as the date that pre-suit disclosures were allegedly made. *See* R. Doc. 1 at 18 (complaint's certificate of service dated August 2, 2006); R. Doc. 692-1 at 20 (Branch's 31 U.S.C. § 3730(b)(2) certificate of service dated August 2, 2006); R. Doc. 793-1 ¶ 4 (Kanner declaration stating he contacted the USAO on August 2, 2006).

[2]  *See* R. Docs. 694 at 2; 726 at 4-5; *see United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1280 (10th Cir. 2001) ("compliance with the disclosure requirements of § 3730(b)(2) at the time of filing does not satisfy the pre-filing disclosure requirement of § 3730(e)(4)"); *United States v. Bank of Farmington*, 166 F.3d 853, 866 (7th Cir. 1999) ("it is clear that the requirement is not satisfied by informing the Government at the time of filing the action, even in compliance with the requirement [of § 3730(b)(2)]"); *United States ex rel. Ackley v. IBM*, 76 F. Supp. 2d 654, 668 (D. Md. 1999) ("what seems elementary, however, is that just a few moments, hours or days before [filing suit] will not do").

§ 3730(e)(4)(B) by notifying the Government of the contents of its § 3730(b)(2) disclosure on the way to the clerk's office to file its complaint.

First, Branch focuses on the legislative history and its discussion that the pre-action disclosure must be "voluntary." This is irrelevant to the timing issue before the Court. The "[l]egislative history, as is frequently the case, sheds no light on the matter. Senator Grassley's previously cited remarks say nothing about the timing of the disclosure."[3]

Second, Branch argues that it made its disclosure "before filing an action" because it provided the Government with a copy of its § 3730(b)(2) disclosure on August 2, 2006, earlier in time than it filed its complaint on August 2, 2006. However, this statutory interpretation leads to an absurd result and renders the pre-suit disclosure requirement a nullity. As the court observed in *Ackley*:

> [P]lain meaning analysis can take the matter only so far, a point well-demonstrated by the very argument [relator] makes in this case, *viz.*, that since the statute does not say how long "before" filing the disclosure must be made, it may be made at any time prior, literally a moment or two prior. Such an argument, however, leads to an obviously absurd result since, at the time of the filing of the complaint, a formal written disclosure statement must also be filed [pursuant to § 3730(b)(2)]. It makes no sense at all to require what might be a disclosure, oral or written, to be made a few seconds before a written one is required to be filed. The Court can only conclude that a greater period of time must have been contemplated.[4]

Third, the purpose of the pre-filing disclosure requirement "is to encourage private individuals who are aware of fraud against the government to bring such information forward at the *earliest possible time* and to discourage persons with relevant information from remaining

---

[3]     *Ackley*, 76 F. Supp. 2d at 667.

[4]     *Id.*

3

silent."[5]  In light of this purpose, "it seems inescapably clear that the point at which the pre-filing disclosure has to be made is, at a minimum, one sufficiently in advance of the time of filing to permit the Government to commence its analysis of the proposed litigation."[6]  Branch's drive-by disclosure on the way to the clerk's office does not satisfy this statutory purpose or qualify it for original source status.

Fourth, the Fifth Circuit's decision in *Martin v. Alamo Community College District*[7] is instructive insofar as it concluded that when a notice was issued on the same day a complaint was filed, the issuance and filing are simultaneous—the complaint was not filed *before* the notice was issued.  The result should be the same here.  And, it is more than a matter of administrative convenience.  Branch's position renders the pre-suit disclosure requirement meaningless.  Specifically, under Branch's proposed rule, a relator would be an original source if it dropped off its § 3730(b)(2) mandatory disclosure statement on the way *to* the clerk's office to file a complaint (as was done here) but the same relator would not be an original source if it dropped off the mandatory disclosure five minutes later on the way *from* the clerk's office after filing its complaint.  That purposeless sequencing is not the reason for the pre-suit disclosure requirement.  Rather, it is to get information to the Government and give it time to meaningfully review the complaint.  It "encourages private individuals to come forward quickly with their information, to not dawdle when there has been a public disclosure, and to discourage persons from withholding or remaining silent about their relevant information"[8] while preparing a lawsuit.  More must be

---

[5]     *Bank of Farmington*, 166 F.3d at 866 (emphasis in original) (citing *United States ex rel. Barth v. Ridgedale Elec., Inc.*, 44 F.3d 699, 704 (8th Cir. 1995)).

[6]     *Ackley*, 76 F. Supp. 2d at 668.

[7]     353 F.3d 409 (5th Cir. 2003).

[8]     *King*, 264 F.3d at 1281.

done to qualify as an original source than file the action and warn the Government that you are doing so on the way to the clerk's office.

Finally, the sky will not fall (as Branch suggests) if the Court follows the case law that gives effect to the entire False Claims Act requiring an original source to disclose the information on which its allegations of fraud are based a reasonable time before filing an action. That time is more than the few hours (at most) at issue here, and that law has been the well-settled law for a decade. That Branch has run afoul of this well-settled rule does not require the Court to create a "day before rule" or any new rule. Rather, the Court should apply the rule that is already well-settled and continue to require whistleblowers who wish to achieve original source status to come forward to the Government as soon as possible rather than wait until their lawyers have conducted their own investigation, gathered all the material evidence required by § 3730(b)(2), and taken the time to package it up in a disclosure statement and complaint that is to be filed minutes or hours after making the first disclosure to the Government on a different floor of the same building.[9]

## II. Branch Did Not Provide Any Information To The Government About Standard Fire Before Filing This Action

Even if the Court accepts Branch's counsel's August 2, 2006 conversation with the USAO as a pre-action disclosure, the record is clear that Branch disclosed nothing about Standard Fire before filing this lawsuit. Read most generously to Branch, the August 2, 2006 communication with the USAO included a recitation of everything in Branch's § 3730(b)(2)

---

[9] *King*, 264 F.3d at 1281 (explaining that the court's enforcement of the jurisdictional requirements discourages private individuals from remaining silent about their relevant information and, instead, encourages coming forward with the information quickly); *Bank of Farmington*, 166 F.3d at 866 (explaining that the jurisdictional limitation Congress adopted encourages acting quickly and promotes the policy of bringing forward information regarding fraud against the government quickly).

...

disclosure.[10]  However, *there is not one word about Standard Fire in the disclosure*.  There is no evidence before the Court that Branch's § 3730(b)(2) disclosure or Branch's purported § 3730(e)(4)(B) disclosure include any specific non-public information about Standard Fire.  Branch has never addressed head-on this fatal flaw in jurisdiction.[11]

        A.      **Section 3730(e)(4)(B) Requires Pre-Action Disclosure Of  "The Information On Which The Allegations [Against Standard Fire] Are Based"**

To the extent Branch suggests that the absence of pre-action disclosure specific to Standard Fire is not a fatal jurisdictional flaw because the "voluntary disclosure allegations may be [so] general" as to include absolutely no specific non-public information,[12] Branch is wrong.  To be an original source, the statute clearly requires Branch to have direct and independent knowledge of "the information on which the allegations are based" and have disclosed "the information" to the Government pre-suit.[13]  "The information" means "the information underlying or supporting the fraud allegations contained in the plaintiff's *qui tam* complaint" and which establish Branch's original source status.[14]  Branch's contention that § 3730(e)(4)(B) requires something less is contrary to law, including *Rockwell Int'l Corp. v. United States*.  The

---

[10]     R. Doc. 793-1 at 2.  Branch's counsel's affidavit claims that in addition to "contacting" Ms. Smith, he gave her a copy of "Branch's original complaint and its written disclosure statement."

[11]     In its October 2009 opinion (R. Doc. 228), this Court concluded that Branch's failure to comply with the requirements of 31 U.S.C. § 3730(b)(2) is not a jurisdictional defect.  In an October 2010 decision the Sixth Circuit acknowledged this Court's October 2009 opinion and concluded otherwise, holding that non-compliance with 31 U.S.C. § 3730(b)(2) precludes jurisdiction over a *qui tam* case under the False Claims Act.  *See United States ex rel. Summers v. LHC Group, Inc.*, 623 F.3d 287, 300-01 (6th Cir. 2010).

[12]     R. Doc. 817-1 at 2.

[13]     31 U.S.C. § 3730(e)(4)(B).

[14]     *See King*, 264 F.3d at 1280 ("before filing the qui tam action, a relator must voluntarily provide the Government with the essential elements or information on which the qui tam allegations are based"); *Ackley*, 76 F. Supp. at 667 (relator must inform the Government "of the information which is the basis for the action"); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 472 (2007) (the word "information" in 31 U.S.C. § 3730(e)(4)(B) means " information underlying the allegations of the relator's action").

complete absence of any information about Standard Fire in Branch's alleged pre-suit disclosures to the Government cannot be overcome by a general, public allegation that Standard Fire or WYO Insurers did something wrong.

> **B.     To Be An Original Source, The Statutory Language And Purpose Requires *Pre-Action* Disclosure, Not Post-Filing Disclosure**

To be an "original source" the False Claims Act requires pre-*action* disclosure— disclosure "before filing an action under this section."[15]  Disclosure to the Government after filing "an action under this section" is not "before filing an action under this section," even if the disclosure occurs before filing an amended complaint.  Therefore, if the information has not been disclosed to the Government prior to filing the action (*i.e.*, before filing the original complaint) it cannot serve as a basis for jurisdiction.  This provides the Court with a clear line and tool by which to determine if a relator's pre-suit knowledge qualifies it as an original source and addresses some of the problems inherent in trying to determine what the relator knew before and after it filed suit.  Moreover, the clear line prevents gaming and encourages relators to tell the Government everything they know and discourages relators from holding back information.

Further, a complaint can be amended up through trial.  There is no rational reading of the text or purpose of the statute that could allow pre-*action* disclosure up to trial.  Indeed, the court in *Ackley* explained that the court must analyze the initial complaint when determining jurisdiction in a False Claims Act suit because after filing, the relator would obtain discovery and post-suit information precluding certainty that they were the original source of the allegations.[16]  Accordingly, the *Ackley* court looked to the relator's pre-suit disclosures even though first and

---

[15]   31 U.S.C. § 3730(e)(4)(B).

[16]   76 F. Supp. 2d at 659 ("references for the first time in the amended complaints . . . permit[] [the relator] to argue, for original source purposes, that he has more direct and independent knowledge than he may in fact have").

second amended complaints were subsequently filed.[17] The Tenth Circuit did the same in *King*.[18] Similarly here, this Court should only look to Branch's pre-*action* disclosures made before filing the original complaint.

### C. As A Matter Of Federal Jurisdiction Law, The Absence of Pre-Action Disclosure And Jurisdiction Over The Original Complaint Cannot Be Cured By Branch's Post-Action Disclosure And Amendment Of The Complaint

Branch's failure to make a pre-action disclosure of the information supporting its allegations against Standard Fire is a jurisdictional defect that cannot be cured post-filing by subsequent disclosures and amended complaints. Post-action conduct cannot establish jurisdiction where there was none at the time of filing. "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.' *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824). This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course of federal civil procedure. . . ."[19] In *Rockwell*, the Supreme Court did not *sub silentio* change this rule in False Claims Act cases.[20] Rather, it affirmed it by stating: "demonstration that the original allegations were false will defeat jurisdiction." [21]

---

[17] *Id.* at 667-68.

[18] *King*, 264 F.3d at 1277, 1280-81 (analyzing whether the relator made its § 3730(e)(4)(B) disclosure to the Government before he initially filed suit on February 27, 1998 despite the fact that he subsequently filed a first amended complaint).

[19] *Grupo Dataflux v. Atlas Global Grp. L.P.*, 541 U.S. 567, 570-74 (2004) (citation omitted).

[20] To the contrary, the Supreme Court extended the time-of-filing rule to also apply to each amended complaint even if jurisdiction existed over the prior complaint. *Rockwell*, 549 U.S. at 472.

[21] *Rockwell*, 549 U.S. at 473; *Grupo Dataflux*, 541 U.S. at 570-74 (finding no jurisdiction and reversing Fifth Circuit decision allowing post-complaint "cure" of lack of jurisdiction—a post-complaint change in party's citizenship cannot cure lack of diversity jurisdiction at time of filing).

The Fifth Circuit has applied this rule to find no jurisdiction where amendments to the complaint purport to create jurisdiction, like Branch has argued it did here.[22]  "The danger against which a court must guard is that a party will attempt to use [an amendment] to retroactively create subject matter jurisdiction. . . .  The cause for this concern is readily apparent: 'never having had the power to act in the matter, the court never had authority to permit an amendment to the complaint.'"[23]  That is exactly what Branch is impermissibly asking the Court to do here by looking to its post-action disclosures to the Government—create jurisdiction over the claim against Standard Fire when none existed upon filing the original complaint on August 2, 2006.  The Supreme Court has clearly stated that in these circumstances, the Court must dismiss even if it seems inefficient or harsh.[24]

*   *   *

Because Branch disclosed nothing to the Government about Standard Fire before filing a False Claims Act action against Standard Fire, it cannot be an original source of its allegations against Standard Fire.  Accordingly, this Court is without jurisdiction over the claim against Standard Fire.

---

[22] *See In re Katrina Canal Breaches Litig.*, 342 Fed. Appx. 928, 931 (5th Cir. 2009) ("The new claims against the United States added in the second amended complaint cannot be relied upon to establish subject matter jurisdiction because while a plaintiff may amend a complaint to cure inadequate jurisdictional allegations, amendment may not create subject matter jurisdiction when none exists.").

[23] *Whitmire v. Victus Ltd. T/A Master Design Furniture*, 212 F.3d 885, 888 (5th Cir. 2000) (citation omitted).

[24] *See Grupo Dataflux*, 541 U.S. at 581 (holding that the time-of-filing rule applied and the action should be dismissed because jurisdiction was lacking when suit was originally filed despite the fact that litigation had been proceeding for over 6 ½ years and dismissal could result in a second duplicative trial).

9

## **CONCLUSION**

For these further reasons, summary judgment should be entered for Standard Fire.

Dated:  December 2, 2010               Respectfully submitted,

                                       PHELPS DUNBAR LLP

                                       /s/ Harry Rosenberg
                                       Harry Rosenberg (11465)
                                       rosenbeh@phelps.com
                                       365 Canal Street, Suite 2000
                                       New Orleans, Louisiana 70130
                                       Telephone: (504) 566-1311

                                       SIMPSON THACHER AND BARTLETT LLP
                                       Bryce L. Friedman (*pro hac vice*)
                                       bfriedman@stblaw.com
                                       425 Lexington Avenue
                                       New York, New York 10017
                                       Telephone: (212) 455-2000

                                       Deborah L. Stein (*pro hac vice*)
                                       dstein@stblaw.com
                                       1999 Avenue of the Stars, 29th Floor
                                       Los Angeles, California 90067
                                       Telephone: (310) 407-7500

                                       ***Attorneys for The Standard Fire Insurance Company***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has this date been served upon all parties to this suit through counsel by filing into the Court's electronic filing system and, for non-participants, by placing same in the United States mail, postage prepaid and properly addressed on this 2nd day of December, 2010.

                                       /s/ Harry Rosenberg